**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL ATM COUNCIL INC., et al.,<br>*Plaintiffs*,<br>vs.<br>VISA INC., et al.,<br>*Defendants*. | ) | Case No. 1:11-cv-1803 (ABJ) |
| MACKMIN, et al.,<br>*Plaintiffs*,<br>vs.<br>VISA INC., et al,<br>*Defendants*. | ) | Case No. 1:11-cv-1831 (ABJ) |
| MARY STOUMBOS,<br>*Plaintiff*,<br>vs.<br>VISA INC., et al.,<br>*Defendants*. | ) | Case 1:11-cv-01882 (ABJ) |

**PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S**
**<u>FEBRUARY 13 ORDER PURSUANT TO FED. R. CIV. P. 59(e)</u>**

Plaintiffs in all of the above-captioned cases move the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for an order altering or amending the Court's February 13, 2013 Order (*National ATM Council* Dkt. No. 33; *Mackmin* Dkt. No. 55; *Stoumbos* Dkt. No. 26) *nunc pro tunc* to expressly provide that the complaints (as opposed to the cases) are dismissed without prejudice and that Plaintiffs may move to amend their complaints on or before April 15, 2013.

Pursuant to Local Civil Rule 7(a) and (c), Plaintiffs have submitted herewith a memorandum of points and authorities, and a proposed order. Pursuant to Pursuant to Local Civil Rule 7(m), Plaintiffs have discussed this motion with Counsel for Defendants by telephone. Counsel for Defendants have indicated that they oppose this motion, and the relief requested herein.

Dated: March 12, 2013

Respectfully submitted,

By /s/ *Craig L. Briskin*

Craig L. Briskin (D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Ave NW, Suite 300
Washington, DC 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
cbriskin@findjustice.com

Bernard Persky (pro hac vice)
William V. Reiss (pro hac vice)
ROBINS KAPLAN MILLER & CIRESI LLP
601 Lexington Ave. Suite 3400
New York, NY 10022
(212) 980-7400 (phone)
(212) 980-7499 (fax)
bpersky@rkmc.com
wvreiss@rkmc.com

George W. Sampson (pro hac vice)
Steve W. Berman (pro hac vice)
Anthony D. Shapiro (pro hac vice)
Erin K. Flory
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
george@hbsslaw.com
steve@hbsslaw.com
tony@hbsslaw.com
erin@hbsslaw.com

*Counsel for Plaintiffs Mackmin, Inglis, and Osborn*

By: /s/ Kit Pierson
Daniel A. Small (D.C. Bar #465094)
Kit Pierson (D.C. Bar #398123)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
dsmall@cohenmilstein.com
kpierson@cohenmilstein.com

Jonathan L. Rubin (D.C. Bar # 353391)
RUBIN PLLC
1250 24th Street, N.W., Ste. 300
Washington, D.C. 20037
Tel: (202) 776-7763
Fax: (877) 247-8586
jr@rubinpllc.com

Consulting counsel:
Don A. Resnikoff, Esq. (D.C. Bar# 386688)

Brooks E. Harlow, Esq. (pro hac vice)
David A. LaFuria, Esq. (D.C. Bar #417079)
LUKAS, NACE, GUTIERREZ & SACHS, LLP
8300 Greensboro Drive, Suite 1200
McLean, VA 22101
Tel: (703) 584-8678
bharlow@fcclaw.com
dlafuria@fcclaw.com

*Counsel for ATM Operator Plaintiffs*

By: /s/ Douglas G. Thompson

Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
James Place
1077 30th Street, N.W., Suite 150
Washington, D.C. 20007
Telephone: 202-337-8000
Facsimile: 202-337-8090

*Counsel for Plaintiff Stoumbos*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL INC., et al,<br>*Plaintiffs*,<br>vs.<br>VISA INC., et al.,<br>*Defendants*. | Case No. 1:11-cv-01803 (ABJ) |
| MACKMIN, et al.,<br>*Plaintiffs*,<br>vs.<br>VISA INC., et al.,<br>*Defendants*. | Case No. 1:11-cv-01831 (ABJ) |
| MARY STOUMBOS,<br>*Plaintiff*,<br>vs.<br>VISA INC., et al,<br>*Defendants*. | Case No. 1:11-cv-01882 (ABJ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 13 ORDER PURSUANT TO FED. R. CIV. P. 59(e)**

Plaintiffs in all of the above-captioned cases move the Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for an order altering or amending the Court's February 13, 2013 Order ("Order") (*National ATM Council* ("NAC") Dkt. No. 33; *Mackmin* Dkt. No. 54; *Stoumbos* Dkt. No. 26) *nunc pro tunc* to expressly provide that the complaints (as opposed to the cases) are dismissed without prejudice and that Plaintiffs may move to amend their complaints on or before April 15, 2013.

## **BACKGROUND**

On February 13, 2013, the Court entered a Memorandum and Opinion granting Defendants' motions to dismiss Plaintiffs' complaints without prejudice (*NAC* Dkt. No. 34; *Mackmin* Dkt. No. 55; *Stoumbos* Dkt. No. 27). In so doing, the Court expressly found that amendment would not be futile and emphasized that the Court "has not concluded that plaintiffs could never make factual allegations to support their claims; it simply rules that plaintiffs have not done so here." Mem. and Opinion at 38.

Contemporaneously with the entry of its Memorandum and Opinion, the Court entered the Order, which dismissed the cases (as opposed to the complaints) without prejudice (*NAC* Dkt. No. 33; *Mackmin* Dkt. No. 54; *Stoumbos* Dkt. No. 26). Notably, the Order did not expressly provide a specific date by which a motion to amend by Plaintiffs would be considered timely, despite the Court's statement in its Memorandum and Opinion recognizing that amendment would not be futile. While Plaintiffs believe that the Court contemplated a motion by Plaintiffs to amend the complaints in these actions, Plaintiffs submit the present motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, in an abundance of caution to request that the Court enter a modified Order clarifying that Plaintiffs' complaints (as opposed to

their cases) are dismissed without prejudice and that Plaintiffs may file a motion for leave to amend their complaints on or before April 15, 2013.

Plaintiffs' request is consistent with established case law in this Circuit and throughout the country that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by [previous] amendments … [or] futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ARGUMENT

Where a district court grants a motion to dismiss pursuant to Rule 12(b)(6), plaintiffs should be granted leave to amend unless it is clear from the face of the complaint that amendment would be futile. In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court held that where a party moves to alter or amend a judgment pursuant to Rule 59(e) in order to amend the complaint, leave to amend should be "freely given" under Rule 15(a), so that the party may test his or her claim on the merits. "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*. at 182.

The D.C. Circuit has expanded on what constitutes a "justifying reason:" "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by [previous] amendments … [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182); *see also Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080 (D.C. Cir. 1998); *United States*

*ex rel. McBride v. Halliburton Co*., 272 F.R.D. 235, 238 (D.D.C. 2011) ("As to [futility], only a showing that the proposed claims will not survive a motion to dismiss permits a court to deny a motion to amend, which should otherwise be freely given.").

Here, the Court expressly indicated that amendment would not be futile, emphasizing in its Memorandum and Opinion that it "has not concluded that plaintiffs could never make factual allegations to support their claims; it simply rules that plaintiffs have not done so here." Mem. and Opinion at 38. Plaintiffs intend to file amended complaints on or before April 15, 2013 that will fully and satisfactorily address the concerns raised by the Court in its Memorandum and Opinion. Specifically, Plaintiffs' proposed Amended Complaints will contain additional allegations concerning, *inter alia*, the structure of the market for ATM network services, the fees paid and costs incurred by ATM operators, the nature of Defendants' contracts regarding ATM access fees, and the antitrust injury suffered by Plaintiffs.

As a technical matter, because the Court's Order dismisses the cases as opposed to the complaints, it may be viewed as having terminated the cases, thereby foreclosing Plaintiffs' opportunity to move to amend their complaints. As the D.C. Circuit explained:

> [C]ourts often regard the dismissal without prejudice of a *complaint* as not final, and thus not appealable under 28 U.S.C. § 1291, because the plaintiff is free to amend his pleading and continue the litigation. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *see also WMX Techs. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); 19 JAMES W. MOORE, *MOORE'S FEDERAL PRACTICE § 201.14* (3d ed. 2003). The dismissal without prejudice of an *action* (or case), by contrast, is a different matter. As the Supreme Court said in *United States v. Wallace & Tiernan Co.*: That the dismissal was without prejudice to filing another suit does not make the cause unappealable, ***for denial of relief and dismissal of the case ended this suit as far as the District Court was concerned***. 336 U.S. 793, 794-95 n.1, 93 L. Ed. 1042, 69 S. Ct. 824 (1949).

*Ciralski v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004) (emphasis added).

In light of the Court's finding here that amendment would not be futile, Plaintiffs respectfully request that the Court modify its Order dismissing the complaints in this case to permit Plaintiffs to move to amend their complaints on or before April 15, 2013.

**CONCLUSION**

Granting Plaintiffs' motion would merely effectuate what is apparent from the Court's Memorandum and Opinion – that Plaintiffs should have an opportunity to seek leave to amend their complaints. Accordingly, Plaintiffs respectfully request that the Court enter an amended Order dismissing the complaints (as opposed to the cases) without prejudice and granting Plaintiffs leave to file a motion to amend their complaints on or before April 15, 2013.

Pursuant to Local Civil Rule 7(c), Plaintiffs have submitted a proposed order accompanying this motion. Pursuant to Local Civil Rule 7(m), Plaintiffs have conferred with Defendants, who do not consent to the relief requested herein.

Dated: March 12, 2013

Respectfully submitted,

By /s/ *Craig L. Briskin*

Craig L. Briskin (D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Ave NW, Suite 300
Washington, DC 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
cbriskin@findjustice.com

Bernard Persky (pro hac vice)
William V. Reiss (pro hac vice)
ROBINS KAPLAN MILLER & CIRESI LLP
601 Lexington Ave. Suite 3400
New York, NY 10022
(212) 980-7400 (phone)
(212) 980-7499 (fax)
bpersky@rkmc.com
wvreiss@rkmc.com

George W. Sampson (pro hac vice)
Steve W. Berman (pro hac vice)
Anthony D. Shapiro (pro hac vice)
Erin K. Flory
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
george@hbsslaw.com
steve@hbsslaw.com
tony@hbsslaw.com
erin@hbsslaw.com

*Counsel for Plaintiffs Mackmin, Inglis, and Osborn*

By: /s/ Kit Pierson
Daniel A. Small (D.C. Bar #465094)
Kit Pierson (D.C. Bar #398123)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
dsmall@cohenmilstein.com
kpierson@cohenmilstein.com

Jonathan L. Rubin (D.C. Bar # 353391)
RUBIN PLLC
1250 24th Street, N.W., Ste. 300
Washington, D.C. 20037
Tel: (202) 776-7763
Fax: (877) 247-8586
jr@rubinpllc.com

Consulting counsel:
Don A. Resnikoff, Esq. (D.C. Bar # 386688)

Brooks E. Harlow, Esq. (pro hac vice)
David A. LaFuria, Esq. (D.C. Bar #417079)
LUKAS, NACE, GUTIERREZ & SACHS, LLP
8300 Greensboro Drive, Suite 1200
McLean, VA 22101
Tel: (703) 584-8678
bharlow@fcclaw.com
dlafuria@fcclaw.com

*Counsel for ATM Operator Plaintiffs*

By: /s/ Douglas G. Thompson

Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
James Place
1077 30th Street, N.W., Suite 150
Washington, D.C. 20007
Telephone: 202-337-8000
Facsimile: 202-337-8090

*Counsel for Plaintiff Stoumbos*