**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., et al.,<br>Plaintiffs,<br>v.<br>VISA INC., et al.,<br>Defendants. | Case 1:11-cv-01803 (ABJ) |
| ANDREW MACKMIN, et al.,<br>Plaintiffs,<br>v.<br>VISA INC., et al.,<br>Defendants. | Case 1:11-cv-01831 (ABJ) |
| MARY STOUMBOS., et al.,<br>Plaintiffs,<br>v.<br>VISA INC., et al.,<br>Defendants. | Case 1:11-cv-01882 (ABJ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THIS COURT'S FEBRUARY 13 ORDER PURSUANT TO FED. R. CIV. P. 59(e)**

## ***Preliminary Statement***

Network defendants Visa[1] and MasterCard,[2] and bank defendants Bank of America,[3] Chase[4] and Wells Fargo,[5] respectfully submit this memorandum of points and authorities in opposition to plaintiffs' motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for an order altering or amending the Court's Order dated February 13, 2013, which dismissed the above-captioned cases, pursuant to Rule 58 of the Federal Rules of Civil Procedure, without prejudice. As demonstrated below, alteration or amendment of a judgment pursuant to Rule 59(e) is an extraordinary measure that is generally disfavored. Plaintiffs have failed even to acknowledge the stringent standard for relief under Rule 59(e), much less meet that standard, and their motion should therefore be denied.

On February 13, 2013, this Court granted defendants' motions to dismiss these cases on the grounds that plaintiffs had failed to allege facts from which the Court could infer that plaintiffs had suffered any injury-in-fact as a result of the challenged ATM card rules or that defendants had engaged in a horizontal conspiracy with respect to those rules in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Given the legal insufficiency of plaintiffs' federal

---

[1] Network defendant Visa includes Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.

[2] Network defendant MasterCard includes MasterCard Incorporated and MasterCard International Incorporated.

[3] Bank defendant Bank of America includes Bank of America, National Association, NB Holdings Corp., and Bank of America Corp.

[4] Bank defendant Chase includes Chase Bank USA, N.A., JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A.

[5] Bank defendant Wells Fargo includes Wells Fargo & Co. and Wells Fargo Bank, N.A.

claims, the Court declined to exercise pendent jurisdiction over plaintiffs' state law claims. While the Court did not conclude "that plaintiffs could never make factual allegations to support their claims" (Mem. Op. at 38), it did not grant plaintiffs leave to amend their complaints, several of which had already been amended prior to the Court's order. Rather, pursuant to Rule 58, which governs the entry of judgment, the Court ordered that the cases be dismissed without prejudice, and the cases have been closed.

Plaintiffs may file new actions if they desire to pursue their claims against defendants and believe that they can allege claims that would not be subject to dismissal. But plaintiffs are not entitled to amend their complaints in the dismissed actions, and thus seek to toll the statute of limitations, unless they first satisfy the stringent requirements of Rule 59(e). That standard requires the movant (i) to show that there has been a change in the controlling law since the judgment was entered, (ii) to identify new evidence that was not available to the parties when the judgment was entered, (iii) to identify a clear error in the judgment itself, or (iv) to demonstrate that the judgment results in manifest injustice.

Plaintiffs do not even acknowledge the standard for relief under Rule 59(e). And with good reason. Plaintiffs do not, and could not, satisfy the requirements of Rule 59(e). Accordingly, their motion to alter or amend the judgment in these cases should be denied.

## ***Argument***

Judgments are intended to be final. For that reason, Rule 59(e) motions are generally disfavored and should be granted only in "extraordinary circumstances." *Agrocomplect, AD v. Republic of Iraq*, 262 F.R.D. 18, 21 (D.D.C. 2009) (citation omitted). "[O]nce a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside the judgment." *Ciralsky v. CIA*,

355 F.3d 661, 673 (D.C. Cir. 2004) (citation omitted). That "more stringent standard" requires the movant to show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 671 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A motion under Rule 59(e) is not an opportunity for a litigant to reargue facts and theories upon which a court has already ruled, or to present new arguments that could have been raised prior to final judgment. *Piper v. United States Dep't of Justice*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004). Rather, the moving party bears the burden of demonstrating "new facts or clear errors of law which compel the court to change its prior position." *United States v. Philip Morris Inc.*, 130 F. Supp. 2d 96, 99 (D.D.C. 2001) (citation omitted).

Plaintiffs rely entirely on the more lenient – and inapplicable – standard for amending a complaint under Rule 15(a) of the Federal Rules of Civil Procedure; they do not even acknowledge that they must meet a different, more rigorous standard to alter or amend the judgment under Rule 59(e). And they make no effort to satisfy that more exacting standard. Plaintiffs do not – indeed, cannot – identify any change in controlling law since the Court granted defendants' motion to dismiss or any new evidence that has become available since entry of the Court's February 13 Order. Nor do plaintiffs articulate any clear error in this Court's Order, or a "manifest injustice" that must be prevented by altering or amending the judgment in these cases. Plaintiffs simply assert that they wish to amend their complaints in the dismissed actions, and that leave to amend should be freely granted.

Plaintiffs' argument flies in the face of the D.C. Circuit's decision in *Ciralsky*. In that case, the appellate court unequivocally held that, while "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires,' . . . once a final judgment has been en-

tered, a court cannot permit an amendment unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment." 355 F.2d at 673 (citation omitted). Thus, plaintiffs' argument that they can satisfy the comparatively lenient requirements for filing an amended complaint under Rule 15(a) is misplaced. The threshold inquiry on this motion is whether they have satisfied the more stringent requirements of Rule 59(e), thereby permitting the Court to consider their motion for leave to file an amended complaint. *Agrocomplect, AD*, 262 F.R.D. at 21. Plaintiffs have not shown their entitlement to relief under Rule 59(e), and their motion should therefore be denied.[6]

Plaintiffs' inability to satisfy the standard of Rule 59(e) is not merely technical. It has a substantive effect on plaintiffs' case, on defendants' defenses, and on the potential damages period applicable to the case. For example, any new actions that plaintiffs file will be governed by the antitrust laws' four-year statute of limitations, "unaffected by the filing of the [now-dismissed] suit." *Ciralsky*, 355 F.3d at 672 (citation omitted). As the court in *Ciralsky* explained, although the timely filing of a complaint tolls the applicable statute of limitations with respect to amended complaints permitted under Rule 15(a), "once a suit is dismissed, even without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without inter-

---

[6] The decision in *Foman v. Davis*, 371 U.S. 178 (1962), on which plaintiffs rely, is not to the contrary. That case has not been treated by this Circuit as modifying the stringent standard for altering or amending a final judgment under Rule 59(e), which plaintiffs must meet before the court may consider a motion under Rule 15(a). *See*, *e.g.*, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing *Foman* and holding that "Rule 15's liberal standard for granting leave to amend governs once the court has vacated the judgment," "[b]ut to vacate the judgment, [plaintiffs] must first satisfy Rule 59(e)'s more stringent standard.").

ruption by that filing.'" *Id.* (citation omitted); *see also In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) ("dismissal of an earlier suit . . . without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations") (quoting *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989) ("'Without prejudice' does not mean 'without consequence.' If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations.").

This Court dismissed plaintiffs' cases without prejudice, and, as the Seventh Circuit has observed, dismissal without prejudice does not mean dismissal without consequences. *Powell v. Starwalt*, 866 F.2d at 966. Plaintiffs' claims will face a new statute of limitations period if they choose to initiate a new action, but that is simply a consequence of the dismissal of their initial cases without prejudice. It is not sufficient to meet the standard of Rule 59(e).

## ***Conclusion***

For the foregoing reasons, plaintiffs' motion to alter or amend the Court's February 13 Order pursuant to Rule 59(e) should be denied.

Dated: March 22, 2013

Respectfully submitted,

/s/ Mark R. Merley

Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Tel.: (202) 942-5000
Fax: (202) 942-5999
Email: Mark.Merley@aporter.com
Matthew.Eisenstein@aporter.com
*Attorney for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Services Association, and Plus System, Inc.*

/s/ Kenneth A. Gallo

Kenneth A. Gallo (D.C. Bar No. 371253)
PAUL WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
Tel.: (202) 223-7300
Fax: (202) 223-7420
Email: KGallo@paulweiss.com

Andrew C. Finch (D.C. Bar No. 494992)
Gary R. Carney
PAUL WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
Email: AFinch@paulweiss.com
GCarney@paulweiss.com
*Attorney for Defendants MasterCard Incorporated and MasterCard International Incorporated*

/s/ Peter E. Greene

Peter E. Greene (D.C. Bar No. 305607)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: 212-735-3620
Fax: 917-777-3620
Email: peter.greene@skadden.com
*Attorney for Defendants Chase Bank USA, N.A., JPMorgan Chase & Co., and JP Morgan Chase Bank, N.A.*

/s/ Michael B. Miller
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (admitted *pro hac vice*)
Adam J. Heintz (admission pending)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Tel: (212) 468-8000
Fax: (212) 468-7900
Email: mladner@mofo.com
mbmiller@mofo.com
aheintz@mofo.com
*Attorneys for Defendants Bank of America, N.A., NB Holdings Corporation, and Bank of America Corporation*

/s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (admitted *pro hac vice*)
Sarah E. Zgliniec (admitted *pro hac vice*)
Gloria C. Phares (D.C. Bar No. 229294)
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
Email: wfcavanaugh@pbwt.com
sezgliniec@pbwt.com
gcphares@pbwt.com
*Attorneys for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*