UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ATM COUNCIL INC., *et al.*,<br>Plaintiffs,<br>v.<br>VISA INC., *et al.*,<br>Defendants. | No. 1:11-cv-01803 (ABJ) |
| MACKMIN, *et al.*,<br>Plaintiffs,<br>v.<br>VISA INC., *et al.*,<br>Defendants. | No. 1:11-cv-01831 (ABJ) |
| MARY STOUMBOS,<br>Plaintiffs,<br>v.<br>VISA INC., *et al.*,<br>Defendants. | No. 1:11-cv-01882 (ABJ) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 13 ORDER PURSUANT TO FED. R. CIV. P. 59(e)**

## I. INTRODUCTION

Plaintiffs submit this Reply Memorandum in further support of their motion to alter or amend the Court's February 13 Order, so they may have an opportunity to amend their complaints to promptly address the legal and factual issues raised by the Court in its Memorandum Opinion.

At the conclusion of its 38 page Memorandum Opinion dismissing Plaintiffs' *complaints* without prejudice, this Court anticipated that Plaintiffs would seek to amend and explicitly held that amendment would not be futile:

> This Court has ***not*** concluded that plaintiffs could never make factual allegations to support their claims; it simply rules that plaintiffs have not done so here.

Memorandum Opinion at 38 (emphasis added).

Yet the separate Order issued by the Court the same day states that the "above-captioned *cases* are DISMISSED without prejudice." Order at 2. Plaintiffs believe this Court did not mean two different things when it used the term "complaints" in its Memorandum Opinion and the term "cases" in its Order nor did it intend to foreclose Plaintiffs from seeking to amend their complaints. None of the cases cited by Visa, MasterCard and the Bank Defendants compel the inefficient and potentially prejudicial results that would come from denying Plaintiffs an opportunity to amend their complaints.

## II. ARGUMENT

Though Defendants claim that Plaintiffs have ignored the more stringent Rule 59(e) standard in their moving papers, the cases relied upon by Plaintiffs all properly take into account the requirements of Rule 59(e). Rather, it is Defendants who have ignored the underlying rationale for Plaintiffs' motion, which is to effectuate the salutary purposes of Rule 15(a) in favor of amending complaints so that cases are decided on their merits, not on technicalities. *See*

*Foman v. Davis,* 371 U.S. 178, 182 (1962) (refusal to grant leave to amend without any justifying reason is abuse of discretion and inconsistent with the spirit of the Federal Rules).

The Rule 59(e) decisions cited by Defendants in their Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion focus on cases in which Plaintiffs were given numerous opportunities to amend their defective complaints. As demonstrated below, only after the judiciary's patience is exhausted and amendment is futile and/or defendants would face prejudice should a final judgment be entered dismissing the action.

In the absence of undue delay or futility, Rule 15(a)(2) instructs that the "court should freely give leave [to amend] when justice so requires." That instruction would be frustrated if Plaintiffs were prohibited from seeking leave to amend despite the Court's unequivocal finding that amendment is not futile. And unlike other cases, granting leave to amend would not prejudice Defendants in any way, much less cause undue prejudice. *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996).

Defendants concede, as they must, that this Court made no determination that any amendment of Plaintiffs' claims would necessarily be futile. (Opp. at 2.) Their argument rests entirely on the use of the term "cases" in the Court's Order, and ignores the many references to the "complaints" throughout the Court's Memorandum Opinion.

None of the cases cited by Defendants compel this Court to tie its hands and force Plaintiffs to file new actions, with new case numbers, filing fees, repeated service of process, new *pro hac vice* motions, all the other procedural steps Plaintiffs have already taken to bring these matters to court.

The main case Defendants' opposition rests on is the D.C. Circuit Court's decision in *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004). That case is fundamentally different from this case for several reasons, and does not support denying Plaintiffs here an opportunity to amend.

First, the plaintiff in *Ciralsky* had been given multiple opportunities to cure the deficiencies in his complaints. 355 F.3d at 661. Second, Ciralsky's proposed amended complaint suffered from the same defects which resulted in its previous dismissals. *Id.* at 669. Third, *Ciralsky* was explicitly warned "that should he re-file his complaint in a form that still does not comply with Rule 8, [the] next dismissal will be with prejudice." *Id.* at 665. Finally, the Court's order in *Ciralsky* dismissing the complaint expressly stated that it was a "final appealable order." *Id.* at 667.

None of these *Ciralsky* factors arise in this case. The Court's Memorandum Opinion was the first time Plaintiffs were made aware of the Court's views regarding the factual sufficiency of their complaints. Plaintiffs will have on file by April 15 significantly revised complaints which will address directly the Court's concerns. This Court did *not* dismiss the complaints with prejudice, much less threaten to do so in the future. And finally, the Court did not explicitly terminate the actions on file here, as the court did in *Ciralsky*.

Defendants' reliance on *Agrocomplect, AD v. Republic of Iraq*, 262 F.R.D. 18 (D.D.C. 2009), is similarly misplaced. The *Agrocomplect* complaint was dismissed for lack of subject matter jurisdiction, and the Court doubted whether any complaint containing similar allegations of subject matter jurisdiction would possibly survive a motion to dismiss. *Id*. at 23. Indeed, the peculiar procedural history in *Agrocomplect* led the court to conclude that permitting further defective amendments would "if anything, be manifestly unjust to *defendant*." *Id*. Here, there has been no determination that amendment would be futile, and the prejudice to Plaintiffs of

denying leave to amend is manifest. In addition to the added months of delay in resuming the litigation, Defendants hope to avoid eighteen months of antitrust damages if the statute of limitations is not tolled. While Plaintiffs have strong equitable arguments in favor of tolling the statute of limitations, that issue would be an unnecessary sideshow to the core issues in this litigation.

Finally, Defendants' reliance on *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996), is actually unhelpful to their argument. The court in *Firestone* examined the issues under both Rule 15(a) and Rule 59(e). Under its Rule 59(e) analysis, the court held that a dismissal with prejudice is warranted only when the trial court determines that "the allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id*. at 1209. That is certainly not the case at this stage of the ATM Antitrust litigation.

## III. CONCLUSION

Even in *Ciralsky*, the decision most relied upon by Defendants, the case was remanded to the trial court for further consideration of a renewed amended complaint. 355 F.3d 661, 674. This is because, as *Ciralsky* quotes, the American "jurisprudential preference [is] for adjudication of cases on their merits rather than on the basis of formalities." *Id.*, quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). This Court should exercise its sound discretion to cut through the unnecessary procedural hurdles Defendants want to erect in this matter. Plaintiffs' motion to amend or alter the Court's Order should be granted.

Dated: April 1, 2013

Respectfully submitted,

By *_/s/ George w. Sampson_*

George W. Sampson (pro hac vice)
Steve W. Berman (pro hac vice)
Anthony D. Shapiro (pro hac vice)
Erin K. Flory
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
george@hbsslaw.com
steve@hbsslaw.com
tony@hbsslaw.com
erin@hbsslaw.com

Bernard Persky (pro hac vice)
William V. Reiss (pro hac vice)
ROBINS KAPLAN MILLER & CIRESI LLP
601 Lexington Ave., Suite 3400
New York, NY 10022
(212) 980-7400 (phone)
(212) 980-7499 (fax)
bpersky@rkmc.com
wvreiss@rkmc.com

Craig L. Briskin (D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Ave NW, Suite 300
Washington, DC 20036
(202) 822-5100 (phone)
(202) 822-4997 (fax)
Cbriskin@Findjustice.com

*Counsel for Plaintiffs Mackmin, Inglis, and Osborn*

By: *__/s/ Kit Pierson____________________*
Daniel A. Small (D.C. Bar #465094)
Kit Pierson (D.C. Bar #398123)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
dsmall@cohenmilstein.com
kpierson@cohenmilstein.com

Jonathan L. Rubin (D.C. Bar # 353391)
RUBIN PLLC
1250 24th Street, N.W., Suite 300
Washington, D.C. 20037
Tel: (202) 776-7763
Fax: (877) 247-8586
jr@rubinpllc.com

Consulting counsel:

Don A. Resnikoff, Esq. (D.C. Bar# 386688)
Brooks E. Harlow, Esq. (pro hac vice)
David A. LaFuria, Esq. (D.C. Bar #417079)
LUKAS, NACE, GUTIERREZ & SACHS, LLP
8300 Greensboro Drive, Suite 1200
McLean, VA 22101
Tel: (703) 584-8678
bharlow@fcclaw.com
dlafuria@fcclaw.com

*Counsel for ATM Operator Plaintiffs*

By: *<u>/s/ Michael G. McLellan</u>*
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
James Place
1077 30th Street, N.W., Suite 150
Washington, D.C. 20007
Telephone: 202-337-8000
Facsimile: 202-337-8090

*Counsel for Plaintiff Stoumbos*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 1, 2013, I caused the foregoing Plaintiffs' Reply Memorandum of Law in Support of Motion to Alter or Amend the Court's February 13 Order Pursuant to Fed. R. Civ. P. 59(e) to be filed using the Court's CM/ECF system, which will send e-mail notification of such filing to counsel of record.

/s/ Michael G. McLellan
Michael G. McLellan