# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF) |

**DIRECT PURCHASER PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT BNSF RAILWAY COMPANY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, interim class counsel for the proposed class of direct purchaser plaintiffs requests that Defendant BNSF Railway Company ("BNSF") answer the following requests for production. Responses to these requests should be served on a rolling basis and no later than April 25, 2008.

**DEFINITIONS AND INSTRUCTIONS**

These Requests For Production are subject to and incorporate the following definitions and instructions as used herein:

1. "BNSF", "you" or "Defendant" means BNSF Railway Company, and any of its corporate parents, subsidiaries, affiliates, divisions, departments, predecessors or successors, and any of its present or former officers, directors, employees, members, representatives or any others acting on its behalf.

2. "Rail fuel surcharge" means a separately-identified component of the total rate charged for rail freight transportation, purportedly to recoup increases in the rail carrier's fuel costs.

3. “Document” means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, facsimile transmissions and receipts, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and mechanical representations of any kind.

4. “Electronically stored information” includes, without limitation, the following:

a. information that is generated, received, processed, and recorded by computers and other electronic devices;

b. internal or external web sites;

c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and

e. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or

transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

5. "Regarding" or "evidencing" means concerning, containing, describing, discussing, embodying, commenting upon, identifying, incorporating, referring to, relating to, summarizing, constituting, comprising or otherwise pertinent to the matter or any aspect thereof.

6. The terms "all" and "each" shall be construed as "all and each."

7. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. Plaintiffs request that documents or electronically stored information be produced in the same manner that they were provided to the New Jersey Office of the Attorney General, Surface Transportation Board, or any other government agency. In the alternative, Plaintiffs request that documents or electronically stored information be produced in the same file or other organizational environment in which they are maintained in the ordinary course of business. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Additionally, each document should be produced stapled, clipped, or otherwise bound or connected in the same manner as the original.

10. Color copies of documents are to be produced where color is necessary to interpret or understand the contents.

11. If no documents or electronically stored information exist that are responsive to a particular request, that fact should be stated in each of Defendant's responses to such requests.

12. Separately with respect to each piece of information called for by these requests which is withheld under a claim of privilege or otherwise, provide an explanation of the claim being asserted and a description of the information withheld in accordance with Fed. R. Civ. P. 26(b)(5).

13. If a document or group of documents or electronically stored information responsive to these requests once existed, but has been destroyed or discarded, for each such document or group of documents or electronically stored information, identify the document or group of documents or electronically stored information, state when the document or group of documents or electronically stored information was destroyed or discarded, state why the document or group of documents or electronically stored information was destroyed or discarded, and identify the persons most knowledgeable about the contents of the document or group of documents or electronically stored information and the circumstances under which the document or group of documents or electronically stored information was destroyed or discarded.

14. Unless otherwise indicated in a particular request, the requests are not date or time limited.

15. The obligation to provide the information sought by these requests for production is continuing within the requirement of Fed. R. Civ. P. 26(e).

## REQUESTS FOR PRODUCTION AND DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

All documents or electronically stored information provided by Defendant to the New Jersey Office of the Attorney General in connection with a grand jury investigation of rail fuel surcharges, or to any other state or federal law enforcement agency in connection with an investigation or inquiry related to rail fuel surcharges.

**REQUEST FOR PRODUCTION NO. 2**

All documents or electronically stored information, concerning rail fuel surcharges, provided by Defendant between May 1, 2003 and May 1, 2006 (inclusive) to the Surface Transportation Board.

DATED: March 14, 2008

| | |
|---|---|
| By: /s/ Stephen Neuwirth<br>Stephen Neuwirth<br>Daniel Brockett<br>Sami H. Rashid<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 | By: /s/ Michael D. Hausfeld<br>Michael D. Hausfeld (D.C. Bar #153742)<br>Benjamin D. Brown (D.C. Bar #495836)<br>COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.<br>1100 New York Avenue NW<br>Suite 500, West Tower<br>Washington, DC 20005<br>(202) 408-4600 |
| *Interim Co-Lead Class Counsel for the proposed direct purchaser class* | |

Case 1:07-mc-00489-PLF-GMH Document 160-3 Filed 12/17/08 Page 7 of 7

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 14th day of March, 2008, a copy of the foregoing document requests was served on counsel for the Defendant via e-mail and Federal Express.

_/s/ Sami H. Rashid_____________
Sami H. Rashid