# Exhibit F

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>DIRECT PURCHASER CASES | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF/AK/JMF) |

**DIRECT PURCHASER PLAINTIFFS' THIRD REQUEST FOR PRODUCTION TO DEFENDANT BNSF RAILWAY COMPANY**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Direct Purchaser Plaintiffs ("Plaintiffs") request that Defendant BNSF Railway Company ("BNSF") respond to the following Request for Production within thirty (30) days following the date of service of these Requests and produce the requested electronically stored information as soon as practicable.

**DEFINITIONS**

These Requests For Production are subject to and incorporate the following definitions and instructions:

1. "BNSF," "you" or "your" means BNSF Railway Company and any of its corporate parents, subsidiaries, affiliates, divisions, departments, predecessors or successors, and any of its present or former officers, directors, employees, members, representatives or any others acting on its behalf.

2. "Defendants" means BNSF, CSX Transportation, Inc., Union Pacific Railroad Company and Norfolk Southern Railway Company, individually or collectively, and any of their respective corporate parents, subsidiaries, affiliates, divisions, departments, predecessors or

successors, and any of its present or former officers, directors, employees, members, representatives or any others acting on their behalf respectively.

3. "Electronically stored information" or "ESI" includes, without limitation, the following:

a. information that is generated, received, processed, and recorded by computers and other electronic devices;

b. internal or external web sites;

c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar instant messaging program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d. activity listings of electronic mail receipts and/or transmittals; and

e. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and label appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

4. "Rail Freight Transportation Shipment Service" means the transportation of freight by a railroad whether the rates are set by private contracts or through other means exempt from rate regulation under federal law, or are set by tariff publication or other means that are subject to regulation under federal law.

5. "Shippers" or "customers" means those who purchased rail freight transportation services directly from Defendants.

6. The terms "all" and "each" shall be construed as "all and each".

7. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. You are requested to produce all responsive electronically stored information in your possession, custody or control, regardless of its physical location.

2. All data shall be produced in the same order as it is kept or maintained in the ordinary course of business.

3. If any electronically stored information responsive to these Requests once existed, but has been destroyed or discarded, for each such electronically stored information, identify the electronically stored information, state when the electronically stored information was destroyed or discarded, state why the electronically stored information was destroyed or discarded, and identify the persons most knowledgeable about the contents of the electronically stored information and the circumstances under which the electronically stored information was destroyed or discarded.

4. The data will be produced in a format to be agreed upon by the parties and should be the same format as, or compatible with, the data produced in response to Document Request No. 6 of Direct Purchaser Plaintiffs' Second Request for Production to Defendant BNSF Railway Company.

5. The time period relevant to these requests is January 1, 2000, through December 31, 2008.

## REQUEST FOR PRODUCTION

To the extent not already provided, electronically stored information linked to each record provided to Plaintiffs in response to Document Request No. 6 of Direct Purchaser Plaintiffs' Second Request for Production to Defendant BNSF Railway Company sufficient to show for each Rail Freight Transportation Shipment Service invoiced to a customer during the relevant period:

(i) the route taken by the shipment,

(ii) the route taken by the shipment while in BNSF's control,

(iii) the mileage the shipment traveled from origin to destination,

(iv) the mileage the shipment traveled in BNSF's control,

(v) the time the shipment was accepted by any carrier,

(vi) the time the shipment was accepted by BNSF,

(vii) the time the shipment was released by BNSF,

(viii) the time the shipment spent in BNSF's control,

(ix) the time the shipment was released by the last carrier,

(x) the number of the container for the shipment,

(xi) the individual car number for the shipment,

(xii) the type of car carrying the shipment,

(xiii) the capacity of the container,

(xiv) the capacity of the car, and

(xv) the train number or other identifier of the train on which the shipment traveled.

Dated: June 29, 2009

Respectfully submitted:

/s/ Michael D. Hausfeld
Michael D. Hausfeld
William P. Butterfield
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: mhausfeld@hausfeldllp.com

Steig D. Olson
HAUSFELD LLP
11 Broadway, Suite 615
New York, NY 10004
Telephone: (212) 830-9850
Facsimile: (212) 480-8560
Email: solson@hausfeldllp.com

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Daniel Brockett
Marc L. Greenwald
Sami H. Rashid
Joseph D. Hammond
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: stephenneuwirth@quinnemanuel.com

***Direct Purchaser Plaintiffs' Co-Lead Counsel***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 29, 2009, a copy of the foregoing document request was served on counsel below by electronic mail at the addresses shown.

/s/ Steig D. Olson
Steig D. Olson

Michael E. Lackey, Jr.
mlackey@mayerbrown.com
MAYER BROWN LLP

Linda S. Stein
lstein@steptoe.com
STEPTOE & JOHNSON LLP
***Attorneys for BNSF Railway Company***

David Cross
dcross@crowell.com
John L. Cuddihy
jcuddihy@crowell.com
CROWELL & MORING LLP
***Attorneys for CSX Transportation, Inc.***

Tara L. Reinhart
tara.reinhart@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
***Attorney for Norfolk Southern Railway Company***

David G. Meyer
meyerd@howrey.com
HOWREY LLP
***Attorney for Union Pacific Railroad Company***