**LOVELL STEWART HALEBIAN JACOBSON LLP**

1. Lovell Stewart Halebian Jacobson LLP (with its predecessors, "Lovell Stewart") have been privileged to serve as class counsel and prosecute complex class actions since 1980. *See* www.lshllp.com (firm website). As court appointed lead counsel[1] or co-lead counsel[2], Lovell Stewart produced what were then the largest class action recoveries under **three** separate federal statutes: the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Commodity Exchange Act, 7 U.S.C. § 1, *et seq*., and the Investment Company Act, 15 U.S.C. § 80a-1 *et seq*.

2. Lovell Stewart has repeatedly achieved class action settlements that, after deduction for all costs and attorneys' fees, still recovered 100 cents on each dollar of losses for each claiming class member.[3]

3. Lovell Stewart has served as court appointed class counsel for antitrust class action claims in respect of which billions of dollars have been recovered for class members, and which have provided important injunctive relief or contributed to major structural reforms in certain markets.

---

[1] The $149,000,000 recovery in *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) ("*Sumitomo*") "is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act".

[2] *In re Nasdaq Market Makers Antitrust Litigation*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998) (a class action resulting in an "all-cash [$1.027 billion] settlement, achieved through 'four years of hard-fought litigation,' apparently is [at that time] the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws"); *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.), ("by far the largest settlement" of class action claims under the Investment Company Act according to *Securities Class Action Alert* letter dated August 17, 2000).

[3] "Losses" means single, actual damages, exclusive of trebling and also exclusive of any prejudgment interest. *E.g., In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 471 (S.D.N.Y. 1998); *In re Sumitomo Copper Litigation*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999); *Blatt v. Merrill Lynch Fenner & Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.); *In re Soybeans Futures Litigation*, 89 Civ. 7009 (CRN) (N.D. Ill.); *In re BP Propane Indirect Purchaser Antitrust Litigation*, 06-cv-3541 (JBZ) (N.D. Ill.); *Kaplan v. E.F. Hutton Group, Inc., et al.*, Civ. Action No. 88-00889 (N.Y. Sup. Ct.); and *Krome v. Merrill Lynch and Co., Inc.*, 85 Civ. 765 (DNE) (S.D.N.Y).

4. Lovell Stewart's founding partner, Christopher Lovell, has since 1977 been prosecuting or defending exchange related antitrust claims, and claims involving manipulation or fixing of the prices of numerous different commodities.[4]

5. *Bloomberg Markets* magazine reported:

> To classify Pacific Investment Management Co. [managed by CEO and founder Bill Gross] as a large mutual fund family does it little justice. Its $747 billion in bond assets almost matches the gross domestic product of Australia . . . . Pimco has found itself up against a formidable opponent in [Christopher] Lovell. What [Bill] Gross is to the world of bonds, [Christopher] Lovell is to commodities-manipulation and price-fixing lawsuits.

Seth Lubove and Elizabeth Stanton, *Pimco Power in Treasuries Prompts Suits*, Bloomberg Markets, February 20, 2008, available at http://www.bloomberg.com/apps/news?pid=nw&pname=mm_0408_story3.html.

6. After the Department of Justice decided not to bring price-fixing claims under the federal antitrust laws and after the Commodity Futures Trading Commission ("CFTC") lost a trial seeking to prove attempted manipulation, Lovell Stewart tried and won all damages requested in a three-week jury trial on claims for price-fixing and manipulation, and sustained the verdict against motions for *j.n.o.*v. and new trial, as well as on appeal. *Strobl v. New York Mercantile Exch.*, 582 F. Supp. 770 (S.D.N.Y. 1984), *aff'd*, 768 F.2d 22 (2d Cir. 1985), *cert. denied sub nom.*, *Simplot* v. *Strobl*, 474 U.S. 1006 (1985). Lovell Stewart has been informed that this price fixing verdict was the first and only price fixing verdict obtained in the United States District Court for the Southern District of New York by a Plaintiffs' law firm.

7. Lovell Stewart has argued before the U.S. Supreme Court and in eight different federal circuit courts of appeal, in cases involving antitrust or exchange-based claims.

---

[4] These include, among others, copper, steel, silver, platinum, palladium, diamonds, crude oil, natural gas, propane, milk, cheese, chocolate, potatoes, cotton, rice, soybeans, and orange juice.

8. Lovell Stewart served as lead counsel in the second largest class action settlement for claims alleging manipulation of commodity prices, in the history of the Commodity Exchange Act ("CEA"). *See Kohen, et al. v. Pacific Investment Management Company, et al.*, 244 F.R.D. 469, 481 (N.D. Ill. 2007) ("*PIMCO*") (granting plaintiffs' motion for class certification), *appeal denied*, 571 F.3d 672, 680 (7th Cir. 2009) (Posner, J.). In *PIMCO*, the government did not bring any claims and even found that "exogenous" factors caused the price distortions. However, Lovell Stewart developed what we believe were extensive facts during discovery; in any event, after summary judgment had been fully briefed, a $118,750,000 settlement was reached on these claims of alleged manipulation of treasury futures contract prices. On December 17, 2013, the Honorable Ronald Guzman approved the final distribution of the funds in this action and praised Lovell Stewart's results by stating that the percentage recovery obtained by each claiming class member (46%) was likely the highest in Judge Guzman's long experience with class action settlements.

9. Lovell Stewart served as co-lead counsel in the third largest class action settlement for claims alleging manipulation of commodity prices, in the history of the CEA. *See In re Natural Gas Commodities Litig.*, 231 F.R.D. 171, 177 (S.D.N.Y. 2005), *petition for leave to appeal denied sub nom. Cornerstone Propane Partners, L.P., et al. v. Reliant Energy Services, Inc., et al.*, No. 05-5732-cv (2d Cir. Aug. 1, 2006) ($100,800,000 in settlements on claims of manipulation of benchmark prices off an exchange, that was allegedly transmitted to prices on the exchange).

10. Lovell Stewart served as co-lead counsel in the fourth largest class action settlement for claims alleging manipulation of commodity prices, in the history of the CEA. *See In re Amaranth Natural Gas Commodities Litigation*, 269 F.R.D. 366, 386 (S.D.N.Y. 2010),

*petition for leave to appeal denied sub nom. Amaranth Advisors, LLC, et al. v. Roberto E. Calle Gracey, et al*., No. 10-4110-mv (2d Cir. Dec. 30, 2010) ($77,100,000 settlement of claims of alleging manipulation natural gas futures contract prices through exploitation of the volume weighted average price exchange rules and other means).

11. After successfully certifying the class, *Leider v. Ralfe*, 2003 WL 24571746 (S.D.N.Y. Mar. 4, 2003) *report and recommendation adopted in part,* 01 Civ. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003), Lovell Stewart then prosecuted the class' claims against the DeBeers diamond cartel through almost the conclusion of the evidentiary hearing on injunctive relief when, on the day before the scheduled conclusion of the trial, proposed settlements were agreed upon and the action was subsequently transferred to the United States District Court for the District of New Jersey.

12. As interim co-lead counsel, Lovell Stewart briefed and successfully argued the first appeal in the United States reversing a dismissal of price-fixing claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d. Cir. 2010), *cert. denied*, 131 S.Ct. 901 (2011). That case remains pending in the district court.

13. On November 15, 2013, Lovell Stewart was appointed as sole lead counsel in *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09 Civ. 3690 (N.D. Ill.), an action alleging (among other things) conspiracy to fix the prices of Class III milk futures contracts traded on the Chicago Mercantile Exchange. The court granted final approval of a $46,000,000 settlement with certain of the defendants on September 12, 2014.

14. Lovell Stewart serves as co-lead counsel in *Sullivan v. Barclays PLC*, 13 Civ. 2811 (PKC) (S.D.N.Y.), an action charging twenty defendants with conspiring to rig the

European Interbank Offered Rate ("Euribor") and to fix the prices of Euribor-based derivatives in violation of the Sherman Antitrust Act and other laws. On December 15, 2015, the court granted preliminary approval of a $94,000,000 settlement with three affiliated defendants, the first settlement reached in the case.

15. In *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd*., 08 Civ. 00042 (BC) (E.D.N.Y.), an action alleging worldwide conspiracies to fix the prices of freight forwarding services, Lovell Stewart has been appointed interim co-lead counsel. On March 9, 2016, the court granted preliminary approval to the settlement with the last non-settling defendant. Certain of the settlements provide for ongoing additional payments to the settlement fund, but as of now, assuming the last two preliminarily-approved settlements receive final approval, the total settlement amount is approximately $350,000,000.