UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW MACKMIN, BARBARA INGLIS, and SAM OSBORN, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>VISA INC.; VISA U.S.A. INC.; VISA INTERNATIONAL SERVICE ASSOCIATION; and PLUS SYSTEM, INC.; MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a Mastercard Worldwide; BANK OF AMERICA, NATIONAL ASSOCIATION; NB HOLDINGS CORPORATION; BANK OF AMERICA CORPORATION; CHASE BANK USA, N.A. and JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | No. 1:11-cv-01831-RJL<br><br>Assigned to: Richard J. Leon |
| MARY STOUMBOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,<br><br>Defendants. | No. 1:11-cv-01882-RJL |

**CONSUMER PLAINTIFFS' MOTION TO LIFT STAY AND FOR ENTRY OF**
**PLAINTIFFS' CORRECTED INITIAL SCHEDULING ORDER**

On November 17, 2016, the Supreme Court dismissed Defendants' petitions for certiorari as improvidently granted. In light of that ruling and the long history of these cases, which were filed in 2011, Plaintiffs Andrew Mackmin, Barbara Inglis, and Sam Osborn (the "*Mackmin* Plaintiffs"), as well as Plaintiff Mary Stoumbos (collectively with the *Mackmin* Plaintiffs, the "Consumer Plaintiffs"), now respectfully move this Court to (1) lift the stay the Court entered when the Supreme Court granted Defendants' petitions for certiorari; and (2) enter Plaintiffs' Corrected Proposed Initial Scheduling Order so that the Plaintiffs may begin discovery on the merits. The Consumer Plaintiffs respectfully request that they be permitted to address this request at the upcoming status conference.[1]

## I. PROCEDURAL HISTORY

### A. Plaintiffs' Original Complaints, Rulings on Motions to Dismiss, and Subsequent Appeal

In 2011, Plaintiffs filed three separate class-action complaints challenging Defendants' Access Fee Rules, which provide that whatever the access fee ATM operators charge for Visa and MasterCard transactions at a given ATM terminal, the operators are prohibited from charging a lower access fee for transactions over any other network, even if the other network has lower costs. This means that the Rules effectively foreclose competition that could lower the fees charged to consumers. Two of the complaints were filed by consumers ("Consumer Plaintiffs") alleging they paid higher ATM access fees as a result of the Rules. One group of consumers, the *Mackmin* Plaintiffs, paid access fees at bank-owned ATMs. *See* Case No. 11-cv-1831. Another group of consumers, represented by Mary Stoumbos, paid access fees at

[1] The Court originally set a conference for January 12, 2017, at 3:00 p.m. Defendants have filed an unopposed motion to move the conference to the afternoon of January 19. *See* Dkt No. 106.

independently-owned ATMs. *See* Case No. 11-cv-1882. Independent (non-bank) ATM operators also filed a complaint making similar allegations of wrongful conduct. *See* Case No. 11-cv-1803.

On February 13, 2013, the Court (Jackson, J.) dismissed the First Amended Complaints. *See Nat'l ATM Council, Inc. v. Visa, Inc.*, 922 F. Supp. 2d 73 (D.D.C. 2013). On April 15, 2013, Plaintiffs moved to alter or amend the judgment and for leave to amend the pleadings with proposed Second Amended Class Actions Complaints. On December 19, 2013, the Court denied the motions for leave to amend and denied as moot the motions to alter or amend the judgment. *Nat'l ATM Council, Inc. v. Visa, Inc.*, 7 F. Supp. 3d 51 (D.D.C. 2013) (Jackson, J.).

Plaintiffs appealed, and, on August 4, 2015, the Circuit reversed, holding that the complaints stated claims for violation of the antitrust laws. *Osborn v. Visa Inc.*, 797 F.3d 1057 (D.C. Cir. 2015). On September 28, 2015, the Circuit denied Defendants' motion for panel hearing or rehearing *en banc*, and, on October 14, 2015, also denied Defendants' motion to stay the mandate, which subsequently issued on October 22, 2015.

**B. The Proposed Scheduling Orders**

Following remand, the parties undertook negotiations regarding an overall case and pre-trial schedule.[2] On March 18, 2016, the parties submitted a Joint Report on Scheduling Matters (Dkt. 99) in which they agreed to coordinate all three cases (bank-operated ATM consumers, non-bank operated ATM consumers, and independent ATM operators) for case management and discovery purposes. *See id.*, Exhibit A to this Motion, § I. Plaintiffs and Defendants also made

[2] By stipulation so ordered by the Court on November 23, 2015, the parties agreed that Plaintiffs would file the Second Amended Class Action Complaints they had sought leave to file before the appeal.

competing proposals regarding discovery, class certification, experts and summary judgment proceedings. *See id.*, §§ VI-IX.

**C. The ATM Operators' Preliminary Injunction Motion**

Also following remand, the ATM Operator Plaintiffs moved for entry of a preliminary injunction on the basis that the ATM Access Fee Rules challenged in these cases were "putting some independent ATM operators out of business and causing others to remove terminals from service" and also were "crippling the ATM operators' ability to weather the October 2016 deadline for an enormous capital expenditure to upgrade terminals to accept EMV (EuroPay-MasterCard-Visa) chip cards." *See* Case No. 11-cv-1803, Dkt No. 60, at 1-2. Defendants opposed that motion. *Id.*, Dkt No. 65. After the Court granted their motion to intervene for the limited purpose of participating in the preliminary injunction proceedings (*see id.*, Dkt No. 63), the Consumer Plaintiffs also responded to the ATM Operators' motion, requesting that the Consumer Plaintiffs be permitted to attend any depositions taken in connection with the preliminary injunction motion, but that this not otherwise prejudice the Consumer Plaintiffs' right to pursue broader discovery in this case. *Id.*, Dkt No. 66. On April 25, 2016, this Court convened a status conference regarding the preliminary injunction motion, but did not address the ATM Operator Plaintiffs' request for discovery.[3] Recently, the ATM Operator Plaintiffs requested a status conference in their action alone to discuss their pending preliminary injunction

[3] The Consumer Plaintiffs continue to take no position with respect to the ATM Operator Plaintiffs' motion for a preliminary injunction, but maintain their request—to the extent the ATM Operator Plaintiffs do not withdraw the motion—to participate in any limited depositions granted as part of the motion without prejudice to the Consumer Plaintiffs' ability to pursue merits discovery in this case at the same time any preliminary injunction-related discovery is conducted. Indeed, given the additional passage of time, it is even more important that any preliminary injunction proceedings proceed alongside litigation of the merits.

motion. *See Nat'l ATM Council, Inc.*, *et al. v. Visa Inc.*, *et al.*, 1:11-cv-01803-RJL, Dkt. 80 (D.D.C. Dec. 14, 2016).

### D. The Court Stayed This Case After the Supreme Court Granted Defendants' Petitions for Certiorari, Which the Supreme Court Has Now Determined Were Improvidently Granted

The Supreme Court accepted Defendants' petitions for certiorari on June 28, 2016. On July 21, 2016, this Court stayed the Consumer Plaintiffs' and ATM Operator Plaintiffs' lawsuits. At that time, this Court had not yet entered a case schedule.

On November 17, 2016, after full merits briefing, the Supreme Court dismissed Defendants' petitions for certiorari as improvidently granted.

## II. PLAINTIFFS' PROPOSED SCHEDULING ORDER SHOULD BE ENTERED

For the reasons previously explained at length in the Joint Scheduling Report (Ex. A), the Consumer Plaintiffs respectfully submit that their proposed Initial Scheduling Order, which the ATM Operator Plaintiffs have joined, should be adopted. The chart below briefly summarizes the differences between the Plaintiffs' and Defendants' respective proposals.

| **Issue** | **Section of Joint Scheduling Report (Ex. A)** | **Plaintiffs' Position** | **Defendants' Position** |
|---|---|---|---|
| Length of Discovery | VI | Depositions triggered by defendants' substantial completion of initial document production<br><br>Class certification papers filed 270 days after substantial completion of initial document production | No requirement that protocols be negotiated or documents be produced before depositions begin<br><br>Discovery completed 360 days after entry of Initial Scheduling Order |

| | | | |
|---|---|---|---|
| Number of Depositions | VII | 12 depositions per Defendant Group[4] | 25 depositions per side |
| Class Certification Deadline | VIII | Motions filed 270 days after substantial completion of document production | Motions filed 420 days after entry of Initial Scheduling Order |
| Experts and Summary Judgment | IX<br>X | Deadlines to be set after scope of case determined based on class certification order | Liability expert reports due 30 days after close of fact discovery<br><br>Summary judgment motions filed 30 days after expert depositions completed |

Importantly, Defendants have proposed what they call "a relatively brief period" for discovery.[5] In contrast, Plaintiffs' schedule will allow the Court a more complete and robust record to decide the class certification issues in this case, which is more consistent with the Supreme Court and Circuit Court case law on class certification and is therefore more likely to lead to the efficient resolution of the three coordinated cases. *See* Dkt. 99 at 5-6 (collecting and discussing case law).

Given the passage of time, the Consumer Plaintiffs attach herewith a slightly revised version of their originally proposed Initial Scheduling Order (which was filed at Dkt. 99-1, Ex. A), to eliminate references to the ATM Operators' preliminary injunction—which should have

---

[4] "Defendant Group" means: (i) Visa Inc., Visa U.S.A. Inc.; Visa International Service Association; and Plus System, Inc. (Visa Defendants); (ii) MasterCard Incorporated and MasterCard International Incorporated d/b/a MasterCard Worldwide (MasterCard Defendants); (iii) Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation (BofA Defendants); (iv) Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. (Chase Defendants); and (v) Wells Fargo & Company and Wells Fargo Bank, N.A. (Wells Fargo Defendants).

[5] Joint Scheduling Report, Ex. A, at 7.

no effect on the broader proceedings—and to correct certain typographical errors.[6] The corrected Initial Scheduling Order is attached hereto as Exhibit B, and a redline comparison showing the corrections is attached hereto as Exhibit C.

Dated: January 3, 2017

Respectfully submitted,

By /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

[6] When the Consumer Plaintiffs first proposed a case schedule, the ATM Operator Plaintiffs had just filed their preliminary injunction motion and the plaintiffs in all three cases submitted a joint, coordinated schedule to the Court. Since then, however, there have been significant case delays due to Defendants' improvidently-granted petitions for certiorari (for which this Court understandably stayed proceedings). Moreover, given that the determination of the ATM Operator Plaintiffs' preliminary injunction motion has no bearing on the Consumer Plaintiffs' cases, as well as that the then-future event giving rise to the motion—the adoption of EMV on cards throughout the nation—has largely come and gone, the Consumer Plaintiffs believe their case schedule should not be further impacted by, or reflect delays regarding, the ATM Operator Plaintiffs' motion.

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal
(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@Findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Michael G. McLellan (D.C. Bar No. 489217)
mmclellan@finkelsteinthompson.com
Douglas G. Thompson (D.C. Bar No. 172387)
dthompson@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
1077 30th Street, NW, Suite 150
Washington, D.C. 20007
Telephone: (202) 337-8000

*Counsel for Plaintiff in Stoumbos, et al. v. Visa, Inc., et al., No. 11-cv-1882, and the Proposed Class*