# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, BARBARA INGLIS, AND SAM OSBORN,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE; BANK OF AMERICA, NATIONAL ASSOCIATION; NB HOLDINGS CORPORATION; BANK OF AMERICA CORPORATION; CHASE BANK USA, N.A. and JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; and WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.<br><br>Defendants. | No. 1:11-cv-01831-RJL |
| MARY STOUMBOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,<br><br>Defendants. | No. 1:11-cv-01882-RJL |

NATIONAL ATM COUNCIL, INC.; ATMS OF THE SOUTH, INC.; BUSINESS RESOURCE GROUP, INC.; CABE & CATO, INC.; JUST ATMS, INC.; WASH WATER SOLUTIONS, INC.; ATM BANKCARD SERVICES, INC.; MEINERS DEVELOPMENT COMPANY OF LEE'S SUMMIT, MISSOURI, LLC; MILLS-TEL, CORP. d/b/a FIRST AMERICAN ATM; SELMAN TELECOMMUNICATIONS INVESTMENT GROUP, LLC; SCOT GARDNER d/b/a SJI; TURNKEY ATM SOLUTIONS, LLC; TRINITY HOLDINGS LTD, INC.; T&T COMMUNICATIONS, INC.; and RANDAL N. BRO d/b/a T&B INVESTMENTS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,

Defendants.

No. 1:11-cv-01803-RJL

**JOINT REPORT ON SCHEDULING MATTERS**

Pursuant to LCvR 16.3(d) and Fed. R. Civ. P. 26(f), counsel for the parties have conferred to discuss the matters itemized in LCvR 16.3(c) and report to the Court as follows.

The Consumer Plaintiffs[1] and ATM Operator Plaintiffs have prepared a proposed order, attached as Exhibit A, reflecting their positions set forth in this Report. Defendants have also prepared a proposed order reflecting their positions set forth in this Report, attached as Exhibit B hereto.

## I. CASE COORDINATION AND THE ATM OPERATOR PLAINTIFFS' PENDING PRELIMINARY INJUNCTION MOTION

### A. Case Coordination

The three above-captioned cases are antitrust class actions based on a common or similar theory of liability. For this reason, all parties agree that the above-captioned cases should be coordinated for case management and discovery purposes.

### B. ATM Operator Plaintiffs' Preliminary Injunction Motion

On February 23, 2016, Plaintiff National ATM Council, Inc. filed an application for preliminary injunction in the ATM Operator Action [Case No. 11-1803, Dkt. No. 60]. On March 3, the Court granted the Consumer Plaintiffs' motion to intervene in that action for the limited purpose of responding to that motion. [Case No. 11-1803, Dkt No. 63.]

As stated in a Joint Stipulation filed at the same time as the preliminary injunction motion [Case No. 11-1803, Dkt No. 59], the ATM Operator Plaintiffs and Defendants

[1] Plaintiffs Andrew Mackmin, Barbara Inglis and Sam Osborn will be collectively referred to herein as the "*Mackmin* Plaintiffs," who represent a proposed class of consumers who paid an ATM Access Fee directly to a bank. Mary Stoumbos represents a proposed class of consumers who paid an ATM Access Fee to independently-owned ATMs. The *Mackmin* Plaintiffs and Plaintiff Mary Stoumbos are referred to collectively as the Consumer Plaintiffs. The National ATM Council, Inc. and the additional plaintiffs in that action are referred to as the ATM Operator Plaintiffs.

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 4 of 19

have agreed to engage in limited discovery related to the issues raised by the preliminary injunction application.

All parties agree that discovery in all three coordinated cases should proceed alongside the preliminary injunction proceedings.

All parties likewise would like to request a scheduling conference with the Court after Defendants' opposition to the ATM Operators' motion is filed on March 24, as the ATM Operator Plaintiffs and Defendants have stipulated.

## II. ASSIGNMENT TO A MAGISTRATE JUDGE

All parties agree that this case should not be assigned at this time to a Magistrate Judge to supervise discovery.

## III. PROTECTIVE ORDER

The parties are currently negotiating a protective order to govern all three cases on the merits. The parties therefore agree that they will jointly submit a draft (or competing drafts) of that protective order no later than 30 days from the entry of this Scheduling Order (hereafter "Order"). Once entered, the protective order governing all three cases on the merits will supersede any interim protective order related to the ATM Operators' preliminary injunction motion.

## IV. JOINDER OF PARTIES/AMENDMENT

The parties agree that motions for leave to amend the pleadings for purposes of joinder of additional parties may be made no later than 180 days from the date of the scheduling order, unless leave of Court is otherwise granted.

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 5 of 19

## V. INITIAL DISCLOSURES

The parties agree that they will exchange initial disclosures under Federal Rule of Civil Procedure (hereafter Rule) 26(a)(1)(A) no later than 30 days after the Court's entry of the Order.

## VI. PROGRESS OF DISCOVERY

Plaintiffs' Proposal:

Defendants have proposed a schedule that does not contain deadlines for many of the obligations set forth in Rule 26(f). This Court should enter an order with such deadlines to reduce the burdens on the Court in supervising discovery. In addition, Plaintiffs have proposed that Defendants be required to substantially complete their production of documents in response to Plaintiffs' initial document requests before depositions begin. Specifically, Plaintiffs propose:

1. Within 10 days of the entry of the Order, the parties will, consistent with Rule 26(f), meet and confer to confirm that the parties have complied with their obligations to preserve evidence relevant to this action, and to address any additional preservation steps that may be appropriate at that time.

2. Within 30 days of entry of the Order, Plaintiffs will serve their initial document requests.

3. Within 60 days of the entry of the Order, the parties will submit to the Court for approval a proposed ESI protocol, including a proposed search term protocol and custodian lists, as well as any agreed technology assisted review ("TAR").

4. Upon the submission of the aforementioned proposed protocol, the parties will serve initial discovery requests and, following their service of responses and/or

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 6 of 19

objections to the requests, commence meeting and conferring on the scope of production of documents and transactional data pursuant to those requests.

5. The parties will complete their negotiations of the scope of their respective productions responsive to initial discovery requests 30 days after service of those requests. At that time, the parties will raise any then-outstanding discovery disputes with the Court.

6. 60 days after the later of (1) the date the parties come to agreement on the scope of their respective productions responsive to initial discovery requests or (2) the Court issues an order resolving disputes over the scope of the parties' respective productions responsive to initial discovery requests, the parties will substantially complete their production of documents and data responsive to initial discovery requests and provide a written certification that they have done so.

7. Upon receipt of a parties' certification that its production of documents and data responsive to initial discovery requests is substantially complete, any other party will be permitted to notice depositions of that party. Any party may also serve additional document requests.

8. Should any party serve a subsequent, additional set of discovery requests on any other party, the same deadlines imposed by Paragraphs 5 and 6 above shall apply to the newly-served requests. The strictures from Paragraph 6 above, however, shall not apply to the additional sets of discovery requests.

Not only does Plaintiffs' approach place the burden of managing ESI-related issues on the parties rather than the Court,[2] it is consistent with the approach taken by this and other courts in managing complex antitrust litigation.[3] Defendants are incorrect to suggest that incorporating these deadlines into the Scheduling Order will cause the parties to bring "deadline disputes" to the Court: if these deadlines are entered as part of the Order, all parties will comply with them and discovery will proceed accordingly. That is what happened in the *Rail Freight* litigation, which is ongoing in this Court. *See supra* n.5. On the other hand, if these deadlines are not included in the Order, the parties more likely will require the Court's assistance to resolve seriatim disputes about the pace of discovery.

Defendants claim that the *Rail Freight* order does not apply here because it was entered after the direct purchaser plaintiffs had already served their first set of document requests. However, the only document requests served at the time the *Rail Freight* order had been entered were requests seeking documents the defendants had previously produced to the New Jersey Attorney General and the Surface Transportation Board and

[2] *See* 2015 Advisory Committee note, Rule 26 ("It is expected that discovery will be effectively managed by the parties in many cases. But there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.").

[3] *See* Rule 26(f) Stipulation and [Proposed] Order Regarding Discovery Protocols, Dkt No. 310, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, Misc. No. 07-489 (D.D.C.), Ex. C hereto; Stipulation and Order Regarding Discovery Plans, *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420 (N.D. Cal.), Ex. D hereto; Case Management Order.

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 8 of 19

transactional data.[4] Thus, those requests did not give the *Rail Freight* defendants notice of "the type of materials that would need to be produced," as Defendants suggest.

Defendants further suggest that their proposal to complete fact discovery within 360 days of this Order is more efficient. But Defendants' proposal ignores the realities of Plaintiffs' burdens at class certification. As the D.C. Circuit observed:

> Class certification is far from automatic. As recognized by the district court, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal–Mart Stores, Inc. v. Dukes,* ––– U.S. ––––, 131 S.Ct. 2541, 2552, 180 L.Ed.2d 374 (2011); *see Fuel Surcharge II,* 287 F.R.D. at 22. Oftentimes, this inquiry resembles an appraisal of the merits, for "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."

*In re Rail Freight Fuel Surcharge Antitrust Litig*.,725 F.3d 244, 249 (D.C. Cir. 2013). While Defendants will no doubt advocate that Plaintiffs must meet a high burden at the class certification phase, they cannot then take a position here that Plaintiffs are not entitled to the amount of discovery necessary to meet that burden as well as the time to obtain it.

Defendants' Proposal:

Plaintiffs' discovery proposal—particularly the order, duration, and multiplicity of its interim deadlines—would be impracticable, unduly complicate proceedings, and burden the Court. Contrary to plaintiffs' suggestion, neither Rule 26(f) nor the local rules require (or recommend) scheduling orders with such incremental deadlines. Nor has this

[4] *See* Direct Purchaser Plaintiffs' First Request for Production to Defendant BNSF Railway Company, Dkt No. 160-3, Ex. E, and Direct Purchaser Plaintiffs' Second Request for Production to Defendant BNSF Railway Company, Ex. F, in *In re Rail Freight Fuel Surcharge Antitrust Litig.,* MDL No. 1869, Misc. No. 07-489 (D.D.C.).

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 9 of 19

Court imposed such deadlines in other class action antitrust litigation.[5] And to the extent plaintiffs seek such deadlines to avoid delay, defendants propose to close fact discovery within 360 days of the scheduling order—a relatively brief period for an antitrust class action. In the interim, defendants plan to negotiate discovery matters in good faith and hope to avoid the inconvenience and expense of troubling the Court with minor deadline disputes.

Next, and more specifically, defendants oppose submitting proposed search term protocols and custodian lists before receiving any document requests. It is logical and customary for document requests to guide search terms, not vice versa. Plaintiffs' proposed sequence inevitably will also require inefficient renegotiation of search terms and custodians in light of document requests. Plaintiffs' discovery plan is also inconsistent with the spirit of the 2015 revision to Federal Rule of Civil Procedure 26(d), which allows document requests to be served before the Rule 26(f) conference and before a discovery plan is developed. According to the Advisory Committee Notes, the revised rule intended document requests to be used to facilitate focused discussion about discovery, not to be served after such discussions. Plaintiffs' approach is even inconsistent with the scheduling order from the *Rail Freight* litigation that Plaintiffs cite. There, the scheduling order was entered only after multiple rounds of discovery had been served, such that the parties understood the type of materials that would need to be produced. *See* Rule 26(f) Stipulation and [Proposed] Order Regarding Discovery Protocols, Dkt No. 310, *In re Rail Freight Fuel Surcharge Antitrust Litig*., MDL No.

[5] *See* Scheduling Order, Dkt. No. 48, *In re Nifedipine Antitrust Litigation*, MDL No. 1515 (D.D.C.) (Leon, J.); Scheduling Orders, Dkt. Nos. 14 & 22, *Dominguez v. UAL Corp*., Civil Case No. 07-0418 (D.D.C.) (Leon, J.).

1869, Misc. No. 07-489 (D.D.C.), at I.A.3 & V (referring to the Direct Purchaser Plaintiffs' Second and Third Requests for Production).

Defendants also oppose a 60-day or similar deadline to substantially complete initial document productions. Because defendants have not yet received any document requests in this case (and, based on plaintiffs' schedule, are not close to receiving them), defendants cannot reasonably approximate the volume of documents to be collected and reviewed, much less the time required to do so. Even assuming all relevant documents had already been collected, 60 days often proves insufficient to complete document productions in antitrust cases like these actions.

In sum, to facilitate agreement by the parties on discovery issues and to minimize burdening the Court with minor discovery disputes, defendants respectfully request 360 days to complete fact discovery. Defendants believe that the parties can work toward that deadline cooperatively and efficiently. Plaintiffs' alternative schedule—replete with inflexible and impracticable interim deadlines and omitting a deadline for closing discovery—offers a substantially less efficient alternative.

## VII. DISCOVERY LIMITATIONS

Plaintiffs' Proposal:

Plaintiffs may schedule up to 12 depositions per Defendant Group[6] without leave of court.[7] Any deposition noticed pursuant to Rule 30(b)(6) will be counted as one deposition notwithstanding the number of witnesses that are presented.

---

[6] "Defendant Group" means: (i) Visa Inc., Visa U.S.A. Inc., Visa International Service Association; and Plus System, Inc. (Visa Defendants); (ii) MasterCard Incorporated and MasterCard International Incorporated d/b/a MasterCard Worldwide (MasterCard Defendants); (iii) Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation (BofA Defendants); (iv) Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. (Chase

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 11 of 19

Since the *Mackmin* Plaintiffs have the only case naming the BofA Defendants, the Chase Defendants and the Wells Fargo Defendants as parties, depositions taken by the ATM Operator Plaintiffs, or in the course of the ATM Operator Plaintiffs' preliminary injunction proceedings, should not be counted towards the *Mackmin* Plaintiffs' total. In addition, because *Stoumbos* will have to seek discovery from independent ATMs, depositions taken by the ATM Operator Plaintiffs, or in the course of the ATM Operator Plaintiffs' preliminary injunction proceedings, should not count against their total either. Moreover, because the ATM Operator Plaintiffs' preliminary injunction proceedings may proceed before completion of the parties' production of documents and data, Plaintiffs should not be precluded from deposing any witness on the grounds that that witness was deposed during proceedings on the ATM Operator Plaintiffs' preliminary injunction motion. Third party depositions should be within the parties' reasonable discretion, subject to Court intervention if required.

Plaintiffs do not believe any modifications are necessary to the Federal Rules of Civil Procedure regarding the amount of or procedures for interrogatories, requests for production, and requests for admission.

Requests for authentication or admissibility of documents may be served after the close of fact discovery.

---

Defendants); and (v) Wells Fargo & Company and Wells Fargo Bank, N.A. (Wells Fargo Defendants).

[7] While Defendants claim that this number of depositions is unreasonable, in a case of similar scope against MasterCard and Visa, the parties took over 400 depositions. *See In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 523 (E.D.N.Y. 2003), *aff'd sub nom.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) (noting that during litigation of case "there were almost 400 depositions of witnesses, including 21 experts who issued 54 expert reports").

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 12 of 19

Defendants' Proposal:

Defendants do not believe this case warrants plaintiffs' taking 60 depositions (or even more, if that is what plaintiffs mean by saying that depositions "taken by the ATM Operator Plaintiffs . . . should not be counted towards the *Mackmin* Plaintiffs' total"). Defendants do not envision a legitimate need for a large number of document custodians or fact witnesses in this case, and believe 25 depositions for each side (exclusive of expert, third-party, and preliminary injunction-related depositions) will be ample. In that regard, Defendants disagree that this case is anywhere close to "similar in scope" to *In re Visa Check/Mastermoney Antitrust Litig*., 297 F. Supp. 2d 503, 523 (E.D.N.Y. 2003), as Plaintiffs assert. That case involved rules governing payments accepted at merchants and not transactions at ATMs, which are a far less significant part of Visa's and MasterCard's businesses.

## VIII. MOTIONS FOR CLASS CERTIFICATION AND CLASS CERTIFICATION EXPERTS

Plaintiffs' Proposal:

The *Mackmin* Plaintiffs will file their motion for class certification and any accompanying expert declarations no later than 270 days after service of all Defendants' certifications that their productions of documents and data pursuant to initial discovery requests are substantially complete.

*Stoumbos* will file her motion for class certification and any accompanying expert declarations no later than 270 days after service of all Defendants' certifications that their productions of documents and data pursuant to initial discovery requests are substantially complete, or no later than 90 days after the class certification motion in the ATM

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 13 of 19

Operator action is filed, whichever occurs later. After the filing of their class certification motions, Plaintiffs will promptly make their experts available for deposition.

Defendants will file their oppositions to Plaintiffs' class certification motions and any accompanying expert declarations no later than 60 days after receipt of Plaintiffs' motions for class certification. After the filing of their class certification oppositions, Defendants will promptly make their experts available for deposition.

Plaintiffs will file their reply to Defendants' oppositions to their class certification motions and any accompanying expert declarations no later than 60 days after receipt of Defendants' oppositions. After the filing of their reply briefs, Plaintiffs will promptly make their rebuttal experts available for deposition.

All expert depositions must be completed within 30 days of the filing of Plaintiffs' reply briefs.

Within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff will meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.

Defendants' Proposal:

Defendants oppose plaintiffs' proposal because it contemplates the possibility of a different class certification timeline for each of the three related cases. This will unnecessarily complicate responsive filings and expert reports, as well as the scheduling of depositions (particularly for the Network Defendants, who are named in each action). Plaintiffs' proposal may also arbitrarily prejudice whichever parties are scheduled to brief

their motion first, and may complicate and unduly elongate the Court's consideration of the motions.

Next, this case does not warrant allowing class certification motions to be filed 270 days after initial document productions. Such a schedule could unnecessarily delay the resolution of this case: If plaintiffs' proposal were adopted, the schedule would allow 570 days for initial document productions and class certification briefing and depositions. Defendants' proposal, on the other hand, requires class certification briefing and depositions to be completed no later than 420 days from the scheduling order, by which time fact discovery would already be completed.

## IX. LIABILITY EXPERT WITNESSES AND REPORTS

Plaintiffs' Proposal:

Within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff will meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.

Defendants' Proposal:

Defendants believe that ordering an expert report schedule at this time will assist the parties in coordinating their experts, facilitate a more speedy resolution of this case, and minimize burdening the Court with scheduling matters. Defendants propose tying expert reports to the close of the 360-day fact discovery period: Plaintiffs may serve expert reports no later than 30 days after the close of fact discovery; defendants may serve expert reports no later than 60 days after the service of plaintiffs' expert reports; and plaintiffs may serve rebuttal expert reports no later than 30 days after the service of

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 15 of 19

defendants' expert reports. Defendants also propose a 60-day period after the service of rebuttal expert reports for taking expert depositions.

**X. SUMMARY JUDGMENT MOTIONS**

Plaintiffs' Proposal:

Deadlines for summary judgment motions should not be set at this time. Instead, within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff will meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.[8]

Defendants' Proposal:

Defendants believe that ordering a summary judgment schedule at this time will facilitate a more speedy resolution of this case and minimize burdening the Court with scheduling matters. Defendants propose tying the deadline for summary judgment motions to the deadline for completing expert depositions: The parties may file motions pursuant to Rule 56 no later than 30 days after the deadline for completing expert depositions; may file opposition papers no later than 60 days after the service of the opening Rule 56 papers; and may file reply papers no later than 30 days after the service of the opposition papers.

If, however, the Court were to defer summary judgment scheduling (as plaintiffs request), defendants respectfully reserve their right to bring a motion for summary judgment at any appropriate time.

[8] *See, e.g.*, Scheduling Order, Dkt No. 296, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, Misc. No. 07-489 (D.D.C.), ¶¶ 11-12 (reserving ruling on further scheduling "pending the final outcome of the class certification decision").

DATED this 18th day of March, 2016.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly (D.C. Bar No. 1019148)
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Tel.: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal
(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
(202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Ave NW, Suite 300
Washington, DC 20036
(202) 822-5100 (phone)
Cbriskin@Findjustice.com

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

**FINKELSTEIN THOMPSON LLP**

By: /s/ Douglas Thompson (by permission)
Douglas Thompson
Michael G. McLellan
1077 30th Street, N.W., Suite 150
Washington, D.C. 20007
202-337-8000 x 125
dthompson@finkelsteinthompson.com
mmclellan@finkelsteinthompson.com

*Counsel for Mary Stoumbos*

**RUBIN PLLC**

By: /s/ Jonathan L. Rubin (by permission)
Jonathan L. Rubin (D.C. Bar # 353391)
jr@rubinpllc.com
Don A. Resnikoff (D.C. Bar # 386688)
(of counsel)
dresnikoff@rubinpllc.com
1250 24th Street, N.W., Suite 300
Washington, D.C. 20037
Tel: (202) 776-7763
Fax: (877) 247-8586

Brooks E. Harlow
LUKAS, NACE, GUTIERREZ & SACHS, LLP
8300 Greensboro Drive, Suite 1200
McLean, Virginia 22102
Email: bharlow@fcclaw.com
Direct: 703-584-8680
Cell: 206-650-8206
Fax: 703-584-8696

*Counsel for Plaintiff the National ATM Council, Inc. and Interim Class Co-Counsel for the Independent ATM Operators*

**ARNOLD & PORTER LLP**

By: /s/ Mark R. Merley (by permission)
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
601 Massachusetts Avenue
Washington, DC 20001
Tel.: (202) 942-5000
Fax: (202) 942-5999
Mark.Merley@aporter.com
Matthew.Eisenstein@aporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ Kenneth A. Gallo (by permission)
Kenneth A. Gallo (D.C. Bar No. 371253)
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7400
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants MasterCard Incorporated and MasterCard International Incorporated*

Case 1:11-cv-01831-RJL Document 99 Filed 03/18/16 Page 19 of 19

**MORRISON & FOERSTER LLP**

By: /s/ Michael B. Miller (by permission)
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, NA., NB Holdings Corporation, and Bank of America Corporation*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: /s/ Peter E. Greene (by permission)
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A., JPMorgan Chase & Co., and JPMorgan Chase Bank, N.A.*

**PATTERSON BELKNAP WEBB & TYLER LLP**

By: /s/ William F. Cavanaugh, Jr. (by permission)
William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*