# Exhibit C

**EXHIBIT C – PLAINTIFFS' PROPOSED ORDER - REDLINED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, BARBARA INGLIS, AND SAM OSBORN,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE; BANK OF AMERICA, NATIONAL ASSOCIATION; NB HOLDINGS CORPORATION; BANK OF AMERICA CORPORATION; CHASE BANK USA, N.A. and JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; and WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.<br><br>Defendants. | No. 1:11-cv-01831-RJL |
| MARY STOUMBOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,<br><br>Defendants. | No. 1:11-cv-01882-RJL |

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC.; ATMS OF THE SOUTH, INC.; BUSINESS RESOURCE GROUP, INC.; CABE & CATO, INC.; JUST ATMS, INC.; WASH WATER SOLUTIONS, INC.; ATM BANKCARD SERVICES, INC.; MEINERS DEVELOPMENT COMPANY OF LEE'S SUMMIT, MISSOURI, LLC; MILLS-TEL, CORP. d/b/a FIRST AMERICAN ATM; SELMAN TELECOMMUNICATIONS INVESTMENT GROUP, LLC; SCOT GARDNER d/b/a SJI; TURNKEY ATM SOLUTIONS, LLC; TRINITY HOLDINGS LTD, INC.; T&T COMMUNICATIONS, INC.; and RANDAL N. BRO d/b/a T&B INVESTMENTS, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,<br>Defendants. | No. 1:11-cv-01803-RJL |

**[PROPOSED] <u>INITIAL SCHEDULING ORDER</u>**

Upon consideration of the report of the conference of the parties (Dkt No. ___ ) and the Consumer Plaintiffs', ATM Operator Plaintiffs' and Defendants' proposed scheduling orders (Dkt Nos. ___ ) submitted pursuant to pursuant to LCvR 16.3(d) and Fed. R. Civ. P. 26(f)(2), it is hereby **ORDERED**:

## I. CASE COORDINATION AND THE ATM OPERATOR PLAINTIFFS' PENDING PRELIMINARY INJUNCTION MOTION

### A. Case Coordination

All three cases (*Mackmin* (Case No. 11-1831)), *Stoumbos* (Case No. 11-1882) and the ATM Operators' action (Case No. 11-1803) are based on a common or similar theory of liability. For this reason, the above-captioned cases should be coordinated for case management and discovery purposes.

### B. ATM Operators Plaintiffs' Preliminary Injunction Motion

On February 23, 2016, Plaintiff National ATM Council, Inc. filed an application for preliminary injunction in the ATM Operator Action [Case No. 11-1803, Dkt No. 60]. On March 3, this Court granted the Consumer Plaintiffs' motion to intervene in that action for the limited purpose of responding to that motion. [Case No. 11-1803, Dkt No. 63.]

The ATM Operator Plaintiffs and Defendants have agreed to engage in limited discovery related to the issues raised by the preliminary injunction application. Discovery in the three coordinated cases shall proceed alongside the preliminary injunction proceedings as set forth in this Scheduling Order (hereafter "Order").

## II. PROTECTIVE ORDER

The parties shall jointly submit a draft protective order, or competing protective orders, governing these proceedings no later than 30 days from the date of this Order.

## III. JOINDER OF PARTIES/AMENDMENT

Except as required based on facts learned in discovery or to conform the Consumer Plaintiffs' operative complaints to their motion for class certification or any order from the Court granting same, motions for leave to amend the pleadings for

purposes of joinder of additional parties will be made no later than 180 days from the date of the Order, unless leave of Court is otherwise granted.

**IV. INITIAL DISCLOSURES**

The parties shall exchange initial disclosures under Federal Rule of Civil Procedure (hereafter Rule) 26(a)(1)(A) no later than 30 days after the Court's entry of this Order.

**V. PROGRESS OF DISCOVERY**

1. Within 10 days of the entry of the Order, the parties will, consistent with Rule 26(f), meet and confer to confirm that the parties have complied with their obligations to preserve evidence relevant to this action, and to address any additional preservation steps that may be appropriate at that time.

2. Within 30 days of entry of the Order, Plaintiffs will serve their initial document requests.

3. Within 60 days of the entry of the Order, the parties will submit to the Court for approval a proposed ESI protocol, including a proposed search term protocol and custodian lists, as well as any agreed technology assisted review ("TAR").

4. Upon the submission of the aforementioned proposed protocol, the parties will ~~serve initial discovery requests and, following their service of responses and/or objections to the requests,~~ commence meeting and conferring on the scope of production of documents and transactional data pursuant to those requests.

5. The parties will complete their negotiations of the scope of their respective productions responsive to initial discovery requests within 30 days ~~after service of those requests~~. At that time, the parties will raise any then-outstanding discovery disputes with the Court.

6. No later than 60 days after the later of (1) the date the parties come to agreement on the scope of their respective productions responsive to initial discovery requests or (2) the Court issues an order resolving disputes over the scope of the parties' respective productions responsive to initial discovery requests, the parties will substantially complete their production of documents and data responsive to initial discovery requests and provide a written certification that they have done so.

7. Upon receipt of a party's certification that its production of documents and data responsive to initial discovery requests is substantially complete, any other party will be permitted to notice depositions of that party. Any party may also serve additional document requests.

8. Should any party serve a subsequent, additional set of discovery requests on any other party, the same deadlines imposed by Paragraphs 5 and 6 above shall apply to the newly-served requests. The strictures from Paragraph 6 above, however, shall not apply to the additional sets of discovery requests.

**VI. DISCOVERY LIMITATIONS**

Plaintiffs may schedule up to 12 depositions per Defendant Group[1] without leave of court. Any deposition noticed pursuant to Rule 30(b)(6) shall be counted as one deposition notwithstanding the number of witnesses that are presented. ~~Depositions taken by the ATM Operator Plaintiffs, or in the course of the ATM Operator Plaintiffs'~~

[1] "Defendant Group" means: (i) Visa Inc., Visa U.S.A. Inc.; Visa International Service Association; and Plus System, Inc. (Visa Defendants); (ii) MasterCard Incorporated and MasterCard International Incorporated d/b/a MasterCard Worldwide (MasterCard Defendants); (iii) Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation (BofA Defendants); (iv) Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. (Chase Defendants); and (v) Wells Fargo & Company and Wells Fargo Bank, N.A. (Wells Fargo Defendants).

~~preliminary injunction proceedings, will not be counted towards the Consumer Plaintiffs' total. Moreover, Consumer Plaintiffs will not be precluded from deposing any witness on the grounds that that witness was deposed during proceedings on the ATM Operator Plaintiffs' preliminary injunction motion.~~

Third party depositions will be within the parties' reasonable discretion, subject to Court intervention if required.

The Federal Rules of Civil Procedure shall apply to interrogatories, requests for production, and requests for admission.

Requests for authentication or admissibility of documents may be served after the close of fact discovery.

## VII. MOTIONS FOR CLASS CERTIFICATION AND CLASS CERTIFICATION EXPERTS

The Mackmin Plaintiffs and the ATM Operator Plaintiffs will file their motion for class certification and any accompanying expert declarations no later than 270 days after service of all Defendants' certifications that their productions of documents and data pursuant to initial discovery requests are substantially complete.

Stoumbos will file her motion for class certification and accompanying expert declarations no later than 270 days after service of all Defendants' certifications that their productions of documents and data pursuant to initial discovery requests are substantially complete, or no later than 90 days after the class certification motion in the ATM Operator action is filed, whichever occurs later. After the filing of their class certification motions, Plaintiffs will promptly make their experts available for deposition.

Defendants will file their oppositions to Plaintiffs' class certification motions and any accompanying expert declarations no later than 60 days after receipt of Plaintiffs'

motions for class certification. After the filing of their class certification oppositions, Defendants will promptly make their experts available for deposition.

Plaintiffs will file their reply to Defendants' oppositions to their class certification motions and any accompanying expert declarations no later than 60 days after receipt of Defendants' oppositions. After the filing of their reply briefs, Plaintiffs will promptly make their rebuttal experts available for deposition.

All expert depositions must be completed within 30 days of the filing of Plaintiffs' reply briefs.

Within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff will meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.

## VIII. LIABILITY EXPERT WITNESSES AND REPORTS

The Court finds it premature to set a schedule for the exchange of liability expert reports at this time. Instead, within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff shall meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.

## IX. SUMMARY JUDGMENT MOTIONS

The Court finds it premature to set a schedule for summary judgment briefing at this time. Instead, the parties shall proceed as set forth in Section VIII above.

Dated: ____________________

________________________________
Hon. Richard J. Leon
UNITED STATES DISTRICT JUDGE