**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, BARBARA INGLIS, AND SAM OSBORN,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE; BANK OF AMERICA, NATIONAL ASSOCIATION; NB HOLDINGS CORPORATION; BANK OF AMERICA CORPORATION; CHASE BANK USA, N.A. and JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; and WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.<br><br>Defendants. | No. 1:11-cv-01831-RJL |
| MARY STOUMBOS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,<br><br>Defendants. | No. 1:11-cv-01882-RJL |

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC.; ATMS OF THE SOUTH, INC.; BUSINESS RESOURCE GROUP, INC.; CABE & CATO, INC.; JUST ATMS, INC.; WASH WATER SOLUTIONS, INC.; ATM BANKCARD SERVICES, INC.; MEINERS DEVELOPMENT COMPANY OF LEE'S SUMMIT, MISSOURI, LLC; MILLS-TEL, CORP. d/b/a FIRST AMERICAN ATM; SELMAN TELECOMMUNICATIONS INVESTMENT GROUP, LLC; SCOT GARDNER d/b/a SJI; TURNKEY ATM SOLUTIONS, LLC; TRINITY HOLDINGS LTD, INC.; T&T COMMUNICATIONS, INC.; and RANDAL N. BRO d/b/a T&B INVESTMENTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.; and MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a MASTERCARD WORLDWIDE,<br><br>Defendants. | No. 1:11-cv-01803-RJL |

**INITIAL SCHEDULING ORDER**

1. **Case Coordination**. The above-captioned cases shall be coordinated for case management and discovery purposes.

2. **Protective Order**. Parties shall jointly submit a proposed protective order, or their respective proposed protective orders if agreement cannot be reached, no later than 30 days from the date of this Scheduling Order (hereafter "Order").

Case 1:11-cv-01831-RJL Document 99-2 Filed 03/18/16 Page 4 of 6

3. **Initial Disclosures**. Parties shall exchange initial disclosures under Federal Rule of Civil Procedure (hereafter "Rule") 26(a)(1)(A) no later than 30 days from the date of the Order.

4. **Joinder of Parties/Amendment**. Motions for leave to amend the pleadings for purposes of joinder of additional parties shall be made no later than 180 days from the date of the Order, unless leave of Court is otherwise granted.

5. **Motions for Class Certification**. Plaintiffs in each action shall file any motion for class certification pursuant to Rule 23, along with supporting materials and class expert reports, no later than 240 days from the date of the Order. Defendants in each action shall file opposition papers, including opposition expert reports, no later than 120 days after the service of the class certification motion. Plaintiffs in each action shall file any replies and all supporting materials, including any rebuttal expert reports, no later than 30 days after the service of defendants' opposition papers. The parties shall be free to take any written or deposition discovery reasonably necessary in connection with the class motions. Such discovery shall be completed no later than 30 days after the service of plaintiffs' replies and rebuttal expert reports, if any.

6. **Discovery Deadline**. Parties may serve written discovery at any time beginning 30 days after the date of the Order, and deposition notices at any time beginning 60 days after the date of the Order. Parties may schedule up to 25 party depositions per side (for all plaintiffs combined in all three captioned actions and for all defendants combined in all such actions), exclusive of (i) expert, (ii) third-party, or (iii) preliminary injunction-related depositions; provided, however, that plaintiffs (collectively) may not notice the deposition of more than 7 fact witnesses from any defendant. (For the purposes of the

foregoing proviso, each of the following five corporate families shall count as one defendant: (i) Visa Inc., Visa U.S.A. Inc., Visa International Service Association; and Plus System, Inc.; (ii) MasterCard Incorporated and MasterCard International Incorporated d/b/a MasterCard Worldwide; (iii) Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation; (iv) Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.; and (v) Wells Fargo & Company and Wells Fargo Bank, N.A.) Fact discovery shall close 360 days after the date of the Order. Notwithstanding this fact discovery deadline, requests for admissions of authentication or admissibility of documents may be served after the close of fact discovery.

7. **Expert Reports and Depositions**. Plaintiffs may serve expert reports no later than 30 days after the close of fact discovery. Defendants may serve expert reports no later than 60 days after the service of plaintiffs' expert reports. Plaintiffs may serve rebuttal expert reports no later than 30 days after the service of defendants' expert reports. Expert depositions shall be completed no later than 60 days after the service of rebuttal expert reports.

8. **Summary Judgment Motions**. The parties may file motions pursuant to Rule 56 no later than 30 days after the deadline for completing expert depositions. The parties may file opposition papers no later than 60 days after the service of the opening Rule 56 motion papers. The parties may file reply papers no later than 30 days after the service of the Rule 56 opposition papers.

9. **Pretrial Conference**. To be scheduled after the Court's resolution of any Rule 56 motion.

10. **Miscellaneous**. Nothing in this Order shall be construed to affect or supersede the scope and timing of discovery set forth in the Joint Stipulation regarding scheduling for the preliminary injunction motion in *National ATM Council, Inc., et al. v. Visa Inc. et al.*, No. 1:11-cv-01803 (Docket No. 59).