**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Mary Stoumbos,<br><br>Plaintiff,<br>v.<br><br>Visa, Inc., Visa USA, Inc., Visa International Service Association, Plus System, Inc., MasterCard Incorporated, and MasterCard International Incorporated,<br><br>Defendants. | Case No. 1:11-cv-01882-RJL |

**ANSWER OF DEFENDANTS VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND PLUS SYSTEM, INC. TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Visa Inc., Visa U.S.A. Inc. ("Visa U.S.A."), Visa International Service Association ("Visa International"), and Plus System, Inc. (collectively, "Visa") hereby respond to Plaintiff's Third Amended Class Action Complaint filed February 14, 2017 ("Complaint").

To the extent that the headings or prayer for relief in the Complaint requires a response, Visa denies the allegations therein. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint made with respect to MasterCard Incorporated and MasterCard International Incorporated (collectively, "MasterCard"), and on that basis denies each and every one of those allegations unless specifically admitted below. With respect to the allegations in the numbered paragraphs of the Complaint, Visa responds as follows:

1. Visa admits that Plaintiff purports to seek damages and injunctive relief under Sections 4 and 16 of the Clayton Act, and that Plaintiff also purports to bring claims under various state laws. Visa denies the remaining allegations in paragraph 1 of the Complaint.

2. Visa admits that the Court has subject matter jurisdiction under the statutes cited in the first sentence of paragraph 2 of the Complaint to the extent Plaintiff has standing to assert the claims alleged in the Complaint. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and on that basis denies them.

3. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and on that basis denies them.

4. To the extent the allegations in paragraph 4 of the Complaint merely purport to define a term, they do not require a response. Visa admits that "ATM" is an acronym for "automated teller machine" and that ATMs allow customers to complete transactions with their financial institutions, such as cash withdrawal, without the aid of a branch representative or teller. Visa denies the remaining allegations in paragraph 4 of the Complaint.

5. To the extent the allegations in paragraph 5 of the Complaint merely purport to define a term, they do not require a response. Visa admits that Plaintiff refers to ATMs not owned by Visa, MasterCard, or a financial institution as "independent" ATMs. Visa denies the remaining allegations in paragraph 5 of the Complaint.

6. To the extent the allegations in paragraph 6 of the Complaint merely purport to define a term, they do not require a response. Visa admits that many debit cards can be used to conduct ATM transactions and that some debit cards use PIN authentication. Visa denies the remaining allegations in paragraph 6 of the Complaint.

7. To the extent the allegations in paragraph 7 of the Complaint merely purport to define a term, they do not require a response. Visa admits that ATM transactions may involve

withdrawing cash, depositing funds, or monitoring account balances and other account information. Visa denies the remaining allegations in paragraph 7 of the Complaint.

8. To the extent the allegations in paragraph 8 of the Complaint merely purport to define a term, they do not require a response. Visa admits that a consumer conducting an ATM transaction may pay a fee to the owner or operator of the ATM. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 8 of the Complaint.

9. To the extent the allegations in paragraph 9 of the Complaint merely purport to define a term, they do not require a response. Visa admits that ATM networks connect multiple ATMs and multiple financial institutions by electronic means, that ATM networks enable customers to conduct ATM transactions, and that ATM networks transmit information between ATMs and financial institutions. Visa denies the remaining allegations in paragraph 9 of the Complaint.

10. To the extent the allegations in paragraph 10 of the Complaint merely purport to define a term, they do not require a response. Visa denies that the definitions, terminology, or descriptions set forth in paragraph 10 of the Complaint are accurate or complete. Visa admits that to accept a Visa-branded debit card, a non-bank ATM operator must affiliate with a Visa acquiring financial institution. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and on that basis denies them.

11. The allegations in paragraph 11 of the Complaint do not require a response because they merely purport to define a term. To the extent a response is required, Visa denies the allegations in paragraph 11 of the Complaint.

12. To the extent the allegations in paragraph 12 of the Complaint merely purport to define a term, they do not require a response. Visa admits that debit cards that are capable of completing transactions over multiple networks may indicate those networks on the back of the card and that service marks on the back of debit cards may be referred to as "bugs." Visa denies the remaining allegations in paragraph 12 of the Complaint.

13. To the extent the allegations in paragraph 13 of the Complaint merely purport to define a term, they do not require a response. Visa denies that the definitions, terminology, or descriptions set forth in paragraph 13 of the Complaint are accurate or complete. Visa admits that in a Visa ATM transaction the consumer's card-issuing financial institution may pay a fee to the acquirer of the transaction. Visa denies the remaining allegations in paragraph 13 of the Complaint.

14. To the extent the allegations in paragraph 14 of the Complaint merely purport to define a term, they do not require a response. Visa denies that the definitions, terminology, or descriptions set forth in paragraph 14 of the Complaint are accurate or complete. Visa admits that the acquirer of an ATM transaction may pay a fee to the network that routed the transaction. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 14 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 14 of the Complaint.

15. To the extent the allegations in paragraph 15 of the Complaint merely purport to define a term, they do not require a response. Visa is without knowledge or information

sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 15 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint do not require a response because they merely purport to define a term. To the extent a response is required, Visa denies the allegations in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint do not require a response because they merely purport to define a term. To the extent a response is required, Visa denies the allegations in paragraph 17 of the Complaint.

18. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and on that basis denies them.

19. Visa admits that Visa Inc. is a publicly traded Delaware corporation with its principal place of business in Foster City, California.

20. Visa admits that Visa U.S.A. Inc. is a Delaware corporation with its principal place of business in Foster City, California and is a wholly owned subsidiary of Visa Inc. Visa denies the remaining allegations in paragraph 20 of the Complaint.

21. Visa admits that Visa International Service Association is a Delaware corporation with its principal place of business in Foster City, California and is a wholly owned subsidiary of Visa Inc. Visa denies the remaining allegations in paragraph 21 of the Complaint.

22. Visa admits that Plus System, Inc. ("Plus") is a Delaware corporation with its principal place of business in Foster City, California and is a wholly owned subsidiary of Visa U.S.A. Visa denies the remaining allegations in paragraph 22 of the Complaint.

23. The allegations in paragraph 23 of the Complaint do not require a response because they merely purport to define a term. To the extent a response is required, Visa denies the allegations in paragraph 23 of the Complaint.

24. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and on that basis denies them.

25. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that basis denies them.

26. The allegations in paragraph 26 of the Complaint do not require a response because they merely purport to define a term. To the extent a response is required, Visa denies the allegations in paragraph 26 of the Complaint.

27. Visa admits that it competes with other operators of ATM networks, including MasterCard. Visa denies the remaining allegations in paragraph 27 of the Complaint.

28. Visa admits that before the Visa corporate restructuring and initial public offering, Visa U.S.A. was organized as a non-stock Delaware corporation and that its members included individual financial institutions across the United States. Visa admits that Visa Inc. became a publicly held corporation after an initial public offering of its stock, which began trading on the New York Stock Exchange on March 19, 2008. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 28 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 28 of the Complaint.

29. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 29 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 29 of the Complaint.

30. Visa denies the allegations in paragraph 30 of the Complaint.

31. To the extent Plaintiff cites to the complaint and decision in *United States v. Visa U.S.A. Inc.*, 163 F. Supp. 2d 322 (S.D.N.Y. 2001), Visa refers to that complaint and decision for their contents and context. Visa denies the remaining allegations in paragraph 31 of the Complaint.

32. To the extent Plaintiff cites to the decision in *United States v. Visa U.S.A. Inc.*, 163 F. Supp. 2d 322 (S.D.N.Y. 2001), Visa refers to that decision for its contents and context. Visa denies the remaining allegations in paragraph 32 of the Complaint.

33. To the extent Plaintiff cites to the decision in *United States v. Visa U.S.A. Inc.*, 344 F.3d 124 (2d Cir. 2003), Visa refers to that decision for its contents and context. Visa denies the remaining allegations in paragraph 33 of the Complaint.

34. Visa denies the allegations in paragraph 34 of the Complaint.

35. Visa denies the allegations in paragraph 35 of the Complaint.

36. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and on that basis denies them.

37. To the extent paragraph 37 of the Complaint cites to a January 2005 letter from Christopher Rodrigues, Visa refers to that document for its contents and context. Visa denies the remaining allegations in paragraph 37 of the Complaint.

38. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and on that basis denies them.

39. Visa admits that Visa Inc. completed an IPO and that Visa Inc.'s stock began trading publicly on March 19, 2008. Visa admits that after the initial public offering, financial institutions that were formerly members of Visa U.S.A. received non-voting class B common

stock in Visa Inc. and financial institutions that were formerly associated with other geographic regions of Visa International received non-voting class C common stock in Visa Inc. Visa denies the remaining allegations in paragraph 39 of the Complaint.

40. Visa admits that members of Visa U.S.A. have included financial institutions in the United States. Visa denies the remaining allegations in paragraph 40 of the Complaint.

41. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and on that basis denies them.

42. Visa denies the allegations in paragraph 42 of the Complaint.

43. Visa admits that to accept a Visa-branded debit card, an ATM must be operated by either a Visa acquiring financial institution or a non-bank ATM operator that is affiliated with a Visa acquiring financial institution. Visa denies the remaining allegations in paragraph 43 of the Complaint.

44. Visa denies the allegations in paragraph 44 of the Complaint.

45. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 45 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 45 of the Complaint.

46. Visa admits that consumers may choose among various financial institutions that issue debit cards and provide other services. Visa denies the remaining allegations in paragraph 46 of the Complaint.

47. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 47 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 47 of the Complaint.

48. Visa denies the allegations in paragraph 48 of the Complaint.

49. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 49 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 49 of the Complaint.

50. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 50 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 50 of the Complaint.

51. Visa denies the allegations in paragraph 51 of the Complaint.

52. Visa denies the allegations in paragraph 52 of the Complaint.

53. Visa denies the allegations in paragraph 53 of the Complaint.

54. Visa denies the allegations in paragraph 54 of the Complaint.

55. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 55 of the Complaint and on that basis denies them. Visa admits that to accept a Visa-branded debit card, a non-bank ATM operator must affiliate with a Visa acquiring financial institution. To the extent footnote 1 of the Complaint cites to The Nilson Report and the Federal Reserve Bank of Kansas City, Visa refers to those sources for their contents and context. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 55 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 55 of the Complaint.

56. Visa admits that Plaintiff purports to bring this case as a class action. To the extent a further response is required, Visa denies the allegations in paragraph 56 of the Complaint.

57. To the extent a response is required, Visa denies the allegations in paragraph 57 of the Complaint.

58. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of subpart a of paragraph 58 of the Complaint and on that basis denies them. Visa admits that it provided ATM network services in the United States throughout the period covered by this Complaint. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in subpart d of paragraph 58 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 58 of the Complaint.

59. Visa admits that financial institutions issue Visa-branded debit cards, that many debit cards can be used for ATM transactions, that debit cards can be used in interstate commerce, and that Visa operates an ATM network that can be accessed with cards branded with Visa's service marks. Visa denies the remaining allegations in the second sentence of paragraph 59 of the Complaint. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the Complaint and on that basis denies them.

60. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and on that basis denies them.

61. Visa admits that consumers can use debit cards to perform ATM transactions at ATMs, including those owned by financial institutions and those owned by nonbank entities, and that a consumer conducting an ATM transaction such as withdrawing cash may pay fees to the owner or operator of the ATM and to the financial institution that issued the card. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in

the last sentence of paragraph 61 of the Complaint and on that basis denies them. To the extent the allegations in footnote 2 of the Complaint merely purport to define a term, the allegations do not require a response. Visa denies the remaining allegations in paragraph 61 of the Complaint.

62. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 62 of the Complaint and on that basis denies them. To the extent paragraph 62 of the Complaint refers to provisions in Visa's operating regulations, Visa refers to those operating regulations for their contents and context. Visa denies the remaining allegations in paragraph 62 of the Complaint.

63. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 63 of the Complaint and on that basis denies them. To the extent Plaintiff cites to Visa's 10-K filed with the U.S. Securities and Exchange Commission for the fiscal year ended September 30, 2010, Visa refers to that document for its contents and context. Visa denies the remaining allegations in paragraph 63 of the Complaint

64. To the extent the allegations in the first sentence of paragraph 64 of the Complaint merely purport to define a term, they do not require a response. Visa admits that Plaintiff refers to ATMs not owned by Visa, MasterCard, or a financial institution as "independent" ATMs. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the Complaint and on that basis denies them.

65. Visa admits that to accept a Visa-branded debit card, a non-bank ATM operator must affiliate with a Visa acquiring financial institution. Visa denies the remaining allegations in paragraph 65 of the Complaint.

66. Visa denies the allegations in paragraph 66 of the Complaint.

67. To the extent the allegations in the first sentence of paragraph 67 of the Complaint merely purport to define a term, they do not require a response. Visa admits that ATM transactions are completed using ATM networks, that ATM networks connect ATMs and financial institutions by electronic means, that ATM networks enable customers to conduct ATM transactions including account balance inquiries and cash withdrawals, that Visa operates an ATM network, and that an ATM must have access to Visa's ATM network to accept Visa-branded debit cards. Visa denies the remaining allegations in paragraph 67 of the Complaint.

68. Visa admits that it does not own or operate the networks identified in the first sentence of paragraph 68 of the Complaint, that ATMs may contract with networks not owned by Visa or MasterCard, and that some ATM transactions, including those using Visa-branded cards, may be completed over networks not owned by Visa. Visa denies the remaining allegations in paragraph 68 of the Complaint.

69. Visa admits that some debit cards may indicate on the back of the card logos identifying the networks on which an ATM transaction involving that card may be conducted, and that those logos may be referred to as "bugs." Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 69 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 69 of the Complaint.

70. Visa admits that some ATM transactions using Visa-branded debit cards may be completed over networks not owned by Visa and that Visa-branded debit cards that are capable of completing transactions over other networks may indicate those networks on the card using service marks, which may be referred to as "bugs." Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 70

of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 70 of the Complaint.

71. Visa admits that in a Visa ATM transaction the consumer's card-issuing financial institution may pay a fee to the acquirer of the transaction and that the acquirer of the transaction may pay a fee to the network that routed the transaction. To the extent the allegations in the last sentence of paragraph 71 of the Complaint merely purport to define a term, they do not require a response. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint and on that basis denies them.

72. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and on that basis denies them.

73. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and on that basis denies them.

74. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and on that basis denies them.

75. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and on that basis denies them.

76. Visa admits that various financial institutions have access to Visa's network for processing ATM transactions and that to accept a Visa-branded debit card, a non-bank ATM operator must affiliate with a Visa acquiring financial institution. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 76 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 76 of the Complaint.

77. Visa denies the allegations in paragraph 77 of the Complaint.

78. To the extent paragraph 78 of the Complaint refers to provisions in the Plus System, Inc. Operating Regulations, Visa refers to those operating regulations for their contents and context. Visa denies the remaining allegations in paragraph 78 of the Complaint.

79. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and on that basis denies them.

80. Visa denies the allegations in paragraph 80 of the Complaint.

81. Visa denies the allegations in paragraph 81 of the Complaint.

82. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 82 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 82 of the Complaint.

83. Visa denies the allegations in paragraph 83 of the Complaint.

84. Visa denies the allegations in paragraph 84 of the Complaint.

85. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and on that basis denies them.

86. Visa admits that some financial institutions issue Visa-branded debit cards that are capable of completing transactions over networks not owned by Visa. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and fourth sentences of paragraph 86 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 86 of the Complaint.

87. Visa denies the allegations in paragraph 87 of the Complaint.

88. Visa denies the allegations in paragraph 88 of the Complaint.

89. Visa denies the allegations in paragraph 89 of the Complaint.

90. Visa denies the allegations in paragraph 90 of the Complaint.

91. Visa denies the allegations in paragraph 91 of the Complaint.

92. Visa denies the allegations in paragraph 92 of the Complaint.

93. Visa denies the allegations in paragraph 93 of the Complaint.

94. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 94 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 94 of the Complaint.

95. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 95 of the Complaint and on that basis denies them. Visa denies the remaining allegations in paragraph 95 of the Complaint.

96. Visa denies the allegations in paragraph 96 of the Complaint.

97. Visa denies the allegations in paragraph 97 of the Complaint.

98. Visa denies the allegations in paragraph 98 of the Complaint.

99. Visa denies the allegations in paragraph 99 of the Complaint.

100. Visa denies the allegations in paragraph 100 of the Complaint.

101. Visa admits that Plaintiff purports to allege a per se violation of the antitrust laws. To the extent a further response is required, Visa denies the allegations in paragraph 101 of the Complaint.

102. Visa denies the allegations in paragraph 102 of the Complaint.

103. Visa denies the allegations in paragraph 103 of the Complaint.

104. Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and on that basis denies them.

105. Visa denies the allegations in paragraph 105 of the Complaint.

106. Visa denies the allegations in paragraph 106 of the Complaint.

107. Visa denies the allegations in paragraph 107 of the Complaint.

108. Visa responds to the allegations in paragraph 108 of the Complaint as it did when those allegations were made separately.

109. Visa denies the allegations in paragraph 109 of the Complaint.

110. Visa denies the allegations in paragraph 110 of the Complaint.

111. Visa denies the allegations in paragraph 111 of the Complaint.

112. Visa denies the allegations in paragraph 112 of the Complaint.

113. Visa denies the allegations in paragraph 113 of the Complaint.

114. Visa responds to the allegations in paragraph 114 of the Complaint as it did when those allegations were made separately.

115. Visa denies the allegations in paragraph 115 of the Complaint.

116. Visa denies the allegations in paragraph 116 of the Complaint.

117. Visa denies the allegations in paragraph 117 of the Complaint.

118. Visa denies the allegations in paragraph 118 of the Complaint.

119. Visa denies the allegations in paragraph 119 of the Complaint.

120. Visa denies the allegations in paragraph 120 of the Complaint.

121. Visa denies the allegations in paragraph 121 of the Complaint.

122. Visa denies the allegations in paragraph 122 of the Complaint.

123. Visa denies the allegations in paragraph 123 of the Complaint.

124. Visa denies the allegations in paragraph 124 of the Complaint.

125. Visa denies the allegations in paragraph 125 of the Complaint.

126. Visa denies the allegations in paragraph 126 of the Complaint.

127. Visa denies the allegations in paragraph 127 of the Complaint.

128. Visa denies the allegations in paragraph 128 of the Complaint.

129. Visa denies the allegations in paragraph 129 of the Complaint.

130. Visa denies the allegations in paragraph 130 of the Complaint.

131. Visa denies the allegations in paragraph 131 of the Complaint.

132. Visa denies the allegations in paragraph 132 of the Complaint.

133. Visa denies the allegations in paragraph 133 of the Complaint.

134. Visa denies the allegations in paragraph 134 of the Complaint.

135. Visa denies the allegations in paragraph 135 of the Complaint.

136. Visa denies the allegations in paragraph 136 of the Complaint.

137. Visa denies the allegations in paragraph 137 of the Complaint.

138. Visa responds to the allegations in paragraph 138 of the Complaint as it did when those allegations were made separately.

139. Visa denies the allegations in paragraph 139 of the Complaint.

140. Visa denies the allegations in paragraph 140 of the Complaint.

141. Visa denies the allegations in paragraph 141 of the Complaint.

142. Visa denies the allegations in paragraph 142 of the Complaint.

143. Visa denies the allegations in paragraph 143 of the Complaint.

144. Visa denies the allegations in paragraph 144 of the Complaint.

145. Visa denies the allegations in paragraph 145 of the Complaint.

146. Visa denies the allegations in paragraph 146 of the Complaint.

147. Visa denies the allegations in paragraph 147 of the Complaint.

148. Visa denies the allegations in paragraph 148 of the Complaint.

149. Visa denies the allegations in paragraph 149 of the Complaint.

150. Visa denies the allegations in paragraph 150 of the Complaint.

151. Visa denies the allegations in paragraph 151 of the Complaint.

152. Visa denies the allegations in paragraph 152 of the Complaint.

153. Visa denies the allegations in paragraph 153 of the Complaint.

154. Visa denies the allegations in paragraph 154 of the Complaint.

155. Visa denies the allegations in paragraph 155 of the Complaint.

156. Visa denies the allegations in paragraph 156 of the Complaint.

157. Visa denies the allegations in paragraph 157 of the Complaint.

158. Visa denies the allegations in paragraph 158 of the Complaint.

159. Visa denies the allegations in paragraph 159 of the Complaint.

160. Visa denies the allegations in paragraph 160 of the Complaint.

161. Visa denies the allegations in paragraph 161 of the Complaint.

162. Visa denies the allegations in paragraph 162 of the Complaint.

163. Visa denies the allegations in paragraph 163 of the Complaint.

Visa denies each and every allegation not specifically admitted above. Visa denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, Visa asserts the following affirmative or other defenses. Visa reserves the right to assert further defenses as the case proceeds.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert them.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained injury in fact.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained antitrust injury by reason of any act or omission of Visa.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Visa had legitimate business justifications for the conduct at issue, its conduct was pro-competitive, and its practices were and are reasonably justified.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, estoppel, or other equitable doctrines.

**EIGHTH DEFENSE**

Injuries alleged by Plaintiff were caused in whole or in part by the conduct of third parties for whom Visa was not responsible, through forces in the marketplace over which Visa had no control, or through acts or omissions on the part of Plaintiff, including failure to mitigate damages.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that they are subject to mandatory arbitration agreements and may not properly be before this Court.

**TENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has failed to join one or more indispensable parties.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

**TWELFTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that they seek to require Visa to act inconsistently with federal or state laws regarding ATM surcharging.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because of ratification, agreement, acquiescence, or consent to Visa's alleged conduct.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and related cases.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by Visa's restructuring or IPO, which, among other things, would represent Visa's withdrawal from any alleged contract, combination, or conspiracy relating to its organizational structure, governance, or rule-making.

**SIXTEENTH DEFENSE**

Plaintiff failed to mitigate damages, if any.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff seeks damages, restitution, or other monetary relief that is duplicative.

**EIGHTEENTH DEFENSE**

Visa adopts and incorporates by reference any applicable defense asserted by any other defendant in this proceeding.

WHEREFORE, defendants Visa Inc., Visa U.S.A., Visa International, and Plus System, Inc. respectfully request that the Court dismiss the Third Amended Class Action Complaint with prejudice; enter judgment in their favor and against Plaintiff; award them attorneys' fees, costs, and expenses; and grant them such further relief as is just and equitable.

Dated: February 24, 2017

Respectfully submitted,

/s/ Mark R. Merley

Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Mark.Merley@apks.com
Matthew.Eisenstein@apks.com

*Attorneys for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February 2017, I caused the foregoing Answer of Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc. to Plaintiff's Third Amended Class Action Complaint and Demand for Jury Trial to be filed using the Court's CM/ECF system, which will send e-mail notification of such filing to counsel of record.

/s/ Matthew A. Eisenstein
Matthew A. Eisenstein