**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br>Plaintiffs,<br>v.<br>VISA INC., *et al.*,<br>Defendants. | No. 1:11-cv-01803-RJL |
| ANDREW MACKMIN, *et al.*,<br>Plaintiffs,<br>v.<br>VISA INC., *et al.*,<br>Defendants. | No. 1:11-cv-01831-RJL |
| MARY STOUMBOS,<br>Plaintiff,<br>v.<br>VISA INC., *et al.*,<br>Defendants. | No. 1:11-cv-01882-RJL |

**STIPULATION AND [PROPOSED] ORDER REGARDING**
**EXPERT DISCLOSURE PROTOCOL**

WHEREAS, the parties to the above-captioned cases (the "Parties" to the "Actions"), through their counsel, hereby stipulate that the following provisions shall govern expert disclosure and expert discovery in the Actions as follows:

1. The Parties agree to modify the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, or any other potentially applicable law, rule, or regulation governing the Actions, with respect to the scope of discovery in the Actions concerning documents or information created in connection therewith by or on behalf of any witness whom a party ("Sponsoring Party") expects to use to provide expert testimony at trial or any hearing (a "Testifying Expert"), as set forth herein.

2. Notwithstanding anything to the contrary in Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, the following subcategories of documents and information ("Protected Information") shall not be the subject of discovery and, except as set forth in subparagraphs (d) and (e) and Paragraph 3, no questions concerning their content or existence shall be permitted at any deposition, hearing, or trial:

(a) drafts or non-final versions of materials, summaries, charts, illustrative documents, exhibits, declarations, affidavits, or reports created or prepared by or for or provided to the Testifying Expert in connection with the Actions (including any such materials prepared by (i) persons working under the Testifying Expert's supervision, (ii) the Sponsoring Party or its counsel, including agents and/or consultants of counsel, or (iii) other agents or consultants of the Sponsoring Party);

(b) work papers, non-final programs, non-final calculations, non-final computations, non-final data runs or other types of preliminary work created or prepared by or for or provided to the Testifying Expert in connection with the Actions (including any such materials prepared by (i) persons working under the Testifying Expert's supervision, (ii) the Sponsoring Party or its counsel, including agents and/or consultants of counsel, or (iii) other agents or consultants of the Sponsoring Party);

(c) notes, comments, edits, mark-ups, or riders to documents prepared in connection with any expert report;

(d) materials or information that may have been reviewed or considered by the Testifying Expert, but not relied upon by the Testifying Expert, in forming any opinion; provided, however, that nothing herein shall prevent a Party from inquiring during the Testifying Expert's deposition, at a hearing, or at trial as to whether the Testifying Expert considered any material, information, fact, or analysis, regardless of whether the Testifying Expert relied on such material, information, fact, or analysis;

(e) budgets, invoices, bills, receipts, or time records concerning the Testifying Expert, their agents, or their companies or organizations; provided, however, that nothing herein shall prevent a Party from inquiring during the Testifying Expert's deposition, at a hearing, or at trial regarding the hourly rates of the Testifying Expert and his or her staff; the amount of time the Testifying Expert or his or her staff has spent on the Testifying Expert's report or work in the Actions; the amount of money billed for the report or any work in the Actions; and the frequency and duration of any meetings or conversations with counsel; and

(f) documents constituting or reflecting any oral or written communication between or among the Testifying Expert (or persons supporting the Testifying Expert) and some or all of the persons listed below:

i. any person working under the Testifying Expert's direction,

ii. any other Testifying Expert, including any person working under such Testifying Expert's direction,

iii. the Sponsoring Party, including any agent or consultant of the Sponsoring Party,

iv. in-house or outside counsel for the Sponsoring Party, including personnel, agents or consultants supporting the in-house or outside counsel.

3. Without varying the above paragraphs, nothing in this Stipulation shall be construed to prevent substantive deposition questions with respect to any data or other information not protected by the attorney-client privilege or work product doctrine that may be relevant to the substance of the Testifying Expert's opinions, including alternative theories, methodologies, variables, data, or assumptions, if any, that the Testifying Expert may have considered in preparing his or her report.

4. Documents and other written materials required to be delivered in connection with any expert report, which shall be produced within three business days of the time the expert report is delivered to any Party or such later time as the Parties may agree, shall include, unless identified as Protected Information under Paragraph 2 above:

(a) a list of all materials and data relied upon by the Testifying Expert in generating the statements, analysis, opinion, or assertions contained in the report;

(b) any data, tables, calculations, documents, publications, or other information relied on by the Testifying Expert in forming his or her opinions;

(c) any exhibits used to summarize or support the Testifying Expert's opinions;

(d) any work product relied upon by the Testifying Expert;

(e) the Testifying Expert's qualifications, including a list of all publications authored in the previous 10 years;

(f) a list of all other cases in which, during the previous four years, the Testifying Expert has testified as an expert at trial, a hearing, or by deposition; and

(g) a statement of the hourly rate to be paid for the Testifying Expert's time in the Actions.

If data relied upon by a Testifying Expert is derived from data produced in any of the Actions, and that original data has not already been produced in any of the Actions, that data shall be produced in machine readable format by the Party that originally produced the data or the Party who received such data from a third party in one of the Actions.

5. The information required by Paragraph 4 above shall be produced electronically (via email, disc, or FTP site) where feasible and shall be produced subject to the terms of the Stipulated Protective Order entered in the Actions. Data, statistical analyses, or other information upon which a Testifying Expert relies for any of his or her opinions shall be provided in machine readable format. In the event data are provided in a format that is not readily accessible or readable using commercially and reasonably available software, the Sponsoring Party agrees to meet and confer in good faith to provide software, instructions, or other assistance to the other Parties as needed to access, read, and use the data for the Actions. This agreement takes no position on whether the Sponsoring Party must supply such software, instructions, or assistance to the other Parties; the Parties will confer about that issue as warranted in the future. Documents produced in native format may be stripped of their metadata, provided that formulas, hidden fields, and algorithms in native format documents that are required to derive the results displayed in them are preserved. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the Parties. The Parties need not produce documents that are publicly available absent a specific request, so long as publicly available documents are identified with sufficient specificity to allow the other

Parties to locate and obtain the documents. Documents that have been previously produced in the Actions need not be produced if they are identified by Bates number.

6. Paragraph 5 above is not intended to limit the ability of the Parties to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any hearing or trial, so long as such demonstrative exhibits are provided to the Parties reasonably before their use at any trial or hearing. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Rules of Civil Procedure, and the Local Rules of this Court.

7. The Parties, Testifying Experts, counsel for the Parties, and/or other agents of the Parties in the Actions do not have any independent obligation under the terms of this Stipulation to retain Protected Information.

8. Nothing herein shall limit or waive any Parties' rights to object for any reason to the admission of any evidence, including without limitation any expert report, demonstrative, or any summary, affidavit, or testimony from a Testifying Expert, or to the qualification of any person to serve or testify as a Testifying Expert witness.

9. Subject to Paragraph 10 below, there shall be no discovery of any kind of any expert or consultant (or any of their work) who has been retained or specially employed by any of the Parties in anticipation of litigation or preparation for trial or any hearing and whom the Party retaining that expert or consultant does not expect to call as a Testifying Expert at trial or any hearing.

10. This Stipulation does not apply to discovery of fact witnesses, including witnesses who have not been deposed.

11. This Stipulation may be amended only by a subsequent written stipulation between the Parties or upon order of the Court for good cause shown.

It is so stipulated, on this 18th day of October, 2017.

Dated: October 18, 2017

By: /s/ Jonathan L. Rubin
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer Oliver (*pro hac vice*)
MOGINRUBIN LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: October 18, 2017

By: /s/ Steve W. Berman

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal
(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Counsel for Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: October 18, 2017

By: /s/ Douglas G. Thompson

Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue, NW
Suite 395
Washington, DC 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Jody R. Krisiloff
jkrisiloff@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: October 18, 2017

By: /s/ Mark R. Merley

Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@apks.com
matt.eisenstein@apks.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: October 18, 2017

By: /s/ Kenneth A. Gallo

Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
Michelle S. Kallen (D.C. Bar No. 1030497)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: October 18, 2017

By: /s/ Michael B. Miller
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: October 18, 2017

By: /s/ Peter E. Greene
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: October 18, 2017

By: /s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

IT SO ORDERED this __ day of __________, 2017.

_________________________________
Hon. Richard J. Leon
UNITED STATES DISTRICT JUDGE