**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT STATUS REPORT**

Pursuant to the Court's November 20, 2017 Order, plaintiffs and defendants in the above-captioned actions submit the following Joint Status Report. The parties have conferred to discuss the matters raised at the status conference and report to the Court as follows:

## I. Procedural Background

These three separate actions are brought by: i) the "ATM Operator Plaintiffs;"[1] ii) the "Mackmin Plaintiffs;"[2] and, iii) the "Stoumbos Plaintiffs."[3] The Mackmin and Stoumbos Plaintiffs are sometimes collectively referred to as the "Consumer Plaintiffs."

Visa and MasterCard (the "Network Defendants") are defendants in all three actions. In the *Mackmin* case, a group of commercial banks—JPMorgan Chase, Wells Fargo, and Bank of America—are also named as defendants (the "Bank Defendants").

## II. The Parties' Agreements

The parties agree with the Court that the three cases should be coordinated for case management and discovery purposes.

The parties agree with the Court's suggestion for regular meetings with the Court to discuss discovery and other issues at approximately 60-day intervals. As the Court suggested, each party will be represented by a designee at these meetings. The designees for these meetings may vary depending on the subject matter of the meeting and its timing.

## III. Protective Order

A Protective Order governing discovery in all three cases was entered on January 20, 2017. [Dkt. # 85].[4]

## IV. Protocol for Electronically Stored Information

An Order approving a protocol for electronically stored information was entered on May 24, 2017. [Dkt. #113].

---

[1] Consisting of The National ATM Council, Inc. and 13 non-bank ATM operators.
[2] Consisting of Andrew Mackmin and Sam Osborn, consumers who paid an ATM Access Fee at a bank-owned ATM.
[3] Consisting of Mary Stoumbos, a consumer who paid an ATM Access Fee at a non-bank ATM.
[4] All Docket numbers refer to the National ATM Council case.

## V. Protocol for Disclosure of Expert Evidence

A Stipulated Order Regarding Expert Disclosure Protocol was entered by the Court on November 9, 2017. [Dkt # 115].

## VI. Current Status of Discovery

The parties have exchanged Initial Disclosures and initial Interrogatories and Requests for Production and are currently conferring to finalize records custodians and search terms for documents responsive to the initial discovery requests and propose that this process be completed no later than January 12, 2018.

The parties will raise any outstanding issues with the Court at the first of the regular meetings.

## VII. Case Schedule Proposals

Plaintiffs' proposed scheduling order is attached hereto as Exhibit A. Defendants' proposed scheduling order is attached hereto as Exhibit B.

1. Deadline for Fact Discovery

**Plaintiffs' Proposal:**

The parties shall substantially complete their initial production of documents no later than 120 days after the entry of a Scheduling Order. All fact discovery and depositions shall be completed within 260 days after the entry of a Scheduling Order, except for Requests for Admissions, which may be served after the close of fact discovery.

Plaintiffs' proposal reflects that document production is a necessary precursor to depositions and other forms of discovery requests. Setting a deadline for substantial completion of document production ensures that plaintiffs will receive substantially all of defendants' documents and data with enough time to digest those materials to complete depositions by the

close of fact discovery. The proposed deadline recognizes substantial preliminary discovery conversations between the parties that have already occurred.

**Defendants' Proposal:**

As shown in defendants' proposed scheduling order, Exhibit B, defendants propose that all fact discovery shall close 335 days after the entry of a scheduling order, except that Requests for Admissions regarding the authentication or admissibility of documents may be served after the close of fact discovery.

Defendants disagree with plaintiffs' suggestion of an interim deadline to "substantially complete" "initial" document productions. To the extent plaintiffs seek such an interim deadline to avoid overall delay, defendants propose to close fact discovery within 335 days of the scheduling order—a relatively brief period for an antitrust class action. In addition, given that the parties have not yet agreed on custodians and search terms, defendants cannot reasonably approximate the volume of documents to be collected and reviewed, let alone approximate how long the production will take to complete.

Defendants respectfully submit that their proposal, to complete fact discovery within 335 days of the scheduling order without interim deadlines, is a more reasonable and efficient approach. In the interim period, the parties can continue to negotiate discovery matters in good faith, work together to complete document discovery cooperatively and efficiently with the periodic assistance of the Court during meetings with the party representatives, and avoid the inconvenience and expense of potential disputes over interim scheduling deadlines.

2. Motions for Class Certification and Class Expert Discovery

**Plaintiffs' Proposal:**

Plaintiffs may serve motions for class certification no later than 180 days after the deadline for defendants' substantial completion of their initial production of documents and data, or 300 days after the entry of a Scheduling Order, whichever is later. Plaintiffs' proposal ties the class certification deadlines to the substantial completion of defendants' productions, ensuring that plaintiffs will have an adequate record before them to support the motions.

Expert reports or declarations related to motions for class certification shall be served with the motions, at which time the filing plaintiff(s) will promptly make their expert(s) available for deposition. Any oppositions to a motion for class certification shall be jointly filed by the defendants together with any joint or individual expert reports or declarations no later than 60 days after service of the motion, at which time defendants shall make their expert(s) available for deposition. The moving plaintiff(s) shall reply to defendants' opposition, together with any additional expert reports or declarations, no later than 45 days after service of defendants' opposition. Expert depositions related to class certification shall be completed no later than 45 days after the service of the reply of the respective moving plaintiff. Defendants shall have a total of seven hours to depose each plaintiff's expert(s).

**Defendants' Proposal:**

Defendants propose that plaintiffs in each action file any motion for class certification pursuant to Rule 23, along with supporting materials and class expert reports, as soon as practical but not later than 240 days from the date of the scheduling order. Defendants further propose that they be provided 90 days to oppose any motions for class certification, with 30 days for plaintiffs to reply and 30 days after replies to complete expert discovery.

Defendants believe that the time that plaintiffs request to file their motions for class certification (180 days after the deadline for defendants' substantial completion of their initial production of documents and data, or 300 days after the entry of a Scheduling Order, whichever is later) could unnecessarily delay resolution of the case. If, however, the Court were to accept plaintiffs' proposal on that issue, defendants respectfully request that they have 90 days to file opposition papers (as opposed to the 60 days in plaintiffs' schedule). That time will be particularly necessary given that defendants expect plaintiffs to file multiple motions for class certification.

3. Merits Expert Discovery

**Plaintiffs' Proposal:**

Within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff will meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.

**Defendants' Proposal:**

Defendants believe that establishing a schedule for expert reports at this time will assist the parties in coordinating their experts, facilitate a more speedy resolution of this case, and minimize burdening the Court with scheduling matters. Defendants propose tying expert reports to the close of the fact-discovery period: plaintiffs may serve expert reports no later than 30 days after the close of fact discovery; defendants may serve expert reports no later than 60 days after the service of plaintiffs' expert reports; and plaintiffs may serve rebuttal expert reports no later than 30 days after the service of defendants' expert reports. Defendants also propose a 60-day period after the service of rebuttal expert reports for taking expert depositions.

4. Summary Judgment Motions

**Plaintiffs' Proposal:**

Deadlines for summary judgment motions should not be set at this time. Instead, within 30 days of this Court's ruling on any plaintiffs' motion for class certification, that plaintiff will meet and confer with Defendants and present either (1) a stipulated schedule governing future pretrial proceedings to this Court or, (2) the parties' respective positions on future pretrial proceedings in this Court.[5]

**Defendants' Proposal:**

Defendants believe that establishing a schedule for summary judgment at this time will facilitate a more speedy resolution of this case and minimize burdening the Court with scheduling matters. Defendants propose tying the deadline for summary judgment motions to the later of the close of expert discovery and a class certification decision, as follows: the parties may file summary judgment motions pursuant to Rule 56 no later than (i) 30 days after the deadline for completing expert depositions, or (ii) 60 days after this Court's ruling on plaintiffs' motions for class certification, whichever is later. The parties may file opposition papers no later than 60 days after the service of the opening Rule 56 papers, and may file reply papers no later than 30 days after the service of the opposition papers.

6. Number of Depositions

**Plaintiffs' Proposal:**

Plaintiffs may schedule up to 6 depositions per Defendant Group[6] without leave

[5] *See, e.g.*, Scheduling Order, Dkt No. 296, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, Misc. No. 07-489 (D.D.C.), ¶¶ 11-12 (reserving ruling on further scheduling "pending the final outcome of the class certification decision").

[6] "Defendant Group" means: (i) Visa Inc., Visa U.S.A. Inc., Visa International Service Association; and Plus System, Inc. ("Visa Defendants"); (ii) MasterCard Incorporated and

of court. Any deposition noticed pursuant to Rule 30(b)(6) shall be counted as one deposition notwithstanding the number of witnesses that are presented. Depositions taken by the ATM Operator Plaintiffs will not be counted towards the Consumer Plaintiffs' total. Plaintiffs' proposal is based on defendants' representations made to date regarding the size of scope of their ATM businesses and number of personnel involved in that business. Plaintiffs reserve the right to seek additional depositions should Plaintiffs learn additional facts during the course of discovery.

Defendants' initial disclosures suggest several individuals at each defendant company whose oral testimony may be relevant, and organizational charts produced by defendants list other potentially relevant individuals. Accordingly, plaintiffs submit that their proposal as to the number of deposition is reasonable and appropriate for these coordinated actions.

**Defendants' Proposal:**

Defendants believe 25 depositions for each side (exclusive of expert and third-party depositions) will be ample, and that plaintiffs (collectively) should not notice more than seven fact witness depositions of any "Defendant Group" (as defined by plaintiffs). Defendants do not believe that this case warrants plaintiffs' taking 60 depositions of defendants, as reflected in plaintiffs' proposal. Defendants do not envision a legitimate need for a large number of fact witnesses in this case. Defendants believe there is no reason that depositions taken of defendants in the ATM operators' case should not "count" against the deposition limits in the ATM consumers' cases; discovery from defendants in all three of these cases will be overlapping.

---

MasterCard International Incorporated d/b/a MasterCard Worldwide ("MasterCard Defendants"); (iii) Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation ("BofA Defendants"); (iv) Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. ("Chase Defendants"); and (v) Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells Fargo Defendants").

Dated: December 4, 2017

By: /s/ Jonathan L. Rubin
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer Oliver (*pro hac vice*)
MOGINRUBIN LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

Don Allen Resnikoff ((D.C. Bar No. 48654)
Don Allen Resnikoff Law, LLC
5335 Wisconsin Ave., NW, Suite 440
Washington, DC 20015
Tel.: 202-344-0089
donresnikoff@donresnikofflaw.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Cabe & Cato, Inc.; Just ATMs, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Meiners Development Company of Lee's Summit, Missouri, LLC; Mills-Tel, Corp. d/b/a First American ATM; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: December 4, 2017

By: /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal
(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Counsel for Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: December 4, 2017

By: /s/ Douglas G. Thompson
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Jody R. Krisiloff
jkrisiloff@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: December 4, 2017

By: /s/ Mark R. Merley
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@apks.com
matt.eisenstein@apks.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: December 4, 2017

By: /s/ Kenneth A. Gallo

Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
Michelle S. Kallen (D.C. Bar No. 1030497)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: December 4, 2017

By: /s/ Michael B. Miller

Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: December 4, 2017

By: /s/ Peter E. Greene
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: December 4, 2017

By: /s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*