**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiff*,<br><br>*v*.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v*.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>*Plaintiff*,<br><br>*v*.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT STATUS REPORT**
**FOR AUGUST 9, 2018 CONFERENCE**

Pursuant to the Court's request that, in preparation for the August 9, 2018 case management conference, it be advised regarding the status of discovery, the parties respectfully submit the following Joint Status Report.[1]

## I. STATUS OF PRODUCTIONS

**Consumer Plaintiffs' Position**

The below charts summarize the current status of party and third-party data and document productions.

**DATA PRODUCTIONS AND STATUS**

**Party Data Productions**

| Party | Production(s) To Date | Outstanding |
|---|---|---|
| Wells Fargo | **July 31, 2018:** Transactional data covering (1) foreign ATM transactions of WF's cardholders and (2) foreign ATM transactions at WF ATMs | All interchange and other data from Wells Fargo's general ledger. Wells Fargo has indicated that this production will be made sometime in early August. |
| Bank of America | **July 2, 2018:** Aggregate fee data<br>**July 10, 2018:** Supplemental aggregate data | Transactional data covering approximately two billion foreign ATM transactions. Bank of America has indicated that this production will be made sometime in August. |

[1] The three captioned cases have been coordinated for case management and discovery purposes. *See* Dkt No. 118, Case No. 1:11-cv-01803. As used herein, "Consumer Plaintiffs" refers to Plaintiffs in the *Stoumbos* and *Mackmin* cases. "Operator Plaintiffs" refers to Plaintiffs in the *National ATM Council* case.

| | | |
|---|---|---|
| Chase | **June 28, 2018:** Monthly billing spreadsheets<br>**July 10, 2018:** Bates needed to isolate billing data<br>**July 15, 2018:** Transactional data (partially corrupted)<br>**July 26, 2018**: Transactional data (replacement) | Back-end billing data to the extent it is not duplicative of other billing data that Plaintiffs are analyzing. |
| Visa | **July 16, 2018:** (MISD/AIM data)<br>**July 18, 2018:** (GMBS data)<br>**July 30, 2018:** (supplemental AIM data) | None |
| MasterCard | **July 5, 2018:** Fee and transactional data<br>**July 24, 2018:** Supplemental transactional data | None |

**Third-Party Network Data Productions**

| Party | Production(s) To Date | Outstanding |
|---|---|---|
| Accel | July 11, 2018 | Data cannot be deciphered without lookup tables and clarification. Plaintiffs' request for same pending. |
| Allpoint | None (beyond sample) | Plaintiffs have posed questions to Allpoint regarding its data sample, which are necessary to understand the data. Allpoint has agreed to schedule a call between the parties and Allpoint personnel the week of August 13, 2018. |
| Armed Forces Financial Network ("AFFN") | None | **Motion to compel pending.** *See Mackmin et al. v. Visa, Inc.*, 18-mc-00057 (M.D. Fla.), filed July 20, 2018. **Opposition due August 13, 2018.** |

| | | |
|---|---|---|
| BOKF | February 13, 2018<br>June 8, 2018<br>July 27, 2018<br>July 30, 2018 | Data cannot be deciphered without clarification. Plaintiffs' request for same pending. |
| Co-Op Financial | None | Plaintiffs have engaged in an ongoing dialogue with Co-Op Financial regarding the scope of its data production. While it has provided some information, Co-Op has indicated it is still researching some of Plaintiffs' inquiries. |
| Credit Union 24 | March 13, 2018<br>April 27, 2018<br>July 18, 2018 | Data cannot be deciphered without lookup tables and clarification. Plaintiffs' request for same pending. |
| Jeanie Network | April 26, 2018 | Data do not satisfy subpoena requests. Meet-and-confers regarding supplementation ongoing. |
| NYCE | None | **Motion to compel pending.** *See Mackmin et al. v. NYCE Payments Network, LLC*, 18-cv-11517 (D.N.J.), filed July 10, 2018. **On August 2, 2018, Judge Waldor granted NYCE leave to file a Surreply, to be filed on August 10, 2018.**[2] |
| Publix Supermarket | March 13, 2018<br>March 26, 2018<br>April 23, 2018 | None currently |
| PULSE | None (beyond sample) | Plaintiffs have presented a number of questions necessary to understand the Pulse data sample to Pulse, and are awaiting Pulse's responses. |
| Shazam | April 23, 2018 | None currently |

[2] At the last conference, Plaintiffs expressed hope that this motion to compel would be decided by the August 9, 2018 conference with this Court, but the acceptance of a Surreply means it has not been fully briefed and is not ripe for decision.

| | | |
|---|---|---|
| Star | None | Star has agreed to produce data but discussion are ongoing as to the scope and content of Star's data production. |
| Moneypass | None (beyond sample) | Production anticipated week of August 9, 2018. |

| **Third-Party Processor Data Productions** | | |
|---|---|---|
| **Party** | **Production(s) To Date** | **Outstanding** |
| Columbus Data | None (beyond sample) | The parties have exchanged multiple emails and had a conference call with Columbus Data personnel to ask questions necessary to understand the Columbus Data sample. The parties await answers to a handful of follow-up questions. |
| EFX Corporation | None | None currently |
| US Bank / Elan | None (beyond sample) | Production anticipated week of August 9, 2018. |
| Fidelity Nation Information Services ("FIS") | None | **Motion to compel pending.** *See Mackmin et al. v. Visa, Inc.*, 18-mc-00057 (M.D. Fla.), filed July 20, 2018. **Opposition due August 13, 2018.** |
| First Data Card Solutions | None | Meet-and-confers as to scope ongoing. |
| Fiserv | July 11, 2018 | Data cannot be deciphered without lookup tables and clarification. Plaintiffs' request for same pending. |
| Jack Henry & Associates | July 24, 2018 | Data do not satisfy subpoena requests. Meet-and-confers as to supplementation ongoing. |
| Payment Alliance International | None | None currently |
| Switch Commerce | February 28, 2018 | None currently |

| | | |
|---|---|---|
| | March 26, 2018 | |
| Vantiv | None (beyond sample) | Plaintiffs have presented a number of questions necessary to understand the Vantiv data samples to Vantiv, and are awaiting Vantiv's responses. |
| WorldPay | None (beyond sample) | Plaintiffs have presented a number of questions necessary to understand the WorldPay data samples to WorldPay, and are awaiting WorldPay's responses. |

**DOCUMENT PRODUCTIONS AND STATUS**

## Party Document Productions

| Party | Total Documents Produced | Percentage Produced after June 15, 2018 | Percentage Produced After July 16, 2018 Conference |
|---|---|---|---|
| Wells Fargo | 12,139 | 78% | 43% |
| Bank of America | 44,279 | 93% | 73% |
| Chase | 12,276 | 87% | 9% |
| Visa | 53,234 | 51% | 23% |
| MasterCard | 66,173 | 69% | 0% |
| **TOTAL** | 188,101 | 71% | 27% |

**Third-Party Network Document Productions**

| Party | Production(s) To Date | Document Count |
|---|---|---|
| Accel | July 11, 2018 | 54 (production combined with Fiserv's) |
| Allpoint | March 6, 2018 | 12 |
| Armed Forces Financial Network ("AFFN") | April 2, 2018<br>May 16, 2018<br>May 25, 2018 | 7 |
| BOKF | February 13, 2018 | 15 |
| Co-Op Financial | March 28, 2018<br>April 19, 2018 | 32 |
| Credit Union 24 | March 13, 2018<br>April 27, 2018 | 16 |
| Jeanie Network | March 13, 2018 | 1 (combined versions of operating regulations) |
| NYCE | March 13, 2018<br>May 15, 2018 | 13 |
| Publix Supermarket | March 13, 2018<br>March 26, 2018<br>April 23, 2018 | 60 |
| PULSE | Meet-and-confers ongoing | 0 |
| Shazam | April 23, | 1155 |

| | | |
|---|---|---|
| | Supplemental production to be made after August 17, 2018. | |
| Star | Meet-and-confers ongoing | 0 |
| Moneypass | Production anticipated week of August 9, 2018. | 0 |

| **Third-Party Processor Document Productions** | | |
|---|---|---|
| **Party** | **Production(s) To Date** | **Document Count** |
| Columbus Data | March 26, 2018<br>April 24, 2018<br>May 5, 2018 | 62 |
| EFX Corporation | None | 0 |
| US Bank / Elan | Production anticipated week of August 9, 2018. | 0 |
| Fidelity Nation Information Services ("FIS") | None | **Motion to compel pending.** *See Mackmin et al. v. Visa, Inc.*, 18-mc-00057 (M.D. Fla.), filed July 20, 2018. **Opposition due August 13, 2018.** |
| First Data Card Solutions | Meet-and-confers ongoing | 0 |
| Fiserv | July 11, 2018 | 54 (production combined with Fiserv's) |
| Jack Henry & Associates | Meet-and-confers ongoing | 0 |
| Payment Alliance International | None | 0 |
| Switch Commerce | March 26, 2018 | 23 |
| Vantiv | Meet-and-confers ongoing | 0 |
| WorldPay | Meet-and-confers ongoing | 0 |

**<u>Operator Plaintiffs' Position</u>**

The ATM Operators and the two network defendants are cooperating to complete discovery from both sides in the ATM Operators' case in a timely and efficient manner. The ATM Operators are currently engaged in obtaining and producing the data currently available to the Operator Plaintiffs from their respective processors. The Network Defendants have produced additional data that the ATM Operators have not yet fully analyzed. Accordingly, there are no

disputes between the parties in the ATM Operators' case that would require intervention by the Court at this time.

**Defendants' Position**

Defendants have produced documents and data consistent with the production timeline discussed with the Court at the last two conferences.

All Defendants have substantially completed their document productions and are in the process of completing or already have produced their privilege logs.[3] All Defendants have likewise completed their productions of data from the transactional data sources that Defendants had, as of the May 18 conference, identified and offered to produce from. Certain Defendants thereafter agreed to produce additional data based on subsequent discussions with Plaintiffs, but anticipate completing even these supplemental productions in August.

With respect to Plaintiffs' productions, Defendants are not aware of any outstanding discovery issues that require the Court's intervention at this time. In the *Stoumbos* matter, we continue to receive productions from the proposed substitute class representatives and will continue to work with counsel to ensure that substitution of lead plaintiffs at this late date does not result in prejudice to Defendants. In the *Mackmin* matter, we have recently received a production of unredacted bank statements, as directed at the previous conference. We will promptly raise with counsel any concerns about that production or any previous production, and we expect that counsel will be able to resolve consensually those concerns. Although Operator Plaintiffs have not completed their productions, Defendants continue to work with them cooperatively. In particular, Operator Plaintiffs have thus far produced only sample data from

---

[3] Within the next week, Mastercard intends to make a further production of documents that required special treatment because of foreign languages, method of collection, or other technical issues, as well as documents initially classified as potentially privileged.

only one entity, but have committed to a process for complying with Defendants' data requests in an efficient manner and as quickly as possible. We will continue to work with counsel to ensure that this production is made in a reasonable and proportional manner.

## II. POSITIONS ON CLASS CERTIFICATION SCHEDULE

**Consumer Plaintiffs' Position**

In the last Joint Status Report, Consumer Plaintiffs requested an extension until January 31, 2019. However, based on the current status of data and document production, and their experts' estimates on how much time it will take to compile and analyze the data *once they receive it*, Consumer Plaintiffs respectfully request an extension until March 29, 2019. If the Court would like an expert declaration to support this request, Consumer Plaintiffs are happy and willing to provide it.

### A. Consumer Plaintiffs are missing a substantial amount of data they require for class certification and, even when they have all that data, harmonizing all of that data for analysis will be a significant undertaking.

The models Consumer Plaintiffs intend to develop for class certification are dependent on robust and sufficiently comprehensive ATM transaction data. As of the July 16, 2018 status conference, no Defendant had completed its data production and two Defendants—Visa and Wells Fargo—had produced no data at all. Just as critically, among the 24 ATM networks and processors the parties have subpoenaed, only six had produced data.

Despite Consumer Plaintiffs' diligent subsequent efforts, data productions have progressed more slowly than Consumer Plaintiffs anticipated at the last conference and significant data critical to class certification remains outstanding. Bank of America has not produced any of the two billion transactional records it has agreed to provide. Wells Fargo's data production is substantially incomplete.

Consumer Plaintiffs remain in active and virtually continuous discussions with third parties, but still have not received data from 15 of the 24 subpoenaed entities. Consumer Plaintiffs have filed motions to compel data from three of these third parties, and those motions remain pending.[4] While Plaintiffs indicated at the last conference that one of these (*Mackmin et al. v. NYCE Payments Network, LLC*, 18-cv-11517 (D.N.J.)) had a motion date of August 6, 2018, and may have been decided by the discovery conference with this Court scheduled for August 9, 2018, the judge presiding over that case recently granted NYCE leave to file a Surreply, so that motion is not yet even fully briefed. In addition, the majority of third parties who have produced data made incomplete productions and are currently evaluating the parties' requests for supplementation or clarification. As set forth below, Consumer Plaintiffs are still missing more than 60% of the third-party data they require.




---

4 *See Mackmin et al. v. NYCE Payments Network, LLC*, 18-cv-11517 (D.N.J.) (motion to compel as to third-party network NYCE); *Mackmin et al. v. Visa, Inc.*, 18-mc-00057 (motion to compel as to third-parties FIS and AFFN).

Defendants wrongly assert below that Consumer Plaintiffs are somehow at fault for serving third-party subpoenas nine months after propounding document and data requests on Defendants. The majority of the third-party subpoenas were served around the time this Court issued its initial Rule 16 scheduling order in January 2018. *See* ECF #118. While Defendants point to the parties' April 2017 negotiations on the scope of party discovery to claim this timing evinces a lack of diligence, those April 2017 discussions took place before this Court entered a Rule 16 scheduling order and after the Court urged the parties to begin negotiating the scope of party discovery in advance of entry of such an order. *See* Transcript of January 12, 2017 Status Conference (ECF #86) 44:1 – 46:12. Informal proceedings of this sort are not readily available for third parties. The critical need for third-party discovery also did not become fully apparent until Defendants revealed the limited nature of the ATM transactional data they maintain—information that Defendants provided piecemeal over the course of many months.

A modest extension of the class certification deadline is warranted here not only because necessary data are outstanding, but because harmonizing the data once it has been received will require months of continuous effort. Part of the challenge is that the producing entities maintain information on ATM-related fees in different data sources. Because these data sources are organized differently and kept at different levels of aggregation, our experts must work to combine the different data sources in a consistent format. Once a producing entity's data has been merged, it will then need to be harmonized with the data produced in different formats by the other 28 producing entities. This consolidation process is enormously complex but essential given that no single entity maintains data on all fees associated with ATM transactions. To model ATM transactions, data from multiple participants in the transaction must be combined.

The process of consolidating and harmonizing data often takes 60 days from the time of complete production—even when the data are straightforward. This means that even if all party and third-party data productions were complete by September 1, 2018, thoughtful analysis of the data could begin no earlier than December 1, 2018, and would likely begin much later given the complexities involved.

**B. Document productions are still not complete.**

Consumer Plaintiffs' ability to prepare class certification submissions has also been hindered by substantial delays in Defendants' document productions. Although Defendants agreed to produce documents on a rolling basis, more than 25 percent of all documents Defendants have produced were produced after the July 16, 2018 conference. Approximately 73% of Bank of America's document production came after the conference. Only two Defendants (Visa and Chase) have produced privilege logs, and these suffer from significant deficiencies that will need to be resolved. Visa's log, for example, lacks basic required information (such as the author and recipients of purportedly privileged materials) for more than 10 percent of the log's 2,415 entries.

**<u>Operator Plaintiffs' Position</u>**

The Operator Plaintiffs take no position on Consumer Plaintiffs' request for an extension of the class certification deadline.

**<u>Defendants' Position</u>**

Three weeks ago, when the parties last met with the Court, Consumer Plaintiffs requested a four-month extension until the end of January 2019 to move for class certification. The Court did not grant that request, but agreed to revisit it after reviewing Consumer Plaintiffs' progress at the upcoming August 9, 2018 conference. Now, in advance of that conference, Consumer

Plaintiffs request a six-month extension until the end of March 2019. Defendants—who were notified of this modified request one business day before this report was due—are, candidly, surprised.

If Consumer Plaintiffs' work toward class certification went according to the plan they previously presented to the Court (but no faster), the January 2019 target would remain. Even if Consumer Plaintiffs had accomplished nothing in the last three weeks, their target would presumably move by three weeks to late February. But in the course of three weeks, Consumer Plaintiffs apparently did something that caused them to fall eight weeks further behind. What happened is not clear from Consumer Plaintiffs' report, and the eleventh-hour notice of their revised request made it impossible for the parties to confer meaningfully.

As the Court is aware, Defendants generally have not been opposed to a reasonable extension of Consumer Plaintiffs' filing deadline. Given this sequence of events, however, Defendants cannot consent to Consumer Plaintiffs' new request for a six-month extension (until March 29, 2019) to move for class certification.

Defendants produced documents on a rolling basis and have consistently met a series of estimated targets for the substantial completion of their document and data productions. Those targets were designed to keep this case moving at a reasonable pace, consistent with the Court's January 2018 scheduling order. While Defendants have produced materials consistent with the schedule discussed with the Court, Consumer Plaintiffs keep moving the goalposts further away with every passing conference.[5] Consumer Plaintiffs' current request for a six-month extension

[5] And some of the supposed delays cited above are of Plaintiffs' own making. For instance, it is not correct that Bank of America has produced no transactional data—pursuant to agreement with Plaintiffs, a sample was produced on June 29, 2018 and it was only thereafter on July 13, 2018 that Plaintiffs notified Bank of America that they were requesting the additional two billion transactional records referenced above. Bank of America agreed on July 18, 2018 to produce the

is not only two months longer than they claimed to need just three weeks ago, but also four months longer than the Court previously suggested to the parties it was willing to entertain.

As noted above, Defendants have substantially completed document production and are preparing to serve or have served their privilege logs. Plaintiffs do not point to any agreed-upon category of documents, let alone any legally significant category, that they are still waiting to receive from any Defendant. Moreover, given the number of documents produced (as stated in Plaintiffs' chart above), the 2.5 months or more between the documents' production and the current class certification motion deadline, and the sophistication of Plaintiffs' counsel and their firms, it is hard to believe the pace of Defendants' document productions has "hindered" the Consumer Plaintiffs' ability to timely file their motion.

Consumer Plaintiffs primarily base their new request for an extension on (1) developing models dependent on comprehensive ATM transaction data and (2) the pace of third-party productions. As to the model, Plaintiffs have not explained why they believe they need more than the voluminous data from Defendants currently in their possession—the data they previously claimed held the key to their class certification model. Consumer Plaintiffs are seeking seven full months after the last of Defendants' data has been produced to "consolidate[e]," "harmoniz[e]," and conduct "thoughtful analysis" of it. But the Court's January 2018 scheduling order did not contemplate a seven-month post-production delay before class certification motions. Rather, it afforded Plaintiffs eight months to complete necessary

---

requested data, but producing such a massive dataset requires a significant amount of processing time. Moreover, Plaintiffs' description of this production as "after the July 16 conference" is misleading. Bank of America satisfied its obligation to substantially complete its document production on July 16, 2018, as the parties agreed.

discovery ***and*** file their class certification motions. *See* Dkt No. 118, Case No. 11-cv-01803, p. 2. Nothing that has occurred since January 2018 justifies nearly doubling that time frame.

As for the pace of third-party discovery, there is nothing surprising or new about the status of those productions. For months, all parties have understood that Consumer Plaintiffs served broad data requests on third parties, with which most entities were unable or unwilling to comply in full. Given the unfocused nature of the requests, it is not surprising that fewer than half of the subpoenaed entities have produced any data, or that the data produced are in different formats, cover different time periods, and are at different levels of aggregation. That should not be a basis to extend the case schedule by six months.

Consumer Plaintiffs now contend that third-party discovery is "[j]ust as critical" to their class certification motions as Defendants' productions. But this assertion is inconsistent with Consumer Plaintiffs' actions. Consumer Plaintiffs decided to wait for more than nine months after commencing discovery on Defendants (from April 2017 to January 2018) before serving any third parties with subpoenas. (Notably, Consumer Plaintiffs make no mention of when these subpoenas were initially served.) Had the third-party discovery been so crucial to Plaintiffs' class certification motions, they would not have waited so long to serve it. Consumer Plaintiffs' own delay in pursuing this third-party discovery cannot justify such a lengthy extension of the case schedule either.

Should the Court extend the current schedule for class certification briefing, Defendants request that no additional extension for the filing of Plaintiffs' class certification motion be granted absent exceptional circumstances. In addition, consistent with Defendants' positions at the May and July conferences before this Court, Defendants request that all subsequent deadlines be similarly extended to maintain the sequencing established by the Court's prior scheduling

order. Defendants further request, again, as discussed at prior Conferences, that the deadline for their oppositions to class certification motions remain the same across all three cases (specifically, 90 days after service of the last certification motion).

## III. OTHER ISSUES

### STOUMBOS/INDEPENDENT ATM CONSUMER REQUEST FOR SUBSTITUTION

#### Independent ATM Consumer Position

Pursuant to the Court's instruction at the last conference, the parties in the *Stoumbos* case have been conferring on the plaintiffs' request to substitute new proposed class representatives for the existing plaintiffs. Plaintiffs in that case intend to continue these efforts resolve the issue without Court intervention, and believe the issue is not ripe for intervention by the Court at this time.

#### Defendants' Position

Defendants are engaged in ongoing discussions with counsel in the *Stoumbo*s matter regarding the request to substitute proposed class representatives and await additional information necessary to evaluate potential prejudice to Defendants. Defendants agree that the issue is not ripe for intervention by the Court at this time and will continue to work productively with counsel to address this issue.

### Conclusion

The parties look forward to discussing the above and any other issues the Court deems proper at the August 9, 2018 conference.

Dated: August 6, 2018

By: *s/ Steve W. Berman*

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: August 6, 2018

By: *s/ Douglas G. Thompson*
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: August 6, 2018

By: *s/ Jonathan L. Rubin*
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: August 6, 2018

By: *s/ Mark R. Merley*

Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@arnoldporter.com
matt.eisenstein@arnoldporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: August 6, 2018

By: *s/ Kenneth A. Gallo*

Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: August 6, 2018

By: *s/ Michael B. Miller*
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: August 6, 2018

By: *s/ Peter E. Greene*
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: August 6, 2018

By: *s/ William F. Cavanaugh Jr.*

William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*