**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

# JOINT STATUS REPORT FOR SEPTEMBER 28, 2018 CONFERENCE

## I. STATUS OF PRODUCTIONS

### ATM Operator Plaintiffs' Position

As of today, Mastercard has not produced ATM network fee data prior to 2015, including the several years after this case was filed in 2011. Mastercard has stated that its network fee data

is incomplete and unreliable for those time periods and would be disproportionately burdensome to produce in light of its limited utility. Plaintiffs disagree; and believe the data constitutes necessary evidence. Plaintiffs believe this issue can be resolved prior to the next discovery conference.

**Consumer Plaintiffs' Position**

As of the last status conference, Plaintiffs had received data productions from 9 of 24 subpoenaed third parties and had two motions to compel pending—the first against NYCE (*Mackmin v. NYCE*, 18-cv-11517 (D.N.J.) (Waldor, M.J.)) and a second against AFFN and FIS (*Mackmin v. Visa*, 18-mc-00057 (M.D. Fla.) (Sansone, M.J.)). As of the date of this report, Plaintiffs have received data productions from four additional third parties (US Bank, MoneyPass, Star, and Columbus Data), but do not yet know whether those productions are complete. The motions to compel are fully briefed and remain pending. Oral argument as to the AFFN and FIS motion is scheduled for September 27, 2018.

Party data productions also are not complete. In particular, Wells Fargo has indicated that it will not complete its data production until mid-October and Consumer Plaintiffs have numerous requests pending with other defendants for information needed to interpret the data they have produced.

**Defendants' Position**

There are no discovery issues that require the Court's attention at this time. Regarding ATM Operators' request for additional data, Mastercard is willing to discuss that request and has proposed to meet and confer on the matter. With respect to the issue Consumer Plaintiffs raise in connection with the Wells Fargo data production, Wells Fargo has produced anonymized data concerning more than one billion ATM transactions to the Mackmin Plaintiffs. What remains for Wells Fargo is a limited production of aggregated data concerning interchange fees incurred

or received from a supplemental data source.

Concerning Plaintiffs' productions, Defendants inquired with the *Mackmin* Plaintiffs about deficiencies in their document productions on September 4, 2018, and received a response and supplemental production on September 20, 2018. Further correspondence with the *Mackmin* Plaintiffs on certain open items is expected. Defendants inquired with *Stoumbos* counsel about deficiencies in the proposed substitute plaintiffs' document productions on September 5, 2018, and a response is awaited. Defendants' data request from the ATM Operator Plaintiffs remains open but Plaintiffs have made some progress toward identifying data that could be produced. Defendants are hopeful that the parties can resolve open discovery issues among themselves.

## II. POSITIONS ON CLASS CERTIFICATION SCHEDULE

### Plaintiffs' Position

Because of the continuing uncertainty regarding when Plaintiffs will get complete productions of data from third parties, Plaintiffs do not believe that entering a class certification schedule is appropriate at this point. However, if the Court is inclined to enter a schedule, the Mackmin and ATM Operator Plaintiffs propose that Plaintiffs file those motions on April 12, 2019, subject to two conditions. First, Defendants will substantially complete their data productions no later than October 8, 2018. Second, Plaintiffs will retain the right to move for relief from the deadline if all third-party data productions are not substantially complete by December 31, 2018, or Defendants unreasonably delay either in responding to questions about their data productions or making deponents available for depositions.

### Defendants' Position

Defendants believe it is important to establish a revised case schedule so that all parties can plan appropriately for the months ahead. Although Defendants consider a 6.5 month

extension for Plaintiffs to file their class certification motions (until April 12, 2019) unduly lengthy—indeed, it is longer than the extensions that Plaintiffs previously suggested—Defendants are willing to agree to that deadline in the interest of compromise. Moreover, the existence of a class certification motion deadline (as opposed to Plaintiffs' preference for no deadline) should continue to assist the parties in facilitating productions from third parties.

Defendants disagree, however, with Plaintiffs' proposal to make certain "conditions" part of an updated case schedule. First, Plaintiffs can always seek an extension of the class certification deadline for good cause, if that becomes necessary. Second, the parties have been working cooperatively on document and data productions—we can and will continue to do so without making it a "condition." Finally, Defendants cannot control the timing of "all third-party data productions," nor do Defendants even know the specific third parties from whom Plaintiffs believe they require additional productions by December 31, 2018. For example, Plaintiffs have not stated whether they believe that the six additional third parties they have subpoenaed since the last status conference must also complete their productions by the end of the year.

Defendants therefore request that a revised case schedule be entered without conditions. Defendants further request that the deadline for class certification motions apply to all three plaintiff groups, and remaining dates in the current schedule be extended by the same amount.[1]

[1] As discussed with the Court at the last status conference, once Plaintiffs file their motions for class certification, Defendants may conclude that they need more than the three months currently provided in the schedule to oppose, in which case they will promptly raise the issue with Plaintiffs and, if necessary, the Court.

Dated: September 24, 2018

By: /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20006
Telephone: (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: September 24, 2018

By: /s/ Douglas G. Thompson
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: September 24, 2018

By: /s/ Jonathan L. Rubin
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: September 24, 2018

By: /s/ Mark R. Merley
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@arnoldporter.com
matt.eisenstein@arnoldporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: September 24, 2018

By: /s/ Kenneth A. Gallo
Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: September 24, 2018

By: /s/ Michael B. Miller
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: September 24, 2018

By: /s/ Peter E. Greene
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: September 24, 2018

By: /s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*