**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**DECLARATION OF JENNIFER FOUNTAIN CONNOLLY**

I have personal knowledge of and am competent to testify to the matters set forth in this Declaration.

1. I am a partner in the law firm of Hagens Berman Sobol Shapiro LLP and one of the attorneys representing Plaintiffs Andrew Mackmin and Sam Osborn in *Mackmin et al. v. Visa Inc., et al.*, No. 1:11-cv-01831 (D.D.C. 2011).

2. After identifying unexplained variation in Defendant Chase's access fee data, the Mackmin Plaintiffs inquired by correspondence dated August 21, 2018 whether the variation resulted from a production error. Despite multiple follow-up requests from the Mackmin Plaintiffs, Chase did not respond to this issue until November 30, 2018, at which time Chase's counsel confirmed that there was indeed a "technical error" in Chase's prior data production and that the affected data would need to be reproduced. On December 21, 2018, after additional follow-up inquiries from the Mackmin Plaintiffs, Chase indicated that the affected data could not be produced until early April 2019. Chase further confirmed that other outstanding data—certain "backend billing" data—will not be produced in full until the end of February 2019. A true and correct copy of December 21, 2018 correspondence from Chase's counsel is attached hereto as Exhibit A.

3. From the outset of data-related discovery, and no later than November 2017, Consumer Plaintiffs have inquired whether there are any fields in Visa's data that distinguish between bank and non-bank transactions. As Consumer Plaintiffs have explained to Visa, this information is needed to sort transactions into the two consumer classes in these cases. Although omitted from Visa's July 2018 data productions, Visa confirmed on December 24, 2018 that its AIM database contains a field that can be used to distinguish between bank and non-bank

transactions. Visa has committed to reproduce its AIM data with this omitted field, along with an additional field identifying certain "on us" transactions, in January 2019.

4. MasterCard's data productions include billing data from 2015 to 2018, and transactional data from 2011 to 2018. Plaintiffs have requested that MasterCard's productions be supplemented to include earlier time periods. Although MasterCard initially represented that such supplementation would be unduly burdensome, as of December 20, 2018, MasterCard stated that it would consider expanding its data productions to include earlier periods. Negotiations regarding that expanded production are ongoing.

5. In September 2018, Bank of America disclosed that it was withholding certain non-withdrawal data that is responsive to the Mackmin Plaintiffs' document requests. After determining that the withheld data covers a large volume of transactions, the Mackmin Plaintiffs reiterated on October 23, 2018 their request for the data's production. Bank of America has stated that it will consider producing the withheld data, but has not committed to doing so despite multiple further inquiries from the Mackmin Plaintiffs. As the Mackmin Plaintiffs have explained in correspondence, the withheld data is necessary to, *inter alia*, interpret the withdrawal data that Bank of America has produced.

6. By Order dated December 4, 2018, Plaintiffs' motion to compel data from third-party NYCE, which was filed in the United States District Court for the District of New Jersey as *Mackmin et al. v. NYCE Payments Network, LLC*, 2:18-cv-11517 (D.N.J.), was transferred to this Court pursuant to Rule 45(f). A true and correct copy of the transfer order is attached hereto as Exhibit B.

7. Attached hereto as Exhibit C is a true and correct copy of excerpts of a 2006 report of the Federal Reserve Bank of Kansas City titled *A Guide to the ATM and Debit Card Industry, 2006 Update*.

8. Attached hereto as Exhibit D is a true and correct copy of third-party Fidelity National Information Services Inc's Amended Objections and Responses to Plaintiffs' Third Party Subpoena for Production of Documents, dated October 8, 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of December, 2018 in Washington, D.C.

Jennifer Fountain Connolly

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Steve W. Berman
Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com