**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW MACKMIN, et al.,<br><br>Petitioner,<br>v.<br><br>NYCE PAYMENTS NETWORK, LLC,<br><br>Respondent. | Civil Action No. 2:18-cv-11517<br><br>(Related Case Nos. 1:11-cv-01803; 1:11-cv-01831; 1:11-01882 pending in the U.S. District Court for the District of Columbia)<br><br>**ORDER** |

This matter comes before the Court on the motion (ECF No. 1) by Plaintiffs to compel compliance of third-party NYCE Payments Network, LLC ("NYCE") with subpoenaed production of documents. The subpoenas were issued from the U.S. District Court for the District of Columbia and relate to ongoing litigation there.

The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45 of the Federal Rules of Civil Procedure. Generally speaking, a motion to squash a subpoena must be filed in "the district in which compliance is required." FED. R. CIV. P. 45(d)(3)(A). Here, compliance is required in the District of New Jersey. However, effective December 1, 2013, a significant change was made to Rule 45 through the addition of a new subsection, which allows for courts to transfer a motion under Rule 45 to the issuing court if the party subject to the subpoena consents or if the court finds exceptional circumstances. FED. R. CIV. P. 45(f). Here, NYCE does not consent to transfer; therefore, the Court may only *sua sponte* transfer the motion to compel to the issuing court if exceptional circumstances exist. *See Orix USA Corporation v. Armentrout*, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016) ("Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where

appropriate.") (citing *Parker v. Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, 2015 WL 7308655 (N.D. Ohio Nov. 19 2015)).

The term "exceptional circumstances" is not defined in Rule 45(f), but the Advisory Committee's Note provides some guidance on the application of the rule. The Note indicates that the court's primary concern when considering a Rule 45(f) transfer should be to avoid burdening the local nonparties who are subject to the subpoenas and cautions courts to not assume that the issuing court is in a superior position to resolve the subpoena-related motion. FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). However, the Note states further that transferring the motion to the issuing court "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id*. The Committee counsels that transfer is appropriate when the interests in having the issuing court decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." *Id.*

Courts have considered several factors when deciding whether transfer is appropriate, including the complexity, procedural posture, and duration of pendency. *Duck v. United States Securities and Exchange Commission*, 317 F.R.D. 321, 323-24 (D.D.C. 2016); *see also Victim Services, Inc. v. Consumer Financial Protection Bureau*, 298 F.Supp.3d 26 (D.D.C. 2018) (finding that the resolution of the subpoena-related motion could substantially interfere with the issuing court's management of the underlying class action and that that potential interference outweighs any potential burden on the on the non-party.).

Here, the subpoenas at issue stem from multiple complex antitrust class actions that have been pending for more than seven years in the District of Columbia. While mere familiarity of the

case does not in itself constitute exceptional circumstances, the scale, duration, and complexity of the underlying cases favor transferring so as to not disrupt the District Court's management of the underlying action. Additionally, similar to *Victim Services*, the possible relevancy of NYCE's data to class certification further suggests to this Court that the issuing court is the most appropriate arbiter of this dispute.

The Court understands that the distance between New Jersey and Washington D.C. might impose a slight burden on NYCE, but because of NYCE's size and access to resources, as well as the fact that parties have already briefed the subpoena-related motion, the Court does not find that the burden on NYCE outweighs the countervailing factors that favor transfer.

For the reasons stated above, Plaintiffs' Motion to Compel is transferred to the United States District Court for the District of Columbia.

**ACCORDINGLY, IT IS** on this 4th of December, 2018,

**ORDERED** that Plaintiff's Motion to Compel (ECF No. 1) is hereby transferred to the United States District Court for the District of Columbia**.**

**ORDERED** that this cause of action is closed.

*s/Cathy L. Waldor*

**CATHY L. WALDOR**
**United States Magistrate Judge**