**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>*v*.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v*.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>*Plaintiff*,<br><br>*v*.<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT STATUS REPORT**

## I. DISCOVERY STATUS AND CLASS CERTIFICATION DEADLINE[1]

**ATM Operator Plaintiffs' Position**

Although discovery is being sought by two separate Plaintiff Groups—the ATM Operator Plaintiffs and the Consumer Plaintiffs—in three separate cases, Mastercard refuses to permit the Plaintiff Groups together to adduce more than one 7-hour day of deposition testimony (with the exception of a single noticed deposition, which Mastercard offers to extend a mere 2 hours). The Scheduling Order entitles both Consumer and Operator Plaintiffs to separate, full depositions of any noticed witness.[2] Additionally, Mastercard has not yet produced transaction-level data for the period 2007-2010 (this case was filed in October 2011), which should have been produced in July 2018. As a result, none of the Noticed Mastercard depositions have been completed.

Third-party subpoenas issued by the ATM Operators for data maintained by the banks that sponsor ATM Operators remain outstanding. MetaBank, which sponsors the greatest number of ATM Operators, has promised to respond by mid-March. It is possible that one or more of the five sponsoring banks will seek an order quashing its subpoena. The ATM Operator Plaintiffs adopt the report of the Consumer Plaintiff regarding the status of other third-party discovery germane to the ATM Operator Plaintiffs' case, as set forth below.

The complexity of the ATM industry and its organization is apparent. Critical discovery remaining outstanding from numerous sources, including Mastercard, should not be artificially constrained. The ATM Operator Plaintiffs respectfully submit that devoting additional time to completing discovery and to evaluating and preparing the evidence related to class certification

[1] Plaintiffs respectfully request that the page limit for this Status Report be enlarged from three to four pages to accommodate the issues the parties wish to raise with the Court.

[2] *See* Amended Scheduling Order, No. 1:11-Cv-01803-RJL, Dkt. No. 148, Nov. 8, 2018 at ¶ 6 ("Number of Depositions: Plaintiffs may schedule up to 6 depositions per [each of the two] Defendant Group[s] without leave of court. … Depositions taken by the ATM Operator Plaintiffs will not be counted towards the Consumer Plaintiffs' total.") (footnote defining the two Defendant Groups omitted).

is proportional to the significance, size, and scope of this litigation.

**Consumer Plaintiffs' Position**

Consumer Plaintiffs' pending Motion to Extend the Class Certification Deadline to June 28, 2019 (11-cv-1831, # 151) was predicated on the expectation that, with few exceptions, data productions would be completed by the end of February 2019. Through no fault of Consumer Plaintiffs, this target will not be met. Just days ago, Chase revealed that it is producing ***four additional*** databases that it failed to disclose previously. These databases, along with a corrected dataset Chase is reproducing, will not be provided until early ***April 2019***. MasterCard is also supplementing its data production, but only began its supplemental production last week.

Third-party data productions also are incomplete despite Consumer Plaintiffs' diligence. Consumer Plaintiffs' motions to compel data from NYCE, AFFN, and FNIS have been transferred to this Court (*see* 19-mc-00002; 19-mc-00018), and the Mackmin Plaintiffs' motion to compel First Data is pending in the Northern District of Georgia. Negotiations continue with multiple other third parties who have not produced data. Consumer Plaintiffs also have essential data clarification questions pending with nearly all third parties and Defendants.

Recent events have also cast doubt on the completeness of document productions. In particular, the Mackmin Plaintiffs have learned that Chase produced no contemporaneous documents relating to a critical 2008 increase in its ATM access fees. Several Chase depositions have been deferred as a result of this discrepancy, which may require a supplemental production.

Given these developments, Consumer Plaintiffs believe it is appropriate to extend the class certification deadline to August 14, 2019. Provided data productions are completed by the end of April 2019, this extension will preserve the 14-week gap the Scheduling Order sets between the completion of productions and class certification. *See* 11-cv-1831, # 148 ¶ 3.

Finally, the Scheduling Order entitles both Consumer and Operator Plaintiffs to separate, full depositions with any noticed witness. *See id.* ¶ 6. Plaintiffs nevertheless offered to limit to 10 hours the deposition of any witness noticed by both Plaintiff groups. Mastercard has rejected this compromise and, in defiance of the Scheduling Order, is insisting that Mastercard witnesses noticed across multiple cases will sit for no more than 7 hours (with the exception of a single noticed deposition, which Mastercard offers to extend a mere 2 hours).

**<u>Defendants' Position</u>**

Defendants are concerned about further extending the case schedule, in light of Plaintiffs' pattern of dilatory and wasteful discovery practices, two of which we address below.

First, Plaintiffs have insisted that each Mastercard witness appear for two days of deposition testimony, even though Rule 30(d)(1) authorizes only one seven-hour day. Plaintiffs claim the Scheduling Order in this matter authorizes this approach. It does not. In light of Operator and Consumer Plaintiffs' representation that their claims and theories of liability were distinct and would require different *witnesses*, the Scheduling Order authorized each plaintiff group to notice the deposition of six Mastercard witnesses, *See* No. 11-cv-01803-RJL, ECF No. 86 at 33 ("[O]ne of the issues that we will have to grapple with is that we have three different plaintiffs' groups who will not necessarily all want to depose the same witnesses."). Nothing in the Scheduling Order authorized an automatic enlargement of time to two days of testimony when the Operator and Consumer Plaintiffs request testimony from *the exact same* witness.

Plaintiffs' position also defies this Court's instructions to maximize efficiency: "Less is more. And this notion of more documents, more depositions, more experts, that might be good for billable hours and running up bills and things, but it is not good for getting this case, these cases resolved." *Id.* at 48. The depositions that Plaintiffs have taken so far underscore the

problem. Seven Plaintiffs' attorneys appeared in person (and more by phone) at Visa's recent depositions, with multiple lawyers examining the witnesses for hours on the same topics.

Mastercard has offered Plaintiffs additional time for the deposition of witnesses where Operator and Consumer Plaintiffs have identified different lines of inquiry they wish to pursue. Plaintiffs agreed on February 5, 2019 to assess each witness on an individual basis and confer with Mastercard about reasonable deposition durations. With respect to the first-scheduled Mastercard witness, Plaintiffs realized not only that they did not need two days of examination, but they did not need to depose the witness *at all*. Plaintiffs withdrew her notice less than two weeks before her agreed-upon deposition date. Since then, Plaintiffs have refused to meet and confer with Mastercard on the issue and have instructed Mastercard to "either seek relief from the Court or subject itself to discovery sanctions."

Plaintiffs' insistence that they have a blanket right to take two-day depositions of all Mastercard deponents, regardless of actual need and without concern for burden, is improper. Mastercard looks forward to discussing this issue with the Court at the February 22 status conference and is prepared to move immediately after the conference for an order protecting its witnesses from cumulative and duplicative multi-day depositions.

Second, Plaintiffs' questions about Chase's documents—raised last week and prompting the cancellation of 3 depositions—were their *first* communication of any kind about Chase's production in *over six months* since it was completed. As for Chase's production of discrete supplemental data, some were previewed to Plaintiffs months ago and others prompted by Plaintiffs' own "clarification questions." None of this is cause for further delay.

Dated: February 20, 2019

By: ____/s/____________________________
Jonathan. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: February 20, 2019

By:____/s/______________________________

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com
bens@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: February 20, 2019

By:___/s/________________________________

Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: February 20, 2019

By:___/s/______________________________

Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@arnoldporter.com
matt.eisenstein@arnoldporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: February 20, 2019

By: _____/s/_____________________________

Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: February 20, 2019

By:__/s/________________________________
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: February 20, 2019

By: ____/s/__________________________
Peter E. Greene (D.C. Bar No. 305607)
Boris Bershteyn (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3620
Fax: (917) 777-3620
peter.greene@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: February 20, 2019

By:__/s/____________________________

William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*