**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| MARY STOUMBOS,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**<u>JOINT STATUS REPORT</u>**

## I. DISCOVERY STATUS AND CLASS CERTIFICATION DEADLINE[1]

**ATM Operator Plaintiffs' Position**

Third-party production from the ATM Operators' sponsoring banks remains incomplete and negotiations continue. Other gaps in discovery, addressed below by the Consumer Plaintiffs, remain, including certain ambiguities in Mastercard's data production and the third-party production pending from other ATM networks. Accordingly, the ATM Operator Plaintiffs agree with the position of the Consumer Plaintiffs regarding scheduling and the parameters for Mastercard's Rule 30(b)(6) deposition.

The ATM operator class representatives preserved all potentially relevant documents in their custody or control. Data referred to by defendants below, however, is data created, maintained, and controlled by the ATM operators' processors, which customarily make available a portion of the data through an online portal. All reports or data obtained by the operators from their processors in the ordinary course of business have been produced. In addition, in a series of lengthy on-line sessions in which defendants' counsel were given access to each plaintiff's portal, defendants requested additional processor data, all of which has also been produced.

**Consumer Plaintiffs' Position**

In the last status report (*see* 11-cv-01831, Dkt. 157), Consumer Plaintiffs stated that the June 28, 2019 class certification motion deadline should be extended to August 14, 2019. As noted then, the June 28 proposed deadline was predicated on the expectation that, with few exceptions, data productions (including resolution of questions about those productions) would be complete by February 2019.[2] Although Defendants have now largely completed their data

---

[1] Plaintiffs respectfully request that the page limit for their portion of Status Report be enlarged from 1.5 to 2.5 pages to accommodate the issues the parties wish to raise with the Court.

[2] Defendants' Appendix B to this Joint Status Report shows requested extensions to the class

productions, many important questions regarding those productions—including questions pending for some time—remain, despite Plaintiffs' diligent efforts to obtain answers. As discussed below, it appears that Consumer Plaintiffs also will need to ask further questions at upcoming depositions, even though they sought to resolve those issues in writing long ago.[3]

Third-party data productions also are also incomplete despite Consumer Plaintiffs' diligence. Their motions to compel data from NYCE, AFFN, and FNIS have been transferred to this Court (*see* 19-mc-00002; 19-mc-00018) and remain pending. Negotiations continue with multiple other third parties who have not produced data, and Consumer Plaintiffs have essential data clarification questions pending with nearly all third parties.

Given these outstanding issues relevant to their motions for class certification, Consumer Plaintiffs believe it is appropriate for the Court to extend the class certification deadline to at least August 14, 2019.[4]

Finally, Mastercard has taken the position that Plaintiffs must ask data-related questions at the upcoming Rule 30(b)(6) deposition dates, or else not have the opportunity to depose a Mastercard representative on those issues in the future. Consumer Plaintiffs sought to compromise by deferring data-related 30(b)(6) topics for now, in order to see if the parties can resolve them outside of the deposition room. Mastercard refused, which prompted the Consumer Plaintiffs to request Mastercard's agreement to allow up to 14 hours of on-the-record questioning. Mastercard rejected that proposal as well. Consistent with this Court's instructions

---

certification deadline. Defendants leave out that these extensions were necessitated by substantial delays in Defendants' data productions (including significant production errors by them), along with further delays in third-party discovery. Defendants also stipulated to the June 28, 2019 extension.

[3] That includes data questions at Rule 30(b)(6) depositions of both Mastercard and Chase scheduled for the end of this month.

[4] Appendix A summarizes outstanding party and third-party data issues.

at the last status conference, Plaintiffs have completed all other dual-noticed depositions in *less than* ten hours except where agreed to with the witness. This Mastercard 30(b)(6) deposition stands in a different posture, because it requires Plaintiffs to address complex additional data topics at a single deposition.[5] Accordingly, Consumer Plaintiffs believe it is appropriate to extend Mastercard's 30(b)(6) deposition to 14 hours, with the time to be split between the Consumer and Operator Plaintiffs, each of whom has separately noticed a Rule 30(b)(6) deposition of MasterCard.

As to the additional issues Defendants raise, Consumer Plaintiffs have timely distributed third-party productions in accordance with the parties' agreement to share discovery materials. Consumer Plaintiffs have not refused to distribute any third-party production.

**Defendants' Position[6]**

Defendants do not oppose a reasonable extension of the class certification deadline to a date-certain, if the subsequent case deadlines are similarly extended. However, Defendants do not agree with Plaintiffs' open-ended request for an extension to "at least" August 14, 2019. To date, Plaintiffs have not worked towards a firm deadline (*see* App. B). Fact discovery began over two years ago. Defendants' document and data productions are complete. All but two of Plaintiffs' nineteen noticed depositions of Defendants will be complete by the end of May—and, at Plaintiffs' request, the remaining depositions have been scheduled to occur before the certification motion deadline of June 28, 2019. Although negotiations with third parties have

[5] While Mastercard notes below that Consumer Plaintiffs posed certain data questions on May 17, these were largely follow-up inquiries necessitated by the delayed and incomplete responses Mastercard has provided to date.

[6] Mindful of the Court's preference to receive status reports limited to three pages, Defendants asked Plaintiffs to limit their presentation to one and a half pages, as Defendants have done, and Plaintiffs declined.

been protracted, Defendants expect that resolution of the pending motions to compel will expedite many of the outstanding objections. There is no reason why Plaintiffs should not be able to meet a firm class certification deadline (whether June 28 or August 14).

As to Mastercard's witnesses, the Court has already considered and rejected Plaintiffs' request to depose those witnesses for 14 hours. At our last status conference, the Court directed the parties to confer after seven hours of deposition testimony about whether more time (up to a maximum of three additional hours) is warranted. The Court's instructions required the parties to compromise, and they did. The depositions that followed were 5.5 hours, 6.5 hours, and 12 hours long. Using the pretext of unspecified "ambiguities" and "important questions" about data produced nearly a year ago, Plaintiffs ask the Court to revisit its prior ruling and double their time with Mastercard's witness. The request should be rejected. Mastercard has answered each and every one of Plaintiffs' questions about data, which required investigation and review of voluminous records. A reasonably prepared corporate representative could not be expected to answer them unless the specific questions were presented well in advance of the deposition. On May 17 (less than two weeks before the deposition), Plaintiffs identified new questions about data. Mastercard will conduct a reasonable investigation and respond to those questions as well, most likely by letter in advance of the deposition. Plaintiffs' May 17 questions, which likewise require research, do not weigh in favor of enlarging their time with Mastercard's witnesses (and certainly not by seven hours) or reconsidering the Court's prior resolution of this issue.

Defendants will wish to discuss two additional issues at the conference. First, early in the discovery period, the parties agreed to share documents produced by third parties in response to subpoenas served in these cases. Contrary to that agreement, in some instances, Plaintiffs have not timely notified Defendants of third-party productions. In one instance, Plaintiffs have also

not been willing to produce the documents to Defendants. Second, Defendants have requested that the ATM Operator Plaintiffs produce transaction data that covers the class period. Some ATM Operator Plaintiffs have not retained that data, including for the time period since filing this action, and as a result the data is not available to Defendants in this litigation.

Dated: May 20, 2019

By: /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com
bens@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: May 20, 2019

By: /s/ Douglas G. Thompson
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: May 20, 2019

By: /s/ Jonathan L. Rubin
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jodie M. Williams (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
jwilliams@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Garner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: May 20, 2019

By: /s/ Mark R. Merley
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@arnoldporter.com
matt.eisenstein@arnoldporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: May 20, 2019

By: /s/ Kenneth A. Gallo
Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: May 20, 2019

By: /s/ Michael B. Miller
Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: May 20, 2019

By: /s/ Boris Bershteyn
Boris Bershteyn (*pro hac vice*)
Harry P. Koulos (Bar No. NY0235)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3000
Fax: (212) 735-2000
boris.bershteyn@skadden.com
harry.koulos@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: May 20, 2019

By: /s/ William F. Cavanaugh, Jr.
William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

# APPENDIX A

| Third Party | Outstanding |
|---|---|
| **Accel** | Clarification questions and request for data supplementation pending. |
| **Allpoint** | Nothing pending. |
| **Armed Forces Financial Network ("AFFN")** | Pending motion to compel filed on July 20, 2018 and transferred to this Court by order dated February 5, 2019. *See* Case # 1:19-mc-00018-RJL (D.D.C.). |
| **BOKF** | Nothing pending. |
| **Cardtronics** | Cardtronics has objected to producing network and fee data but has indicated it may reassess following the outcome of the motions to compel pending against AFFN, FNIS, and NYCE. |
| **Citizens Bank** | The Operator plaintiffs have served subpoenas for data on Citizens' sponsored ISOs via personal service on Citizens' registered agent, and also via mail. There has been no response from Citizens, and voicemails to headquarters have gone unanswered. The Operators are now preparing a motion to compel to be filed in Rhode Island and will request transfer to this court. |
| **Columbus Data** | Clarification questions and request for data supplementation pending. |
| **Co-Op** | Nothing currently. Plaintiffs no longer pursuing data from Co-Op. |
| **CU24** | Clarification questions pending; CU24 sold to FNIS in early 2019. |
| **Elan** | Clarification questions and request for data supplementation pending. |
| **EFX** | Nothing currently. Plaintiffs no longer pursuing data from EFX. |
| **Evolve Bank** | Initial production received, answers to follow-up questions are pending. |
| **Fidelity National Information Services ("FNIS")** | Pending motion to compel filed on July 20, 2018 and transferred to this Court by order dated February 5, 2019. *See* Case # 1:19-mc-00018-RJL (D.D.C.). |
| **First Data** | Motion to compel pending as of October 15, 2018; production received May 16, 2019. |
| **Fiserv** | Clarification questions and request for data supplementation pending. |
| **Jack Henry** | Partial production made May 9, 2019. |
| **Jeanie** | Clarification questions pending. |
| **NYCE** | Pending motion to compel filed on July 10, 2018; motion transferred to this Court by Order dated December 4, 2018. *See* Case # 1:19-mc-00002-RJL (D.D.C.). |

# APPENDIX A

| | |
|---|---|
| **MetaBank** | Partial production received but key evidence was withheld on grounds of confidentiality. A motion to compel is possible if that dispute is not resolved. |
| **MoneyPass** | Nothing pending. |
| **Payment Alliance International ("PAI")** | Nothing currently. Plaintiffs no longer pursuing data from PAI. |
| **Prosperity Bank** | Initial production received, expecting final production shortly. |
| **Publix Super Markets** | Nothing pending. |
| **Pueblo Bank and Trust** | Expecting initial production shortly. |
| **Pulse** | Data produced on January 25, 2019; clarification questions outstanding (partial response received May 9, 2019). |
| **Shazam** | Clarification questions pending. |
| **Sky Processing** | Production received April 19, 2019; further production anticipated and negotiations over scope of such production ongoing. |
| **Star** | Clarification questions and request for data supplementation pending; 30(b)(6) noticed for June 3, 2019. |
| **Switch Commerce** | Clarification questions pending. |
| **Vantiv** | Negotiations ongoing; Vantiv and Worldpay counterproposal made May 14, 2019. |
| **Worldpay** | Negotiations ongoing; Vantiv and Worldpay counterproposal made May 14, 2019. |

| Party | Outstanding |
|---|---|
| **Visa** | Plaintiffs analyzing clarification responses received May 17, 2019. |
| **MasterCard** | Clarification questions pending and subject to 30(b)(6) deposition scheduled for May 30, 2019. |
| **Chase** | Unanswered data clarification questions pending and subject of 30(b)(6) deposition scheduled for May 30, 2019. |
| **Bank of America** | Plaintiffs analyzing clarification responses received May 10, 2019. |
| **Wells Fargo** | Plaintiffs analyzing clarification responses received May 6, 2019. |

# APPENDIX B

| Plaintiffs' Requested Class Certification Deadline Extensions | | |
|---|---|---|
| **Joint Status Report/Order** | **Deadline at Time of Request** | **Plaintiffs' Requested Extension** |
| **Scheduling Order February 1, 2018 (ECF No. 135)** | **Class certification deadline September 28, 2018** | |
| Joint Status Report May 16, 2018 (ECF No. 140) | September 28, 2018 | January 28, 2019 (123 days after original deadline) |
| Joint Status Report July 13, 2018 (ECF No. 143) | December 2, 2018[1] | January 31, 2019 (126 days after original deadline) |
| Joint Status Report August 6, 2018 (ECF No. 144) | December 2, 2018 | March 29, 2019 (183 days after original deadline) |
| Joint Status Report September 24, 2018 (ECF No. 146) | December 2, 2018 | April 12, 2019 (197 days after original deadline) |
| **Amended Scheduling Order November 8, 2018 (ECF No. 148)** | **Class certification deadline modified to April 12, 2019** | |
| Joint Status Report December 21, 2018 (ECF No. 150) | April 12, 2019 | June 28, 2019 (275 days after original deadline) |
| Joint Status Report February 20, 2019 (ECF No. 157) | April 12, 2019 | August 14, 2019 (322 days after original deadline) |
| **Minute Order May 2, 2019** | **Class certification deadline amended *nunc pro tunc* to June 28, 2019** | |

[1] Although the Court did not enter an order to this effect, at the May 18, 2018 conference the Court permitted an extension until December 2, 2018. *See* Joint Status Report for July 16, 2018 Conference, ECF No. 127.