**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiff*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| PETER BURKE, *et al.*,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT SUBMISSION REGARDING AMENDED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. Rule 16(b)(4) and LCvR 7 and 16, and for the reasons set forth below, Plaintiffs, The National ATM Council, Inc., *et al.*, Andrew Mackmin, *et al.*, and Peter

Burke, *et al.* (collectively "Plaintiffs") and Defendants[1] in the above-captioned cases, respectfully make this joint submission regarding the parties' competing requests for the Court to enter a Proposed Amended Scheduling Order filed herewith. Plaintiffs' proposed order is attached hereto as Exhibit A. Defendants' proposed order is attached hereto as Exhibit B, and a redline reflecting the differences between Plaintiffs' and Defendants' proposed orders is attached hereto as Exhibit C. The parties provide their respective views on their proposed version of the Amended Scheduling Order below.

On June 6, Defendants sent their version of the Proposed Amended Scheduling Order to Plaintiffs and requested Plaintiffs' consent to file. On June 10, Plaintiffs responded with their proposed additional modifications and requested Defendants' agreement or comments. Defendants rejected Plaintiffs' proposed modifications the following day, stating that they would agree only to an amended scheduling order reflecting the issues discussed at the May 24 discovery conference.

**PLAINTIFFS' POSITION**

Plaintiffs' proposed order differs from Defendants' proposal only with respect to the deadline for Plaintiffs' reply to Defendants' opposition to motions for class certification and the close of fact discovery. The current scheduling order in this matter (*e.g.*, ECF No. 131, Case No. 11-cv-01803 ("Scheduling Order")), was entered on November 6, 2018 and established several deadlines, including a deadline for Plaintiffs to file motions for class certification by April 12, 2019. During the informal discovery conference before the Court on May 24, 2019, the Court

---

[1] "Defendants" means Visa Inc., Visa U.S.A. Inc., Visa International Service Association, Plus System Inc., Mastercard Incorporated, Mastercard International Incorporated d/b/a Mastercard Worldwide, Bank of America, N.A., NB Holdings Corp., Bank of America Corporation, Chase Bank, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Wells Fargo & Company, and Wells Fargo Bank, N.A.

continued the deadline for Plaintiffs to submit motions for class certification to September 20, 2019. During that conference, Defendants agreed to the September 20, 2019 deadline, but stated that they believed it was proper to extend all other deadlines correspondingly. Plaintiffs raised no objection to that request and the Court asked the parties jointly to submit an Amended Scheduling Order.

In the days following the May 24 informal discovery conference, Plaintiffs considered what the schedule would look like under Defendants' proposal. As relevant here, fact discovery would close four days after Defendants submitted their opposition to Plaintiffs' class certification motions, and Plaintiffs would have only 30 days for class certification replies, whereas Defendants would have 90 days (or more) to oppose those motions. If standard practice holds, Defendants also will likely submit one or more detailed economic expert reports in opposition to the motions. Based on these observations, Plaintiffs accordingly sought to incorporate two additional minor modifications to the schedule in addition to extending the deadline for plaintiffs' class certification motions and extending all other deadlines commensurately.

First, rather than closing fact discovery four days after Defendants' class certification oppositions are due, Plaintiffs propose modifying the case schedule so that "fact discovery shall close *60 days after the Court's ruling on plaintiffs' motions for class certification*." Ex. A at 2.[2]

Second, the current order provides that "plaintiffs in each action shall file any replies and all supporting materials, including any rebuttal expert reports, no later than 30 days after the service of defendants' opposition papers." Scheduling Order, at 2. Plaintiffs therefore seek to

[2] The *Mackmin* and *Burke* plaintiffs' position is that in the event the Court is not inclined to tie the close of fact discovery to the date of its decision, the *Mackmin* and *Burke* plaintiffs request that fact discovery continue until briefing on the certification motions closes (*i.e.* when Plaintiffs file their reply briefs).

modify the case schedule to allow Plaintiffs 60 days to file replies and supporting materials after Defendants submit their oppositions to the motions for class certifications rather than 30 days. The current order allows Defendants 90 days to file oppositions to Plaintiffs' motions. *Id.*

Plaintiffs have good cause to request these minor revisions to the current scheduling order and, contrary to Defendants' statements below, the proposals are neither hypothetical nor issues that Plaintiffs "lost" in earlier briefing on the case schedule.[3] As an initial matter, permitting fact discovery to close 60 days after a ruling on class certification allows a short post-certification period for discovery. With little room in the existing schedule for discovery after class certification briefing—and potentially no room for discovery after class certification rulings—the parties are likely to return to the Court concerning any discovery that may be required in preparation for summary judgment or later phases of the litigation. Resolving that issue now promotes efficiency by avoiding the need for additional motion practice and another amendment to the scheduling order. The modifications are minor and will introduce no significant delay.

Furthermore, Plaintiffs' proposal on the close of fact discovery reflects basic fairness; under the current schedule, Defendants will file their class certification opposition briefs—presumably, with one or more detailed expert reports—and fact discovery will then close four days later. Given the significance and complexity of the issues in the three cases coordinated for discovery, reserving a short period of time for discovery throughout the class certification motion process, as well as a short post-certification discovery period, is reasonable and proportional to the needs of the case. As of now, Plaintiffs cannot know what new arguments or facts Defendants

[3] Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." *See, e.g., Myrdal v. District of Columbia*, 2007 U.S. Dist. LEXIS 41220, *4 (D.D.C. 2007) (amending scheduling order to allow more time to complete discovery); *United States v. Kellogg Brown & Root Servs., Inc*., 285 F.R.D. 133, 135 (D.D.C. 2012) (granting an extension of scheduling order's discovery deadline pursuant to Rule 16(b) for good cause shown).

will attempt to introduce, because Defendants have taken no fact depositions and have issued only minimal discovery requests, facts which Defendants do not contest below. In order to prevent surprise, Plaintiffs submit that their extended fact discovery period is reasonable. During the initial briefing on the case schedule, Plaintiffs requested *less* time than it has become obvious this case required (and far less time than Defendants requested). Defendants' arguments then were that they needed more time to conduct discovery, not less. Since then, however, Defendants' discovery conduct has suggested that they do in fact intend to save it all to the end, likely in an attempt to prevent Plaintiffs from responding to Defendants' preferred defensive strategies. In order to prevent surprise from that strategy, Plaintiffs have proposed the post-class certification deadline included in Exhibit A.

Next, Plaintiffs' request for an additional 30 days to prepare class certification reply briefs is similarly reasonable, introduces only minimal delay, and is far more efficient to address now than (as Defendants suggest) in the short 30-day period between when Defendants file their opposition briefs and the reply brief deadline; *i.e.*, during the holidays, between December 20, 2019 and January 19, 2020. Defendants requested a full three months to respond to Plaintiffs' opening briefs, a request to which Plaintiffs did not object. Defendants' refusal to agree now that Plaintiffs may have anything beyond 30 days for reply, along with their refusal to agree that Plaintiffs can seek fact discovery through the completion of class certification briefing (discussed above), raises serious concerns they may attempt to jam Plaintiffs at the last minute with new facts or issues. It also provides Plaintiffs with insufficient time to depose Defendants' class certification expert or experts, and then incorporate that testimony in their reply briefs and have their own experts respond in reply expert reports. Given that, under the new schedule, fact discovery would close on December 24, 2019 (and reply briefs would be due shortly after the holidays), Plaintiffs

believe the 30-day reply period is unreasonably short and unnecessary, particularly when Defendants have repeatedly indicated to the Court and Plaintiffs (including again below) that they might seek even *more* time for their opposition briefs than the 90 days currently allocated under the Scheduling Order.

The Manual for Complex Litigation supports Plaintiffs' proposals by noting that, while pre-certification discovery often focuses on the requirements of Rule 23 and testing whether claims and defenses are susceptible to class-wide proof, post-certification merits discovery focuses on strength or weaknesses of the claims or defenses and tests whether they are likely to succeed. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL") § 21.14 at 256. Accordingly, despite some inquiry into merits that may occur at the class certification stage, it is nonetheless prudent to allow for dedicated merits discovery post-class certification and prior to summary judgment.[4] Plaintiffs have pursued substantial merits discovery up until now, but they may need to seek additional discovery depending on what Defendants argue in opposition to class certification; a schedule that reflects that straightforward fact is, Plaintiffs submit, appropriate.

Defendants argue in opposition to Plaintiffs' proposal that the basic structure of the schedule has remained intact since the Court issued its first iteration of the Scheduling Order, and that Plaintiffs have requested several extensions since. Although true, that does not negate the good cause for Plaintiffs' requested amendments. The class certification deadline extensions have each hinged entirely on the slow status of Defendants', and then third parties', productions. The

[4] A scheduling order in a complex class action must accommodate the needs of the parties both in the certification phase and in preparation for summary judgment and later phases of a case. *See, e.g.,* Fed. R. Civ. P. 23, Advisory Comments to 2003 amendments (stating that it is appropriate for discovery before class certification to be "limited to those aspects [of the merits of the case] relevant to making the certification determination…," and thus implying that post-certification merits discovery is anticipated).

requests here have nothing to do with those prior extensions. Next, the fact discovery deadline and class certification reply briefs extension requests reflect basic fairness and are issues that have not come up before, in any briefing. To the extent Defendants oppose those extensions below, they still do not indicate why doing so comports with the notions of fair play and avoidance of trial by surprise that the Federal Rules embody. Those Rules permit the Court to adjust the schedule as the needs of the case support; Plaintiffs believe that exactly such modifications are proper here.

For these reasons, Plaintiffs respectfully request that the Court enter Exhibit A as the Amended Scheduling Order.

**DEFENDANTS' POSITION**

At the May 24, 2019 status conference, the parties discussed with the Court making two modifications to the scheduling order: (1) extending the deadline for Plaintiffs to move for class certification until September 20, 2019; and (2) extending the other case deadlines by the same amount of time. At the conference, all parties and the Court agreed that Defendants would prepare an amended scheduling order reflecting these two changes and not others. The Court stated that it would schedule a further status conference in September so that the parties could discuss any new issues related to the schedule then, consistent with the Court's practice throughout this case.

Defendants' Proposed Amended Scheduling Order, attached at Exhibit B, implements the two modifications agreed to at the May 24 status conference, as Defendants believe the Court intended. Plaintiffs' proposal, by contrast, attempts to introduce new modifications that were not raised at the conference, some of which relitigate issues that Plaintiffs previously have argued unsuccessfully. Plaintiffs have refused to submit a schedule that reflects the discussion from the conference unless defendants accede to these additional modifications. Defendants respectfully request that the Court proceed as discussed at the May 24 status conference, by entering the

scheduling order attached as Exhibit B and setting a further status conference in September.

* * *

Plaintiffs' new, one-sided modifications to the scheduling order should be rejected.

*First*, Plaintiffs' proposed revisions are premature and inconsistent with the considered, incremental manner in which the Court has managed these cases. This Court has consistently addressed scheduling issues when they become ripe, not based on hypotheticals and conjecture. In their proposal, Plaintiffs now seek an extension of the time to file their reply in support of a class certification motion they have not yet filed, based on conjecture about what Defendants might say in opposition to that yet-to-come motion. Plaintiffs also seek an extension of fact discovery based on what this Court might state in ruling on their yet-to-be-filed class certification motion. This approach puts the cart miles ahead of the horse.

As Defendants repeatedly have alerted the Court and Plaintiffs, Defendants expect to need more time to oppose Plaintiffs' class certification motions. But the amount of time Defendants will need will depend on the contents of those motions, and the parties can discuss further extensions of the case schedule at the next status conferences after the motions are on file. Indeed, Plaintiffs likewise previously obtained multiple extensions of time for their own class certification motions based on case developments as discussed with the Court at status conferences. The Court and parties can continue to discuss whether case developments justify further adjustments to the schedule at upcoming conferences, as they have in the past. There is no need to deviate from that practice now. When Plaintiffs see Defendants' opposition to class certification, they can seek any extension of the time to file their reply brief that is warranted. And once the Court rules on class certification, the parties can discuss whether anything in that decision warrants reopening fact discovery. There is no benefit to making those decisions today based on hypotheticals and

conjecture.

*Second*, Plaintiffs' proposed changes simply seek to reopen long settled scheduling disputes. As long ago as December 2017, both Plaintiffs and Defendants submitted schedules under which class and merits discovery would proceed simultaneously. *See* Dkt. No. 117, at 3, Case No. 11-cv-01803. Under Plaintiffs' proposal at that time, all fact discovery and depositions would be completed in 260 days, and class certification would be filed *after* the close of fact discovery. *Id.* Defendants proposed that fact discovery would close at the same time as Defendants' class certification opposition. *Id.* at 4. The Court's February 2018 initial scheduling order adopted Defendants' proposal on this issue, and that is precisely how these cases have proceeded for nearly two years.

There is no reason to upend the Court's schedule (which closes fact discovery this December) and prolong fact discovery until after the Court decides the Plaintiff groups' multiple class certification motions (which, putting aside extension requests, will not even be fully briefed until January 2020). Such a modification to the schedule in no way can be considered "minor," as Plaintiffs repeatedly argue. There likewise is no merit to Plaintiffs' suggestion that Defendants "have issued only minimal discovery requests" and "intend to save all discovery to the end" in order to surprise Plaintiffs. Over the last two years Defendants have served substantial discovery requests and interrogatories on Plaintiffs and have regularly engaged in third-party discovery.

Plaintiffs also point to the Manual for Complex Litigation to suggest that the Court should allow for bifurcated class and merits discovery, but where (as here) class and merits issues overlap, courts routinely require parties to engage in merits and class discovery simultaneously as a matter of efficiency. *See, e.g.*, *Hines v. Overstock.com, Inc.*, No. 09-cv-991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) (collecting cases). If Plaintiffs later believe that good cause exists for

additional discrete discovery after the discovery period is set to close, Plaintiffs can raise it at the appropriate time. *See* Dkt. 131, ¶ 7, Case No. 11-cv-01803 (providing that any party may seek modification of the scheduling order for good cause).

Similarly, the Court previously rejected Plaintiffs' request to provide more than 30 days for their reply briefs, before Plaintiffs even move for class certification. *See* Dkt. No. 117, at 5, Case No. 11-cv-01803 (Plaintiffs proposing 45 days and Defendants proposing 30 days); Dkt. No. 118, at 2, Case No. 11-cv-01803 (adopting 30 days). Plaintiffs now claim to have "serious concerns" that Defendants "may attempt to jam Plaintiffs" by raising new issues on class certification "at the last minute." The suggestion that Defendants may seek to "jam" Plaintiffs is ironic, given the number of times Defendants have consented to Plaintiffs' requests for more time to file their class certification papers. In any event, there is no need to extend Plaintiffs' time on reply in the abstract -- before Plaintiffs have filed their class certification motions, before Defendants know how much time they may need for oppositions, and before Plaintiffs even have seen Defendants' oppositions. The parties can confer about the briefing schedule for later briefs at an appropriate time and, with any luck, reach agreement on these issues without burdening the Court.

For the foregoing reasons, Defendants respectfully request that the Court enter Defendants' proposed scheduling order, as discussed at the last status conference. Defendants further request that the Court schedule another status conference for late September 2019, after Plaintiffs have filed their class certification papers, so that the parties and Court can discuss the case schedule at that time.

Dated: June 28, 2019

By: /s/
Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
600 W. Broadway Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Gardner d/b/a SJI; Turnkey ATM Solutions, LLC; Trinity Holdings Ltd, Inc.; and T&T Communications, Inc. and Randal N. Bro d/b/a T & B Investments*

Dated: June 28, 2019

By: /s/

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: June 28, 2019

By: /s/
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Michael G. McLellan (D.C. Bar # 489217)
mmclellan@finkelsteinthompson.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: June 28, 2019

By: /s/
Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
Rosemary Szanyi (D.C. Bar No. 997859)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@arnoldporter.com
matt.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: June 28, 2019

By: /s/

Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
Mitchell D. Webber (D.C. Bar No. 1024005)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: June 28, 2019

By /s/

Michael B. Miller (D.C. Bar No. NY0140)
Mark P. Ladner (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Tel.: (212) 468-8000
Fax: (212) 468-7900
mladner@mofo.com
mbmiller@mofo.com

*Counsel for Defendants Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation*

Dated: June 28, 2019

By: /s/

Boris Bershteyn (*pro hac vice*)
Harry P. Koulos (Bar No. NY0235)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel.: (212) 735-3000
Fax: (212) 735-2000
boris.bershteyn@skadden.com
harry.koulos@skadden.com

*Counsel for Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A.*

Dated: Dated: June 28, 2019

By: /s/

William F. Cavanaugh, Jr. (*pro hac vice*)
Daniel S. Ruzumna (D.C. Bar No. 450040)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pwbt.com
druzumna@pbwt.com

*Counsel for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*