**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PETER BURKE, *et al.*,

Plaintiff,

v.

VISA INC., *et al.*,

Defendants.

No. 1:11-cv-01882-RJL

**INDEPENDENT ATM CONSUMERS' OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO FILE A CONSOLIDATED BRIEF OPPOSING CLASS CERTIFICATION**

Like both other plaintiff groups, the Independent ATM consumers oppose Defendants' expedited motion for leave to file a consolidated opposition to class certification. Each case pursues claims on behalf of different classes and, accordingly, relies on different record evidence and testimony in pursing class certification. These differences are precisely why the cases were consolidated, ***not*** coordinated.

While Plaintiffs have cooperated with each other and with Defendants to coordinate efforts where possible, Defendants' proposal here would confuse the issues and prejudice Plaintiffs. Merits aside, Defendants filed their motion a week before their oppositions' due date, but five months after the parties agreed on the current briefing structure, requiring a fully avoidable request for expedited treatment. For all these reasons, this Court should deny Defendants' motion.

Three reasons predominate for denying Defendants' request.

First, each group supports its individual certification motion with a different expert report from a different expert economist, each of whom proposes a class-wide methodology, relying on different data sets and involving different record evidence, for proving antitrust impact and aggregate damages. Because each certification motion must be considered on its own merits, clarity requires that Defendants separately oppose each plaintiffs' group's motion to avoid masking these differences.

Second, and relatedly, the independent nature of each of the three cases counsels in favor of maintaining separate class certification records. Separate records will not just aid future proceedings in this Court (by keeping it clear what arguments Defendants raised against what plaintiffs, thereby preventing any conflation of issues unique to one group with the others), but also in the Court of Appeals if a party in one case pursues a Fed. R. Civ. P. 23(f) petition for interlocutory review following this Court's decision on certification (or if the Court of Appeals accepts review in less than all of the cases).

Third, Defendants' claims of efficiency are illusory. While there may be superficial overlap in the legal standards and some (but not all) of the facts across the cases, outlining the relevant legal standards will take little space and the central common fact across the cases (the existence of the Access Fee Rule) is not in dispute. But even a casual review of the parties' respective certification motions and supporting expert materials shows Defendants' claim of "***significant*** overlap" in the parties' theories of injury and causation is simply wrong. This, no doubt is why Defendants' proposal maintains their ability to file separate, 45-page *Daubert*

motions in each case. Indeed, Defendants' proposal simply encourages them to inflate their *Daubert* motions by shifting individual arguments to those briefs. That is not efficiency.

As such, this Court should deny Defendants' request.

Dated: February 12, 2020

Respectfully submitted,

/s Michael G. McLellan
Michael G. McLellan (D.C. Bar # 489217)
Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
1077 30th Street, NW, Suite 150
Washington, D.C. 20007
Telephone: (202) 337-8000
mmclellan@finkelsteinthompson.com

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*