**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br>*Plaintiff*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 1:11-Cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 1:11-Cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| PETER BURKE,<br>*Plaintiff*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 1:11-Cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT STATUS REPORT**

On March 20, 2020, pursuant to a stipulation between the parties, the Court temporarily adjourned all remaining class certification deadlines and ordered the parties to provide the Court with "a status report within thirty (30) days of this Order regarding their views on when and how to reinstate a revised class certification schedule, or, alternatively, whether to continue to review the news and provide the Court with another status report at a later date." The parties have met and conferred in accordance with that Order and provide the following status report.

## I. PLAINTIFFS' POSITION

Plaintiffs have conferred amongst themselves and differ in their views on the best next steps at this time. Their respective positions are set forth below.

### A. *ATM Operators* and *Burke* Plaintiffs' Position

The *ATM Operator* and *Burke* plaintiff groups both favor a continuation of the current adjournment of all case deadlines for an additional 30 days, during which period the parties will monitor the status of COVID-19 mitigation efforts to determine whether and when the deposition testimony of defendants' expert witnesses may be scheduled to be taken by conventional means. The *ATM Operator* and *Burke* plaintiff groups propose that all parties report back to the Court in a Joint Status Report to be filed prior to the close of the 30-day adjournment, *to-wit* on or before May 19, 2020.

These two plaintiff groups believe that complex class certification expert depositions must be taken in person and not remotely. A deposition involving complex economic testimony of experts over multiple days cannot reasonably be compared to a videoconference of a court oral argument or a routine deposition of a fact witness. Moreover, to require plaintiffs to take the depositions of defendants' only experts remotely would prejudice the plaintiffs' cases unfairly because defendants had the full opportunity to depose plaintiffs' experts in person. Remote online video depositions are unwieldy and costly. In this case we expect that 10 or more

attorneys will want to attend, in addition to the witnesses. Our cases are *coordinated*, not consolidated, and the *ATM Operator* and *Burke* plaintiffs accordingly contend they have the right to take in-person depositions within the timeframe and in manner that we agree to.

Neither of the two Southern District of New York cases the *Mackmin* plaintiffs present to support their excessive proposal involve expert depositions, and *Keurig Green Mt. Singleserve* involves four *consolidated* cases at the outset of fact discovery. See *Keurig*, 383 F. Supp.3d 187, 216 (S.D.N.Y. 2019). Further, there is evidence that the "modern technology" the *Mackmin* plaintiffs tout is unreliable. In *Maldonado v. Apple Inc.,* No. 16-cv-04067 (N.D. Cal. Mar. 13, 2020), ECF No. 197-1) (**Exhibit A**), the parties were forced to abandon conducting "expert depositions by remote conferencing services using reliable and well-regarded court-reporting services with video deposition capabilities where possible" because they encountered "technical difficulties notwithstanding the parties' counsel, court reporting, and IT staffs' best efforts, thus requiring depositions to pause."

Furthermore, it is reasonable to expect that evolving guidance and instructions from federal, state, and local governments in response to on-going mitigation efforts will ease current restrictions that could enable in-person depositions. For example, the Governors of New Jersey, New York, Connecticut, Delaware, Rhode Island, California, Washington, and Oregon recently formed regional groups to work together on safely reopening their economies. Relatedly the Washington Examiner, in an article published April 16, 2020, reported that Dr. Anthony Fauci, the Director of the National Institute of Allergy and Infectious Diseases, believes that the United States could start slowly to reopen the economy in May as coronavirus cases start leveling off in hotspots throughout the country.

The stay-at-home order in Washington D.C .is extended to May 15, only thirty days

away. We submit that it is in the best interests of the case and the parties to wait and see for just a short period of additional time, so that we can maximize the opportunity to agree on a schedule for in-person depositions with a reasonable time, if at all possible. A proposed order is attached as **Exhibit B**.

The *Mackmin* plaintiffs do not allege, nor will they suffer, prejudice if the pause currently in place is extended 30-days to allow for reassessment of COVID-19 conditions.

**B. *Mackmin* Plaintiffs' Position**

As of the date of this status report, each of the states in which counsel reside has put in place social distancing, "stay at home," or other similar orders to help combat the spread of the COVID-19 virus. Some government officials estimate that such orders shall remain in place for at least another month, perhaps longer, and several—including Dr. Fauci, whom the other plaintiff groups cite above—have further stated that any movements to reopen the economy will need to occur in phases so as not to foment a resurgence of the virus. In addition to such official restrictions, health officials have advised that, even when social distancing and stay at home requirements are lifted, individuals with higher risk factors associated with the COVID-19 virus should consider avoiding travel via airplane and train unless necessary.

Fortunately, modern technology allows litigants to connect during these uniquely trying times. The Supreme Court, for example, recently announced it will take argument on certain key cases by teleconference; several state governors and legislatures have issued directives to their respective courts to move litigation forward in reasonable ways via electronic means; and several federal and state courts have begun implementing remote procedures for hearings, status conferences, and—as relevant here—depositions. *See, e.g.*, *Sinceno v. Riverside Church in City of N.Y.*, No. 18-cv-2156 (S.D.N.Y. Mar. 18, 2020), ECF No. 50, at 1 (holding that, due to

COVID-19 virus, "all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means"). Although the *Burke* and *ATM Operator* Plaintiffs argue above that such orders are irrelevant here, the *Mackmin* Plaintiffs respectfully submit that the clear weight of authority, which grows by the day, is that courts at every level are allowing litigation to move forward by utilizing the admittedly imperfect—but safe—solution that remote electronic proceedings represent.

Before the COVID-19 pandemic hit, the parties were near the final stages of the class certification briefing process. Defendants filed their opposition brief and two expert reports in February, and plaintiffs had scheduled deposition dates for each of those two expert witnesses, so they could then file their reply briefs on April 20. Since the Court's March 20 Order, it has become increasingly apparent that social distancing and travel limitations will persist for some time, with all doing their part to prevent the further spread of this virus. However, it is also clear that litigants can proceed in a safe and conscientious manner on many tasks, such as depositions, that can be conducted remotely. If that is done here, this longstanding case can move forward efficiently toward resolution, for the benefit of all parties. Indeed, in meet and confers regarding this joint status report, Defendants stated they do not object to proceeding now with remote depositions.

Given all of the above, the *Mackmin* Plaintiffs respectfully believe it is appropriate to reinstate the class certification schedule now by ordering the parties to proceed with remote depositions of Defendants' proffered class certification experts, followed by reply briefs at an appropriate time after the conclusion of those depositions; *e.g.*, approximately 30 days later. The *Mackmin* Plaintiffs recognize that their preference to proceed is at odds with the *Burke* and *ATM Operator* Plaintiffs, who, as they note above, prefer to conduct in-person depositions and

therefore propose waiting an additional 30 days to submit a further status report regarding if and when in-person depositions might be possible.

Based on current information about the pandemic's continuing spread, the multiple extensions to stay at home orders that have already occurred (including in Washington, D.C.), statements that any reopening of the economy will only occur in slow phases, and the general need to move this near-decade-old case forward, the *Mackmin* Plaintiffs respectfully cannot agree to the open-ended extension the other Plaintiff groups propose. Moreover, based on past experience, the *Mackmin* Plaintiffs do not believe expert depositions are so obviously unique that they should be held off indefinitely unless they can be taken in person, as the other plaintiff groups suggest.

Nevertheless, the *Mackmin* Plaintiffs understand the desire to opt for in-person depositions, if they can be conducted without unduly delaying this case. They therefore propose a middle ground: that the Court order Defendants to provide deposition dates for their proposed class certification expert witnesses during the weeks of May 25 and June 1 (one expert each week). If the parties determine that they will be unable to conduct the depositions in person, then the depositions would proceed remotely on the agreed dates. Plaintiffs' class certification replies would then be due by July 1. A proposed order to that effect is attached as **Exhibit C**.

## II. DEFENDANTS' POSITION

Defendants do not oppose the *ATM Operator* and *Burke* plaintiffs' request to monitor events for another thirty days and report back to the Court at that time with the benefit of any additional insight time might provide, and understand that, all else equal, in-person depositions would be preferable. Defendants also do not oppose the *Mackmin* plaintiffs' request to set a deadline for the completion of depositions and briefing on the class certification motion. Either

proposal is acceptable to defendants, provided that the cases proceed as efficiently as possible and without imposing unnecessary burdens or redundancy. As long as defendants' experts are deposed in a single session for all three cases (as the parties previously agreed) and the same deadlines for expert depositions and reply briefs continue to apply to all three cases (as the Court previously ordered), defendants are prepared to proceed under either plaintiff groups' proposal.

Dated: April 20, 2020

By: *_/s/ Steve W. Berman_*
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com
bens@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Steve A. Skalet
(D.C. Bar No. 359804)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Direct Purchaser Consumer Plaintiffs*

Dated: April 20, 2020

By: *\/s\/ Douglas G. Thompson*

Douglas G. Thompson (D.C. Bar # 172387)
dthompson@finkelsteinthompson.com
Rosalee B.C. Thomas (D.C. Bar #492770)
rbcthomas@finkelsteinthompon.com
FINKELSTEIN THOMPSON LLP
3201 New Mexico Avenue NW, Suite 395
Washington, D.C. 20016
Telephone: 202-337-8000
Facsimile: 202-337-8090

Christopher Lovell
clovell@lshllp.com
Gary S. Jacobson
gsjacobson@lshllp.com
Merrick Scott Rayle
mrayle@lshllp.com
LOVELL STEWART HALEBIAN
JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*Interim Class Counsel for the Independent ATM Consumers*

Dated: April 20, 2020

By: *__/s/ Jonathan L. Rubin__*

Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Gardner d/b/a SJI; Turnkey ATM Solutions, LLC; and Trinity Holdings Ltd, Inc.*

Dated: April 20, 2020

By: *__/s/ Mark R. Merley______________*

Mark R. Merley (D.C. Bar No. 375866)
Matthew A. Eisenstein (D.C. Bar No. 476577)
Rosemary Szanyi (D.C. Bar No. 997859)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel.: (202) 942-5000
Fax: (202) 942-5999
mark.merley@arnoldporter.com
matt.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

Dated: April 20, 2020

By: *__/s/ Kenneth A. Gallo______________*

Kenneth A. Gallo (D.C. Bar No. 371253)
Justin Anderson (D.C. Bar No. 1030572)
Donna Ioffredo (D.C. Bar No. 974427)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com

Gary R. Carney (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
gcarney@paulweiss.com

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*