**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PETER BURKE, *et al.*,

Plaintiff,

v.

VISA INC., *et al.*,

Defendants.

No. 1:11-cv-01882-RJL

**[PROPOSED]**
**AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR**
**CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL**

Pursuant to Fed. R. Civ. P. 23(c)(1) and for the reasons set forth in a separate Memorandum Opinion issued August 4, 2021, it is hereby

**ORDERED** that the above captioned *Burke* action is certified as a nationwide class action for injunctive relief and damages pursuant to Fed. R. Civ. P. 23(b)(2) (for injunctive relief) and 23(b)(3) (for damages) for purposes of litigation and trial. The *Burke* Class is defined as follows:

> All persons in the United States who, between October 24, 2007, and the date of certification, were charged an Access Fee for a domestic cash withdrawal transaction at an Independent ATM during the relevant Class Period and who were not fully reimbursed by their bank. A domestic cash withdrawal transaction is a transaction to withdraw cash from a customer's deposit account using an ATM or pin-debit card at an IATM terminal located within the United States, including its Territories; it does not include any credit card transaction or any transaction involving a cash advance or prepaid card. Excluded from the Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

It is **FURTHER ORDERED** that the above captioned *Burke* action is certified as four separate statewide class actions for injunctive relief and damages pursuant to the laws of the states of California, Illinois, Massachusetts, and Michigan for purposes of litigation and trial. Each *Burke* statewide class is defined identically to the nationwide class except that each statewide class is

limited to persons who were charged an Access Fee at an Independent ATM located in the respective state.

It is **FURTHER ORDERED** that the named Plaintiffs Burke, Byrnes, Harrison, and Heiskell have satisfied the requirements set forth in Rule 23(a)(4) and are hereby designated Class Representatives for the *Burke* Class and that the *Burke* Plaintiffs' claims are certified for class treatment within the meaning of Fed. R. Civ. P. 23(c)(1)(B).

It is **FURTHER ORDERED** that Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and (g)(3) of the Federal Rules of Civil Procedure, the Court appoints Douglas G. Thompson Jr. ((D.C. Bar # 172387), of the firm Finkelstein Thompson LLP, and Christopher Lovell (admitted *pro hac vice*), of the firm Lovell Stewart Halebian Jacobson LLP as Co-Lead Class Counsel.

**SO ORDERED.**

Dated: _________________, 2021 ___________________________________

Hon. Richard J. Leon
United States District Judge