**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| ANDREW MACKMIN, *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| PETER BURKE,<br><br>*Plaintiff*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**JOINT SUBMISSION REGARDING PROPOSED CASE SCHEDULE**

Pursuant to the Amended Scheduling Order (*Nat'l ATM Council* Dkt. 147; *Mackmin* Dkt. 172; *Burke* Dkt. 107) and the Court's October 7, 2019 minute order modifying the same, the parties met and conferred and jointly make this submission on their views regarding the remaining case schedule for these coordinated cases. The parties have reached agreement on a number of issues regarding the case schedule. A few differences remain, as discussed further below. For the Court's benefit, a [Proposed] Order setting forth the *Mackmin* and *Burke* groups' proposed schedule is attached hereto as Exhibit A. A [Proposed] Order setting forth the ATM Operator Plaintiffs' and Defendants' proposed schedule is attached hereto as Exhibit B.

Relevant to the following proposals is that, on August 18, 2021, Defendants filed a petition to the D.C. Circuit Court of Appeals under Federal Rule of Civil Procedure 23(f) seeking interlocutory review of the Court's recent Order certifying the classes in each case, a discretionary petition that, at this time, remains pending.

**<u>Joint Schedule Proposal – Merits Expert Discovery</u>**

Following a meet and confer, the parties agreed to the following schedule for merits expert discovery:

> **Plaintiffs' expert reports:** 60 days after the resolution of any Rule 23(f) petition, or February 15, 2022, whichever is later
>
> **Defendants' expert reports:** 90 days after plaintiffs' opening expert reports
>
> **Plaintiffs' rebuttal expert reports:** 45 days after defendants' expert reports
>
> **Expert deposition deadline and close of expert discovery:** 60 days after plaintiffs' rebuttal expert reports

Defendants further state, and have previously communicated to Plaintiffs, that they believe they may need to seek more than 90 days for their expert reports, but that it would be

premature to do so before knowing the scope of Plaintiffs' expert reports. Defendants understand that Plaintiffs reserve their rights on this issue.

**<u>Competing Schedule Proposals – Summary Judgment and *Daubert* Motions</u>**

The parties disagree as to the appropriate timing for deadlines on merits summary judgment and *Daubert* motions.

The *Mackmin* and *Burke* Plaintiffs believe that the parties should file any such motions within 30 days of the completion of expert discovery; more time is unneeded given how long the parties have litigated these cases and how long they will each have in expert discovery (by agreement, 255 days).

The *Mackmin* and *Burke* Plaintiffs propose to remedy Defendants' concern about the timing of class notice and opt-outs (as stated below) by asking the Court not to rule on any summary judgment or *Daubert* motions until after the respective opt out periods end (if they have not already ended by the time briefing is complete on any summary judgment or *Daubert* motions). That tidily resolves the alleged problems (as demonstrated by the fact that it has been applied in other class actions), and it ensures that these decade-old cases do not drag out indefinitely.

As one court recently explained, the one-way intervention rule "requires that class members receive notice and an opportunity to opt out of the class before the court issues a dispositive ruling. It doesn't prevent the parties from briefing summary judgment." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 2836954, at *4 (D. Kan. June 1, 2020) (on this basis, ordering notice plan in parallel to summary judgment briefing, because, "[a]s plaintiffs explain, sufficient time remains for the court to decide summary judgment before the April 13, 2021 trial date but after class notice is complete and the opt-out

period has expired."); *see also, e.g.*, *Sidibe v. Sutter Health*, 2021 WL 3848020, at *2 (N.D. Cal. Aug. 28, 2021) ("Moreover, the court did not issue the summary-judgment order until after the opt-out period to avoid any issues with one-way intervention."); *Red Barn Motors, Inc. v. Cox Auto., Inc.*, 2017 WL 11610289, at *2 (S.D. Ind. Aug. 11, 2017) (ordering notice to class despite defendants' challenge to certification order, so that opt out period could expire, thus allowing the court to address the parties' summary judgment motions); *In re Checking Acct. Overdraft Litig.*, 2013 WL 5774287, at *2 (S.D. Fla. Oct. 24, 2013) (deferring ruling on pending summary judgment motions "until class notice was disseminated to the certified class and the time for opting-out had passed).

For these reasons, the *Mackmin* and *Burke* Plaintiffs' proposal is as follows:

> **MSJ/*Daubert* opening brief deadline:** 30 days after close of expert discovery
>
> **MSJ/*Daubert* opposition brief deadline:** 30 days after opening brief deadline
>
> **MSJ/*Daubert* reply brief deadline:** 30 days after MSJ/Daubert opposition brief deadline
>
> **Decision on any MSJ/*Daubert* motions:** No sooner than the close of the opt out period for the certified class in the case in which the motion(s) were filed

Defendants believe that (a) the schedule should ensure that the class notice and opt out processes are complete before the parties file summary judgment motions, and (b) the parties should have 60 days after the close of expert discovery to file summary judgment and *Daubert* motions. Completing the class notice and opt-out process before any adjudication on the merits protects not only the rights of absent class members but also Defendants because "if the Court were to . . . rule in Defendants' favor, that ruling would not bind the class members who had not received notice and an opportunity to opt out of the lawsuit beforehand." *Darrington v.*

*Assessment Recovery of Washington, LLC*, 2014 WL 3858363, at *4 (W.D. Wash. Aug. 5, 2014); *see also Gessele v. Jack in the Box, Inc.*, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) ("Any prejudice to plaintiffs from a delay in obtaining a summary judgment ruling does not outweigh the prejudice to defendant if an early determination of the summary judgment motion was made prior to the conclusion of the opt-out period."); *accord Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (noting that "it is often more protective of the interests of defendants to begin with the issue of class certification, because only a merits decision made after certification will bind all members of the class"). Accordingly, courts may defer the filing of summary judgment motions until after the class has received notice and had an opportunity to opt out of the case. *See, e.g., Darrington,* 2014 WL 3858363, at *4 (denying plaintiffs' motion for summary judgment "without prejudice to re-filing once the class has received notice and had an opportunity to opt out of this case").

This Court has issued an order certifying the proposed classes in these cases but the class notice and opt out process has not yet begun. Defendants believe that the schedule should ensure that those steps are complete before the parties file summary judgment motions. Indeed, it will be important for Defendants to know who is (and is not) part of each class in deciding what arguments to make against class members on the merits. Moreover, even assuming the class notice and opt out period are complete before the close of expert discovery, Defendants believe that 60 (rather than 30) days thereafter is an appropriate window within which to file summary judgment and *Daubert* briefs, particularly since Defendants expect to bring different motions in each case. Defendants therefore propose setting summary judgment and *Daubert* deadlines to the later of 60 days after expert discovery or the completion of the opt out period in the case for which they want to file such motions.

The ATM Operator Plaintiffs do not object to Defendants' approach, which is as follows:

> **MSJ/*Daubert* opening brief deadline:** The later of 60 days after (a) the close of expert discovery or (b) the close of the opt out period in the case for which Defendants intend to file the motion(s)
>
> **MSJ/*Daubert* opposition brief deadline:** 30 days after opening brief deadline
>
> **MSJ/*Daubert* reply brief deadline:** 30 days after MSJ/Daubert opposition brief deadline

**<u>Competing Schedule Proposals – Pretrial Proceedings</u>**

The final component of the proposed schedules is the date for the pretrial conference and the corresponding date for pretrial statements (*see* LCvR 16.5) and other pretrial filings, such as motions *in limine*.

The two consumer classes, *Mackmin* and *Burke*, propose that the Court set an affirmative pretrial schedule with deadlines keyed off the completion of briefing on any summary judgment or *Daubert* motions. The consumer groups believe this approach balances any party's perceived need to file dispositive motions, while continuing to push these decade-old cases to resolution. The Consumer Plaintiffs further believe that the ATM Operator Plaintiffs' and Defendants' proposal (discussed below) simply extends this case for no good reason, when the parties could instead prepare the case for trial such that they are ready to proceed to a jury whenever the Court rules on any dispositive motions.

Given these positions, the *Mackmin* and *Burke* Plaintiffs' proposal is as follows:

> **Motions *in limine*:** 30 days after MSJ/*Daubert* reply brief deadline
>
> **Motion *in limine* responses:** 14 days after motion *in limine* deadline

**Pretrial statements:** 14 days after motion *in limine* opposition deadline

**Pretrial conference:** 14 days after pretrial statement deadline

The ATM Operator Plaintiffs and the Defendants believe it would be inefficient to undertake the work of preparing pretrial statements and motions *in limine* before the parties know the scope of the cases and expert testimony based on resolution of their motions for summary judgment and *Daubert* motions. ATM Operator Plaintiffs and Defendants therefore propose that the pretrial schedule depend on the date of the Court's resolution of all summary judgment and *Daubert* motions in a case.

Accordingly, the ATM Operator Plaintiffs' and Defendants' proposal is as follows:

**Pretrial statements:** 35 days after resolution of all summary judgment and *Daubert* motions applicable to the case in which the pretrial statement is to be filed

**Pretrial conference:** 14 days after pretrial statement deadline

Dated: September 3, 2021

By: */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com
bens@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Steve A. Skalet
(D.C. Bar No. 359804)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Mackmin Class Co-Lead Counsel*

Dated: September 3, 2021

By: */s/ Douglas G. Thompson*

Douglas G. Thompson Jr
FINKELSTEIN THOMPSON LLP
2201 Wisconsin Ave, N.W.
Washington, DC 20001
Phone: 202-337-8000
Email: dthompson@finkelsteinthompson.com

Christopher Lovell
Gary S. Jacobson
Merrick Scott Rayle
LOVELL STEWART HALEBIAN
JACOBSON LLP
500 Fifth Ave, Suite 2440
New York, NY 10110
Phone: (212) 608 1900

*Burke Class Co-Lead Counsel*

Dated: September 3, 2021

By: *__/s/ Jonathan L. Rubin__*

Jonathan L. Rubin (D.C. Bar No. 353391)
MOGINRUBIN LLP
1615 M Street, NW, Third Floor
Washington, D.C. 20036
Tel: (202) 630-0616
Fax: (877) 247-8586
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Jennifer M. Oliver (*pro hac vice*)
MOGINRUBIN LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
joliver@moginrubin.com

*Counsel for Plaintiffs the National ATM Council, Inc.; ATMs of the South, Inc.; Business Resource Group, Inc.; Just ATMs USA, Inc.; Wash Water Solutions, Inc.; ATM Bankcard Services, Inc.; Selman Telecommunications Investment Group, LLC; Scot Gardner d/b/a SJI; Turnkey ATM Solutions, LLC; and Trinity Holdings Ltd, Inc.*

Dated: September 3, 2021

By: *___/s/ Kenneth A. Gallo______________*

Kenneth A. Gallo (D.C. Bar No. 371253)
kgallo@paulweiss.com
Justin Anderson (D.C. Bar No. 1030572)
janderson@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel. (202) 223-7300
Fax. (202) 223-7420

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

Dated: September 3, 2021

By: *___/s/ Matthew A. Eisenstein__________*

Matthew A. Eisenstein (D.C. Bar No. 476577)
matthew.eisenstein@arnoldporter.com
Rosemary Szanyi (D.C. Bar No. 997859)
rosemary.szanyi@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel. (202) 942-5000
Fax. (202) 942-5999

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*