**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL ATM COUNCIL, INC., *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 11-1803 (RJL) |
| ANDREW MACKMIN, *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 11-1831 (RJL) |
| PETER BURKE, *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 11-1882 (RJL) |

**MEMORANDUM ORDER**
(September 15th 2021)

In the above-captioned coordinated cases, the parties have filed numerous motions to seal in conjunction with briefing plaintiffs' motions for class certification. On August

4, 2021, I granted plaintiffs' motions for class certification. *See* 11cv1803, Mem. Opinion [Dkt. #192]; 11cv1831, Mem. Opinion [Dkt: #234]; 11cv1882, Mem. Opinion [Dkt. #154]. Accordingly, I now turn to addressing the pending motions to seal associated with those motions. Specifically, this Memorandum Order resolves the following motions:

**Civil Action No. 11-1803**:

- Dkt. #184 – ATM Operator Pls.' Unopposed Mot. for Leave to File Under Seal
- Dkt. #186 – Visa and Mastercard Defs.' Unopposed Mot. for Leave to File Under Seal
- Dkt. #187 – ATM Operator Pls.' Unopposed Mot. for Leave to File Under Seal

**Civil Action No. 11-1831**:

- Dkt. #217 – Mot. to Seal
- Dkt. #220 – Visa and Mastercard Defs.' Unopposed Mot. for Leave to File Under Seal
- Dkt. #221 – Pls.' Unopposed Mot. for Leave to File Under Seal

**Civil Action No. 11-1882**:

- Dkt. #145 – Burke Pls.' Unopposed Mot. for Leave to File Under Seal
- Dkt. #147 – Visa and Mastercard Defs.' Unopposed Mot. for Leave to File Under Seal
- Dkt. #148 – Burke Pls.' Unopposed Mot. for Leave to File Under Seal

These motions are similar in many respects. In each, the movant claims the documents at issue should remain under seal because they contain information designated as Confidential or Highly Confidential under the uniform Protective Order applicable to these consolidated cases, *see* 11cv1803 [Dkt. #85]; 11cv1831 [Dkt. #112]; 11cv1882 [Dkt. #61]. The parties also assert that the documents contain sensitive business information that

would do them harm if publicly disclosed. Moreover, all of these motions are unopposed. In light of these similarities, the Court finds it appropriate to consider and rule on these motions collectively.

The decision to permit or restrict public access to judicial proceedings is a discretionary one, requiring consideration of the relevant facts and circumstances of a particular case. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Our Circuit Court has enumerated certain factors that guide this analysis, including "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat. Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

These factors militate in favor of maintaining the documents at issue here under seal. As the parties contend, the documents contain sensitive business information warranting protection under the Protective Order. The public has little legitimate need for this commercial information and the property and reliance interests in continuing to shield the information are significant. Moreover, at this stage, no party, person, or entity opposes maintaining the information under seal. Accordingly, I will grant the above-referenced motions.

The Court is cognizant, however, of the longstanding presumption in favor of public access to judicial proceedings, *see Johnson v. Greater S.E. Comm. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991); *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 119 (D.C. Cir. 2021), and the need to keep from public view only those documents that are necessary to serve the interests at stake. *Johnson*, 951 F.2d at 1278 (holding a sealing order should be "no broader than is necessary to protect those specific interests identified as in need of protection"). The Protective Order embodies these principles by requiring that "where possible, only confidential portions of filings with the Court shall be filed under seal." *See, e.g.*, 11cv1803, [Dkt. #85] ¶ 32. To ensure the scope of the seal remains appropriate and the public maintains sufficient access to judicial proceedings, I will require the parties to file a redacted version of the briefs associated with plaintiffs' motions for class certification on the public docket.

For all the foregoing reasons, it is hereby

**ORDERED** that the above-referenced motions are GRANTED; it is further

**ORDERED** that the Clerk is directed to MAINTAIN UNDER SEAL all documents filed in conjunction with the above-referenced motions; and it is further

**ORDERED** that the movants in the above-referenced motions shall, within thirty (30) days of this Memorandum Order, file on the docket a redacted version of the following documents:

**Civil Action No. 11-1803**:

- Dkt. #184-1 – ATM Operator Pls.' Reply to Defs.' Opp'n to Pls.' Mot. for Class Certification
- Dkt. #186-5 – Visa and Mastercard Defs.' Sur-Reply in Opp'n to Pls.' Mots. for Class Certification and Appointment of Class Representatives and Class Counsel

**Civil Action No. 11-1831**:

- Dkt. #217-1 – Mackmin Consumer Pls.' Reply Mem. in Support of Mot. for Class Certification and Appointment of Class Counsel
- Dkt. #220-5 – Visa and Mastercard Defs.' Sur-Reply in Opp'n to Pls.' Mots. for Class Certification and Appointment of Class Representatives and Class Counsel

**Civil Action No. 11-1882**:

- Dkt. #145-2 – Reply Mem. in Support of Mot. for Class Certification and Appointment of Class Representatives and Class Counsel
- Dkt. #147-5 – Visa and Mastercard Defs.' Sur-Reply in Opp'n to Pls.' Mots. for Class Certification and Appointment of Class Representatives and Class Counsel

**SO ORDERED.**

RICHARD J. LEON
United States District Judge