# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:11−cv−01882−RJL

BURKE v. VISA INC. et al
Assigned to: Judge Richard J. Leon
Cases: 1:11−cv−01803−RJL
1:19−mc−00002−RJL
1:19−mc−00018−RJL
Case in other court: 14−07005
Cause: 15:1 Antitrust Litigation

Date Filed: 10/24/2011
Jury Demand: Plaintiff
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

**Plaintiff**

**MARY STOUMBOS**
*on behalf of herself and all others similarly situated*
*TERMINATED: 06/12/2019*

represented by

**Douglas Graham Thompson , Jr.**
FINKELSTEIN THOMPSON LLP
2201 Wisconsin Avenue NW
Washington DC, DC 20001
202−337−8000
Fax: 202−337−8090
Email: dthompson@finkelsteinthompson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Lovell**
LOVELL STEWART HALEBIAN JACOBSON LLP
500 5th Avenue
Suite 2440
New York, NY 10110
(212) 608−1900
Fax: (646) 398−8392
Email: clovell@lshllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary S. Jacobson**
LOVELL STEWART HALEBIAN JACOBSON LLP
500 5th Avenue
Suite 2440
New York, NY 10110
(914) 234−7174
Fax: (212) 719−4775
Email: gsjacobson@lshllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Merrick Scott Rayle**
LOVELL STEWART HALEBIAN

JACOBSON LLP
500 5th Avenue
Suite 2440
New York, NY 10110
(415) 533−5316
Fax: (212) 719−4775
Email: mrayle@lshllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Glenn McLellan**
U.S. DEPARTMENT OF JUSTICE
450 5th Street NW
Suite 7616
Washington
Washington, DC 20530
202−271−8638
Fax: 202−271−8638
Email: michael.mclellan@usdoj.gov
*TERMINATED: 03/13/2020*

**Richard M. Volin**
VOLIN EMPLOYMENT LAW, PLLC
313 Park Avenue
Suite 200 A
Falls Church, VA 22046
(703) 988−1460
Email: rich@volinemploymentlaw.com
*TERMINATED: 10/18/2012*

**Plaintiff**

**PETER BURKE** represented by **Douglas Graham Thompson , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stan M. Doerrer**
THE LAW OFFICE OF STAN M. DOERRER,PLLC
950 N Washington Street
Alexandria
Alexandria, VA 22314
(703) 348−4646
Fax: (703) 348−0048
Email: stan@doerrerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Lovell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Essenmacher**
LOVELL STEWART HALEBIAN JACOBSON LLP
500 Fifth Avenue, Suite 2440
500 Fifth Avenue,
Suite 2440
New York, NY 10110
212−608−1900
Email: cessenmacher@lshllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary S. Jacobson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Merrick Scott Rayle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Glenn McLellan**
(See above for address)
*TERMINATED: 03/13/2020*

**Robert Olin Wilson**
WILSON LAW PLC
2 South Main Street
Suite 409
Harrisonburg, VA 22802
(540) 430−0122
Email: robert@thewilsonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rosalee Belinda Connell Thomas**
14438 Old Stage Road
Bowie, MD 20016
240−929−4320
Email: rosaleethomas2014@gmail.com
*TERMINATED: 06/30/2020*

**Plaintiff**

**KENT HARRISON** represented by

**Douglas Graham Thompson , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Lovell**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary S. Jacobson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Merrick Scott Rayle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Glenn McLellan**
(See above for address)
*TERMINATED: 03/13/2020*

**Robert Olin Wilson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rosalee Belinda Connell Thomas**
(See above for address)
*TERMINATED: 06/30/2020*

**Plaintiff**

**MARIN P. HEISKELL** represented by **Douglas Graham Thompson , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Lovell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary S. Jacobson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Merrick Scott Rayle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Glenn McLellan**
(See above for address)
*TERMINATED: 03/13/2020*

**Robert Olin Wilson**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rosalee Belinda Connell Thomas**
(See above for address)
*TERMINATED: 06/30/2020*

**Plaintiff**

**BRYAN BYRNES** represented by **Douglas Graham Thompson , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Lovell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary S. Jacobson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Merrick Scott Rayle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Glenn McLellan**
(See above for address)
*TERMINATED: 03/13/2020*

**Robert Olin Wilson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rosalee Belinda Connell Thomas**
(See above for address)
*TERMINATED: 06/30/2020*

V.

**Defendant**

**VISA INC.** represented by **Dylan Scot Young**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
202−942−6740

Email: dylan.young@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen Christine Otto**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942−5389
Fax: (202) 942−5999
Email: Karen.Otto@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew A. Eisenstein**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942−5000
Fax: (202) 942−5999
Email: matthew.eisenstein@apks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rosemary Szanyi**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202−942−6812
Email: Rosemary.Szanyi@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Y. Hong**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
202−942−5612
Email: Cindy.Hong@arnoldporter.com
*TERMINATED: 03/06/2020*
*PRO HAC VICE*

**Mark R. Merley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942−5000

Fax: (202) 942−5999
Email: mark.merley@arnoldporter.com
*TERMINATED: 12/30/2020*

**Defendant**

| | | |
|---|---|---|
| **VISA U.S.A. INC.** | represented by | **Dylan Scot Young**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Karen Christine Otto**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Matthew A. Eisenstein**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Rosemary Szanyi**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Cindy Y. Hong**<br>(See above for address)<br>*TERMINATED: 03/06/2020*<br>*PRO HAC VICE*<br><br>**Mark R. Merley**<br>(See above for address)<br>*TERMINATED: 12/30/2020* |

**Defendant**

| | | |
|---|---|---|
| **VISA INTERNATIONAL SERVICE ASSOCIATION** | represented by | **Dylan Scot Young**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Karen Christine Otto**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Matthew A. Eisenstein**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Rosemary Szanyi** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Y. Hong**
(See above for address)
*TERMINATED: 03/06/2020*
*PRO HAC VICE*

**Mark R. Merley**
(See above for address)
*TERMINATED: 12/30/2020*

**Defendant**

**PLUS SYSTEM, INC.** represented by **Dylan Scot Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karen Christine Otto**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew A. Eisenstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rosemary Szanyi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Y. Hong**
(See above for address)
*TERMINATED: 03/06/2020*
*PRO HAC VICE*

**Mark R. Merley**
(See above for address)
*TERMINATED: 12/30/2020*

**Defendant**

**MASTERCARD INCORPORATED** represented by **Donna M. Ioffredo**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223−7376
Fax: (202) 223−7420

Email: dioffredo@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric R. Sega**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street NW
Washington, DC 20006
202−223−7300
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace Tiedemann**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street NW
Washington, DC 20006
(202) 419−7143
Fax: (202) 379−4113
Email: gtiedemann@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin A. Anderson**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223−7321
Fax: (202) 223−7420
Email: janderson@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Anthony Gallo**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223−7356
Fax: (202) 204−7356
Email: kgallo@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samantha A. Weinberg**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373−3750

Fax: (212) 492−0750
Email: sweinberg@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew C. Finch**
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353−2780
Email: andrew.finch@usdoj.gov
*TERMINATED: 04/05/2017*
*PRO HAC VICE*

**Gary R. Carney**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373−3051
Fax: (212) 492−0051
Email: gcarney@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Anne Morton**
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 843−1642
Email: jmorton@democracyforward.org
*TERMINATED: 01/21/2021*

**Laura E. Cox**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street NW
Washington, DC 20006
(202) 223−7313
Email: lcox@paulweiss.com
*TERMINATED: 03/05/2020*

**Melissa R. Alpert**
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
412−355−3779
Email: Melissa.Alpert@klgates.com
*TERMINATED: 02/03/2021*

**Michelle S. Kallen**
OFFICE OF THE ATTORNEY GENERAL/VA
202 North 9th Street
Richmond, VA 23219
804−786−7704
Fax: 804−371−0200
Email: mkallen@oag.state.va.us
*TERMINATED: 07/10/2018*

**Mitchell D. Webber**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street NW
Washington, DC 20006
202−223−7300
Email: mwebber@paulweiss.com
*TERMINATED: 09/13/2019*

**Zachary Alan Dietert**
U.S. DEPARTMENT OF JUSTICE
450 5th Street NW
Ste 6400−South
Washington, DC 20001
202−616−9027
Email: zachary.a.dietert@usdoj.gov
*TERMINATED: 11/01/2019*

**Defendant**

**MASTERCARD INTERNATIONAL INCORPORATED**
*doing business as*
MASTERCARD WORLDWIDE

represented by

**Donna M. Ioffredo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric R. Sega**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grace Tiedemann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin A. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth Anthony Gallo**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samantha A. Weinberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew C. Finch**
(See above for address)
*TERMINATED: 04/05/2017*
*PRO HAC VICE*

**Gary R. Carney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica Anne Morton**
(See above for address)
*TERMINATED: 01/21/2021*

**Laura E. Cox**
(See above for address)
*TERMINATED: 03/05/2020*

**Melissa R. Alpert**
(See above for address)
*TERMINATED: 02/03/2021*

**Michelle S. Kallen**
(See above for address)
*TERMINATED: 07/10/2018*

**Mitchell D. Webber**
(See above for address)
*TERMINATED: 09/13/2019*

**Zachary Alan Dietert**
(See above for address)
*TERMINATED: 11/01/2019*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/24/2011 | 1 | | COMPLAINT against MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. ( Filing fee $ 350, receipt number 4616043269) filed by MARY STOUMBOS. (Attachments: # 1 Civil Cover Sheet)(jf, ) (Entered: 10/27/2011) |
| 10/24/2011 | | | Summons (2) Issued as to MASTERCARD INCORPORATED, VISA INC.. (jf, ) (Entered: 10/27/201 |
| 10/24/2011 | 2 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF RELATED CASE by MARY STOUMBOS. Case related to Case No. 11−1803. (jf, ) (Entered: 10/27/2011) |
| 11/22/2011 | | | MINUTE ORDER. Four cases filed in this Court, National ATM Council, Inc. v. Visa Inc., No. 11−cv−1803; Barton v. Visa Inc., No. 11−cv−1831; Genese v. Visa Inc., No. 11−cv−1838; Stoumbos v Visa Inc., No. 11−cv−1882, arise from allegations that Visa Inc. and MasterCard Inc., among others, maintain an unlawful horizontal price fixing agreement which has the effect of forcing ATM operators to charge a fee for all ATM transactions that is no less than the fee for a Visa or MasterCard transactio All four cases allege that this agreement violates Section 1 of the Sherman Act, 15 U.S.C. § 1. In light o the common questions of law and fact in these four cases, the Court intends to consolidate them under Fed. R. Civ. Proc. 42(a). The Court directs any party who is of the view that consolidation would be improper to inform the Court of the grounds for its objection by December 2, 2011 at 5:00 pm. Signed by Judge Amy Berman Jackson on 11/22/11. (lcabj1) (Entered: 11/22/2011) |
| 11/29/2011 | | | Set/Reset Deadlines: The Court directs any party who is of the view that consolidation of case Nos. 11−1803, 11−1831, 11−1838, and 11−1882 would be improper to inform the Court of the grounds for i objection by 12/2/2011 at 5:00 PM. (jth) (Entered: 11/29/2011) |
| 12/01/2011 | 3 | | AMENDED CLASS ACTION COMPLAINT against MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. filed by MARY STOUMBOS.(znmw, ) (Entered: 12/02/2011) |
| 12/02/2011 | 4 | | RESPONSE TO ORDER OF THE COURT re Order,,, filed by MARY STOUMBOS. (Attachments: # Text of Proposed Order, # 2 Certificate of Service)(McLellan, Michael) (Entered: 12/02/2011) |
| 12/07/2011 | 5 | | NOTICE of Appearance by Matthew A. Eisenstein on behalf of PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Eisenstein, Matthew) (Entered: 12/07/2011) |
| 12/07/2011 | 6 | | NOTICE of Appearance by Mark R. Merley on behalf of PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Merley, Mark) (Entered: 12/07/2011) |
| 12/07/2011 | 7 | | Unopposed MOTION for Extension of Time to *Respond to Complaint* by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Attachments: # 1 Text of Proposed Order)(Eisenstein, Matthew) (Entered: 12/07/2011) |
| 12/07/2011 | 8 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by VIS INC. (Eisenstein, Matthew) (Entered: 12/07/2011) |
| 12/07/2011 | 9 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by VIS U.S.A. INC. (Eisenstein, Matthew) (Entered: 12/07/2011) |
| 12/07/2011 | 10 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by VIS INTERNATIONAL SERVICE ASSOCIATION (Eisenstein, Matthew) (Entered: 12/07/2011) |
| 12/07/2011 | 11 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by PLU SYSTEM, INC. (Eisenstein, Matthew) (Entered: 12/07/2011) |
| 12/08/2011 | 12 | | NOTICE of Appearance by Kenneth Anthony Gallo on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Gallo, Kenneth) (Entered: 12/08/2011) |
| 12/08/2011 | 13 | | Corporate Disclosure Statement by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. (Gallo, Kenneth) (Entered: 12/08/2011) |
| 12/08/2011 | 14 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Gary R. Carney, :Firm− Paul, Weiss, Rifkind, Wharton & Garrison LLP, :Address− 1285 Avenue of the Americas, New York, NY 10019−6040. Phone No. − 212−373−3000. by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Attachments: # 1 Declaration of Gary R. Carney, # 2 Text of Proposed Order)(Gallo, Kenneth) (Entered: 12/08/2011) |
| 12/09/2011 | | | MINUTE ORDER granting 7 Motion for Extension of Time to Respond to Complaint. The answer/response will be due 1/11/2012 or 20 days after the filing of an amended complaint. Signed by Judge Amy Berman Jackson on 12/9/2011. (MT) (Entered: 12/09/2011) |
| 12/09/2011 | | | Set/Reset Deadlines: Answer/Response will be due either on 1/11/2012 or 20 days after the filing of an amended complaint. (jth) (Entered: 12/09/2011) |
| 12/13/2011 | | | MINUTE ORDER granting 14 Motion for Leave of Gary R. Carney to Appear Pro Hac Vice only upon condition that the lawyer admitted, or at least one member of the lawyer's firm, undergo CM/ECF training, obtain a CM/ECF username and password, and agree to file papers electronically. No court papers will be mailed to any lawyer. Signed by Judge Amy Berman Jackson on 12/13/2011. (MT) (Entered: 12/13/2011) |
| 01/13/2012 | 15 | | Unopposed MOTION for Extension of Time to *Move For Class Certification Pursuant to Local Rule 23.1(b)* by MARY STOUMBOS (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(McLellan, Michael) (Entered: 01/13/2012) |
| 01/18/2012 | | | MINUTE ORDER granting 15 Unopposed Motion for Extension of Time to Move for Class Certification. Plaintiff's obligation, pursuant to Local Civil Rule 23.1(b), to file a class certification motion within 90 days of the filing of their complaints, is suspended until further order of the Court. Signed by Judge Amy Berman Jackson on 1/18/2012. (MT) (Entered: 01/18/2012) |
| 01/23/2012 | 16 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Andrew C. Finch, :Firm− Paul, Weiss, Rifkind, Wharton & Garrison, LLP, :Address− 1285 Avenue of the Americas, New York, NY 10019−6040. Phone No. − 212−373−3000. by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Attachments: # 1 Declaration of Andrew C. Finch, # 2 Text of Proposed Order)(Gallo, Kenneth) (Entered: 01/23/2012) |
| 01/24/2012 | | | MINUTE ORDER granting 16 Motion for Leave of Andrew C. Finch to Appear Pro Hac Vice only upon condition that the lawyer admitted, or at least one member of the lawyer's firm, undergo CM/ECF training, obtain a CM/ECF username and password, and agree to file papers electronically. No court papers will be mailed to any lawyer. Signed by Judge Amy Berman Jackson on 1/24/2012. (MT) (Entered: 01/24/2012) |
| 01/25/2012 | | | MINUTE ORDER. Plaintiff is ORDERED to inform the Court by February 3, 2012 whether he intends to voluntarily dismiss this action in light of the representations made on December 7, 2011 [Dkt. # 7] and the fact that an amended complaint has now been filed in case number 11−1831. Signed by Judge Amy Berman Jackson on 1/25/12. (lcabj1) (Entered: 01/25/2012) |
| 01/26/2012 | | | Set/Reset Deadlines: Plaintiff to inform the Court whether he intends to voluntarily dismiss this action light of the representations made to the Court (ECF #7 on 12/7/11). Plaintiff's notification is due by 2/3/2012. (jth) (Entered: 01/26/2012) |
| 01/27/2012 | | | NOTICE of Hearing: A Status Conference is scheduled for 4/4/2012 at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. (jth) (Entered: 01/27/2012) |
| 01/30/2012 | 17 | | MOTION to Dismiss *Corrected Class Action Complaint* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Attachments: # 1 Text of Proposed Order)(Merley, Mark) (Entered: 01/30/2012) |

| | | | |
|---|---|---|---|
| 01/31/2012 | 18 | | RESPONSE TO ORDER TO SHOW CAUSE by MARY STOUMBOS re Order,. (Attachments: # 1 Certificate of Service)(McLellan, Michael) (Entered: 01/31/2012) |
| 02/01/2012 | | | MINUTE ORDER that the Status Conference scheduled for 4/4/2012 at 10:00 AM is cancelled. Signed by Judge Amy Berman Jackson on 2/1/2012. (jth) (Entered: 02/01/2012) |
| 02/07/2012 | 19 | | Joint MOTION for Briefing Schedule *Regarding the Motions to Dismiss* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Attachments: # 1 Text of Proposed Order)(Gallo, Kenneth) (Entered: 02/07/2012) |
| 02/08/2012 | | | MINUTE ORDER granting 19 Joint Motion for Briefing Schedule re 17 Motion to Dismiss. The opposition to the motion to dismiss will be due 2/29/2012 and the reply will be due 3/21/2012. Signed by Judge Amy Berman Jackson on 2/8/2012. (MT) (Entered: 02/08/2012) |
| 02/08/2012 | | | Set/Reset Deadlines: Opposition to the motion to dismiss is due by 2/29/2012; Reply is due by 3/21/2012. (jth) (Entered: 02/08/2012) |
| 02/29/2012 | 20 | | Memorandum in opposition to re 17 MOTION to Dismiss *Corrected Class Action Complaint Independent ATM Customers' Opposition to Visa and MasterCard Defendants' Motion to Dismiss* filed by MARY STOUMBOS. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(McLellan, Michael) (Entered: 02/29/2012) |
| 03/21/2012 | 21 | | REPLY to opposition to motion re 17 MOTION to Dismiss *Corrected Class Action Complaint* filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Eisenstein, Matthew) (Entered: 03/21/2012) |
| 03/21/2012 | 22 | | REPLY to opposition to motion re 17 MOTION to Dismiss *Corrected Class Action Complaint (CORRECTED)* filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Eisenstein, Matthew) (Entered: 03/21/2012) |
| 04/30/2012 | | | NOTICE of Hearing on Motion: 17 MOTION to Dismiss *Corrected Class Action Complaint*. Motions Hearing set for 9/5/2012 at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. (jth) (Entered: 04/30/2012) |
| 08/29/2012 | | | MINUTE ORDER The parties are directed to submit supplemental briefs, which may not exceed 8 pages each, setting forth the controlling authorities on the following issues: what must plaintiffs in a private antitrust action allege to establish standing to bring the action? In particular, is there a requirement that the plaintiff allege sufficient facts that would support a finding that the plaintiff has suffered an injury in fact? Even if a complaint properly alleges anticompetitive conduct that restrains competition in violation of the antitrust laws, is there also a requirement that the plaintiff must have suffered an actual, economic injury? Or is an allegation that consumer choice has been restricted enough? In other words, what is the test for the sufficiency of the standing/injury−in−fact allegations, and how do these particular complaints satisfy or fall short of that test? Given the upcoming holiday, th submissions will be due on September 11. But if it is possible, the Court would greatly appreciate receiving them prior to the oral argument scheduled on September 5. In any event, the parties should be prepared to address the issue at the hearing. No replies will be permitted, and the submissions should n reargue matters already addressed in previous filings, including: the sufficiency of the allegations of horizontal or hub and spoke conspiracies; whether the practice challenged in this case is actually procompetitive (i.e., that it prevents higher prices, and not lower prices) and therefore could not give ri to an antitrust injury; and/or whether the practice is a most favored nations clause which does not give rise to an antitrust injury. Signed by Judge Amy Berman Jackson on 8/29/12. (DMK) (Entered: 08/29/2012) |

| | | | |
|---|---|---|---|
| 08/29/2012 | | | Set/Reset Deadlines: Supplemental Briefs are due by 9/11/2012. (jth) (Entered: 08/29/2012) |
| 09/04/2012 | 23 | | SUPPLEMENTAL MEMORANDUM to re 17 MOTION to Dismiss *Corrected Class Action Complain* filed by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Merley, Mark) (Entered: 09/04/2012) |
| 09/04/2012 | 24 | | RESPONSE TO ORDER OF THE COURT re Order,,,,,, filed by MARY STOUMBOS. (McLellan, Michael) (Entered: 09/04/2012) |
| 09/05/2012 | | | Minute Entry for Proceedings held before Judge Amy Berman Jackson: Motion Hearing held on 9/5/2012 re: Defendants' 17 MOTION to Dismiss *Corrected Class Action Complaint*. The 17 Motion was Heard and Taken Under Advisement. (Court Reporter Kellie Humiston) (jth) (Entered: 09/05/2012 |
| 10/18/2012 | 25 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MARY STOUMBOS. Attorney Richard M. Volin terminated. (McLellan, Michael) (Entered: 10/18/2012) |
| 02/13/2013 | 26 | | ORDER granting (24) Motion to Dismiss in case 1:11−cv−01803−ABJ; granting (39) Motion to Dismiss; granting (40) Motion to Dismiss in case 1:11−cv−01831−ABJ; granting (17) Motion to Dismiss in case 1:11−cv−01882−ABJ. Signed by Judge Amy Berman Jackson on 2/13/13. (DMK) (Entered: 02/13/2013) |
| 02/13/2013 | 27 | | MEMORANDUM OPINION. Signed by Judge Amy Berman Jackson on 2/13/13. (DMK) (Entered: 02/13/2013) |
| 03/12/2013 | 28 | | ENTERED IN ERROR.....MOTION to Alter Judgment as to 26 Order on Motion to Dismiss,,,,,,, by MARY STOUMBOS (Attachments: # 1 Text of Proposed Order)(McLellan, Michael) Modified on 3/13/2013 (jf, ). (Entered: 03/12/2013) |
| 03/12/2013 | | | NOTICE OF ERROR re 28 Motion to Alter Judgment; emailed to mmclellan@finkelsteinthompson.com, cc'd 10 associated attorneys −− The PDF file you docketed contained errors: 1. Invalid attorney signature (jf, ) (Entered: 03/12/2013) |
| 03/12/2013 | 29 | | MOTION to Alter Judgment as to 26 Order on Motion to Dismiss,,,,,,, *Corrected* by MARY STOUMBOS (Attachments: # 1 Text of Proposed Order)(McLellan, Michael) (Entered: 03/12/2013) |
| 03/13/2013 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 28 MOTION to Alter Judgment as t 26 Order on Motion to Dismiss,,,,,,, was entered in error and refiled by counsel. (See Docket Entry 29 t view document)(jf, ) (Entered: 03/13/2013) |
| 03/22/2013 | 30 | | Memorandum in opposition to re 29 MOTION to Alter Judgment as to 26 Order on Motion to Dismiss,,,,,,, *Corrected* filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC.. (Attachments: # 1 Text of Proposed Order)(Merley, Mark) (Entered: 03/22/2013) |
| 04/01/2013 | 31 | | REPLY to opposition to motion re 29 MOTION to Alter Judgment as to 26 Order on Motion to Dismiss,,,,,,, *Corrected* filed by MARY STOUMBOS. (McLellan, Michael) (Entered: 04/01/2013) |
| 04/15/2013 | 32 | | MOTION for Leave to File *Second Amended Class Action Complaint* by MARY STOUMBOS (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit)(McLellan, Michael) (Entered: 04/15/2013) |
| 04/17/2013 | 33 | | SUPPLEMENTAL MEMORANDUM to re 30 Memorandum in Opposition, filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Merley, Marl (Entered: 04/17/2013) |

| | | | |
|---|---|---|---|
| 04/24/2013 | | | MINUTE ORDER. In light of plaintiffs' motion for leave to amend their complaint and defendants' response, the Court orders defendants to respond in detail to plaintiffs' motion, addressing futility in particular, by May 17, 2013. Plaintiffs' reply is due by May 28, 2013. Signed by Judge Amy Berman Jackson on 4/24/13. (DMK) (Entered: 04/24/2013) |
| 04/26/2013 | | | Set/Reset Deadlines: Defendants Response to Plaintiffs' motion for leave to amend their complaint, directing them to address in particular futility, is due by 5/17/2013. Plaintiffs' reply is due by 5/28/2013 (jth) (Entered: 04/26/2013) |
| 05/17/2013 | 34 | | Memorandum in opposition to re 32 MOTION for Leave to File *Second Amended Class Action Complaint* filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Attachments: # 1 Text of Proposed Order)(Gallo, Kenneth) (Entered: 05/17/2013) |
| 05/28/2013 | 35 | | REPLY to opposition to motion re 32 MOTION for Leave to File *Second Amended Class Action Complaint* filed by MARY STOUMBOS. (McLellan, Michael) (Entered: 05/28/2013) |
| 12/19/2013 | 36 | | ORDER finding as moot (36) Motion to Alter Judgment; denying (39) Motion to Amend/Correct in cas 1:11−cv−01803−ABJ; finding as moot (59) Motion to Alter Judgment; denying (65) Motion for Leave to File in case 1:11−cv−01831−ABJ; finding as moot (29) Motion to Alter Judgment; denying (32) Motion for Leave to File in case 1:11−cv−01882−ABJ. Signed by Judge Amy Berman Jackson on 12/19/13. (DMK) (Entered: 12/19/2013) |
| 12/19/2013 | 37 | | MEMORANDUM OPINION. Signed by Judge Amy Berman Jackson on 12/19/13. (DMK) (Entered: 12/19/2013) |
| 01/10/2014 | 38 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 27 Memorandum & Opinion, 36 Order on Motion to Alter Judgment,, Order on Motion to Amend/Correct, Order on Motion for Leave to File,,,,,, 37 Memorandum & Opinion, 26 Order on Motion to Dismiss,,,,,, by MARY STOUMBOS. Filing fee $ 505, receipt number 0090−3588483. Fee Status: Fee Paid. Parties have been notified. (Attachments: # 1 Certificate of Service)(McLellan, Michael) (Entered: 01/10/2014) |
| 01/12/2014 | 39 | | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 38 Notice of Appeal to DC Circuit Court,. (jf, ) (Entered: 01/12/2014) |
| 01/24/2014 | | | USCA Case Number 14−7005 for 38 Notice of Appeal to DC Circuit Court, filed by MARY STOUMBOS. (jf, ) (Entered: 01/24/2014) |
| 08/04/2015 | 40 | | Case directly reassigned to Judge Richard J. Leon as related to 11−cv−1831(RJL) and 11−cv−1803(RJL). Judge Amy Berman Jackson no longer assigned to the case. (ztnr) (Entered: 08/04/2015) |
| 09/28/2015 | 41 | | NOTICE of Change of Address by Mark R. Merley (Merley, Mark) (Entered: 09/28/2015) |
| 10/23/2015 | 42 | | MANDATE of USCA (certified copy) vacating the district courts December 19th order denying plaintiffs' motion to amend the judgment and remanding for further proceedings as to (47 in 1:11−cv−01803−RJL) Notice of Appeal to DC Circuit Court, filed by ATMS OF THE SOUTH, INC., TURNKEY ATM SOLUTIONS, LLC, BUSINESS RESOURCE GROUP, INC., ATM BANKCARD SERVICES, INC., JUST ATMS, INC., NATIONAL ATM COUNCIL, INC., WASH WATER SOLUTIONS, INC., CABE & CATO, INC., TRINITY HOLDINGS LTD, INC., MILLS−TEL, CORP MEINERS DEVELOPMENT COMPANY OF LEE'S SUMMIT, MISSOURI, LLC, T&T COMMUNICATIONS, INC., SELMAN TELECOMMUNICATIONS INVESTMENT GROUP, LLC, SCOT GARDNER, RANDAL N. BRO, (73 in 1:11−cv−01831−RJL) Notice of Appeal to DC Circuit Court, filed by ANDREW MACKMIN, JOHN EPSELAND, SAM OSBORN, BARBARA INGLIS, an |

| | | | |
|---|---|---|---|
| | | | (38 in 1:11−cv−01882−RJL) Notice of Appeal to DC Circuit Court, filed by MARY STOUMBOS. USCA Case Number 14−7004 (consolidated with 14−7005 and 14−7006). (vt) (Entered: 10/28/2015) |
| 10/30/2015 | 43 | | STIPULATION / *Joint Stipulation and Proposed Order* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Gallo, Kenneth) (Entered: 10/30/2015) |
| 11/23/2015 | | | MINUTE ORDER. Upon consideration of the parties' 43 Stipulation, it is hereby ORDERED that plaintiffs' Second Amended Class Action Complaint [32−3] is deemed filed, and each defendant shall file an answer to the Second Amended Class Action Complaint on or before December 10, 2015. Signe by Judge Richard J. Leon on 11/23/15. (lcrjl1, ) (Entered: 11/23/2015) |
| 11/23/2015 | 44 | | SECOND AMENDED COMPLAINT against MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC. with Jury Demand filed by MARY STOUMBOS.(jf) (Entered: 11/23/2015) |
| 12/10/2015 | 45 | | ANSWER to 44 Amended Complaint by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC.. Related document: 44 Amended Complaint filed by MARY STOUMBOS.(Eisenstein, Matthew) (Entered: 12/10/2015) |
| 12/10/2015 | 46 | | ANSWER to 44 Amended Complaint by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Related document: 44 Amended Complaint filed by MARY STOUMBOS.(Gallo, Kenneth) (Entered: 12/10/2015) |
| 03/18/2016 | 47 | | MEET AND CONFER STATEMENT. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Berman, Steve) (Entered: 03/18/2016) |
| 03/18/2016 | 48 | | Unopposed MOTION to Appoint Counsel *for appointment of Finkelstein Thompson LLP and Lovell Stewart Halebian Jacobson LLP as Co−Lead Counsel for Independent ATM Consumers* by MARY STOUMBOS (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(McLellan, Michael) (Entered: 03/18/2016) |
| 03/22/2016 | 49 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Christopher Lovell, :Firm− Lovell Stewart Halebian Jacobsen LLP, :Address− 61 Broadway, STE 501 New York, NY 10006. Phone No. (212)−608−1900. Fax No. − (212) 719−4775 Filing fee $ 100, receipt number 0090−4455128. Fee Status: Fee Paid. by MARY STOUMBOS (Attachments: # 1 Declaration of Christopher Lovell in Support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order)(McLellan, Michael) (Entered: 03/22/2016) |
| 04/19/2016 | 50 | | NOTICE of Appearance by Donna M. Ioffredo on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Ioffredo, Donna) (Entered: 04/19/2016) |
| 04/19/2016 | 51 | | NOTICE of Appearance by Zachary Alan Dietert on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Dietert, Zachary) (Entered: 04/19/2016) |
| 06/30/2016 | 52 | | NOTICE *Regarding Petitions for Certiorari* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC. (Merley, Mark) (Entered: 06/30/2016) |
| 07/21/2016 | | | MINUTE ORDER STAYING CASE. Upon consideration of 52 Notice Regarding Petitions for Certiorari, it is hereby ORDERED that the above−captioned case is STAYED pending review by the Supreme Court of the decision of the Court of Appeals for the District of Columbia, Osborn v. Visa Inc 797 F.3d 1057 (D.C. Cir. 2015), in this case and the two related consolidated cases. Signed by Judge Richard J. Leon on 07/21/2016. (lcrjl1, ) (Entered: 07/21/2016) |

| | | | |
|---|---|---|---|
| 12/27/2016 | | | MINUTE ORDER: In light of the United States Supreme Court's 11/17/16 dismissal of defendants' petitions for certiorari, it is hereby ORDERED that a status conference for this case and the two related consolidated cases (11−1803 and 11−1831) is set for 01/12/17 at 3:00PM in Courtroom 18 in front of Judge Richard J. Leon. Signed by Judge Richard J. Leon on 12/27/16. (lcrjl1) (Entered: 12/27/2016) |
| 12/28/2016 | | | Set/Reset Hearings: Status Conference set for 1/12/2017 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. (jth) (Entered: 12/28/2016) |
| 12/29/2016 | 53 | | Unopposed MOTION to Reschedule Status Conference by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Gallo, Kenneth) (Entered: 12/29/2016) |
| 01/03/2017 | 54 | | MOTION to Lift Stay *Consumer Plaintiffs' Motion to Lift Stay and For Entry of Plaintiffs' Corrected Initial Scheduling Order* by MARY STOUMBOS (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Berman, Steve). Added MOTION for Scheduling Order on 1/4/2017 (znmw). (Entered: 01/03/2017) |
| 01/05/2017 | 55 | | NOTICE of Change of Address by Mark R. Merley (Merley, Mark) (Entered: 01/05/2017) |
| 01/06/2017 | 56 | | RESPONSE re 54 MOTION to Lift Stay *Consumer Plaintiffs' Motion to Lift Stay and For Entry of Plaintiffs' Corrected Initial Scheduling Order* MOTION for Scheduling Order filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Attachments: # 1 Exhibit)(Merley, Mark) (Entered: 01/06/2017) |
| 01/09/2017 | | | MINUTE ORDER: Upon consideration of defendants' Motion to Reschedule Status Conference 53 , it hereby ORDERED that the Motion is DENIED. Signed by Judge Richard J. Leon on 01/09/17. (lcrjl1) (Entered: 01/09/2017) |
| 01/10/2017 | 57 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Gary S. Jacobson, :Firm− Lovell Stewart Halebian Jacobson LLP, :Address− 61 Broadway, STE 501 New York, NY 10006. Phone No. − (212) 608−1900. Fax No. − (212) 719−4775 Filing fee $ 100, receipt number 0090−4801307. Fee Status: Fee Paid. by MARY STOUMBOS (Attachments: # 1 Declaration, # 2 Supplement)(McLellan, Michael) (Entered: 01/10/2017) |
| 01/11/2017 | 58 | | NOTICE of Appearance by Douglas Graham Thompson, Jr on behalf of MARY STOUMBOS (Thompson, Douglas) (Entered: 01/11/2017) |
| 01/12/2017 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 1/12/2017. Plaintiffs' renewed Motion for Preliminary Injunction is due within 30 days, the Opposition is due 30 days thereafter, any Reply is due within 15 days of the Opposition. (Court Reporter: William Zaremba) (jth) (Entered: 01/12/2017) |
| 01/20/2017 | 59 | | STIPULATION *Proposed Protective Order* by VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Merley, Mark) (Entered: 01/20/2017) |
| 01/26/2017 | | | MINUTE ORDER: Upon consideration of plaintiff's Motion for Admission of Christopher Lovell Pro Hac Vice 49 and plaintiff's Motion for Admission of Gary S. Jacobson Pro Hac Vice 57 , it is hereby ORDERED that the Motions are GRANTED and that Christopher Lovell and Gary S. Jacobson are admitted pro hac vice in this case. Signed by Judge Richard J. Leon on 01/26/17. (lcrjl1) (Entered: 01/26/2017) |
| 01/27/2017 | 60 | | ORDER that the 48 Unopposed Motion for the Appointment of Finkelstein Thompson LLP and Lovell Stewart Halebian Jacobson LLP as Co_Lead Counsel for the Independent ATM Consumer Class is GRANTED. (see order for details). IT IS SO ORDERED. Signed by Judge Richard J. Leon on 01/18/2017. (jth) (Entered: 01/27/2017) |

| | | | |
|---|---|---|---|
| 01/30/2017 | 61 | | STIPULATED PROTECTIVE ORDER. Signed by Judge Richard J. Leon on 1/29/2017. (jth) (Entered 01/30/2017) |
| 01/31/2017 | | | MINUTE ORDER: In this matter, Plaintiff brings a class action on behalf of herself and an alleged clas of all "persons in the United States who were charged an ATM Access Fee at an Independent ATM during the relevant Class Period." Second Am. Compl., Dkt. # 44 at Paragraph 56. Unlike the operative complaint in the related case, *Mackmin et al. v. Bank of America et al.*, plaintiff's complaint does not include a provision excluding the judge, his family, and his judicial staff from the alleged class. See Second Am. Compl., *Mackmin et al. v. Bank of America et al.* , Civ. No. 11−1831, Dkt. # 84 at Paragraphs 131, 140. In light of this ambiguity, it is hereby ORDERED that the plaintiff, within 14 day of the issuance of this Order, shall file an amended complaint excluding the judge, his family, and judicial staff from any alleged class or shall brief the Court on whether it must recuse itself under 28 U.S.C. § 455(b), if the judge, one of his family members, and/or his entire judicial staff falls within the alleged class. It is further ORDERED that, if necessary, the defendants will be permitted to file a response within 10 days of receiving plaintiff's brief. SO ORDERED. Signed by Judge Richard J. Leon on 01/31/17. (lcrjl1) (Entered: 01/31/2017) |
| 02/06/2017 | 62 | | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Richard J. Leon held on January 12, 2017; Page Numbers: 1−51. Date of Issuance: February 6, 2017. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354−3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/27/2017. Redacted Transcript Deadline set for 3/9/2017. Release of Transcrip Restriction set for 5/7/2017.(wz) (Main Document 62 replaced to correct case numbers on 2/8/2017) (znmw). (Entered: 02/06/2017) |
| 02/14/2017 | 63 | | AMENDED COMPLAINT *Third* against All Defendants with Jury Demand filed by MARY STOUMBOS.(McLellan, Michael) (Entered: 02/14/2017) |
| 02/24/2017 | 64 | | ANSWER to 63 Amended Complaint by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Related document: 63 Amended Complaint filed by MARY STOUMBOS.(Gallo, Kenneth) (Entered: 02/24/2017) |
| 02/24/2017 | 65 | | ANSWER to 63 Amended Complaint by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC.. Related document: 63 Amended Complaint filed by MARY STOUMBOS.(Eisenstein, Matthew) (Entered: 02/24/2017) |
| 03/15/2017 | 66 | | NOTICE of Appearance by Michelle S. Kallen on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Kallen, Michelle) (Entered: 03/15/2017) |
| 04/05/2017 | 67 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Andrew C. Finch terminated. (Gallo, Kenneth) (Entered: 04/05/2017) |

| | | | |
|---|---|---|---|
| 04/10/2017 | 68 | | NOTICE of Appearance by Justin A. Anderson on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Anderson, Justin) (Entered: 04/10/2017) |
| 04/17/2017 | 69 | | NOTICE of Appearance by Rosemary Szanyi on behalf of PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Szanyi, Rosemary) (Entered: 04/17/2017) |
| 05/18/2017 | 70 | | STIPULATION *and [Proposed] Order Regarding the Production of Discovery Material* by MARY STOUMBOS. (Berman, Steve) (Entered: 05/18/2017) |
| 05/24/2017 | 71 | | STIPULATION AND ORDER REGARDING THE PRODUCTION OF DISCOVERY MATERIAL. (see the document for complete details). Signed by Judge Richard J. Leon on 5/21/2017.(jth) (Entered: 05/24/2017) |
| 10/18/2017 | 72 | | STIPULATION *and [Proposed] Order Regarding Expert Disclosure Protocol* by MARY STOUMBO (Berman, Steve) (Entered: 10/18/2017) |
| 10/25/2017 | 73 | | NOTICE of Change of Address by Michael Glenn McLellan (McLellan, Michael) (Entered: 10/25/201 |
| 11/08/2017 | 74 | | STIPULATION AND ORDER REGARDING EXPERT DISCLOSURE PROTOCOL. (see document for complete details). Signed by Judge Richard J. Leon on 11/8/2017. (jth) (Entered: 11/09/2017) |
| 11/09/2017 | | | MINUTE ORDER. It is ORDERED that a Status Conference be set for November 20, 2017 at 3:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 11/9/2017. (lcrjl1) (Entered: 11/09/2017) |
| 11/20/2017 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 11/20/201 The parties are directed to file a Joint Status Report regarding issues discussed at the Status Conference by 12/4/2017. (Court Reporter: Barbara DeVico) (jth) (Entered: 11/20/2017) |
| 11/26/2017 | | | MINUTE ORDER. It is hereby ORDERED, that this Court's Order issued on 7/21/2016, that stayed these cases is Lifted. SO ORDERED. By Judge Richard J. Leon on 11/26/2017. (jth) (Entered: 11/26/2017) |
| 12/04/2017 | 75 | | Joint STATUS REPORT by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Merley, Mark) (Entered: 12/04/2017) |
| 02/01/2018 | 76 | | SCHEDULING ORDER. This Court having considered the motions of the parties for entry of their proposed scheduling order (Dkt. #107 in 11−cv−1831) (Dkt. #54 in 11−cv−1882), enters this Schedulin Order pursuant to Rule 16 of the Federal Rule of Civil Procedure and LCvR 16.4. (see the order for complete details). SO ORDERED. Signed by Judge Richard J. Leon on 1/31/2018. (jth) (Entered: 02/01/2018) |
| 02/22/2018 | 77 | | STIPULATION *and [Proposed] Order Regarding Court−Ordered Discovery Management Conferenc* by MARY STOUMBOS. (Berman, Steve) (Entered: 02/22/2018) |
| 03/21/2018 | | | MINUTE ORDER. Upon consideration of the parties' Stipulation and Proposed Order Regarding Court−Ordered Discovery Management Conferences (see ECF No. 119 in 11−cv−1803; ECF No. 136 i 11−cv−1831; ECF No. 77 in 11−cv−1882), it is hereby ORDERED that an informal discovery management conference be set for May 18, 2018 at 12:00 PM in the Court's conference room. As specified in the stipulation, attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. The party representatives are instructed to appear in Courtroom 18 at the time of the conference, after which they will be directed to the Court's conference room. SO ORDERED. Signed by Judge Richard J. Leon on 3/21/2018. (lcrjl1) (Entered: 03/21/2018) |
| 05/14/2018 | 78 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Merrick Scott Rayle, :Firm− Lovell Stewart Halebian Jacobson LLP, :Address− 61 Broadway, Suite 501, New York, NY 10006. Phone No − (415)−533−5316. Fax No. − (212) 719−4775 Filing fee $ 100, receipt number 0090−5479031. Fee Status: Fee Paid. by MARY STOUMBOS (Attachments: # 1 Declaration Declaration of Merrick Scott Rayle in Support of Motion for Admission pro hac vice, # 2 Text of Proposed Order)(McLellan, Michael) (Entered: 05/14/2018) |
| 05/16/2018 | 79 | | Joint STATUS REPORT *in Stoumbos (1:11−cv−1882) and Mackmin (1:11−cv−1831) Cases* by MARY STOUMBOS. (Bonanno, Michael) (Entered: 05/16/2018) |
| 05/17/2018 | | | MINUTE ORDER granting 78 Motion for Admission of Merrick Scott Rayle Pro Hac Vice. It is hereby ORDERED that the motion is GRANTED and that Merrick Scott Rayle be, and hereby is, admitted pro hac vice in this case. SO ORDERED. Signed by Judge Richard J. Leon on 5/17/2018. (lcrjl1) (Entered: 05/17/2018) |
| 06/10/2018 | 80 | | NOTICE of Appearance by Merrick Scott Rayle on behalf of MARY STOUMBOS (Rayle, Merrick) (Entered: 06/10/2018) |
| 06/22/2018 | | | MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for July 16, 2018 at 3:00 PM in the Court's conference room. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. The party representatives are instructed to appear in Courtroom 18 at the time of the conference, after which they will be directed to the Court's conference room. SO ORDERED. Signed by Judge Richard J. Leon on 6/22/2018. (lcrjl1) (Entered: 06/22/2018) |
| 06/26/2018 | 81 | | NOTICE of Change of Address by Merrick Scott Rayle (Rayle, Merrick) (Entered: 06/26/2018) |
| 07/10/2018 | 82 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Michelle S. Kallen terminated. (Kallen, Michelle) (Entered: 07/10/2018) |
| 07/13/2018 | 83 | | Joint STATUS REPORT by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Merley, Mark) (Entered: 07/13/2018) |
| 07/17/2018 | | | MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for August 9, 2018 at 3:00 PM in the Court's conference room. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. The party representatives are instructed to appear in Courtroom 18 at the time of the conference, after which they will be directed to the Court's conference room. It is further ORDERED that the parties shall file a joint status report on or before August 6, 2018. SO ORDERED. Signed by Judge Richard J. Leon on 7/17/2018. (lcrjl1) (Entered: 07/17/2018) |
| 08/06/2018 | 84 | | Joint STATUS REPORT by MARY STOUMBOS. (McLellan, Michael) (Entered: 08/06/2018) |
| 08/13/2018 | | | ENTERED IN ERROR.....MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for September 28, 2018 at 3:00 PM in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. It is further ORDERED that the parties shall file a joint status report on or before September 24, 2018. SO ORDERED. Signed by Judge Richard J. Leon on 8/13/18. (lcrjl1) Modified on 8/23/2018 (zth). (Entered: 08/13/2018) |
| 08/15/2018 | | | Set/Reset Hearings: Discovery Hearing set for 9/28/2018 at 03:00 PM in Courtroom 18 before Judge Richard J. Leon. (tb) (Entered: 08/15/2018) |
| 08/23/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: The Court's Minute Order issued 8/13/2018 was entered in error and will be refiled by the Court. (jth) (Entered: 08/23/2018) |

| | | | |
|---|---|---|---|
| 08/23/2018 | | | MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for September 28, 2018 at 3:00 PM in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. It is further ORDERED that the parties shall file a joint status report on or before September 24, 2018. SO ORDERED. Signed by Judg Richard J. Leon on 8/23/18. (lcrjl1) (Entered: 08/23/2018) |
| 09/24/2018 | 85 | | Joint STATUS REPORT by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Merley, Mark) (Entered: 09/24/2018) |
| 09/25/2018 | | | MINUTE ORDER. It is hereby ORDERED that the informal discovery management conference set for September 28, 2018 shall be rescheduled from 3:00 pm to 3:30 pm in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. SO ORDERED. Signed by Judge Richard J. Leon on 9/25/18. (lcrjl1) (Entered: 09/25/2018) |
| 09/25/2018 | | | Set/Reset Hearings: The informal discovery management conference set for 9/28/2018 is rescheduled t 3:30 PM from 3:00 PM in Courtroom 18. (jth) (Entered: 09/25/2018) |
| 10/01/2018 | | | MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for November 21, 2018 at 3:00 PM in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. It is further ORDERED that the parties shall file a joint status report on or before November 19, 2018. SO ORDERED. Signed by Judg Richard J. Leon on 10/1/18. (lcrjl1) (Entered: 10/01/2018) |
| 10/01/2018 | | | Set/Reset Deadlines: The parties shall file a Joint Status Report by 11/19/2018. (jth) (Entered: 10/01/2018) |
| 10/25/2018 | 86 | | NOTICE of Proposed Order *of Amended Scheduling* by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Attachments: # 1 Text of Proposed Order Proposed Amended Scheduling Order)(Merley, Mark) (Entered: 10/25/2018) |
| 11/08/2018 | 87 | | AMENDED SCHEDULING ORDER: Fact Discovery shall close on July 16, 2019. Plaintiffs in each action shall file any motion for class certification, along with supporting materials and class expert reports, on the same schedule. The motions shall be made no later than April 12, 2019. (see the order fo complete details). SO ORDERED. Signed by Judge Richard J. Leon on 11/6/2018.by Judge Richard J. Leon on 11/6/2018. (jth) (Entered: 11/08/2018) |
| 11/08/2018 | | | MINUTE ORDER. It is hereby ORDERED that the informal discovery conference scheduled for November 21, 2018, at 3:00 PM be continued to a date and time to be determined in the new year. It is further ORDERED that the parties shall file a Joint Status Report on or before November 19, 2018, as scheduled. SO ORDERED. By Judge Richard J. Leon on 11/8/2018. (jth) (Entered: 11/08/2018) |
| 11/19/2018 | 88 | | Joint STATUS REPORT by MARY STOUMBOS. (McLellan, Michael) (Entered: 11/19/2018) |
| 12/21/2018 | 89 | | Joint STATUS REPORT by MARY STOUMBOS. (McLellan, Michael) (Entered: 12/21/2018) |
| 12/31/2018 | 90 | | MOTION for Extension of Time to *Submit Class Certification Motions* by MARY STOUMBOS (Attachments: # 1 Text of Proposed Order Proposed Second Amended Scheduling Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(McLellan, Michael) (Entered: 12/31/2018) |
| 01/02/2019 | 91 | | ENTERED IN ERROR.....NOTICE / *Letter re Plaintiffs' December 31, 2018, Motion* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED re 90 MOTION for Extension of Time to *Submit Class Certification Motions* (Anderson, Justin) Modified or 1/4/2019 (zjf). (Entered: 01/02/2019) |
| 01/04/2019 | | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 91 Notice (Other), was entered in error and counsel was instructed to refile said pleading as a proper pleading. (See LCvR 5.1 (a) CORRESPONDENCE WITH THE COURT) (jf) (Entered: 01/04/2019) |
| 01/04/2019 | 92 | | RESPONSE re 90 MOTION for Extension of Time to *Submit Class Certification Motions* filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. (Anderson, Justin) (Entered: 01/04/2019) |
| 02/05/2019 | 93 | | NOTICE of Appearance by Mitchell D. Webber on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Webber, Mitchell) (Entered: 02/05/2019) |
| 02/08/2019 | | | MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for February 22, 2019 at 4:00 PM in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. It is further ORDERED that the parties shall file an updated joint status report on or before February 20, 2019. SO ORDERED. Signed by Judge Richard J. Leon on 2/8/19. (lcrjl1) (Entered: 02/08/2019) |
| 02/10/2019 | | | Set/Reset Deadlines: The parties shall file an update Joint Status Report by 2/20/2019. (jth) (Entered: 02/10/2019) |
| 02/20/2019 | 94 | | Joint STATUS REPORT by MARY STOUMBOS. (McLellan, Michael) (Entered: 02/20/2019) |
| 02/22/2019 | 95 | | NOTICE of Change of Address by Merrick Scott Rayle (Rayle, Merrick) (Entered: 02/22/2019) |
| 04/05/2019 | 96 | | MOTION for Case Management Conference by MARY STOUMBOS (Attachments: # 1 Text of Proposed Order)(McLellan, Michael) Modified on 4/10/2019 to correct docket text (jf). (Entered: 04/05/2019) |
| 04/10/2019 | | | NOTICE OF ERROR re 96 Motion for Hearing; emailed to mmclellan@finkelsteinthompson.com, cc'd 32 associated attorneys −− The PDF file you docketed contained errors: 1. Invalid attorney signature, 2 DO NOT REFILE (FYI) − Signature on pleading(s) must match login/password (zjf, ) (Entered: 04/10/2019) |
| 04/16/2019 | 97 | | NOTICE of Change of Address by Christopher Lovell (Lovell, Christopher) (Entered: 04/16/2019) |
| 05/02/2019 | | | MINUTE ORDER. It is hereby ORDERED that an informal discovery management conference be set for May 24, 2019 at 3:00 PM in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawyer per each of the eight party groups. It is further ORDERED that the April 12, 2019 class certification deadline shall, on consent of the parties, be amended nunc pro tunc and set for June 28, 2019. It is further ORDERED that the parties shall file an updated joint status report on or before May 20, 2019 that briefly describes the disputed discovery issues to be addressed in the informa conference. SO ORDERED. Signed by Judge Richard J. Leon on 5/2/19. (lcrjl1) (Entered: 05/02/2019) |
| 05/02/2019 | | | Set/Reset Deadlines/Hearings: Informal Discovery Management Conference is set for 5/24/2019 at 3:0 PM in Courtroom 18. Attendance at the informal conference will be limited to no more than one lawye per each of the eight party groups. It is further ORDERED that the 4/12/2019 class certification deadlin shall, on consent of the parties, be amended nunc pro tunc and set for 6/28/2019. It is further ORDERE that the parties shall file an updated joint status report on or before 5/20/2019 that briefly describes the disputed discovery issues to be addressed in the informal conference. (jth) (Entered: 05/02/2019) |
| 05/14/2019 | 98 | | NOTICE of Appearance by Samantha A. Weinberg on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Weinberg, Samantha) (Entered: 05/14/2019 |
| 05/17/2019 | 99 | | MOTION for Intervention and to Substitute Class Representatives by MARY STOUMBOS. (Attachments: # 1 Exhibit Complaint in Intervention)(McLellan, Michael) Modified on 5/20/2019 event/text (jf). (Entered: 05/17/2019) |

| | | | |
|---|---|---|---|
| 05/20/2019 | 100 | | Joint STATUS REPORT by MARY STOUMBOS. (McLellan, Michael) (Entered: 05/20/2019) |
| 06/12/2019 | 101 | | STIPULATION AND ORDER AUTHORIZING THE INTERVENTION AND SUBSTITUTION OF CLASS REPRESENTATIVES. (see the order for complete details). Signed by Judge Richard J. Leon o 6/10/2019. (jth) (Entered: 06/12/2019) |
| 06/12/2019 | 102 | | FOURTH AMENDED COMPLAINT against MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC. with Jury Demand filed by KENT HARRISON, MARIN P. HEISKELL, BRYAN BYRNES, PETER BURKE.(jf) (Entered: 06/18/2019) |
| 06/28/2019 | 103 | | STATUS REPORT by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(McLellan, Michael) (Entered: 06/28/2019) |
| 08/21/2019 | 104 | | NOTICE of Proposed Order by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (Attachments: # 1 Text of Proposed Order Plaintiffs' Proposed Amended Scheduling Order # 2 Text of Proposed Order Defendants' Proposed Amended Scheduling Order)(McLellan, Michael) (Entered: 08/21/2019) |
| 08/30/2019 | 105 | | Joint MOTION for October 2019 Informal Discovery Management Conference by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (Attachments: # 1 Text of Proposed Order)(McLellan, Michael) Modified event on 9/5/2019 (znmw). (Entered: 08/30/2019) |
| 09/03/2019 | 106 | | STIPULATION *and [Proposed] Order Regarding Motion for Class Certification Briefing Page Limits* by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (McLellan, Michael) (Entered: 09/03/2019) |
| 09/05/2019 | 107 | | AMENDED SCHEDULING ORDER entered pursuant to Rule 16 of the Federal Rules of Civil Procedure and LCvR 16.4. This Order supersedes the Order dated November 6, 2018. It is FURTHER ORDERED that he parties shall appear at a Status Conference on September 25, 2019, at 4:00 PM in Courtroom 18 before Judge Richard J. Leon. Signed by Judge Richard J. Leon on 8/29/2019. (tg) (Entered: 09/05/2019) |
| 09/11/2019 | 108 | | STIPULATION AND ORDER Regarding Motion for Class Certification Briefing Page Limits. Signed by Judge Richard J. Leon on 9/9/2019. (tg) (Entered: 09/11/2019) |
| 09/13/2019 | 109 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Mitchell D. Webber terminated. (Webber, Mitchell) (Entered: 09/13/2019) |
| 09/17/2019 | | | MINUTE ORDER. It is hereby ORDERED that 151 Motion for Extension of Time to Submit Class Certification Motions in No. 11−cv−1831 and 90 Motion for Extension of Time to Submit Class Certification Motions in No. 11−cv−1882 are DENIED AS MOOT. SO ORDERED. Signed by Judge Richard J. Leon on 9/17/2019. (lcrjl1) (Entered: 09/17/2019) |
| 09/18/2019 | 110 | | Joint STATUS REPORT by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (McLellan, Michael) (Entered: 09/18/2019) |
| 09/20/2019 | 111 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Supplement, # 2 Memorandum in Support, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit, |

| | | | |
|---|---|---|---|
| | | | # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit, # 39 Exhibit, # 40 Exhibit, # 41 Exhibit, # 42 Exhibit, # 43 Exhibit, # 44 Exhibit, # 45 Exhibit, # 46 Exhibit, # 47 Exhibit, # 48 Exhibit, # 49 Exhibit, # 50 Exhibit, # 51 Exhibit, # 52 Exhibit, # 53 Exhibit, # 54 Exhibit, # 55 Exhibit, # 56 Exhibit, # 57 Exhibit, # 58 Exhibit, # 59 Exhibit, # 60 Exhibit, # 61 Exhibit Expert Report of Dr. William Lehr)(McLellan, Michael) (Entered: 09/20/2019) |
| 09/25/2019 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Status Conference held on 9/25/2019 (Court Reporter: Nancy Meyer). (jth) (Entered: 09/25/2019) |
| 09/30/2019 | 112 | | TRANSCRIPT OF PROCEEDINGS before Judge Richard J. Leon held on 09/25/2019; Page Numbers 1−26. Date of Issuance:09/30/2019. Court Reporter: Nancy J. Meyer, Telephone Number: (202) 354−3118, Tape Number: N/A. Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 10/21/2019. Redacted Transcript Deadline set for 10/31/2019. Release of Transcript Restriction set for 12/29/2019.(Meyer, Nancy) (Entered: 09/30/2019) |
| 10/07/2019 | | | MINUTE ORDER. It is hereby ORDERED that the September 5, 2019 Amended Scheduling Order is modified as follows: Defendants shall have an additional 45 days to oppose plaintiffs' motions for class certification; plaintiffs shall have an additional 30 days to file replies in support of their motions for class certification; plaintiffs may serve expert reports no later than 60 days after the Courts ruling on plaintiffs' class certification motions. It is further ORDERED that Plaintiffs request to extend fact discovery past December 24, 2019 is DENIED. SO ORDERED. Signed by Judge Richard J. Leon on 10/7/2019. (lcrjl1) (Entered: 10/07/2019) |
| 10/07/2019 | | | MINUTE ORDER granting 111 Sealed Motion for Leave to File Document Under Seal. It is further ORDERED that the Clerk is directed to FILE UNDER SEAL [111−1] Plaintiffs' Motion for Class Certification and [111−2] Memorandum in Support thereof. It is further ORDERED that the Clerk is directed to MAINTAIN UNDER SEAL [111−3] through [111−61] the exhibits thereto. Signed by Judge Richard J. Leon on 10/7/2019. (lcrjl1) (Entered: 10/07/2019) |
| 10/07/2019 | | | MINUTE ORDER. It is hereby ORDERED that 137 , 158 , and 96 Motions for Case Management Conference filed on April 5, 2019 are DENIED AS MOOT. It is further ORDERED that 144 , 168 , and 105 Joint Motions for October 2019 Informal Discovery Management Conference filed on August 30, 2019 are DENIED AS MOOT. SO ORDERED. Signed by Judge Richard J. Leon on 10/7/2019. (lcrjl1) (Entered: 10/07/2019) |
| 10/07/2019 | 114 | | SEALED MOTION for Class Certification filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (This document is SEALED and only available to authorized persons.) (See Docket Entry 111 to view exhibits)(zjf) (Entered: 10/09/2019) |
| 10/08/2019 | 113 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Craig Essenmacher, :Firm− Lovell Stewart Halebian Jacobsen LLP, :Address− 61 Broadway, STE 501 New York, NY 10006. Phone No. (212)−608−1900. Fax No. − (212) 719−4677 Filing fee $ 100, receipt number ADCDC−6432938. Fee Status: Fee Paid. by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(McLellan, Michael) (Entered: 10/08/2019) |
| 10/14/2019 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting 113 Motion for Leave to Appear Pro Hac Vice. It is hereby ORDERED tha the motion is GRANTED and that Craig Essenmacher be, and hereby is, admitted pro hac vice in this case. SO ORDERED. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).For instructions visit: https://www.dcd.uscourts.gov/sites/dcd/files/NextGEN_Tutorial_for_Registering_for_E−filing.pd** Signed by Judge Richard J. Leon on 10/14/2019. (lcrjl1) (Entered: 10/14/2019) |
| 10/22/2019 | 115 | | NOTICE of Appearance by Melissa R. Alpert on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Alpert, Melissa) (Entered: 10/22/2019) |
| 10/22/2019 | 116 | | NOTICE of Appearance by Eric R. Sega on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Sega, Eric) (Entered: 10/22/2019) |
| 10/25/2019 | 117 | | NOTICE of Appearance by Craig Essenmacher on behalf of PETER BURKE (Essenmacher, Craig) (Entered: 10/25/2019) |
| 10/29/2019 | 118 | | NOTICE of Appearance by Jessica Anne Morton on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Morton, Jessica) (Entered: 10/29/2019) |
| 11/01/2019 | 119 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Zachary Alan Dietert terminated. (Dietert, Zachary) (Entered: 11/01/2019) |
| 11/15/2019 | 120 | | NOTICE of Appearance by Grace Tiedemann on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Tiedemann, Grace) (Entered: 11/15/2019) |
| 11/19/2019 | 121 | | NOTICE of Appearance by Laura E. Cox on behalf of MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Cox, Laura) (Entered: 11/19/2019) |
| 12/04/2019 | 122 | | NOTICE of Appearance by Cindy Y. Hong on behalf of PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Hong, Cindy) (Entered: 12/04/2019) |
| 12/06/2019 | 123 | | NOTICE of Appearance by Dylan Scot Young on behalf of PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Young, Dylan) (Entered: 12/06/2019) |
| 12/09/2019 | 124 | | NOTICE of Appearance by Karen Christine Otto on behalf of PLUS SYSTEM, INC., VISA INC., VIS INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Otto, Karen) (Entered: 12/09/2019) |
| 01/02/2020 | 125 | | STIPULATION *and [Proposed] Order Extending Deadline for Defendants to File Opposition to Plaintiffs' Motion for Class Certification* by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Merley, Mark) (Entered: 01/02/2020) |
| 01/05/2020 | | | MINUTE ORDER. Upon consideration of the parties' Stipulation and Proposed Order Extending Deadline for Defendants to File Oppositions to Plaintiffs' Motions for Class Certification, it is hereby ORDERED that the September 5, 2019 Amended Scheduling Order, as modified by the Court's Minute Order of October 7, 2019, is further modified as follows: Defendants' deadline to file oppositions paper including opposition expert reports, to Plaintiffs' Motions for Class Certification is extended to Februar 18, 2020; Plaintiffs' deadline to file replies and all supporting materials, including any rebuttal expert reports, in support of their Motions for Class Certification is extended to April 20, 2020. SO ORDERED. Signed by Judge Richard J. Leon on 1/5/2020. (lcrjl1) (Entered: 01/05/2020) |
| 01/06/2020 | | | |

| | | | |
|---|---|---|---|
| | | | Set/Reset Deadlines: Defendants' deadline to file oppositions papers, including opposition expert reports, to Plaintiffs' Motions for Class Certification is extended to 2/18/2020; Plaintiffs' deadline to fil replies and all supporting materials, including any rebuttal expert reports, in support of their Motions fo Class Certification is extended to 4/20/2020. (jth) (Entered: 01/06/2020) |
| 02/11/2020 | 126 | | MOTION for Leave to File *a Consolidated Opposition to Motion for Class Certification (EXPEDITED MOTION)* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED (Attachments: # 1 Text of Proposed Order)(Anderson, Justin) (Entered: 02/11/2020 |
| 02/12/2020 | 127 | | Memorandum in opposition to re 126 MOTION for Leave to File *a Consolidated Opposition to Motion for Class Certification (EXPEDITED MOTION)* filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (McLellan, Michael) (Entered: 02/12/2020) |
| 02/12/2020 | | | MINUTE ORDER. Upon consideration of Defendants' Expedited Motion to File a Consolidated Brief Opposing Class Certification, it is hereby ORDERED that the motion is GRANTED. Defendants are required, however, to address all three pending motions for class certification in their consolidated opposition, including any unique arguments made or evidence relied upon by each of the three putative classes. SO ORDERED. Signed by Judge Richard J. Leon on 2/12/20. (lcrjl1) (Entered: 02/12/2020) |
| 02/18/2020 | 128 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 [Proposed] Order Granting Visa and Mastercard Defendants' Unopposed Motion for Leave to File Documents Under Sea # 2 Visa and Mastercard Defendants Memorandum of Law in Opposition to Plaintiffs Motions for Clas Certification and Appointment of Class Representatives and Class Counsel, # 3 [Proposed] Order Denying Plaintiffs Motions for Class Certification and Appointment of Class Representatives and Clas Counsel, # 4 Declaration of Rosemary Szanyi In Support of Visa and Mastercard Defendants Oppositio to Plaintiffs Motions for Class Certification and Appointment of Class Representatives and Class Counsel with Exhibit Nos. 1 to 149, # 5 Ex. No. 1 to Szanyi Decl. (Part 1), # 6 Ex. No. 1 to Szanyi Dec (Part 2), # 7 Ex. Nos. 2 to 9 to Szanyi Decl., # 8 Ex. Nos. 10 to 19 to Szanyi Decl., # 9 Ex. No. 20 to Szanyi Decl. (Part 1), # 10 Ex. No. 20 to Szanyi Decl. (Part 2), # 11 Ex. Nos. 21 to 37 to Szanyi Decl., 12 Ex. Nos. 38 to 50 to Szanyi Decl., # 13 Ex. Nos. 51 to 54 to Szanyi Decl., # 14 Ex. Nos. 55 to 58 to Szanyi Decl., # 15 Ex. Nos. 59 to 65 to Szanyi Decl., # 16 Ex. No. 66 to Szanyi Decl., # 17 Ex. No. 67 to Szanyi Decl., # 18 Ex. Nos. 68 to 81 to Szanyi Decl., # 19 Ex. Nos. 82 to 90 to Szanyi Decl., # 20 E Nos. 91 to 106 to Szanyi Decl., # 21 Ex. Nos. 107 to 108 to Szanyi Decl., # 22 Ex. No. 109 to Szanyi Decl., # 23 Ex. Nos. 110 to 112 to Szanyi Decl., # 24 Ex. Nos. 113 to 131 to Szanyi Decl., # 25 Ex. No 132 to 136 to Szanyi Decl., # 26 Ex. No. 137 to Szanyi Decl. (Part 1), # 27 Ex. No. 137 to Szanyi Decl (Part 2), # 28 Ex. Nos. 138 to 147 to Szanyi Decl., # 29 Ex. Nos. 148 to 149 to Szanyi Decl., # 30 Expe Report of Tony Hayes, # 31 Expert Report of Glenn Hubbard, # 32 Declaration of Clinton Cheng, # 33 Certificate of Service)(Eisenstein, Matthew) (Entered: 02/18/2020) |
| 03/05/2020 | 129 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Laura E. Cox terminated. (Cox, Laura) (Entered: 03/05/2020) |
| 03/06/2020 | 130 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. Attorney Cindy Y. Hong terminated. (Hong, Cindy) (Entered: 03/06/2020) |
| 03/12/2020 | 131 | | NOTICE of Appearance by Rosalee Belinda Connell Thomas on behalf of All Plaintiffs (Attachments: 1 Certificate of Service)(Thomas, Rosalee) (Entered: 03/12/2020) |
| 03/13/2020 | 132 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. Attorney Michael Glenn McLellan terminated. (McLellan, Michael) (Entered: 03/13/2020) |

| | | | |
|---|---|---|---|
| 03/17/2020 | 133 | | STIPULATION *TEMPORARILY ADJOURNING ALL CLASS CERTIFICATION DEADLINES* by PETER BURKE. (Attachments: # 1 Certificate of Service)(Thomas, Rosalee) (Entered: 03/17/2020) |
| 03/20/2020 | 134 | | JOINT STIPULATION AND ORDER TEMPORARILY ADJOURNING ALL CLASS CERTIFICATION DEADLINES. It is hereby ORDERED that, for the reasons stated in the order, the Court hereby adjourns all class certification−related deadlines in the action (as set forth in the Court's September 5, 2019 Amended Scheduling Order, as modified by the Court's October 7, 2019, and January 5, 2020 minute orders). Plaintiffs and Defendants shall update the Court via a status report within thirty (30) days of this Order regarding their views on when and how to reinstate a revised class certification schedule, or, alternatively, whether to continue to review the news and provide the Court with another status report at a later date. Signed by Judge Richard J. Leon on 3/19/2020. (jth) (Entered: 03/20/2020) |
| 04/20/2020 | 135 | | Joint STATUS REPORT by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Attachments: # 1 Declaration, # 2 Text of Proposed Order, # 3 Text of Proposed Order, # 4 Certificate of Service)(Thomas, Rosalee) (Entered: 04/20/2020) |
| 04/28/2020 | | | MINUTE ORDER. Plaintiffs and Defendants shall update the Court via a status report regarding their views on when and how to reinstate a revised class certification schedule, or, alternatively, whether to continue to review the news and provide the Court with another status report on May 19, 2020. The Joi Stipulation and Order temporarily adjourning all class certification deadlines entered March 20, 2020, shall remain in effect. SO ORDERED. Signed by Judge Richard J. Leon on 4/28/20. (lcrjl1) Modified o 4/28/2020 reflect that the correct date of the Joint Stipulation and Order was March 20, 2020 not April 19, 2020 (jth). (Entered: 04/28/2020) |
| 04/28/2020 | | | Set/Reset Deadlines: Joint Status Report due by 5/19/2020. (jth) (Entered: 04/28/2020) |
| 05/19/2020 | 136 | | Joint STATUS REPORT by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Attachments: # 1 Certificate of Service)(Thomas, Rosalee) (Entered: 05/19/2020) |
| 05/28/2020 | | | MINUTE ORDER. Upon consideration of 128 Defendants' Sealed Motion for Leave to File Document Under Seal, it is hereby ORDERED that the motion is GRANTED. The Clerk is directed to MAINTAI UNDER SEAL Dkt. # 128−2 through 128−33. It is further ORDERED that defendants shall file on the public docket by June 29, 2020 a redacted version of 128−2 Defendants' Memorandum of Law in Opposition to Plaintiffs Motions for Class Certification and Appointment of Class Representatives and Class Counsel. SO ORDERED. By Judge Richard J. Leon on 5/28/2020. (jth) (Entered: 05/28/2020) |
| 06/08/2020 | 137 | | NOTICE OF SUPPLEMENTAL AUTHORITY by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Anderson, Justin) (Entered: 06/08/2020) |
| 06/29/2020 | 138 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Robert O. Wilson, Filing fee $ 100, receipt number BDCDC−7279177. Fee Status: Fee Paid. by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Thompson, Douglas) (Entered: 06/29/2020) |
| 06/29/2020 | 139 | | Memorandum in opposition to re 114 SEALED MOTION filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (This document is SEALED and only availabl to authorized persons.) *Visa and Mastercard Defendants Memorandum of Law in Opposition to Plaintiffs' Motions for Class Certification and Appointment of Class Representatives and Class Counse (Public Redacted Version)* filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC.. (Eisenstein, Matthew) (Entered: 06/29/2020) |

| | | | |
|---|---|---|---|
| 06/30/2020 | 140 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. Attorney Rosalee Belinda Connell Thomas terminated. (Thomas Rosalee) (Entered: 06/30/2020) |
| 07/13/2020 | | | MINUTE ORDER granting 138 Motion for Leave to Appear Pro Hac Vice of Robert O. Wilson. It is hereby ORDERED that the motion is GRANTED and that Robert O. Wilson be, and hereby is, admitte pro hac vice in this case. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Richard J. Leon on 7/13/20. (lcrjl1) (Entered: 07/13/2020) |
| 07/20/2020 | 141 | | NOTICE of Appearance by Robert Olin Wilson on behalf of All Plaintiffs (Wilson, Robert) (Entered: 07/20/2020) |
| 07/23/2020 | 142 | | STIPULATION *and [Proposed] Order Regarding Class Certification Briefing Schedule* by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. (Gallo Kenneth) (Entered: 07/23/2020) |
| 07/26/2020 | | | MINUTE ORDER. An on the record Telephone Conference Call is set for Wednesday, July 29, 2020, a 4:30 PM before Judge Richard J. Leon. The Court's Deputy Clerk, in a separate email, will provide counsel for the parties with the dial in telephone number and pass code to allow them access to the Call SO ORDERED. By Judge Richard J. Leon on 7/26/2020. (jth) (Entered: 07/26/2020) |
| 07/27/2020 | | | MINUTE ORDER. It is hereby ORDERED that plaintiffs shall file their class certification reply briefings on or before September 3, 2020. SO ORDERED. Signed by Judge Richard J. Leon on 07/27/2020. (lcrjl3) (Entered: 07/27/2020) |
| 07/29/2020 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Telephone Conference Call held on 7/29/2020. (Court Reporter: William P. Zaremba) (jth) (Entered: 07/29/2020) |
| 08/20/2020 | 143 | | ENTERED IN ERROR.....STIPULATION *AND [PROPOSED] ORDER REGARDING PAGE LIMIT FOR BURKE PLAINTIFFS' CLASS CERTIFICATION REPLY BRIEF* by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Thompson, Douglas) Modified on 8/21/2020 (zjf). (Entered: 08/20/2020) |
| 08/20/2020 | 144 | | STIPULATION *AND [PROPOSED] ORDER REGARDING PAGE LIMIT FOR BURKE PLAINTIFFS CLASS CERTIFICATION REPLY BRIEF−CORRECTED PAGINATION* by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Thompson, Douglas) (Entered: 08/20/2020) |
| 08/21/2020 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 143 Stipulation, was entered in erro and refiled by counsel. (See Docket Entry 144 to view document)(zjf) (Entered: 08/21/2020) |
| 08/27/2020 | | | MINUTE ORDER. Upon consideration of 144 the parties' Stipulation and Proposed Order Regarding Page Limit for Burke Plaintiffs' Class Certification Reply Brief, it is hereby ORDERED that the Burke plaintiffs shall have up to 50 pages for their reply brief. It is further ORDERED that the Burke plaintiff shall meet and confer with defendants in good faith, after the Burke plaintiffs' reply is filed, about the scope and timing of any sur−reply that may be warranted. It is further ORDERED that defendants shall notify the Court by September 10, 2020, whether they intend to seek leave to file a sur−reply and their proposed deadline for doing so. SO ORDERED. Signed by Judge Richard J. Leon on 8/27/20. (lcrjl1) (Entered: 08/27/2020) |
| 09/03/2020 | 145 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (This document is SEALED and only available to authorized persons.), SEALED REPLY TO OPPOSITION filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL re 111 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (This document is SEALED and only available to authorized |

| | | | |
|---|---|---|---|
| | | | persons.), 114 SEALED MOTION filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (This document is SEALED and only available to authorized persons.) (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Proposed Order (Seal), # 2 Memorandum in Support Reply Memorandum in Support of Class Certification, # 3 Appendix Appendix of Exhibits to Reply Memorandum, # 4 Exhibit Ex. 62, # 5 Exhibit Ex. 63, # 6 Exhibit Ex. 64, # 7 Exhibit Ex. 65, # 8 Exhibit Ex. 66, # 9 Exhibit Ex. 67, # 10 Exhibit Ex. 68, # 11 Exhibit Ex. 69, # 12 Exhibit Ex. 70, # 13 Exhibit Ex. 71, # 14 Exhibit Expert Rebuttal Report of Dr. William Lehr, # 15 Exhibit− Part II of Expert Rebuttal Report of Dr. William Lehr (Thompson, Douglas) (Split exhibit 14 into 2 documents− exhibit 14 and 15.) (ztnr). (Entered: 09/03/2020) |
| 09/10/2020 | 146 | | NOTICE *of Intent to File Motion for Leave to File Sur−Reply* by PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (Eisenstein, Matthew) (Entered: 09/10/2020) |
| 09/24/2020 | 147 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (This documen is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit [Proposed] Order Granting Visa and Mastercard Defendants' Unopposed Motion for Leave to File Under Seal, # 2 Exhibi Certificate of Service, # 3 Exhibit Visa and Mastercard Defendants' Motion for Leave to File Sur−Repl Brief Opposing Class Certification and Accompanying Sur−Rebuttal Expert Report of Professor Glenn Hubbard, # 4 Exhibit [Proposed] Order Granting Visa and Mastercard Defendants' Motion for Leave to File Sur−Reply Brief Opposing Class Certification and Accompanying Sur−Rebuttal Expert Report of Professor Glenn Hubbard, # 5 Exhibit Visa and Mastercard Defendants' Sur−Reply in Opposition to Plaintiffs' Motions for Class Certification and Appointment of Class Representatives and Class Counse # 6 Exhibit Declaration of Rosemary Szanyi in Support of Visa and Mastercard Defendants' Sur−Reply in Opposition to Plaintiffs' Motions for Class Certification and Appointment of Class Representatives and Class Counsel, # 7 Exhibit Expert Sur−Rebuttal Report of Glenn Hubbard)(Eisenstein, Matthew) (Entered: 09/24/2020) |
| 10/06/2020 | 148 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Plaintiffs Opposition to Visa and Mastercar Defendants Motion for Leave to File Sur−Reply Brief Opposing Class Certification and Accompanyin Sur−Rebuttal Expert Report of Professor Glenn Hubbard, # 2 Exhibit [PROPOSED] ORDER GRANTING BURKE PLAINTIFFS UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL, # 3 Exhibit [PROPOSED] ORDER DENYING VISA AND MASTERCARD DEFENDANTS MOTION FOR LEAVE TO FILE SUR−REPLY BRIEF OPPOSING CLASS CERTIFICATION AND ACCOMPANYING SUR−REBUTTAL EXPERT REPORT OF PROFESSO GLENN HUBBARD, # 4 Exhibit [PROPOSED] ORDER GRANTING BURKE PLAINTIFFS REQUEST TO FILE SURREPLY AND SUR−REBUTTAL EXPERT REPORT TO VISA AND MASTERCARD DEFENDANTS SUR−REPLY BRIEF OPPOSING CLASS CERTIFICATION AND ACCOMPANYING SUR−REBUTTAL EXPERT REPORT OF PROFESSOR GLENN HUBBARD)(Thompson, Douglas) (Entered: 10/06/2020) |
| 10/08/2020 | 149 | | REPLY to opposition to motion re 147 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC. (This document is SEALED and only availab filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. (Anderson, Justin) (Entered: 10/08/2020) |

| | | | |
|---|---|---|---|
| 10/21/2020 | 150 | | NOTICE of Appearance by Stan Mr. Doerrer on behalf of PETER BURKE (Doerrer, Stan) (Entered: 10/21/2020) |
| 12/30/2020 | 151 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. Attorney Mark R. Merley terminated. (Eisenstein, Matthew) (Entered: 12/30/2020) |
| 01/21/2021 | 152 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Jessica Anne Morton terminated. (Morton, Jessica) (Entered: 01/21/2021) |
| 02/03/2021 | 153 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED. Attorney Melissa R. Alpert terminated. (Alpert, Melissa) (Entered: 02/03/2021) |
| 08/04/2021 | 154 | | Memorandum Opinion GRANTING 114 plaintiffs' motion for class certification. See attached Memorandum Opinion for full details. Signed by Judge Richard J. Leon on 8/4/2021. (lcrjl2) (Entered: 08/04/2021) |
| 08/04/2021 | 155 | | ORDER GRANTING 114 plaintiffs' motion for class certification. See attached Order for full details. Signed by Judge Richard J. Leon on 8/4/2021. (lcrjl2) (Entered: 08/04/2021) |
| 08/18/2021 | 156 | | Unopposed MOTION to Amend/Correct 155 Order *Unopposed Motion for Entry of Amended Class Certification Orders* by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Thompson, Douglas) (Entered: 08/18/2021) |
| 09/04/2021 | 157 | | Joint STATUS REPORT *Joint Submission Regarding Proposed Case Schedule* by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (Thompson, Douglas) (Entered: 09/04/2021) |
| 09/07/2021 | 158 | | AMENDED ORDER superseding 155 nunc pro tunc and granting 114 plaintiffs' motion for class certification. See attached Order for full details. Signed by Judge Richard J. Leon on 8/25/2021. (lcrjl2) (Entered: 09/07/2021) |
| 09/16/2021 | 159 | | ORDER GRANTING 145 147 148 motions to file under seal. See attached Order for full details. Signed by Judge Richard J. Leon on 9/15/2021. (lcrjl2) (Entered: 09/16/2021) |
| 09/16/2021 | 160 | | SEALED REPLY TO OPPOSITION re 114 SEALED MOTION for Class Certification filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (This document is SEALED and only available to authorized persons.) (This document is SEALED and only available to authorized persons.) (See Docket Entry 145 to view Exhibits(zjf) (Entered: 09/20/2021) |
| 09/16/2021 | 161 | | SEALED SURREPLY filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. re 114 SEALED MOTION for Class Certification filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL. (This document is SEALED and only available to authorized persons.) filed by BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL, PETER BURKE. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Rosemary Szanyi, # 2 Expert Sur−Rebuttal Report of Glenn Hubbard)(zjf) (Entered: 09/20/2021) |
| 09/16/2021 | 162 | | SEALED OPPOSITION filed by PETER BURKE, BRYAN BYRNES, KENT HARRISON, MARIN P. HEISKELL re 147 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. |

| | | | |
|---|---|---|---|
| | | | INC. (This document is SEALED and only availab (zjf) (Entered: 09/20/2021) |
| 09/16/2021 | 163 | | SEALED SURREPLY filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC. re 173 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONA SERVICE ASSOCIATION, VISA U.S.A. INC. (This document is SEALED and only availab (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Rosemary Szanyi)(zjf) (Entered: 09/22/2021) |
| 09/27/2021 | 164 | | REDACTED DOCUMENT− Sur−Reply in Opposition to Plaintiffs' Motions for Class Certification an Appointment of Class Representatives and Class Counsel to 163 Sealed Reply,, by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. (Anderson, Justin) (Entered: 09/27/2021) |
| 10/01/2021 | 165 | | PER CURIAM ORDER of USCA as to (1:11−cv−01803−RJL) filed by ATMS OF THE SOUTH, INC TURNKEY ATM SOLUTIONS, LLC, BUSINESS RESOURCE GROUP, INC., ATM BANKCARD SERVICES, INC., JUST ATMS, INC., NATIONAL ATM COUNCIL, INC., WASH WATER SOLUTIONS, INC., CABE & CATO, INC., TRINITY HOLDINGS LTD, INC., MILLS−TEL, CORP MEINERS DEVELOPMENT COMPANY OF LEE'S SUMMIT, MISSOURI, LLC, T&T COMMUNICATIONS, INC., SELMAN TELECOMMUNICATIONS INVESTMENT GROUP, LLC, SCOT GARDNER, RANDAL N. BRO, (1:11−cv−01831−RJL) filed by ANDREW MACKMIN, JOH EPSELAND, SAM OSBORN, BARBARA INGLIS, (1:11−cv−01882−RJL), filed by MARY STOUMBOS; USCA Case Number 21−8005 consolidated with USCA 21−8009. (zjf) (Entered: 10/05/2021) |
| 10/01/2021 | 166 | | NOTICE OF APPEAL as to (155 in 1:11−cv−01882−RJL) Order, (158 in 1:11−cv−01882−RJL) Order on Motion to Amend/Correct, (197 in 1:11−cv−01803−RJL) Order on Motion to Amend/Correct, (154 in 1:11−cv−01882−RJL) Order on Sealed Motion, (234 in 1:11−cv−01831−RJL) Order on Sealed Motion, (193 in 1:11−cv−01803−RJL) Order, (235 in 1:11−cv−01831−RJL) Order, (238 in 1:11−cv−01831−RJL) Order on Motion to Amend/Correct, (192 in 1:11−cv−01803−RJL) Order on Motion to Certify Class by MASTERCARD INCORPORATED, MASTERCARD INTERNATIONAL INCORPORATED, PLUS SYSTEM, INC., VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, VISA U.S.A. INC.. Fee Status: No Fee Paid. Parties have been notified. (zjf) (Entere 10/05/2021) |

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 21-8005** **September Term, 2021**

**1:11-cv-01803-RJL**
**1:11-cv-01831-RJL**
**1:11-cv-01882-RJL**

**Filed On: October 1, 2021**

In re: Visa Inc., et al.,

Petitioners

------------------------------

Consolidated with 21-8009

**BEFORE:** Rogers, Millett, and Katsas, Circuit Judges

**O R D E R**

Upon consideration of the petition for permission to file an interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f), the responses thereto, and the reply, and the protective petition, it is

**ORDERED** that petitioners be permitted to file an appeal of the district court's class certification orders in these cases. Petitioners have shown that the district court's class certification decision was, at least, "questionable" and is accompanied by a potential "death-knell." See In re Rail Freight Fuel Surcharge Antitrust Litig., 725 F.3d 244, 250 (D.C. Cir. 2013). Permission to appeal is without prejudice to reconsideration by the merits panel.

The Clerk is directed to transmit a certified copy of this order to the district court. In each of the three underlying cases, the district court will file the order as a notice of appeal pursuant to Fed. R. App. P. 5 and collect the mandatory filing and docketing fees from appellants. Upon payment of the fees in each case, the district court is to certify and transmit the preliminary records to this court, after which the cases will be assigned general docket numbers and will proceed in the normal course.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Manuel J. Castro
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL ATM COUNCIL, INC. *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VISA INC. *et al.*,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No. 11-1803 (RJL)** |
| **LYNNE BARTRON, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VISA INC. *et al.*,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No. 11-1831 (RJL)** |
| **PETER BURKE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VISA INC. *et al.*,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No. 11-1882 (RJL)** |

# <u>MEMORANDUM OPINION</u>

(August 4th, 2021) [Dkts. ## 114, 152, 177]

Automatic teller machines ("ATMs") allow individuals, all around the country, to conveniently withdraw cash from their bank accounts without having to locate an open

bank branch to consummate their transaction. Although customers will often use ATMs that are owned and operated by their own banks, they will sometimes pay an "access fee" to use an ATM that is not affiliated with their bank, conducting what is referred to as a "foreign" ATM transaction. Whenever a foreign ATM transaction occurs, the ATM terminal must communicate with the customer's bank through an ATM network. The plaintiffs in this putative class action are two groups of consumer ATM users and one group of independent, non-bank-affiliated ATM operators. Defendants Visa and MasterCard operate several of the ATM networks that plaintiffs utilize during foreign ATM transactions. Plaintiffs allege that Visa and MasterCard have imposed contractual provisions—the "ATM Access Fee Rules" or "the Rules"—that prevent ATM operators from charging a discounted access fee if a customer's transaction can be processed over an alternative network that is less expensive than Visa or MasterCard networks, and they allege that those rules unreasonably restrain trade and therefore violate Section 1 of the Sherman Act, 15 U.S.C. § 1.

Currently pending before the Court are the plaintiffs' motions for class certification [Dkts. ## 114, 152, 177]. Upon consideration of the pleadings, the record, and the relevant law, I find that class certification is appropriate as to all three proposed classes and therefore GRANT plaintiffs' Motions for Class Certification.

## FACTUAL AND PROCEDURAL BACKGROUND

When an individual uses an independent ATM (or an ATM operated by a bank other

than his own), the transaction is referred to as a "foreign transaction."[1] Defs.' Mem. in Opp'n. to Renewed App. for Prelim. Inj. at 4 [Dkt. # 99]. For the purposes of this case, there are four relevant actors in a foreign transaction: (1) the individual accountholder who initiates a transaction by inserting his or her bank-issued ATM card into an ATM; (2) the bank that issued the accountholder's ATM card and maintains his or her accounts; (3) the ATM operator; and (4) the ATM network that connects the "foreign" ATM to the bank. *Id.* at 4–5.

Visa and MasterCard operate the "Plus" and "MasterCard" ATM networks respectively, but there are a number of networks that also facilitate foreign ATM transactions. Decl. of Jeff Sachs, ¶ 7 [*Nat'l ATM Council* Dkt. # 99-1]; Decl. of Leland Englebardt, ¶¶ 4, 7 [*Nat'l ATM Council* Dkt. # 99-2]. In any given transaction, the specific network that is utilized is a function of the networks that the ATM can access, the networks with which the customer's bank-issued ATM card will work, and the preferences that are established by the card-issuing bank. At a minimum, the ATM card and the ATM must share at least one common network for the transaction to work. *See* Defs.' Consolidated Opp. at 7.

As a contractual condition for accessing their networks, Visa and MasterCard impose non-discrimination provisions referred to as the "ATM Access Fee Rules." The

[1] As mentioned above, many banks own and operate their own ATMs. When an individual uses an ATM that is owned and operated by their own bank, the transaction is referred to within the banking industry as an "on-us" transaction. Decl. of Jeff Sachs, ¶ 8 [Dkt. # 99-1]. The only parties involved in the transaction are the individual customer and the bank. The transaction does not require an ATM network, and the bank does not normally charge the customer an access fee for using an ATM. Defs.' Mem. in Opp. to Renewed App. for Prelim. Inj. at 4 [Dkt. # 99-1]. Those transactions are not at issue in this case.

ATM Access Fee Rules were adopted in 1996 but have remained substantially the same since that time. *Id.* at 14-17. Stated simply, the rules prohibit ATM operators from charging access fees for transactions processed over Visa or MasterCard networks that are higher than any access fee they charge for transactions processed over alternative networks. Powell Decl. ¶ 2; Sachs Decl. ¶ 16; Englebardt Decl. ¶ 21.

All three plaintiff groups filed these civil class action lawsuits in October 2011. These three groups of plaintiffs each seek class certification in these related cases. First is the National ATM Council, an association of independent ATM operators suing on behalf of its members, and thirteen independent ATM owners and operators ("ATM Operator" plaintiffs). Second Am. Compl., ¶¶ 10–25 [*Nat'l ATM Council* Dkt. # 55]. Second are individuals and entities that paid unreimbursed access fees directly to any defendant or "Bank Co-Conspirator" for a foreign ATM transaction using an ATM card issued by a U.S. financial institution ("*Mackmin* Consumer" plaintiffs). *Mackmin* Mot. for Class Cert. at 2 [*Mackmin* Dkt. # 180]. Third are persons who were charged an access fee for a domestic cash withdrawal transaction at an independent ATM who were not fully reimbursed by their bank. ("*Burke* Consumer" plaintiffs). *Burke* Mot. for Class Cert. at 1 [*Burke* Dkt. 114].

## STANDARD OF REVIEW

In determining the propriety of a class action, the central question is whether the requirements of Federal Rule of Civil Procedure 23 are met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Rule 23 requires a two-step analysis to determine whether class certification is appropriate. First, plaintiffs

must satisfy all four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

*See* Fed. R. Civ. P. 23(a). "Failure to adequately demonstrate any of the four is fatal to class certification." *Moore v. Napolitano*, 269 F.R.D. 21, 27 (D.D.C. 2010). Next, the class must fall within one of the three categories of Rule 23(b). In order to satisfy Rule 23(b), plaintiffs must demonstrate either: (1) that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent adjudications; (2) that the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods of adjudication of the controversy ("predominance" and "superiority"). Fed. R. Civ. P. 23(b). There is no formula or bright-line test for determining whether common issues predominate over individual issues. Rather, predominance ultimately depends on the degree to which resolution of the common issues might advance the overall litigation. *See Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 468 (6th Cir. 2017). Courts have broad discretion in determining whether to permit a case to proceed as a class action. *See Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C. Cir. 1994).

## ANALYSIS

### I. Rule 23(a) Requirements

The numerosity, commonality, and typicality requirements of Rule 23(a) are so clearly met in this case that the defendants raise no opposition to these requirements being satisfied. In that regard, plaintiffs point out that: (1) each proposed class is comprised of thousands, if not millions, of potential plaintiffs; (2) common questions include, but are not limited to, whether the Rules constitute a contract, combination, or conspiracy to restrain competition; whether the Rules unreasonably restrain trade; whether the Rules inflate access fees; and whether plaintiffs are entitled to injunctive relief; and (3) all three plaintiff groups are pursuing the same antitrust claims based on the same legal theories and seek redress for the overcharges allegedly caused by the same challenged course of conduct.

Next, I must consider whether the lead plaintiffs in these three proposed classes can adequately represent the interests of the proposed classes. Defendants do not contest the adequacy of the plaintiffs in the *Mackmin* Consumer class or the ATM Operator class, and I agree with plaintiffs that no conflicts of interest are apparent; that the representatives are identically situated to the class members; that the class representatives are able to vigorously prosecute the interests of the classes; and that counsel are well-qualified. Defendants argue, however, that the *Burke* Consumer plaintiffs have failed to identify adequate class representatives. Defs' Opp. at 82-83. Defendants argue that the Burke class representatives' own testimony shows that they are unfamiliar with even the basic contours of the case, and that they are not willing to take an "active role." *Id.* at 82.

Defendants base this argument on testimony by *Burke* Consumer class representatives indicating that the representatives were not aware of any of the Court's decisions in this lawsuit, and that they had not reviewed any of the Court's written rulings. *Id.*; Ex. 34, Heiskell Dep. At 35:6-8; Ex. 114, Byrnes Dep. At 136:6-10; Ex. 149, Harrison Dep. At 26:1-7; Ex. 35, Burke Dep. At 179:6-19. They claim that the representatives were unfamiliar with the documents filed in the action (one representative appeared at testimony unfamiliar even with the Complaint itself), and that the representatives were unable to demonstrate a basic understanding of the issues central to the case. Defs' Opp. at 83.

However, the representatives' knowledge of the case is not so shockingly minimal as to fall into the small group of cases where class representatives are rejected on this basis. *See, e.g.*, *In re Barclays Bank PLC Securities* Litigation, 2016 WL 3235290, *7 (S.D. N.Y. 2016) ("Given the complex nature of the case, [plaintiff] is not required to have expert knowledge of all the details of the case … and a great deal of reliance on expert counsel is to be expected") (citation omitted); *Brooks v. Darling Int'l, Inc.*, 2017 WL 1198542, *12 (E.D. Cal. 2017) ("Although a demanding knowledge requirement on the part of named plaintiffs is not imposed, '[b]ecause class representatives serve as a guardian of the interests of the class, the representatives must have *some minimal familiarity* with the litigation.'") (citation omitted) (emphasis added); *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 430, 57 Fed. R. Serv. 3d 132 (4th Cir. 2003) ("It is hornbook law … that in a complex lawsuit … the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative.").

All but one of the representatives testified that they were familiar with the Complaint, and while there appear to be certain basic factual and legal issues about which the class representatives lack clarity, this is a complicated antitrust matter and the representatives demonstrated the basic level of factual and legal understanding necessary to serve as adequate representatives of their class.

For all of the foregoing reasons, I find that all three plaintiff groups have adequately demonstrated that their proposed classes satisfy the requirements of Rule 23(a). To prevail on their request for class certification, then, each group must demonstrate that they satisfy the requirements of at least one of the Rule 23(b) categories.

## II. Rule 23(b) Requirements

### a. Rule 23(b)(2)

The *Mackmin* and *Burke* Consumer plaintiffs argue that defendants have "acted or refused to act on grounds generally applicable to the class," thus satisfying the requirements of Rule 23(b)(2). Fed. R. Civ. P. 23(b)(2). Consumer plaintiffs argue that the challenged Rules are still in force today, and they therefore seek not only monetary damages but also declaratory and injunctive relief that eliminates the Rules and prevents their further enforcement. *See Mackmin* SAC ¶ 212(b)-(d) [*Mackmin* Dkt. # 84]. I agree with consumer plaintiffs that these equitable claims warrant class treatment under Rule 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Defendants do not dispute (1) that the challenged Rules govern each and every class transaction, or (2) that consumer plaintiffs seek uniform, indivisible final injunctive relief enjoining the rules on behalf of the 23(b)(2) class. Defendants raise only that some members of the consumer classes (Visa/Plus and Cirrus-only network holders) might face higher access fees should an injunction be granted. Defs.' Opp. at 80. Therefore, defendants argue, some class members would be subjected to higher charges if the relief plaintiffs seek is awarded. *Id.* Defendants claim that this possibility that some members of the proposed classes would be met with higher charges defeats the cohesiveness necessary for certification pursuant to Rule 23(b)(2). *Id.*

Unfortunately for defendants, this hypothetical possibility is insufficient to beat certification under Rule 23(b)(2). First, and most importantly, it is uncontested that plaintiffs challenge the ATM Access Fee Rules, the injunction of which would be generally applicable to the entire class. *See Burke* Mot. for Class Cert. at 31. Should plaintiffs ultimately prevail on the merits of their case, it is uncontested that the injunctive relief sought would be appropriate respecting the class as a whole. Plaintiffs' experts opine that competition in the but-for world would result in lower surcharges for all class members. *See Burke* Mot. for Class Cert. at 7-8; *see generally* Lehr Rep. And even if defendants' speculations are correct, and the injunctive relief sought led to higher surcharges for certain cardholders, consumers in the but-for world would have the opportunity to obtain alternative cards, especially given the number of non-exclusive and multi-network ATM cards that are currently available. Class members who have only exclusive Visa/Plus and Cirrus-only cards will be eligible for damages for past

overcharges and will have expanded options to avoid future overcharges pursuant to the injunctive class.

Moreover, it is well-established that not all potential class members must be aggrieved by, or desire to challenge, a defendant's conduct to render the application of Rule 23(b)(2) appropriate. *See, e.g., Woodward v. Rogers*, 344 F.Supp. 974, 979 n.9 (D.D.C. 1972). For the class to be certified in an action seeking injunctive relief, it is sufficient if the class members complain of a pattern or practice that is generally applicable to the class as a whole, even if some class members have not been injured by the challenged practice. *See Davis v. Astrue*, 250 F.R.D. 476 (N.D. Cal. 2008).

For all of the foregoing reasons, I find that the *Burke* and *Mackmin* Consumer plaintiff groups have adequately demonstrated that their proposed classes satisfy the requirements of Rule 23(b)(2).

**b. Rule 23(b)(3)**

**1. Predominance**

All three plaintiff groups seek certification pursuant to Rule 23(b)(3), which requires that plaintiffs demonstrate "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods of adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). There is no formula or bright-line test for determining whether common issues predominate over individual issues. Rather, predominance ultimately depends on the degree to which resolution of the common issues might advance the overall litigation. *See Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d

460, 468 (6th Cir. 2017). "This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case. An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted). Predominance is "a test readily met in certain cases alleging . . . violations of the antitrust laws." *Amchem Prods. v. Windsor*, 521 U.S. 591, 591, 625 (1997); *accord Meijer*, 246 F.R.D. at 307; *Vitamins*, 209 F.R.D. at 262-63.

Defendants do not contest that the claims of all three plaintiff groups focus on the same operative set of facts and legal theories. Proposed class members of all three groups were allegedly harmed by the defendants' conduct which includes, *inter alia*, the adoption of the ATM Access Fee Rules that plaintiffs argue hindered any competitive pressure to reduce those fees and otherwise restrained competition. *See generally* Compls. Moreover, all three plaintiff groups have demonstrated that common evidence will predominate in proving each element of their claims. As to plaintiffs' claims under Section 1 of the Sherman Act, the central question of whether the Rules amount to an unreasonable restraint on trade is a common question to all class members. *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2283 (2018). Common questions will include not only determining the appropriate standard under which to assess the lawfulness of the Rules, but will also guide the analysis under either a *per se* or rule of reason standard. Moreover, plaintiffs have put forward evidence, including in the form of expert opinions, that the ATM Access Fee Rules

are not related to lawful business purpose or network function, but instead serve only conspiratorial anticompetitive functions. *See* Zona Rep. at ¶¶ 33, 42, 50; McAndrews Rep. at ¶¶ 12-22.

The real contested issue of predominance in these cases, then, turns on whether there is sufficient common evidence of resulting injuries and the amount of those injuries. Upon careful review of the parties' submissions, including their expert reports, I find that there is. First of all, plaintiffs need not prove at this stage that these "questions will be answered, on the merits, in favor of the class." *Amgen*, 568 U.S. at 459 (plaintiffs must "show[] that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class") (emphasis in original)); *accord Rail Freight V*, 934 F.3d at 622-23; *Coleman*, 306 F.R.D. at 85. Class certification is inappropriate where a proposed methodology for calculation of individual damages is clearly inadequate. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311–312 (3d Cir. 2008).

In their consolidated opposition, defendants attack primarily whether plaintiffs' methods will in fact prove injury and damages for each class-member on the merits. *See* Defs.' Opp. at 31-37. However, plaintiffs, at this stage in the proceedings, need only demonstrate a colorable method by which they intend to prove class-wide impact. *In re Vitamins Antitrust Litigation*, 209 F.R.D. 251, 264 (D.D.C. 2002). Although defendants argue that plaintiffs' approaches to proving that impact are hopelessly flawed, plaintiffs have offered means of proving the anti-competitive impact of defendants' conduct that are reasonable and well established in the following respects:

*Burke* Consumer plaintiffs' expert, Dr. Lehr, points to significant academic

literature that in competitive markets, industry-wide taxes are fully incorporated into industry-wide prices. Lehr Rep. at § 7.7. Although defendants quibble with this point, the fact that plaintiffs can point to significant scholarship and precedent in support of their claims is sufficient at this stage—this is not an adjudication of the merits of plaintiffs' claims. *See In re Nifedipine Antitrust Litig.*, 246 F.R.D. 365 (D.D.C. 2007). Further, as to damages, Dr. Lehr's industry-wide tax model focuses on the first level price charged by the firm whose costs are increased by the tax (here, the ATMs) and on the amount of that tax that is passed on in that firm's first level price to its immediate, direct customer (the class member), using data sets including Visa's own data to calculate industry-wide overcharges. This overcharge damages model provides for class-wide resolution of damages using well-accepted methodology for establishing injury and damages. *See VisaCheck/Master Money I*, 192 F.R.D. at 81-87.

*Mackmin* Consumer plaintiffs similarly note that defendants' own documents support the relationship between net interchange and surcharges. They further rely on their expert, Professor Carlton, who opines that the ATM Access Fee Rules had a class-wide impact, causing all or virtually all class members to pay higher surcharges than in a "but-for world." *See* Carlton Rep. ¶ 83. This opinion is based on economic theory and empirical studies, defendants' own documents, market structure analysis, and empirical analysis of transactional data. Defendants take issues with Prof. Carlton's use of Wells Fargo's increased ATM surcharges as representative of the ATM industry as a whole, but again, this critique is better suited for adjudication of plaintiffs' injury and damages on the merits, not at the class certification stage. *See* Defs' Opp. at 30. Further, as to damages, Professor

Carlton's model computes a per-transaction overcharge, which provides a colorable and well-accepted methodology for class-wide resolution. *See VisaCheck/Master Money I*, 192 F.R.D. at 81-87.

Finally, ATM Operator plaintiffs demonstrate that individualized inquiries would not be necessary to ascertain the fees paid by each class member. Plaintiffs argue that putative class members were overcharged precisely the same per-transaction amount at any given time for every authorized, surcharge-bearing ATM cash withdrawal settled and cleared over the defendants' networks, and that aggregate, class-wide damages are directly calculable from the total number of transactions processed by each of defendants' networks using a reliable estimate of the extent of the anticompetitive overcharge. *See* Nat'l ATM Operators Mot. for Class Cert. at 50-51. Again, while defendants contest the merits of plaintiffs' injury and damages models, plaintiffs have met their burden here of demonstrating a colorable method by which they intend to prove class-wide impact.

Defendants also assert that plaintiffs' class certification is barred because as a matter of law, plaintiffs must conduct two-sided market analyses under *Amex*. However, plaintiffs are correct that defendants' specific arguments should not be dispositive at the class certification stage. *Amex* applies in "rule of reason" cases, while plaintiffs here contend that the Access Fee Rules are subject to *per se* treatment. Additionally, the market here is not a mirror image to the three-participant market in *Amex*. In the final analysis, plaintiffs need not show at this time that the common questions raised will be answered, on the merits, in favor of the class.

### 2. Superiority

Rule 23(b)(3) precludes certification unless the court finds, in addition to a predominance of common questions, "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed R. Civ. P. 23(b)(3). The Rule identifies four factors as pertinent to that inquiry: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced; (c) the desirability of concentrating the litigation in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. *Id.*

The first factor supports certification where "recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis[.]" *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Such would be the case here, where especially for consumer plaintiffs, the cost of litigation would almost certainly dwarf any individual damages award. A "core" purpose of class actions is "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action." *Amchem Prods.*, 521 U.S. at 617. A class action is thus superior where, as here, "the class action device would 'enable vindication of the rights of groups of people who individually would be without effective strength to bring their opponents to court at all.'" 2 NEWBERG ON CLASS ACTIONS § 4.65 (5th ed. 2019) (quoting *Amchem*, 521 U.S. at 617). Similarly, ATM Operator plaintiffs will gain "significant economies of time and expense" by class litigation given the dearth of individualized issues of either liability or damages. *Nat'l ATM Council* Mot. for Class Cert. at 54.

The remaining factors likewise favor a class action as the superior method of resolving the claims in these related actions. Concentrating these claims, and these three cases, in a single forum promotes judicial efficiency and uniformity of decisions as to persons similarly situated, *Vitamins*, 209 F.R.D. at 270, and this Court is not aware of any related litigation by or against members of the proposed classes. Finally, no inherent difficulties undermine the maintenance of these cases as class actions—quite the opposite! In complicated antitrust cases such as these with tens of thousands of potential class members and so few individualized issues, requiring individual litigation of each class member's claims "would merely multiply the number of trials with the same issues and evidence." *High-Tech Empl.*, 985 F. Supp. 2d at 1228. As such, Rule 23(b)(3) is easily satisfied here.

**CONCLUSION**

For all of the foregoing reasons, plaintiff groups have met their burden under Rule 23 and as such their Motions for Class Certification [Dkts. 114, 152, 177] are GRANTED. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL ATM COUNCIL, INC. *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VISA INC. *et al.*,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No. 11-1803 (RJL)** |
| **LYNNE BARTRON, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VISA INC. *et al.*,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No. 11-1831 (RJL)** |
| **PETER BURKE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VISA INC. *et al.*,**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No. 11-1882 (RJL)** |

**<u>ORDER</u>**

(August 4, 2021) [Dkts. ## 114, 152, 177]

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiffs' Motions for Class Certification [Dkts. 114, 152, 177] are GRANTED. SO ORDERED.

RICHARD J. LEON
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER BURKE, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., *et al.*,<br><br>Defendants. | No. 1:11-cv-01882-RJL |

**AMENDED ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL**

Pursuant to Fed. R. Civ. P. 23(c)(1) and for the reasons set forth in a separate Memorandum Opinion issued August 4, 2021, it is hereby

**ORDERED** that the above captioned *Burke* action is certified as a nationwide class action for injunctive relief and damages pursuant to Fed. R. Civ. P. 23(b)(2) (for injunctive relief) and 23(b)(3) (for damages) for purposes of litigation and trial. The *Burke* Class is defined as follows:

> All persons in the United States who, between October 24, 2007, and the date of certification, were charged an Access Fee for a domestic cash withdrawal transaction at an Independent ATM during the relevant Class Period and who were not fully reimbursed by their bank. A domestic cash withdrawal transaction is a transaction to withdraw cash from a customer's deposit account using an ATM or pin-debit card at an IATM terminal located within the United States, including its Territories; it does not include any credit card transaction or any transaction involving a cash advance or prepaid card. Excluded from the Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

It is **FURTHER ORDERED** that the above captioned *Burke* action is certified as four separate statewide class actions for injunctive relief and damages pursuant to the laws of the states of California, Illinois, Massachusetts, and Michigan for purposes of litigation and trial. Each *Burke* statewide class is defined identically to the nationwide class except that each statewide class is

limited to persons who were charged an Access Fee at an Independent ATM located in the respective state.

It is **FURTHER ORDERED** that the named Plaintiffs Burke, Byrnes, Harrison, and Heiskell have satisfied the requirements set forth in Rule 23(a)(4) and are hereby designated Class Representatives for the *Burke* Class and that the *Burke* Plaintiffs' claims are certified for class treatment within the meaning of Fed. R. Civ. P. 23(c)(1)(B).

It is **FURTHER ORDERED** that Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and (g)(3) of the Federal Rules of Civil Procedure, the Court appoints Douglas G. Thompson Jr. ((D.C. Bar # 172387), of the firm Finkelstein Thompson LLP, and Christopher Lovell (admitted *pro hac vice*), of the firm Lovell Stewart Halebian Jacobson LLP as Co-Lead Class Counsel.

**SO ORDERED.**

Dated: 8/25, 2021

Hon. Richard J. Leon
United States District Judge