**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL ATM COUNCIL, INC., *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 11-1803 (RJL) |
| LYNNE BARTRON, *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 11-1831 (RJL) |
| PETER BURKE, *et al.*,<br>*Plaintiffs*,<br>*v.*<br>VISA INC., *et al.*,<br>*Defendants*. | Civil Action No. 11-1882 (RJL) |

**AMENDED SCHEDULING ORDER**

Pursuant to the Amended Scheduling Order (*Nat'l ATM Council* Dkt. # 147; *Bartron* Dkt. #172; *Burke* Dkt. #107), the Court's October 7, 2019 minute order modifying the same, and the parties' submissions, the Court hereby establishes the following schedule

for summary judgment and any *Daubert* briefing, as well as all other pretrial matters.

**Parties to complete supplemental discovery:**[1] January 8, 2024

**Plaintiffs' expert reports:** March 8, 2024

**Defendants' expert reports:** June 6, 2024

**Plaintiffs' rebuttal expert reports:** July 22, 2024

**Expert discovery closes:** September 23, 2024 (experts may be deposed only once; depositions may be scheduled any time after submission of their report(s))

**MSJ/*Daubert* opening brief deadline:** The later of 45 days after (a) the close of expert discovery or (b) the close of the opt-out period in the case in which the motion(s) will be filed

**MSJ/*Daubert* opposition brief deadline:** 45 days after service of opening briefs

**MSJ/*Daubert* reply brief deadline:** 30 days after service of opposition briefs

**Pretrial statements:** 35 days after resolution of all summary judgment and *Daubert* motions applicable to the case in which the pretrial statement is to be filed

**Pretrial conference:** 14 days after pretrial statement deadline

**SO ORDERED.**

DATED: 12/8/23

RICHARD J. LEON
United States District Judge

---

[1] The Court notes that parties have an ongoing obligation to supplement discovery disclosures and responses under Fed. R. Civ. P. 26(e). That said, fact discovery in this case has already closed, and any requests for the production of additional categories of documents are untimely. To the extent that the parties disagree about which categories of documents are covered by the duty to supplement and are unable to resolve those disagreements, they must present the dispute to the Court in a motion. *See* Fed. R. Civ. P. 37(a); LCvR 7(m).