# Exhibit 3

MOGIN RUBIN

MoginRubin LLP

Washington D.C. / San Diego
2101 L Street, N.W., Suite 300
Washington, D.C. 20037

202.630.0616

January 3, 2024

Rosemary Szanyi
Arnold & Porter
601 Massachusetts Ave., NW
Washington, DC 20001-3743

*Re: National ATM Council Inc. et al. v. Visa, Inc. et al., Case No. 1:11-cv-01803-RJL (D.D.C.)*

Dear Rosemary:

I write regarding your client's request for additional fact discovery from the nine ATM Operator Class Representatives. As you know, and as the Court's Amended Scheduling Order of December 11, 2023 (ECF # 216) states, "fact discovery in this case has already closed, and any requests for the production of additional categories of documents are untimely." (*Id.* at n. 1). Accordingly, plaintiffs' obligation to supplement discovery disclosures are governed by Fed. R. Civ. P. 26(e).

Rule 26(e) requires parties who have responded to discovery to "supplement or correct its disclosure or response … if the party learns that in some material respect the disclosure or response is incomplete or incorrect …." Through our email exchanges and in our meet-and-confer discussions, you have asked for "updates" of categories of documents that, at significant time, expense, and inconvenience, have already been produced. In particular, you have requested:

- Any agreements with processors, acquirers, merchants, networks [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Requests 10 & 20];

- Documents sufficient to show net interchange for each ATM terminal over time [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Requests 7-8, 21-22];

MOGIN RUBIN



- Documents sufficient to show routing instructions for each ATM terminal over time [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Request 23];

- Documents sufficient to show surcharge amounts for each ATM terminal over time [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Request 25];

We have informed you that none (or virtually none) of the current agreements between the ATM Operator Class Representatives and its "processors, acquirers, merchants, and acquirers" are materially different from agreements previously produced and that the documents already produced are not incomplete in any material respect. Accordingly, plaintiffs are under no obligation to produce these supplemental documents.

Having been so informed, your clients nonetheless insist that they are entitled to discovery of these documents to confirm that they are not materially different from the disclosures already made. We cannot agree with this interpretation, which would read out of Rule 26(e) the limitation in that Rule that obligates parties to supplement discovery only where previous disclosures are incorrect or incomplete in some *material* respect.

With respect to data showing "net interchange" for each of the ATM Operator Class Representative's terminals, we would note that "net interchange" is a magnitude determined by your client, after deduction of the ATM acquirer fee from gross interchange. Moreover, the pattern and level of interchange revenue to the ATM Operator Class Representatives is effectively unchanged from the years of data already produced. Given the absence of any material change in the pattern of interchange revenue earned by the ATM Operator Class Representatives, there is no obligation to collect and produce additional data to supplement what has already been produced.

Again, however, it is your client's position that they are "entitled to know" whether there has been a material change in interchange revenues over the past few years. Leaving aside the fact that your client's records of interchange revenue earned by ATM Operators is far superior to that of the Class Representatives, your client's argument makes a mockery of the materiality requirement in Rule 26(e), essentially asserting that they are entitled to supplementary disclosure of materials that reveal no material incompleteness or change in order to verify that prior the disclosures are not materially incomplete or changed. This argument is absurd on its face.

MOGIN RUBIN



None of the ATM Operator Class Representatives report having any materials relating to "routing instructions," which would appear to be within the discretion of the processors.

Finally, the pattern of surcharges charged at the ATM Operator Class Representatives' terminals have not materially changed from the surcharge data that has already been produced. The Operator Class plaintiffs have no obligation to produce data that is not materially different from the data already produced. Defendants are not entitled to demand supplemental discovery to verify that updated data is not materially different or incomplete with respect to data that has already been produced.

We have carefully reviewed *Iweala v. Operational Techs. Servs., Inc*., 2010 WL 11583114, 2010 U.S. Dist. LEXIS 152748 (D.D.C. Apr. 13, 2010) cited in your email of December 21, 2023. In this magistrate's order, the court required a plaintiff claiming lost wages due to medical or mental health disabilities to supplement her employment history and to disclose consultations with medical providers that occurred after the close of fact discovery. In its decision, the magistrate noted that the plaintiff's subsequent employment history bore directly on her claim for lost wages and that "having access to the last four years of documents reflecting any medical treatment that Plaintiff received related to her claims would enable Defendant to craft its defense."

By contrast, the court found no obligation to supplement disclosure of plaintiff's tax returns, "documents relating to alleged damages and any and all allegations in the Complaint," her immigration status, "any documents relating to Plaintiff filing or intending to file for bankruptcy," or "diaries, journals, calendars, or other personal notes written by or to Plaintiff relating to allegations in the Complaint." The *Iweala* case, therefore, would appear to limit the obligation to supplement discovery disclosures under Rule 26(e) to those matters with a direct bearing on a material issue in the case such that disclosure is necessary to enable a defendant to "craft its defense."

It is the position of the ATM Operator Class that none of your client's requests for supplemental disclosure bear—even indirectly—on the ability of defendants to craft a defense. We are more than familiar with defendants' arguments that the ATM Operators' contractual agreements with third parties bear either on defendants' liability for anticompetitive overcharges of ATM acquiring fees or on the resulting injury suffered by the members of the ATM Operator Class. The D.C. Circuit considered and rejected defendants' spurious arguments that ATM Operators' contracts affect their entitlement to interchange revenue or their status as members of the ATM Operator Class. We believe the district court, like the Circuit Court, will reject the proposition that the ATM Operator Class Representatives' contracts with third parties are material to any cognizable defense and will

MOGIN RUBIN



therefore decline to compel plaintiffs to supplement their previous disclosures with third party contracts entered into after the close of fact discovery.

Similarly, it is difficult to see how the ATM Operator Class Representative's processor reports showing net interchange or surcharge revenues are necessary for defendant to craft any defense. Net interchange is under control of defendants. Surcharge rates are not related to any cognizable defense to the acquirer fee overcharges that plaintiffs can discern. Accordingly, we do not believe the Court will order the ATM Operator Class Representatives to update the data already provided before the close of discovery.

We do not believe it will be constructive to debate the materiality of the supplementation your clients are requesting to some claimed defense. You and your colleagues are creative and ingenious lawyers and I have no doubt that you can conjure an argument that a defense exists that relies on the materials you are requesting. But having litigated this case for more than a decade, I can assure you that I am the wrong audience for those efforts.

Be that as it may, it is our understanding that your clients have agreed to waive the ESI protocol as it relates to any supplementary production plaintiffs may choose to make. Therefore, without waiving any rights under the civil rules, including the right not to produce materials not required to be produced by the Rules or by order of the Court, the ATM Operators will agree to make certain *voluntary* supplementary disclosures under the conditions set forth below.

Each of the ATM Operators Class Representatives has been assigned an upload facility on our law firm servers. They have been requested to populate their folders with documents that reflect third party contracts (customers, processors, or networks) finalized after 2018. They have also been asked to provide documents showing structural or ownership changes to their businesses, if any. With respect to data, they have been asked to retrieve from their processors as much past data as is available and practicable to download and to provide a current terminal list.

This production will be provided subject to the capacity of the ATM Operator Class Representative to do so without undue burden. Once the Class Reps' documents have been uploaded, our staff will review them for privilege and prepare them for production. Given that we are dealing with production from nine separate businesses, it is unlikely that the entire undertaking will be complete by January 8. However, beginning on that date, we will provide the documents that have been received, reviewed, and docketed and provide rolling production thereafter. We will make every effort to provide as much as practicable by the January 8 deadline.

MOGIN RUBIN



I trust the foregoing will be satisfactory. If not, we do not believe there can be much more to be gained from engaging in additional meet-and-confers and would ask that defendants seek the assistance of the Court, as directed in the Court's Amended Scheduling Order. In that event, the ATM Operator Class will withdraw the offer of supplementary disclosures set forth above.

Best regards,

Jonathan Rubin
for the Firm