# Exhibit
# 5

| | |
|---|---|
| **From:** | Adam Wolfson |
| **To:** | Szanyi, Rosemary; Douglas G. Thompson, Jr.; Jonathan Rubin; Ben Siegel; Ben Harrington; Steve Berman; Merrick Rayle |
| **Cc:** | Eisenstein, Matthew A.; Webber, Mitchell; zzz.External.GCarney@PAULWEISS.COM; zzz.External.BTannenbaum@paulweiss.com |
| **Subject:** | RE: ATM Litigation |
| **Date:** | Tuesday, December 19, 2023 11:23:23 AM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

External E-mail

Hi Rosemary,

This is not an interpretation; it is the Court's Order. The only additional discovery the Court has authorized is supplementation by the "*parties*" under Rule 26(e). *See, e.g., Mackmin* Dkt. 275 at 2, n.1 (emphasis added). At this point, the only parties to the *Mackmin* and ATM Operator cases are the respective class representatives, Visa, and Mastercard. "A non-party served with a subpoena duces tecum is under no duty to supplement its discovery responses." *Alexander v. F.B.I.*, 192 F.R.D. 37, 38 (D.D.C. 2000). Thus, under the Court's plain order, third parties have no duty to supplement—something Defendants well know. *See, e.g., Discover Fin. Servs., Inc. v. Visa U.S.A., Inc.*, 2006 WL 8460949, at *2 (S.D.N.Y. Aug. 3, 2006) ("Moreover, despite Visa's effort to impose a continuing duty on Citi to supplement their production with documents created after the subpoenas were issued, a subpoenaed non-party has no obligation to supplement its production in this manner.").

To the extent Defendants are representing that they plan to contact third parties independently and collect documents from them years after the close of fact discovery, service of class certification expert reports, full class certification briefing, and a subsequent appeal of the Court's certification decision, that would violate the Court's most recent *and* previous scheduling orders. "[A]lthough Rule 26(e) of the Federal Rules of Civil Procedure imposes a duty to supplement incorrect or incomplete information, it 'does not, however, bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline.'" *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 109–10 (D.D.C. 2005) (quoting *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D.Ga.2001)). "Rule 26 imposes a *duty* on [parties]; it grants them no right to produce information in a belated fashion." *Id.* (emphasis in original). It would therefore violate the Court's scheduling orders and the Rules of Civil Procedure to obtain and then produce and third party discovery at this late stage. *See id.* (holding plaintiff could not rely on third party productions obtained after the close of fact discovery); *see also Murphy by Murphy v. Harpstead*, 2019 WL 6650510, at *5-6 (D. Minn. Dec. 6, 2019) (similar, even for third party productions obtained through voluntary means, because it would "eviscerate the Court's Scheduling Orders' requirements").

For these reasons, the *Mackmin* and ATM Operator Plaintiffs repeat for their respective cases that Defendants are not permitted to conduct third party discovery these many years after the close of fact discovery, and that if they do so, we will take all appropriate measures. Furthermore, if Defendants attempt to pursue such additional third party discovery without the requisite notice under Rule 45(a)(4), we will also bring that to the Court's attention.

Adam

---

**From:** Szanyi, Rosemary <Rosemary.Szanyi@arnoldporter.com>
**Sent:** Monday, December 18, 2023 3:22 PM
**To:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Douglas G. Thompson, Jr. <dthompson@finkelsteinthompson.com>; Jonathan Rubin <jrubin@moginrubin.com>; Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Merrick Rayle <mrayle@lshllp.com>
**Cc:** Eisenstein, Matthew A. <Matthew.Eisenstein@arnoldporter.com>; Webber, Mitchell <mwebber@paulweiss.com>; GCarney@PAULWEISS.COM; BTannenbaum@paulweiss.com
**Subject:** RE: ATM Litigation

**[EXTERNAL EMAIL from rosemary.szanyi@arnoldporter.com]**

---

Adam,

Defendants disagree with your interpretation of the Court's most recent scheduling order. The Court made clear that "requests for the production of additional categories of documents are untimely." Defendants have not made, and do not intend to make, any requests for production of additional categories of documents from parties or non-parties. That does not prevent Defendants from, among other things, accepting updated transaction data voluntarily supplemented by a non-party, as we understand Burke Plaintiffs are already in the process of doing.

Indeed, Mackmin and Operator plaintiffs' attempt to secure a court order preventing defendants from seeking non-party supplemental information has already failed. You have already argued to the Court that defendants should not be "entitled to . . . 'supplemental' discovery," and that there should be no "further third-party fact discovery (including from settled Bank Defendants) by either Plaintiffs or Defendants." Joint Submission Regarding Case Schedule (Nov. 21, 2023) at 4-5. The Court declined to adopt either of those propositions.

Defendants will continue to comply with their notice and disclosure obligations, including those related to non-party subpoenas and expert reliance materials. However, Defendants are under no obligation to inform you any time they "reach out to any third party for additional discovery," and cannot agree to such a broad request. Defendants will inform counsel for all parties if they secure agreement from a third party to provide supplemental material, so that all parties can plan accordingly.

Best,
Rosie

---

**From:** Adam Wolfson <adamwolfson@quinnemanuel.com>
**Sent:** Sunday, December 17, 2023 2:15 PM
**To:** Szanyi, Rosemary <Rosemary.Szanyi@arnoldporter.com>; Douglas G. Thompson, Jr. <dthompson@finkelsteinthompson.com>; Jonathan Rubin <jrubin@moginrubin.com>; Ben Siegel

<bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Merrick Rayle <mrayle@lshllp.com>
**Cc:** Eisenstein, Matthew A. <Matthew.Eisenstein@arnoldporter.com>; Webber, Mitchell <mwebber@paulweiss.com>; zzz.External.GCarney@PAULWEISS.COM <GCarney@PAULWEISS.COM>; zzz.External.BTannenbaum@paulweiss.com <BTannenbaum@paulweiss.com>
**Subject:** RE: ATM Litigation

External E-mail

Hi Rosemary,

The Mackmin and ATM Operator plaintiffs believe the Court's Order was clear that fact discovery is closed and the only permissible discovery at this point is supplementation under Rule 26(e). If Defendants seek additional third party discovery, they can only do so under Rule 45, which requires notice to us under Rule 45(a)(4). If Defendants reach out to any third party for additional discovery, we expect they will let us know. Please also note that we will oppose such efforts and raise them with the Court in either or both of the Mackmin and ATM Operator cases. We take no position with respect to the Burke case.

Thanks,
Adam

---

**From:** Szanyi, Rosemary <Rosemary.Szanyi@arnoldporter.com>
**Sent:** Friday, December 15, 2023 12:27 PM
**To:** Douglas G. Thompson, Jr. <dthompson@finkelsteinthompson.com>; Jonathan Rubin <jrubin@moginrubin.com>; Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Merrick Rayle <mrayle@lshllp.com>
**Cc:** Eisenstein, Matthew A. <Matthew.Eisenstein@arnoldporter.com>; Webber, Mitchell <mwebber@paulweiss.com>; GCarney@PAULWEISS.COM; BTannenbaum@paulweiss.com
**Subject:** RE: ATM Litigation

**[EXTERNAL EMAIL from rosemary.szanyi@arnoldporter.com]**

---

Counsel,

Defendants appreciate that the Mackmin plaintiffs will produce the identified categories of materials in response to our requests (subject to the clarification we received from Adam about ATM receipts yesterday). The emails below do not state whether the Operator or Burke plaintiffs are agreeing to supplement their productions in the specific categories defendants have requested. We will follow up with them separately on this point.

Defendants also agree with the Burke plaintiffs that nothing in the scheduling order prevents the

parties from accepting updated transaction data voluntarily supplemented by a non-party. As I've previously noted, defendants plan to seek updated productions from non-parties as well, consistent with the Burke plaintiffs' approach.

Best,
Rosie

---

**From:** Douglas G. Thompson, Jr. <dthompson@finkelsteinthompson.com>
**Sent:** Thursday, December 14, 2023 4:57 PM
**To:** Jonathan Rubin <jrubin@moginrubin.com>; Szanyi, Rosemary <Rosemary.Szanyi@arnoldporter.com>; Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Merrick Rayle <mrayle@lshllp.com>
**Cc:** Eisenstein, Matthew A. <Matthew.Eisenstein@arnoldporter.com>; Webber, Mitchell <mwebber@paulweiss.com>; zzz.External.GCarney@PAULWEISS.COM <GCarney@PAULWEISS.COM>; zzz.External.BTannenbaum@paulweiss.com <BTannenbaum@paulweiss.com>
**Subject:** Re: ATM Litigation

External E-mail

Dear Rosemary, on behalf of the Burke Class, we are generally in agreement with Jonathan's email.
We wish to reiterate, as we previously informed you, that it is the Burke Class' position that it would not be inappropriate under the scheduling order for Burke to accept updated transactional data (from 2018 to the present) voluntarily supplemented by non-party Switch Commerce, who previously produced the same categories of data pursuant to a Rule 45

subpoena.

Douglas G. Thompson Jr. Esq.
Finkelstein Thompson LLP
www.finkelsteinthompson.com <http://www.finkelsteinthompson.com>

This e-mail message contains information belonging to the law firm of Finkelstein Thompson LLP, which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. This email is not intended to create an attorney-client relationship between you and Finkelstein Thompson LLP. If you communicate with us in connection with a matter for which we do not already represent you, your communication may not be treated as privileged or confidential. In some jurisdictions this e-mail may be considered advertising. The hiring of a lawyer is an important decision that should not be based solely upon written

information about our qualifications and experience. Advertising disclaimers are required in several states when law firms or attorneys indicate practice limitations or areas of concentration.

---

**From:** Jonathan Rubin <jrubin@moginrubin.com>
**Date:** Thursday, December 14, 2023 at 4:49 PM
**To:** "Szanyi, Rosemary" <Rosemary.Szanyi@arnoldporter.com>, Ben Siegel <bens@hbsslaw.com>, Ben Harrington <benh@hbsslaw.com>, Steve Berman <Steve@hbsslaw.com>, Adam Wolfson <adamwolfson@quinnemanuel.com>, Doug Thompson <dthompson@finkelsteinthompson.com>, Merrick Rayle <mrayle@lshllp.com>
**Cc:** "Eisenstein, Matthew A." <Matthew.Eisenstein@arnoldporter.com>, "Webber, Mitchell" <mwebber@paulweiss.com>, "GCarney@PAULWEISS.COM" <GCarney@PAULWEISS.COM>, "BTannenbaum@paulweiss.com" <BTannenbaum@paulweiss.com>
**Subject:** Re: ATM Litigation

Dear Rosemary,

I write on behalf of Plaintiffs, the ATM Operator Class and the Mackmin Class.

The Operators and Mackmin disagree with your email to the extent it interprets the Court's amended scheduling order to allow discovery beyond the scope of FRCP 26(e) regarding supplementation of discovery responses. In that regard, I understand it is the Mackmin Class's position that the former bank defendants in their case are under no obligation to supplement since they are no longer parties due to their dismissal, and that seeking discovery from them would therefore be inappropriate under the Court's order.

Plaintiffs presently believe that they will be able to comply with the requirements of the rule on or before the January 8, 2024 deadline.

In the event Defendants disagree with the scope of the supplemental discovery produced by Plaintiffs, the Court has directed the parties to regular motion practice to address the issue.

Best wishes for the holidays,

**Jonathan L. Rubin**
Partner
MoginRubin LLP

2101 L Street, N.W.
Suite 300
Washington, D.C. 20037

Tel: 202.630.0616
jrubin@moginrubin.com
www.moginrubin.com

For the latest news on antitrust, competition, privacy, mergers and related topics, read the MoginRubin Blog

This message is sent by a law firm and may contain privileged or confidential information. No tax advice is included. If you received this transmission in error, please notify the sender and delete the message and any attachments. Any unauthorized use is strictly prohibited.

---

**From:** Szanyi, Rosemary <Rosemary.Szanyi@arnoldporter.com>
**Sent:** Tuesday, December 12, 2023 12:32 PM
**To:** Ben Siegel <bens@hbsslaw.com>; Ben Harrington <benh@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Jonathan Rubin <jrubin@moginrubin.com>; Doug Thompson <dthompson@finkelsteinthompson.com>; Merrick Rayle <mrayle@lshllp.com>
**Cc:** Eisenstein, Matthew A. <Matthew.Eisenstein@arnoldporter.com>; Webber, Mitchell <mwebber@paulweiss.com>; GCarney@PAULWEISS.COM <GCarney@PAULWEISS.COM>; BTannenbaum@paulweiss.com <BTannenbaum@paulweiss.com>
**Subject:** ATM Litigation

Counsel,

The Amended Scheduling Order entered by the Court yesterday requires all parties to complete their supplemental productions by January 8, 2024. Accordingly, we are reiterating our request that plaintiffs supplement their productions in certain discrete categories that are critical to our defenses, for the reasons defendants outlined in the Joint Submission.

Below are the categories of materials that defendants ask you to supplement (these track the list I first sent you on November 7, 2023). Consistent with the Court's instructions, and as shown below, these categories fall within the scope of defendants' original discovery requests to which plaintiffs responded. We acknowledge that fact discovery has closed but plaintiffs' existing productions on these central issues are incomplete based on the passage of time and thus covered by the duty to supplement, and they also would not be burdensome to produce.

Please let us know your position(s) in light of the Court's Amended Scheduling Order. We ask that you respond by no later than Thursday, December 14, so that we can file a timely motion if we cannot agree, as contemplated by the Amended Scheduling Order.

Note that we also plan to seek updated productions from third parties and settling defendants in the discrete categories as shown below.

Thanks,

Rosie

<u>Supplemental Discovery Materials</u>
Consumer plaintiffs

- Any agreements with depository institutions/ATM issuers [See, e.g., Burke and Mackmin Plaintiffs' Resps. & Objs. to Visa and Mastercard Defendants' Requests 2, 12]
- Bank statements showing fees (or reimbursements) relating to ATM usage [See, e.g., Burke and Mackmin Plaintiffs' Resps. & Objs. to Visa and Mastercard Defendants' Requests 1, 2, 10]
- Receipts from ATM usage [See, e.g., Burke and Mackmin Plaintiffs' Resps. & Objs. to Visa and Mastercard Defendants' Requests 1, 2, 10]

Operator plaintiffs

- Any agreements with processors, acquirers, merchants, networks [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Requests 10 & 20]
- Documents sufficient to show net interchange for each ATM terminal over time [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Requests 7-8, 21-22]
- Documents sufficient to show routing instructions for each ATM terminal over time [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Request 23]
- Documents sufficient to show surcharge amounts for each ATM terminal over time [See, e.g., Independent ATM Operators' Objs. & Resps. to Visa and Mastercard Defendants' Request 25]

Third-party networks

- Updated rules
- Updated data on interchange and network fees

Settling bank defendants

- Updated data
- Updated contracts with ATM networks

---

Rosemary Szanyi
Partner | Bio

Arnold & Porter
601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6812
Rosemary.Szanyi@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com