**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ATM COUNCIL, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-cv-01803-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| LYNNE BARTRON, *et al.*,<br><br>*Plaintiffs*,<br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |
| PETER BURKE, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>VISA INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:11-cv-1882-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF AMENDED SCHEDULING ORDER**

In these cases seeking billions of dollars in damages and prospective injunctive relief, Defendants' Motion seeks clarification of the Court's Amended Scheduling Order on a narrow issue of basic fairness: just like *Burke* Plaintiffs are doing to support their case, Defendants should be permitted to rely on a third party's update to its previously-produced data to fairly defend itself. No one disputes that (1) the Wells Fargo data at issue in this Motion is central to these cases but significantly out-of-date, (2) Wells Fargo is willing to provide the data update voluntarily should the Court permit it, and (3) the relief sought here is focused and limited. The Court should grant Defendants' Motion, thereby allowing all parties to make full use of what *Mackmin* Plaintiffs claim is the "best data available" in the merits expert analyses they are preparing.

Defendants briefly respond to the significant omissions and errors in the *Mackmin* and Operator Plaintiffs' Oppositions.

***First***, there is no dispute that the Wells Fargo data Defendants seek to update is both critical and, in its produced form, significantly out-of-date. *Mackmin* Plaintiffs do not deny that, like at class certification, the Wells Fargo data will be at the core of their empirical proof of class-wide injury on the merits. *See* Mot. at 5–7; *Mackmin* Opp. at 5. There is also no disagreement that, due to an intervening appeal, the produced version of the Wells Fargo data is over six years out of date and missing more than a third of the relevant time-period. *See* Mot. at 5, 7. The only dispute is whether Defendants are entitled to obtain and rely upon materially new information to defend against Plaintiffs' claims seeking billions of dollars in damages and prospective injunctive relief. Under all of the applicable legal principles, the answer is yes. *See* Mot. at 7–10.

***Second***, Defendants' request is narrowly limited to a data update; Defendants are not seeking any additional categories of information or information that could have been obtained during fact discovery. For this reason, Plaintiffs are wrong to speculate that permitting this update will "open up a Pandora's box of discovery issues." *Mackmin* Opp. at 3; *see also* ATM Operator Opp. at 2. The nature of the Wells Fargo data is already well-known to the parties because it has been used extensively in these cases. And that data is the only update that Defendants requested of a third party during the supplemental discovery period, so there will be no surprises. Moreover, *Mackmin* Plaintiffs turned down Defendants' proposal to jointly pursue supplemental discovery of third parties, *see* Mot. at 3–4, and never identified any third-party information they believed to be materially out-of-date even after receiving prompt notice that Defendants intended to seek a data update from Wells Fargo. *See* Ex. 2 at 1 (informing Plaintiffs' counsel the day after the Amended Scheduling Order was entered that Defendants "plan to seek updated productions from . . . settling defendants in the discrete categories as shown below"). There is no reason to entertain *Mackmin* Plaintiffs' empty threat that they will try to seek additional, unspecified third-party discovery just because Defendants' Motion is granted. *See Mackmin* Opp. at 10.

It also defies logic for *Mackmin* Plaintiffs to claim that Defendants have not been "diligent" because Defendants argued in favor of closing fact discovery in 2019. *See Mackmin* Opp. at 4, 8. Defendants had no reason to foresee, in 2019, that an intervening appeal would delay the case for two years. Indeed, most of the updated data Defendants now seek did not exist in 2019. By necessity, information that comes into existence after the close of discovery "could not have [been] obtained . . . with diligence during discovery." *Reid v. Washington Metro. Area*

*Transit Auth.*, 2021 WL 10724633, at *1 (D.D.C. May 6, 2021). Given this passage of time, Defendants have agreed to update their own data productions and *Burke* Plaintiffs are obtaining a voluntary update to the data production of a third-party processor. Plaintiffs should not be permitted to obtain the one-sided result they seek, under which Plaintiffs can rely on the updated data they want (from Defendants and a different third party) while Defendants cannot rely on a narrow data update from Wells Fargo.

***Third***, the Amended Scheduling Order does not, as *Mackmin* and Operator Plaintiffs claim, limit supplemental discovery to "supplementation by the 'parties' under Rule 26(e)." *Mackmin* Opp. at 7 (quoting only a single word, "parties," from the Amended Scheduling Order); *see also* Operator Plaintiffs Opp. at 1. That limiting language comes from Plaintiffs' Oppositions, not the Order itself. The Order simply, and more broadly, sets a deadline for the parties to complete "supplemental discovery." Amended Scheduling Order, ECF No. 216, Dkt. No. 11-cv-01803 (D.D.C. Dec. 11, 2023) at 2. That "supplemental discovery" may come from parties pursuant to their "duty" under Rule 26(e), *Mackmin* Opp. at 1, but may also come from third parties that are willing to supplement *voluntarily* (as Wells Fargo and a processor have agreed to do here). Indeed, when the Court entered the Order, it was aware that both *Burke* Plaintiffs and Defendants intended to use the supplemental discovery period to seek data updates from third parties. *See* Joint Submission Regarding Case Schedule, ECF No. 215, Dkt. No. 11-cv-01803 (D.D.C. Nov. 21, 2023) ("Joint Submission") at 6, 11–12. The Court properly did not instruct that any of those efforts cease, or that they must proceed by Rule 45 subpoena rather than voluntarily (as *Mackmin* Plaintiffs suggest without explanation, *see Mackmin* Opp. at 1, 9).

*Mackmin* and Operator Plaintiffs cannot impose upon the Amended Scheduling Order a supposedly "clear" limitation, *Mackmin* Opp. at 1, that is not found either explicitly or by implication in the Order itself. Further, even if the Order said what they claim, a modification would be warranted based on the undisputed circumstances set forth above. In a comparable situation, in *United States v. Sci. Applications Int'l Corp.*, the court reopened discovery to permit a defendant to discover evidence "for the period after the close of discovery [seven years prior] until the present" because a "minimal delay to the trial" was "significantly outweighed by the potential value that the evidence ha[d] to a central issue." 301 F.R.D. 1, 3–4 (D.D.C. 2013); *see also* Mot. at 8–10. Here, no such delay to trial, or modification of any other deadlines, is necessary.

In short, no legal principle can justify Plaintiffs' one-sided approach, in which supplemental discovery is only permitted if it can increase Plaintiffs' damages, not if it could undermine their theory of causation and class-wide injury.

For the foregoing reasons and those in Defendants' Motion, the Motion should be granted so as to permit the parties to rely on updated Wells Fargo data.

Dated: January 26, 2024

Respectfully submitted,

By: /s/ Matthew Eisenstein
Matthew A. Eisenstein (D.C. Bar No. 476577)
matthew.eisenstein@arnoldporter.com
Rosemary Szanyi (D.C. Bar No. 997859)
rosemary.szanyi@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel. (202) 942-5000
Fax. (202) 942-5999

*Counsel for Defendants Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.*

By: /s/ Kenneth Gallo
Kenneth A. Gallo (D.C. Bar No. 371253)
kgallo@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel. (202) 223-7300
Fax. (202) 223-7420

*Counsel for Defendants Mastercard Incorporated and Mastercard International Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record in the above-referenced actions via the CM/ECF system.

Dated: January 26, 2024

*/s/ Matthew A. Eisenstein*
Matthew A. Eisenstein