**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER BURKE, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>VISA INC., *et al.*,<br>Defendants. | Case No. 1:11-cv-01882 (RJL) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING NOTICE TO THE CLASS**

This matter comes before the Court on the *Burke* Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and to Direct Notice to the Settlement Class ("Motion").

WHEREAS the *Burke* Plaintiffs ("Plaintiffs"), on behalf of themselves and of the proposed stipulated Nationwide Settlement Class and four Statewide Settlement Classes (collectively, "the Settlement Class"), and Visa Inc.; Visa U.S.A. Inc.; Visa International Service Association; Plus System, Inc. ("Visa"); Mastercard Incorporated and Mastercard International Incorporated d/b/a Mastercard Worldwide ("Mastercard") have agreed, subject to Court approval, following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("the *Burke* Action") upon the terms set forth in the Settlement Agreement, attached as **Exhibit A** to this Order);

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the Settlement set forth in the Settlement Agreement ("Settlement") and directing notice to the Settlement Class (defined in paragraph 2 below) in connection with the Settlement Agreement pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, together with Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval, all exhibits thereto, the record in this case, and the briefs and arguments of counsel:

WHEREAS, Plaintiffs have presented sufficient information, pursuant to the Federal Rules, to justify directing notice of the Settlement to the Settlement Class;

WHEREAS, this Court finds that it is likely to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), and that it is likely to certify the Settlement Class for purposes of judgment on the Settlement Agreement; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement, and the term Settlement Class shall include the Nationwide Settlement Class and the four Statewide Settlement Classes of California, Illinois, Massachusetts, Michigan;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, finding that it is likely to approve the Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that it is likely to certify the proposed Settlement Class solely for purposes of judgment on the proposed Settlement Agreement with Visa and Mastercard, and therefore preliminarily certifies the following Settlement Classes, solely for purposes of effectuating this Settlement,

a. a Nationwide Settlement Class defined as follows:

> All persons in the United States who, between October 24, 2007, and the date of the Preliminary Approval Order, were charged an Access Fee for a domestic cash withdrawal transaction at an Independent ATM and who were not fully reimbursed by their bank. A domestic cash withdrawal transaction is a transaction to withdraw cash from a customer's deposit account using an ATM or pin-debit card at an Independent ATM terminal located within the United States, including its Territories. It does not include any credit card transaction or any transaction involving a cash advance or prepaid card.[1] (Settlement Agreement III.A.);

b. four Statewide Settlement Classes pursuant to the laws of the states of California, Illinois, Massachusetts, and Michigan, each defined identically to the Nationwide Settlement Class except that each statewide class is limited to persons who were charged an Access Fee at an Independent ATM located in the respective state. (Settlement Agreement III.B.).

3. The Court hereby directs Plaintiffs to give notice of the Settlement to the Settlement Class.

4. The Court designates Peter Burke, Kent Harrison, Marin P. Heiskell and Bryan Byrnes as the Class Representatives for the Settlement Class.

5. The Court designates the following as Class Co-Lead Counsel for the Settlement Class: Finkelstein Thompson LLP and Lovell Stewart Halebian Jacobson LLP.

---

[1] Specifically excluded from the Settlement Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action, and the members of his/her immediate family and judicial staff, and any juror assigned to this action. The Settlement Class shall not include members or putative members of the Class that timely and validly elect to be excluded from the Settlement Class. The Settlement Class shall not include members or putative members of the Class that timely and validly elect to be excluded from the Settlement Class.

6. The Court approves the proposed notice plan as described in the Declaration of Elaine Pang, Vice President of Media for A.B. Data, Ltd., in Support of Plaintiffs' Motion and the forms attached as exhibits thereto, including the Short-Form Notice and Long-Form Notice, attached as **Exhibits C** and **D**, respectively,. The Court further approves of the digital advertisements, attached as **Exhibit E** to the Pang Declaration. The Court further approves of the proposed Claim Form, attached as **Exhibit F** to the Pang Declaration. The Court further finds that the proposed class notice plan as described in the Pang Declaration, including the contents of the proposed notices and the methods of dissemination, meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court appoints the firm of A.B. Data, Ltd. as the Settlement Administrator. The Court authorizes Co-Lead Class Counsel to serve a subpoena instructing the Settlement Administrator to use, for purposes of direct notice, the email addresses of potential class members already in its possession and previously obtained and used for class notice and claims purposes in connection with two prior settlements in a coordinated action (No. 11-cv-1831-RJL) between the *Mackmin* plaintiffs and the Mastercard, Visa and Bank defendants. The Settlement Administrator shall use such email addresses solely for the purpose of class notice, shall not disclose the addresses or the identities of the address holders to any other person or for any other purpose, and shall designate the information as "highly confidential" under the terms of the protective order in these coordinated actions.

8. Plaintiffs and their designees, including the Settlement Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and

administration costs as set forth in the Settlement Agreement. The Court appoints U.S. Bank as Escrow Agent to hold the Settlement Fund, pursuant to the Settlement Agreement.

9. The Fairness Hearing shall be held before this Court on _______, at _________ to determine whether to approve certification of the proposed Settlement Class for settlement purposes; whether the proposed settlement of the *Burke* Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of service awards that should be provided to the Class Representatives. The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class.

10. The Court appoints the Settlement Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a. Beginning no later than 28 days from the entry of this Order, the Settlement Administrator shall provide the Short-Form Notice via direct email to potential members of the Settlement Class, substantially in the form and manner as described in the Pang Declaration.

b. Beginning no later than 28 days from the entry of this Order, the Settlement Administrator shall cause the digital advertisements to be published, substantially in the form and manner as described in the Pang Declaration. The Settlement Administrator may modify the form of the digital advertisements as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications still reflect the substance of the form attached as **Exhibit E** to the Pang Declaration.

c. During the notice program, the Settlement Administrator shall disseminate a news release, to be distributed over PR Newswire's US1 Newsline and Hispanic Newsline to news desks across the United States. News about the Settlement will also be broadcast to the news media via X (formerly known as Twitter). It will be tweeted from PR Newswire's and A.B. Data's X accounts to thousands of media outlets, journalists, and other followers.

d. During the notice program, the Short-Form Notice, substantially in the form attached as **Exhibit C** to the Pang Declaration, shall be formatted as a 1/3-page print advertisement published one time in *People* magazine. No later than 28 days from the entry of this Order, the Settlement Administrator shall provide notice of the Settlement on the case-specific website at: www.nonbankatmsurchargesettlement.com. The website shall make available to members of the Settlement Class and the public information about the case and the Settlement, including links to file claims online and to download the Claim Form substantially in the form attached as **Exhibit F** to the Pang Declaration. The website also shall contain answers to frequently asked questions, important case documents, and contact information for both Class Counsel and the Settlement Administrator. The Settlement Administrator shall cause the full versions of the Settlement Agreement, this Preliminary Approval Order, and the Long-Form Notice substantially in the formed attached as **Exhibit D** to the Pang Declaration, to be published on the website.

11. The claims period shall commence 28 days from the entry of this Order and shall continue through and including 180 days from the entry of this Order.

12. All members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. Co-Lead Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by 105 days from the entry of this Order.

14. Any person who desires to request exclusion from the Settlement Class must do so by 119 days from the entry of this Order, and such request for exclusion shall be in the form of a letter mailed to the Settlement Administrator that includes a statement of that person's decision to request exclusion from the Settlement Class in this Action and that person's (1) full name, (2) mailing address, (3) telephone number and/or email address, and (4) a handwritten signature by the person requesting exclusion. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to the Visa and Mastercard defendants entered in the Action.

15. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class, upon final approval of the Settlement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds. Any persons who excluded themselves from prior *Mackmin* ATM surcharge settlements with Bank of America, Chase, and Wells Fargo, or with Visa and Mastercard, will be bound by this *Burke* Settlement unless they submit a valid exclusion request specifically for this Settlement.

16. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she or it will be represented by Class Counsel.

17. Any member of the Settlement Class may appear and show cause, if he or she or it has any reason, why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*Peter Burke, et al. v. Visa Inc., et al.*, No. 1:11-cv-01882-RJL), (b) be submitted to the Court either by mailing to the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, or by filing them in person at the United States District Court for the District of Columbia, and (c) be filed or postmarked on or before 119 days from the entry of this Order.

18. All papers in support of the final approval of the Settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by 133 days from the entry of this Order.

19. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

20. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendants Visa and Mastercard of the truth or falsity of any of the

allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and Defendants Visa and Mastercard deny and continue to deny each and all of the claims made by Plaintiffs in the *Burke* Action and of liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.

21. All proceedings in the Action against Visa and Mastercard are hereby stayed until the Court renders a final decision on approval of the Settlement.

22. If final approval of the Settlement is not obtained, it will become null and void, and Plaintiffs and Defendants Visa and Mastercard will revert to their positions *ex ante* (as of the execution date of the Settlement Agreement) without prejudice to their rights, claims, or defenses.

23. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing, either directly, representatively, or in any other capacity, the prosecution in any forum of the claims released in the proposed Settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement.

SO ORDERED

DATED: ____________________, 202__

______________________________________
HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

**ATTACHMENT A**
[INSERT SETTLEMENT AGREEMENT HERE]