**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER BURKE, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>VISA INC., *et al.*,<br>Defendants. | Case No. 1:11-cv-01882 (RJL) |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING NOTICE TO THE CLASS**

This matter comes before the Court on the *Burke* Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and to Direct Notice to the Settlement Class ("Motion").

WHEREAS the *Burke* Plaintiffs ("Plaintiffs"), on behalf of themselves and of the proposed stipulated Nationwide Settlement Class and four Statewide Settlement Classes (collectively, "the Settlement Class"), and Visa Inc.; Visa U.S.A. Inc.; Visa International Service Association; Plus System, Inc. ("Visa"); Mastercard Incorporated and Mastercard International Incorporated d/b/a Mastercard Worldwide ("Mastercard") have agreed, subject to Court approval, following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("the *Burke* Action") upon the terms set forth in the Settlement Agreement, attached as **Exhibit A** to this Order);

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the Settlement set forth in the Settlement Agreement ("Settlement") and directing notice to the Settlement Class (defined in paragraph 2 below) in connection with the Settlement Agreement pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the parties, together with Plaintiffs' Memorandum in Support of the Motion for Preliminary Approval, all exhibits thereto, the record in this case, and the briefs and arguments of counsel:

WHEREAS, Plaintiffs have presented sufficient information, pursuant to the Federal Rules, to justify directing notice of the Settlement to the Settlement Class;

WHEREAS, this Court finds that it is likely to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), and that it is likely to certify the Settlement Class for purposes of judgment on the Settlement Agreement; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement, and the term Settlement Class shall include the Nationwide Settlement Class and the four Statewide Settlement Classes of California, Illinois, Massachusetts, Michigan;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, finding that it is likely to approve the Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that it is likely to certify the proposed Settlement Class solely for purposes of judgment on the proposed Settlement Agreement with Visa and Mastercard, and therefore preliminarily certifies the following Settlement Classes, solely for purposes of effectuating this Settlement,

a. a Nationwide Settlement Class defined as follows:

> All persons in the United States who, between October 24, 2007, and the date of the Preliminary Approval Order, were charged an Access Fee for a domestic cash withdrawal transaction at an Independent ATM and who were not fully reimbursed by their bank. A domestic cash withdrawal transaction is a transaction to withdraw cash from a customer's deposit account using an ATM or pin-debit card at an Independent ATM terminal located within the United States, including its Territories. It does not include any credit card transaction or any transaction involving a cash advance or prepaid card.[1] (Settlement Agreement III.A.);

b. four Statewide Settlement Classes pursuant to the laws of the states of California, Illinois, Massachusetts, and Michigan, each defined identically to the Nationwide Settlement Class except that each statewide class is limited to persons who were charged an Access Fee at an Independent ATM located in the respective state. (Settlement Agreement III.B.).

3. The Court hereby directs Plaintiffs to give notice of the Settlement to the Settlement Class.

4. The Court designates Peter Burke, Kent Harrison, Marin P. Heiskell and Bryan Byrnes as the Class Representatives for the Settlement Class.

5. The Court designates the following as Class Co-Lead Counsel for the Settlement Class: Finkelstein Thompson LLP and Lovell Stewart Halebian Jacobson LLP.

---

[1] Specifically excluded from the Settlement Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action, and the members of his/her immediate family and judicial staff, and any juror assigned to this action. The Settlement Class shall not include members or putative members of the Class that timely and validly elect to be excluded from the Settlement Class. The Settlement Class shall not include members or putative members of the Class that timely and validly elect to be excluded from the Settlement Class.

6. The Court approves the proposed notice plan as described in the Declaration of Elaine Pang, Vice President of Media for A.B. Data, Ltd., in Support of Plaintiffs' Motion and the forms attached as exhibits thereto, including the Short-Form Notice and Long-Form Notice, attached as **Exhibits C** and **D**, respectively,. The Court further approves of the digital advertisements, attached as **Exhibit E** to the Pang Declaration. The Court further approves of the proposed Claim Form, attached as **Exhibit F** to the Pang Declaration. The Court further finds that the proposed class notice plan as described in the Pang Declaration, including the contents of the proposed notices and the methods of dissemination, meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court appoints the firm of A.B. Data, Ltd. as the Settlement Administrator. The Court authorizes Co-Lead Class Counsel to serve a subpoena instructing the Settlement Administrator to use, for purposes of direct notice, the email addresses of potential class members already in its possession and previously obtained and used for class notice and claims purposes in connection with two prior settlements in a coordinated action (No. 11-cv-1831-RJL) between the *Mackmin* plaintiffs and the Mastercard, Visa and Bank defendants. The Settlement Administrator shall use such email addresses solely for the purpose of class notice, shall not disclose the addresses or the identities of the address holders to any other person or for any other purpose, and shall designate the information as "highly confidential" under the terms of the protective order in these coordinated actions.

8. Plaintiffs and their designees, including the Settlement Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and

administration costs as set forth in the Settlement Agreement. The Court appoints U.S. Bank as Escrow Agent to hold the Settlement Fund, pursuant to the Settlement Agreement.

9. The Fairness Hearing shall be held before this Court on 2/17/27, at 4 pm to determine whether to approve certification of the proposed Settlement Class for settlement purposes; whether the proposed settlement of the *Burke* Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of service awards that should be provided to the Class Representatives. The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class.

10. The Court appoints the Settlement Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a. Beginning no later than 28 days from the entry of this Order, the Settlement Administrator shall provide the Short-Form Notice via direct email to potential members of the Settlement Class, substantially in the form and manner as described in the Pang Declaration.

b. Beginning no later than 28 days from the entry of this Order, the Settlement Administrator shall cause the digital advertisements to be published, substantially in the form and manner as described in the Pang Declaration. The Settlement Administrator may modify the form of the digital advertisements as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications still reflect the substance of the form attached as **Exhibit E** to the Pang Declaration.

c. During the notice program, the Settlement Administrator shall disseminate a news release, to be distributed over PR Newswire's US1 Newsline and Hispanic Newsline to news desks across the United States. News about the Settlement will also be broadcast to the news media via X (formerly known as Twitter). It will be tweeted from PR Newswire's and A.B. Data's X accounts to thousands of media outlets, journalists, and other followers.

d. During the notice program, the Short-Form Notice, substantially in the form attached as **Exhibit C** to the Pang Declaration, shall be formatted as a 1/3-page print advertisement published one time in *People* magazine. No later than 28 days from the entry of this Order, the Settlement Administrator shall provide notice of the Settlement on the case-specific website at: www.nonbankatmsurchargesettlement.com. The website shall make available to members of the Settlement Class and the public information about the case and the Settlement, including links to file claims online and to download the Claim Form substantially in the form attached as **Exhibit F** to the Pang Declaration. The website also shall contain answers to frequently asked questions, important case documents, and contact information for both Class Counsel and the Settlement Administrator. The Settlement Administrator shall cause the full versions of the Settlement Agreement, this Preliminary Approval Order, and the Long-Form Notice substantially in the formed attached as **Exhibit D** to the Pang Declaration, to be published on the website.

11. The claims period shall commence 28 days from the entry of this Order and shall continue through and including 180 days from the entry of this Order.

12. All members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13. Co-Lead Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by 105 days from the entry of this Order.

14. Any person who desires to request exclusion from the Settlement Class must do so by 119 days from the entry of this Order, and such request for exclusion shall be in the form of a letter mailed to the Settlement Administrator that includes a statement of that person's decision to request exclusion from the Settlement Class in this Action and that person's (1) full name, (2) mailing address, (3) telephone number and/or email address, and (4) a handwritten signature by the person requesting exclusion. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgments relating to the Visa and Mastercard defendants entered in the Action.

15. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class, upon final approval of the Settlement, shall be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds. Any persons who excluded themselves from prior *Mackmin* ATM surcharge settlements with Bank of America, Chase, and Wells Fargo, or with Visa and Mastercard, will be bound by this *Burke* Settlement unless they submit a valid exclusion request specifically for this Settlement.

16. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she or it will be represented by Class Counsel.

17. Any member of the Settlement Class may appear and show cause, if he or she or it has any reason, why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service awards should or should not be awarded to the class representatives. All written objections and supporting papers must (a) clearly identify the case name and number (*Peter Burke, et al. v. Visa Inc., et al.*, No. 1:11-cv-01882-RJL), (b) be submitted to the Court either by mailing to the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, or by filing them in person at the United States District Court for the District of Columbia, and (c) be filed or postmarked on or before 119 days from the entry of this Order.

18. All papers in support of the final approval of the Settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by 133 days from the entry of this Order.

19. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

20. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendants Visa and Mastercard of the truth or falsity of any of the

allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and Defendants Visa and Mastercard deny and continue to deny each and all of the claims made by Plaintiffs in the *Burke* Action and of liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.

21. All proceedings in the Action against Visa and Mastercard are hereby stayed until the Court renders a final decision on approval of the Settlement.

22. If final approval of the Settlement is not obtained, it will become null and void, and Plaintiffs and Defendants Visa and Mastercard will revert to their positions *ex ante* (as of the execution date of the Settlement Agreement) without prejudice to their rights, claims, or defenses.

23. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing, either directly, representatively, or in any other capacity, the prosecution in any forum of the claims released in the proposed Settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement.

SO ORDERED

DATED: August 13, 2026

RJLeon

HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

Case No. 1:11-cv-01882 (RJL).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER BURKE, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>VISA INC., *et al.*,<br>Defendants. | Case No. 1:11-cv-01882 (RJL) |

**STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN**
**<u>BURKE PLAINTIFFS AND VISA AND MASTERCARD DEFENDANTS</u>**

# TABLE OF CONTENTS
**Contents**


**I. RECITALS** ..... 3

**II. DEFINITIONS** ..... 6

**III. SETTLEMENT CLASS CERTIFICATION** ..... 12

**IV. GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT** ..... 14

**V. FINAL JUDGMENT AND ORDER OF DISMISSAL AGAINST VISA DEFENDANTS AND MASTERCARD DEFENDANTS** ..... 14

**VI. PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING** ..... 17

**VII. EFFECTIVE DATE OF SETTLEMENT** ..... 20

**VIII. CLAIMS ADMINISTRATOR** ..... 21

**IX. SCOPE AND EFFECT OF SETTLEMENT** ..... 21

**X. COOPERATION** ..... 22

**XI. FEE AND EXPENSE APPLICATION** ..... 23

**XII. THE SETTLEMENT FUND** ..... 25

**XIII. ADMINISTRATION OF THE SETTLEMENT** ..... 27

**XIV. TAXES** ..... 29

**XV. TERMINATION OF SETTLEMENT** ..... 31

**XVI. MISCELLANEOUS** ..... 33

## I. RECITALS

This Stipulation and Agreement of Settlement ("Settlement Agreement") is made and entered into on August 22, 2025 ("Execution Date"), between Class Plaintiffs (as defined herein), for themselves individually and on behalf of each Settlement Class Member in the Action (each, as defined herein), Visa Defendants (as defined herein), and Mastercard Defendants (as defined herein), by and through Class Lead Counsel, Visa Defendants' Counsel, and Mastercard Defendants' Counsel (each, as defined herein). This Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), with respect to the Released Parties (as defined herein), upon and subject to the terms and conditions herein.

WHEREAS, on June 12, 2019, Burke Class Plaintiffs ("Plaintiffs" or "Class Plaintiffs") filed a Fourth Amended Class Action Complaint ("FAC" or "Complaint") in a civil class action captioned *Burke v. Visa Inc. et al*, 11-cv-01882-RJL-MAU, currently pending in the United States District Court for the District of Columbia, and alleged, among other things, that Defendants violated federal and state antitrust laws and caused injury and monetary damages to the Class;

WHEREAS, by order of August 4, 2021, as amended by order of September 7, 2021, and on the motion of the Class Plaintiffs, the Court certified classes under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3);

WHEREAS, Class Plaintiffs are prosecuting the Action on their own behalf and on behalf of certified Rule 23(b)(2) and 23(b)(3) classes against Visa Defendants and Mastercard Defendants (collectively referred to as "Defendants," as defined herein);

WHEREAS, Class Plaintiffs have alleged, among other things, that Defendants, Visa and Mastercard, participated in an unlawful conspiracy to restrain trade, pursuant to which Visa

Defendants and Mastercard Defendants and their alleged co- conspirators, as well as unnamed co-conspirators, agreed, among other things, to so-called Non-Discrimination Rules that allegedly restrained competition in the setting of surcharges by independently owned, non-bank ATMs and caused higher surcharge prices to be paid as ATM Access Fees (as defined herein) for cash withdrawal transactions by the Settlement Class (as defined herein), in violation of the Sherman Act, 15 U.S.C. § l, *et seq.* as well as certain state antitrust, restraint of trade, consumer protection, and unfair competition laws;

WHEREAS, Class Plaintiffs have contended that they are entitled to actual damages, treble damages, and injunctive relief for loss or damage, and threatened loss or damage, as a result of violations of the laws as alleged in the FAC, arising from Defendants' alleged conduct;

WHEREAS, Visa Defendants and Mastercard Defendants have denied and continue to deny each and all of the claims made by Class Plaintiffs in the Action and all liability against them arising out of any of the conduct, statements, acts, or omissions that were alleged, or that could have been alleged, in the Action;

WHEREAS, Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, Visa Defendants, and Mastercard Defendants, agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Visa Defendants or Mastercard Defendants or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Class Plaintiffs, Visa Defendants and Mastercard Defendants have engaged in extensive discovery regarding the facts pertaining to Class Plaintiffs' claims and Visa Defendants' and Mastercard Defendants' defenses;

WHEREAS, Class Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that: (1) it is in the best interests of the Settlement Classes to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount (as defined herein) to be paid by Visa Defendants and Mastercard Defendants under this Settlement Agreement, are obtained for the Settlement Classes; and (2) the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Settlement Classes;

WHEREAS, Visa Defendants and Mastercard Defendants, while each continuing to deny that they are liable for any of the claims asserted against them in the Action, have nevertheless agreed to enter into this Settlement Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to put fully to rest this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the FAC as to Visa Defendants and Mastercard Defendants and a release of claims as set forth herein; and

WHEREAS, this Settlement Agreement is the product of arm's-length negotiations between Class Lead Counsel and Visa Defendants' Counsel and Mastercard Defendants' Counsel under the guidance and oversight of former U.S. District Judge Layn Phillips as Mediator, and this Settlement Agreement embodies all of the terms and conditions of the settlement agreed upon between Visa Defendants and Mastercard Defendants and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Classes;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Settlement Agreement, it is agreed, by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Classes and each member thereof) and Visa Defendants and Mastercard Defendants, by and through Class Lead Counsel and Visa Defendants' Counsel and Mastercard Defendants' Counsel, that, subject to the approval of the Court (as defined herein), the Action be settled, compromised, and dismissed with prejudice as to Visa Defendants and Mastercard Defendants and the other Released Parties (as defined herein), without costs, except as stated herein, and releases be extended, as set forth in this Settlement Agreement.

## II. DEFINITIONS

As used in this Settlement Agreement, the following capitalized terms have the meanings specified below:

(a) "Action" means *Peter Burke, et al. v. Visa Inc., et al.*, Case No. 1:11-cv-01882 (RJL), which is currently pending in the United States District Court for the District of Columbia.

(b) "ATM" means an automated teller machine, which allows Cardholders to complete an ATM Transaction.

(c) "ATM Access Fee" means the fee assessed by an ATM operator to a Cardholder for completing a Foreign ATM Transaction.

(d) "ATM Card" means an access device, usually a card, enabling the holder, among other things, to conduct an ATM Transaction.

(e) "ATM Transaction" means any actual or attempted use of an ATM, including to withdraw cash, deposit funds, transfer funds, or check account balances.

(f) "Authorized Claimant" means any Settlement Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court.

(g) "Bank" means any bank, credit union, or other financial institution, including its affiliates, subsidiaries, agents, representatives, employees, officers, and directors.

(h) "Cardholder" means any Person that owns, possesses, or controls an ATM Card.

(i) "Claims Administrator" means the third party to be retained by Class Lead Counsel and approved by the Court to manage and administer the process by which each Settlement Class Member is notified of the Settlement Agreement and paid from the Net Settlement Fund.

(j) "Class Lead Counsel" means Lovell Stewart Halebian Jacobson LLP and Finkelstein Thompson LLP.

(k) "Class Notice" means the proposed form of, method for, and the date of dissemination of notice of the Settlement Agreement to the Settlement Classes.

(l) "Class Plaintiffs" means any person who was named as a plaintiff during this Action.

(m) "Court" means the United States District Court for the District of Columbia.

(n) "Defendants" means Visa Inc.; Visa U.S.A Inc.; Visa International Service Association; Plus System, Inc.; Mastercard Incorporated; Mastercard International Incorporated d/b/a Mastercard Worldwide; and any other Person or Persons who are named as defendants in the Action at any time up to and including the date a Preliminary Approval Order is entered.

(o) "Effective Date of Settlement" has the meaning given to it in Paragraph VII.

(p) "Escrow Agent" means U.S. Bank.

(q) "Execution Date" means the date of the execution of this Settlement Agreement by counsel for all Parties thereto.

(r) "Fairness Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Settlement Agreement shall receive final approval pursuant to Fed. R. Civ. P. 23.

(s) "Fee and Expense Application" has the meaning given to it in Paragraph XI.

(t) "Fee and Expense Approval" has the meaning given to it in Paragraph XI.

(u) "Final Approval Order" has the meaning given to it in Paragraph V.

(v) "Final Judgment and Order of Dismissal" has the meaning given to it in Paragraph V.

(w) "Foreign ATM Transaction" means an ATM Transaction in which the Cardholder uses an ATM that is owned or operated by an entity different from the entity that issued the ATM Card used for that ATM Transaction.

(x) "Independent ATM" means an automated teller machine that is not owned by Visa, Mastercard or any of their member Banks.

(y) "Mastercard Defendants" means Mastercard Incorporated and Mastercard International Incorporated d/b/a Mastercard Worldwide.

(z) "Mastercard Defendants' Counsel" means Paul, Weiss, Rifkind, Wharton & Garrison LLP.

(aa) "Mediator" means former U.S. District Judge Layn R. Phillips.

(bb) "Net Settlement Fund" has the meaning given to it in Paragraph XII.

(cc) "Parties" means, collectively, Class Plaintiffs (on behalf of themselves and the Settlement Classes) and Visa Defendants and Mastercard Defendants.

(dd) "Person" means an individual or entity, and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

(ee) "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Settlement Class Members after payment of expenses of notice and administration of the settlement, Taxes, and tax expenses, and such attorneys' fees, costs, service awards, interest, and other expenses as may be awarded by the Court.

(ff) "Preliminary Approval Order" means an order of the Court that preliminarily approves the settlement set forth in this Settlement Agreement and that approves the form of Class Notice and preliminarily approves a proposed Plan of Distribution.

(gg) "Released Claims" means, in consideration of payment of the Settlement Amount into the Settlement Fund as specified in Paragraph XII of this Settlement Agreement, and for other valuable consideration, any and all manner of claims, causes of action, cross-claims, counterclaims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, damages, or other payment of money, or for injunctive, declaratory or other equitable relief, whenever incurred and liabilities of any nature whatsoever (including joint and several) that have or could have been alleged in the Action by the Releasing Parties against the Released Parties to the fullest extent permitted by law, including all potential, unasserted, and "Unknown Claims," as defined below, from the beginning of time and continuing into the future without end. It is expressly agreed for purposes of clarity that any claims arising out of the factual predicates of the Action, including with respect to the rules, fees, and/or conduct at issue, are claims that have or could have been alleged in the Action by the Releasing Parties against the Released Parties.

(hh) "Released Party" or "Released Parties" means Visa Inc.; Visa U.S.A. Inc.; Visa International Service Association; Plus System, Inc.; Mastercard Incorporated; and Mastercard International Incorporated d/b/a Mastercard Worldwide, and each entity's past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in Securities and Exchange Commission Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934, as amended), divisions, predecessors, successors, assigns, and members (including, without limitation, all past, present, and future financial institutions authorized or licensed to issue or acquire Visa- or Mastercard-branded ATM Cards and transactions), and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, members, and assigns.

(ii) "Releasing Parties" means, individually and collectively, Class Plaintiffs and each Settlement Class Member, on behalf of themselves and any of their respective past, present or future officers, directors, stockholders, agents, employees, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors and assigns, whether or not they object to the settlement set forth in this Settlement Agreement, and whether or not they make a claim for payment from the Net Settlement Fund.

(jj) "Request for Exclusion" has the meaning given to it in Paragraph VI.

(kk) "FAC" or "Complaint" means the Fourth Amended Class Action Complaint filed with the Court in the Action on June 12, 2019.

(ll) "Settlement Agreement" means this Stipulation and Agreement of Settlement.

(mm) "Settlement Amount" means the sum of One Hundred Sixty-Seven Million Five Hundred Thousand Dollars ($167,500,000.00), payable in lawful tender of the United States.

(nn) "Nationwide Settlement Class" has the meaning given to it in Paragraph III(a).

(oo) "Settlement Classes" means the Nationwide Settlement Class and the Statewide Settlement Classes, collectively.

(pp) "Statewide Settlement Classes" has the meaning given to it in Paragraph III(b).

(qq) "Settlement Class Member" means a Person who is a member of one or more of the Settlement Classes and has not timely and validly excluded himself, herself, or itself in accordance with the procedures to be established by the Court.

(rr) "Settlement Fund" means the escrow account established pursuant to Paragraph XII of this Settlement Agreement, including all monies (including interest earned) held therein in accordance with the terms of this Settlement Agreement.

(ss) "Taxes" has the meaning given to it in Paragraph XIV.

(tt) "Unknown Claims" means any and all Released Claims against the Released Parties that any of the Releasing Parties does not know or suspect to exist in his, her, or its favor as of the Effective Date of Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date of Settlement, Releasing Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

Any of the Releasing Parties may hereafter discover facts other than or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, Class Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date of Settlement, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Class Plaintiffs acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

(uu) "Visa Defendants" means Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.

(vv) "Visa Defendants' Counsel" means Arnold & Porter Kaye Scholer LLP.

## III. SETTLEMENT CLASS CERTIFICATION

(a) The Parties hereby stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2), and Fed R. Civ. P. 23(b)(3) are satisfied and, subject to Court approval, the following Nationwide Settlement Class shall be certified as to Visa Defendants and Mastercard Defendants solely for settlement purposes: "All persons in the United States who, between October 24, 2007, and the date of the Preliminary Approval Order, were charged an Access Fee for a domestic cash withdrawal transaction at an Independent ATM and who were not fully reimbursed by their bank. A domestic cash

withdrawal transaction is a transaction to withdraw cash from a customer's deposit account using an ATM or pin-debit card at an Independent ATM terminal located within the United States, including its Territories. It does not include any credit card transaction or any transaction involving a cash advance or prepaid card." Excluded from the Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action, and the members of his/her immediate family and judicial staff, and any juror assigned to this action. The Settlement Class shall not include members or putative members of the Class that timely and validly elect to be excluded from the Settlement Class.

(b) The Parties hereby stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2), and Fed R. Civ. P. 23(b)(3) are satisfied and, subject to Court approval, the following Statewide Settlement Classes shall be certified as to Visa Defendants and Mastercard Defendants solely for settlement purposes: four separate statewide classes for injunctive relief and damages pursuant to the laws of the states of California, Illinois, Massachusetts, and Michigan, each defined identically to the Nationwide Class except that each statewide class is limited to persons who were charged an Access Fee at an Independent ATM located in the respective state.

(c) The Parties' agreement as to certification of the Settlement Classes is solely for purposes of effectuating a settlement and for no other purpose. Visa Defendants and Mastercard Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the settlement set forth

in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to close. The Parties acknowledge that there has been no stipulation to any class or certification of any class for any purpose other than effectuating the settlement, and that if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to close, this agreement as to certification of the Settlement Classes becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Settlement Classes, or in support of an argument for certifying a class for any purpose related to this proceeding.

## IV. GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms of this Settlement Agreement. This includes Visa Defendants and Mastercard Defendants serving notice on those entities required to receive notice pursuant to 28 U.S.C. § 1715.

## V. FINAL JUDGMENT AND ORDER OF DISMISSAL AGAINST VISA DEFENDANTS AND MASTERCARD DEFENDANTS

(a) Class Plaintiffs shall seek a Final Approval Order and a Final Judgment and Order of Dismissal against Visa Defendants and Mastercard Defendants, the proposed text of which Class Plaintiffs and Visa Defendants and Mastercard Defendants shall agree upon. The Final Approval

Order and Final Judgment and Order of Dismissal submitted for Court approval will include, at a minimum, terms:

i. certifying the Settlement Classes pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the settlement;

ii. as to the Action, approving fully and finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

iii. finding that the notice given to Settlement Class Members constitutes the best notice practicable under the circumstances and complies in all respects with the valid, due, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

iv. as to Released Parties, directing that the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

v. discharging and releasing the Released Parties from the Released Claims, regardless of whether any Releasing Party executes and delivers a proof of claim, and without respect to any rights afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws;

vi. permanently barring and enjoining Class Plaintiffs or any Settlement Class Member from (A) instituting or prosecuting any other action against any of the Released Parties as to any of the Released Claims, or (B) assisting any third party in commencing or maintaining any suit against any Released Party related in any way to any of the Released Claims;

vii. reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement and this Settlement Agreement, to the Court; and

viii. determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Released Parties shall be final and entered forthwith.

(b) The Final Judgment and Order of Dismissal shall become final when (i) the Court has entered a final order certifying the Settlement Classes for settlement purposes and approving this Settlement Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to the Released Parties against all Settlement Class Members and without costs other than those provided for in this Settlement Agreement, and (ii) the time for appeal from the Court's approval of this Settlement Agreement and entry of a final judgment as to the Released Parties described in (i) hereof has expired or, if appealed, approval of this Settlement Agreement and the final judgment as to the Released Parties have been affirmed in their entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.

(c) As of the Execution Date, Class Plaintiffs, Settlement Class Members, Visa Defendants, and Mastercard Defendants shall be bound by the Settlement Agreement's terms and this Settlement Agreement shall not be rescinded except in accordance with the terms of this Settlement Agreement.

## VI. PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a) As soon as reasonably possible following the Execution Date, Class Lead Counsel shall submit to the Court, and Visa Defendants and Mastercard Defendants shall support, a motion requesting entry of a Preliminary Approval Order. That motion shall:

i. seek preliminary certification of the Settlement Classes solely for settlement purposes, pursuant to Fed. R. Civ. P. 23(a), Fed R. Civ. P. 23(b)(2), and Fed. R. Civ. P. 23(b)(3);

ii. request preliminary approval of the settlement set forth in this Settlement Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

iii. seek the appointment of Class Plaintiffs as representatives of the Settlement Classes, and Class Lead Counsel as counsel for the Settlement Classes under Fed. R. Civ. P. 23(g);

iv. request authorization to disseminate notice of the settlement and final judgment contemplated by this Settlement Agreement to all potential Settlement Class Members. The motion shall include: (1) a proposed form of, method for, and date of dissemination of notice; and (2) a proposed Preliminary Approval Order. Notice of the settlement shall be as provided in the motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to the provisions of this Settlement Agreement. The motion shall recite and ask the Court to find that the method of the notice of settlement to all Settlement Class Members who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Settlement Classes, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process. The Claims Administrator will also establish and maintain a dedicated

settlement website, from which each Settlement Class Member can view and download relevant documents;

v. seek appointment of the Claims Administrator;

vi. seek appointment of U.S. Bank as Escrow Agent;

vii. request that the Court, pending final determination of whether the Settlement Agreement should be approved, stay all proceedings in the Action against Visa Defendants and Mastercard Defendants until the Court renders a final decision on approval of the settlement set forth in this Settlement Agreement;

viii. request that the Court, pending final determination of whether the Settlement Agreement should be approved, temporarily enjoin each Class Plaintiff and each Settlement Class Member, whether directly, representatively, or in any other capacity, from prosecuting in any forum any Released Claim against any of the Released Parties; and

ix. attach a proposed form of order, the proposed text of which Class Lead Counsel shall provide to Visa Defendants and Mastercard Defendants at least five (5) business days prior to the submission to the Court of the motion requesting entry of a Preliminary Approval Order. Class Lead Counsel will consider in good faith any suggestions from Visa Defendants and Mastercard Defendants regarding the proposed form of order. The form of order will include such provisions as are typical in such orders, including: (1) setting a date for the Fairness Hearing; (2) a provision indicating that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* (as of the Execution Date) without prejudice to their rights, claims, or defenses; (3) stating the substantial litigation risks that the Settlement Classes faced in the Action; (4) stating the procedures, which shall be consistent with Paragraph VI(d), for

Persons falling within the definitions of one or more of the Settlement Classes to exclude themselves from the Settlement Classes; (5) requiring that all members of the Settlement Classes be bound by all final determinations in the Action concerning the settlement, whether favorable or unfavorable to the members of the Settlement Classes; and (6) stating that Visa Defendants and Mastercard Defendants have denied and continue to deny each and all of the claims made by Class Plaintiffs in the Action and have denied and continue to deny liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.

(b) Class Notice shall apprise each Settlement Class Member of his, her, or its right to exclude themselves from, or object to, the settlement.

(c) Visa Defendants and Mastercard Defendants shall be responsible for providing all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

(d) Any Person falling within the definitions of one or more of the Settlement Classes may request to be excluded from the Settlement Classes ("Request for Exclusion") in accordance with procedures approved by the Court (which, at a minimum, will require a signed writing or substantially similar submission from each individual or entity requesting exclusion that clearly states (i) the individual's or entity's identity with particularity and (ii) his/her/its decision to request exclusion from the Settlement Classes in this Action). Within five (5) business days after the end of the period to request exclusion from the Settlement Class, Class Lead Counsel will cause copies of all Requests for Exclusion from the Settlement Classes to be provided to counsel for Visa Defendants and Mastercard Defendants. With respect to any potential Settlement Class Member who requests exclusion from the Settlement Classes, Visa Defendants and Mastercard Defendants reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to

whether the excluded Settlement Class Member is a member of one or more of the Settlement Classes and/or has standing to bring any claim.

(e) The Parties to this Settlement Agreement contemplate and agree that, prior to final approval of the settlement, Class Plaintiffs will request a Court hearing at which the Court will consider the final approval of this Settlement Agreement.

## VII. EFFECTIVE DATE OF SETTLEMENT

(a) The "Effective Date of Settlement" shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

i. the Settlement Amount has been contributed to the Settlement Fund pursuant to this Settlement Agreement;

ii. entry of the Preliminary Approval Order;

iii. final approval by the Court of the settlement set forth in this Settlement Agreement, following Class Notice and the Fairness Hearing;

iv. no Party has exercised his, her, or its rights to terminate this Settlement Agreement pursuant to Paragraph XV, and all periods for any Party to exercise such rights have expired; and

v. entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final pursuant to Paragraph V(b).

(b) Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to the Plan of Distribution or Fee and Expense Application, or both, shall not in any way delay or preclude the Effective Date of Settlement.

## VIII. CLAIMS ADMINISTRATOR

(a) Pursuant to the Preliminary Approval Order, and subject to Court approval, Class Lead Counsel shall engage a qualified Claims Administrator. The Claims Administrator will assist with the settlement claims process as set forth herein.

(b) The Claims Administrator shall effectuate the notice plan approved by the Court in the Preliminary Approval Order, shall administer and calculate the claims, and shall oversee distribution of the Net Settlement Fund in accordance with the Plan of Distribution.

(c) The Claims Administrator also shall assist in the development of the Plan of Distribution and the resolution of any disputes that may be raised by Settlement Class Members regarding the amount that they are owed under the Plan of Distribution.

## IX. SCOPE AND EFFECT OF SETTLEMENT

(a) The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of: (i) the Action against Visa Defendants and Mastercard Defendants; and (ii) any and all Released Claims as against all Released Parties.

(b) Upon the Effective Date of Settlement, each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have fully, finally, and forever waived, released, relinquished, and discharged (1) all Released Claims against the Released Parties, and (2) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; (iii) agrees and covenants not to sue, whether directly, representatively, or in any other capacity, any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any of the Released Parties related in any way to any Released Claims; and (iv) represents and acknowledges that, as of the date of Preliminary Approval, any

and all competitive issues that were, or could have been, asserted in this litigation have been addressed.

(c) The releases provided in this Settlement Agreement shall become effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event.

(d) The Parties shall seek entry by the Court of an order, in the Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by law, barring claims by any Person against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment or otherwise.

(e) In the event that this Settlement Agreement is terminated pursuant to Paragraph XV, or any condition for the final approval of this Settlement Agreement is not satisfied, the release and covenant not to sue provisions of this Paragraph shall be null and void and unenforceable.

**X. COOPERATION**

(a) Visa Defendants and Mastercard Defendants will, to the extent permitted by law, work in good faith to furnish information reasonably available to them to assist in the identification of potential Settlement Class Members. Visa Defendants and Mastercard Defendants further agree to employ reasonable and good faith efforts to cooperate with Class Plaintiffs to ensure the timely production of this information, as well as to determine the specific information to be provided and the format of that information. Any confidentiality or security concerns Visa Defendants and Mastercard Defendants may have in connection with providing such information will be addressed by Class Plaintiffs in good faith, including by allowing Visa Defendants and Mastercard Defendants to condition their provision of the information upon their approval of the data security and privacy practices of the Claims Administrator handling their information. In turn, Visa Defendants and Mastercard Defendants will respond in good faith to reasonable inquiries or

requests from the Claims Administrator or Class Plaintiffs that may arise in connection with the notice, claims, or distribution process. Visa Defendants and Mastercard Defendants agree to employ reasonable and good faith efforts to cooperate with the Claims Administrator and other third party service providers with respect to notice, claims processing, and claims distribution by providing information concerning their capacity to facilitate those third party service providers' efforts to provide notice. To the extent any disagreements arise as to the information Visa Defendants and Mastercard Defendants agree to provide under this Paragraph, the Parties will first attempt to meet and confer in good faith to reach a resolution. If, following a good faith meet and confer process, the Parties cannot reach a resolution, the Parties agree they will submit the dispute to the Court for resolution in accordance with applicable law. Nothing in this Paragraph, identifying cooperation that Visa Defendants and Mastercard Defendants shall provide to the Claims Administrator, is intended to cause Visa Defendants or Mastercard Defendants to assume the role or responsibilities of the Claims Administrator. Similarly, nothing in this Paragraph is intended to waive any party's rights to seek to impose or oppose any additional obligations with respect to notice, claims, or distribution of the Settlement Amount.

(b) Except as expressly provided herein, no further discovery shall be allowed to be directed by Class Lead Counsel, Class Plaintiffs, or Settlement Class Members to Visa Defendants or Mastercard Defendants, including any discovery regarding the merits of the Action or in connection with processing claims.

## XI. FEE AND EXPENSE APPLICATION

(a) Class Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund of (1) an award of attorneys' fees; plus (2) reimbursement of expenses paid by Class Lead Counsel in connection with prosecuting the Action; plus (3) any interest earned in the escrow account on such attorneys'

fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court (the "Fee and Expense Award").

(b) The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Class Lead Counsel within thirty (30) days after the granting of the Fee and Expense Award. The Fee and Expense Award may be disbursed during the pendency of any appeals that may be taken from the Court's judgment approving this Settlement Agreement or the Fee and Expense Award, or both.

(c) Class Lead Counsel shall determine themselves the amount of attorneys' fees and expenses to be paid to each Class Lead Counsel firm themselves in a manner that they believe in good faith reflects the respective contributions of such counsel to the prosecution and settlement of this Action.

(d) In the event that the order making the Fee and Expense Award is reversed or modified, then each Class Lead Counsel firm shall, within ten (10) business days from receiving notice from Visa Defendants' or Mastercard Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to it plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited.

(e) The procedure for, and the allowance or disallowance by the Court of, the application by Class Lead Counsel for attorneys' fees, costs, and expenses to be paid out of the Settlement Fund are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, the pendency of any such

application, or any appeal from any such order shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

(f) Class Lead Counsel may request service awards for the Class Plaintiffs, to be drawn exclusively from the Settlement Fund. Defendants shall not object to a request for service awards in an amount equal to or less than $15,000 for each Class Plaintiff.

**XII. THE SETTLEMENT FUND**

(a) The Settlement Fund shall be established as an escrow account at U.S. Bank and administered by the Escrow Agent, subject to the continuing jurisdiction of the Court. The Settlement Fund shall be administered pursuant to this Settlement Agreement and subject to the Court's continuing supervision and control. No monies shall be paid from the Settlement Fund without the specific authorization of Class Lead Counsel, based on prior approval by the Court. Class Lead Counsel will form an appropriate escrow agreement in conformance with this Settlement Agreement.

(b) Within twenty-one (21) business days following entry of the Preliminary Approval Order, provided that within two (2) days following entry of the Preliminary Approval Order, Class Lead Counsel shall provide Visa Defendants and Mastercard Defendants with such information as Visa Defendants or Mastercard Defendants may require to complete the necessary wire transfers, Defendants shall cause the payment of $167,500,000.00 to be wired to the Escrow Agent as follows: (i) the Visa Defendants shall cause the payment of 53% of the Settlement Amount (*i.e.*, $88,775,000.00) to be transferred to the Escrow Agent, and (ii) the Mastercard Defendants shall cause the payment of 47% of the Settlement Amount (*i.e.*, $78,725,000.00) to be transferred to the Escrow Agent, in accordance with Visa Defendants' and the Mastercard Defendants' agreement among themselves regarding their respective shares. These funds, together with any interest earned thereon, shall constitute the Settlement Fund. In the event that Class Lead Counsel does

not provide Visa Defendants and Mastercard Defendants with the information required to complete the wire transfer within the prescribed time, Visa Defendants' and Mastercard Defendants' payment obligations under this Paragraph shall be deferred by an amount of time equivalent to Class Lead Counsel's delay in providing such information.

(c) In all events, the Released Parties shall have no liability, obligation, or responsibility for the costs or provision of notice, including, but not limited to, the identification of potential Settlement Class Members, beyond those set forth in Paragraphs X(a) and XII(b) above, and Paragraph XII(e)(ii) below; for the solicitation, review, or evaluation of proofs of claim; for the administration of the settlement or disbursement of the Settlement Fund; or for any other costs, including any attorneys' fees and expenses or any taxes or tax-related costs relating to the Action, any Released Claim, or the Settlement Fund. The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either: (i) fully insured by the Federal Deposit Insurance Corporation; or (ii) secured by instruments backed by the full faith and credit of the United States Government. The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature. Visa Defendants and Mastercard Defendants shall have no responsibility or liability for any losses incurred by the Settlement Fund.

(d) All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and the Plan of Distribution approved by the Court.

(e) The Settlement Fund shall be applied as follows:

(i) to pay the Fee and Expense Award, if and to the extent allowed by the Court;

(ii) to use, if approved by the Court, up to $3,000,000.00 of the Settlement Amount for payment of any Court-approved costs and expenses in connection with providing Class Notice and the administration of the settlement, including, without limitation, identifying potential Settlement Class Members; soliciting, reviewing, and evaluating proofs of claim or release forms, or both; and administering the settlement and disbursing the Settlement Fund. If necessary, additional amounts can be used for notice and administration expenses upon the further written agreement of the Parties and approval by the Court, and Visa Defendants and Mastercard Defendants agree to exercise good faith regarding any additional amounts and not to object to reasonable requests to the Court for such additional amounts; in the event Visa Defendants or Mastercard Defendants decline to agree to a request for additional amounts, Class Plaintiffs shall be permitted to apply directly to the Court for approval without Visa Defendants' or Mastercard Defendants' written agreement to the amounts requested (and Visa Defendants and Mastercard Defendants reserve their rights to oppose such an application);

(iii) to pay the Taxes and tax expenses described in Paragraph XIV herein;

(iv) to pay any Court approved Class Plaintiff service awards;

(v) to pay any other Court-approved fees and expenses; and

(vi) to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Settlement Class Members as allowed by the Court.

## XIII. ADMINISTRATION OF THE SETTLEMENT

(a) The Claims Administrator shall process this settlement based upon the orders of the Court and this Settlement Agreement, and, after entry of relevant order(s) of the Court, distribute the Net Settlement Fund in accordance with such order(s) and this Settlement Agreement.

(b) Except for their obligation to fund the settlement or cause it to be funded as detailed in this Settlement Agreement, Visa Defendants and Mastercard Defendants shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund.

(c) The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Settlement Class Member claimants, as the case may be, only after the Effective Date of Settlement.

(d) Class Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as full, final and complete satisfaction of all Released Claims. Except as set forth in Paragraph XII(b), Visa Defendants and Mastercard Defendants shall have no obligation under this Settlement Agreement or the settlement to pay or cause to be paid any amount of money, and Visa Defendants and Mastercard Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Class Plaintiffs, by any Settlement Class Member, or by any Releasing Parties, including, but not limited to, by their attorneys, experts, advisors, agents, or representatives, with respect to the Action and Released Claims. Class Plaintiffs and Settlement Class Members acknowledge that as of the Effective Date of Settlement, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(e) Any funds that remain in the Net Settlement Fund after distribution of the Net Settlement Fund in accordance with the Plan of Distribution shall not revert to Visa Defendants or Mastercard Defendants. Class Plaintiffs shall apply directly to the Court authorizing the distribution of those remaining funds.

## XIV. TAXES

(a) The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulations § 1.468B-l, and agree not to take any position for tax purposes inconsistent therewith. In addition, Class Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1(j)(2)) to treat the Settlement Fund as coming into existence on the earliest permitted date. Such relation-back election shall be made in compliance with the procedures and requirements contained in such regulations. The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be immediately returned to Visa Defendants and Mastercard Defendants, as provided in Paragraph XV, if the settlement does not become effective for any reason, including by reason of a termination of this Settlement Agreement pursuant to Paragraph XV.

(b) For purposes of 26 U.S.C. § 468B and the Treasury regulations promulgated thereunder, Class Lead Counsel shall be designated as the "administrator" of the Settlement Fund as contemplated and defined in Treasury Regulation § l.468B-2(k)(3). Class Lead Counsel shall timely and properly file, or cause to be filed, all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulations § l.468B-2(k)). Such returns shall be consistent with this Paragraph XIV and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Class Lead Counsel agrees to timely provide a copy of the election statement contemplated in Treasury Regulation § 1.468B-1(j)(2)) to the Visa Defendants and Mastercard Defendants, and a copy of all filed original

and amended income tax return(s) (including extensions) of the Settlement Fund for the taxable year(s) during which the Settlement Fund is in existence.

(c) All: (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulations § 1.468B-1 (or any relevant equivalent for state tax purposes); and (ii) other taxes or tax expenses imposed on or in connection with the Settlement Fund (collectively, "Taxes"), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph XIV. In addition, the Parties agree to provide each other with prompt notice of any challenges to the tax treatment of the Settlement Fund as a qualified settlement fund for tax purposes, and agree to cooperate with each other to sustain the tax treatment of the Settlement Fund as a qualified settlement fund and as contemplated by this agreement.

(d) Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

(iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent shall indemnify and hold harmless the Parties, using monies from the Settlement Fund, from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence.

**XV. TERMINATION OF SETTLEMENT**

(a) Class Plaintiffs, through Class Lead Counsel, Visa Defendants, through Visa Defendants' Counsel, and Mastercard Defendants, through Mastercard Defendants' Counsel, shall, in each of their separate discretions, have the right to terminate the settlement set forth in this Settlement Agreement by providing written notice of their election to do so to all other Parties hereto within thirty (30) days of the date on which the following occurs: (1) if the Court, in a final order, declines to enter the Preliminary Approval Order, the Final Approval Order, or the Final Judgment and Order of Dismissal (denying it in its entirety or in any material respect), or (2) if the Court enters the Final Approval Order and the Final Judgment and Order of Dismissal and appellate review is sought and, on such review, the Final Approval Order or the Final Judgment and Order of Dismissal is finally vacated, modified, or reversed; provided, however, that the Parties agree to act in good faith to secure final approval of this settlement, and to attempt to address in good faith concerns regarding the settlement identified by the Court or any court of appeal. Notwithstanding this Paragraph, the Court's determination as to the Fee and Expense Application or any plan of distribution, or both, or any determination on appeal from any such orders, shall not provide grounds for termination of this Settlement Agreement or settlement.

(b) Visa Defendants or Mastercard Defendants may also terminate this Settlement Agreement if 6,000,000 potential members of the Settlement Class, who but for their exclusion would likely have been eligible to receive a distribution from the Settlement Fund, timely and

validly exclude themselves from the Settlement Classes pursuant to the procedures approved by the Court. Any application to terminate under this Paragraph must be made in writing within ten (10) days following the deadline for Persons to exclude themselves from the Settlement Class.

(c) Except as otherwise provided herein, in the event the Settlement Agreement is terminated in accordance herewith, is vacated, or is not approved, or in the event the Effective Date of Settlement fails to occur for any reason, then the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered (subject to seeking whatever revisions to the pretrial schedule as may be necessary to protect the rights of the Parties), and any portion of the Settlement Fund previously paid by or on behalf of Visa Defendants or Mastercard Defendants, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph XI above), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable, shall be returned to the Defendant by or for whom the payment was made within ten (10) business days from the date of the event causing such termination. At the request of Visa Defendants' Counsel or Mastercard Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Visa Defendants and Mastercard Defendants.

(d) Visa Defendants, Visa Defendants' Counsel, Mastercard Defendants, and Mastercard Defendants' Counsel represent that they will not direct Visa Defendants' employees or agents, Mastercard Defendants' employees or agents, or any other persons, to submit or encourage others to submit requests for exclusion from the Settlement Class.

## XVI. MISCELLANEOUS

(a) The Parties to this Settlement Agreement intend the settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Class Plaintiffs or any Settlement Class Member against the Released Parties with respect to the Action and the Released Claims. Accordingly, Class Plaintiffs and Visa Defendants and Mastercard Defendants agree not to assert in any judicial proceeding that the Action was brought by Class Plaintiffs or defended by Visa Defendants or Mastercard Defendants in bad faith or without a reasonable basis. The Parties further agree not to assert in any judicial proceeding that any Party violated Fed. R. Civ. P. 11. The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel and the Mediator.

(b) The Settlement Amount to be paid by Visa Defendants and Mastercard Defendants pursuant to this Settlement Agreement shall be treated as strictly confidential until such time as a motion requesting entry of the Preliminary Approval Order has been filed with the Court, unless Visa Defendants or Mastercard Defendants have an independent obligation to disclose the Settlement Amount or disclosure is jointly agreed to by Visa Defendants, Mastercard Defendants, and Class Plaintiffs before filing a motion requesting entry of the Preliminary Approval Order.

(c) The terms and provisions of the Stipulated Protective Order, filed on January 20, 2017, and approved by the Court on January 30, 2017, shall survive and continue in effect through and after any final adjudication of the Action.

(d) Nothing in this Settlement Agreement is intended to waive any right to assert that any information or material is protected from discovery by reason of any individual or common interest privilege, attorney-client privilege, work product protection, or other privilege, protection,

or immunity, or is intended to waive any right to contest any such claim of privilege, protection, or immunity.

(e) The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(f) The administration and consummation of the settlement as embodied in this Settlement Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application and the Plan of Distribution, and enforcing the terms of this Settlement Agreement.

(g) For the purpose of construing or interpreting this Settlement Agreement, Class Plaintiffs and Visa Defendants and Mastercard Defendants agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(h) This Settlement Agreement shall constitute the entire agreement between Class Plaintiffs and Visa Defendants and Mastercard Defendants pertaining to the settlement of the Action against Visa Defendants and Mastercard Defendants and supersedes any and all prior and contemporaneous undertakings of Class Plaintiffs and Visa Defendants and Mastercard Defendants in connection therewith. All terms of this Settlement Agreement are contractual and not mere recitals. The terms of this Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

(i) The terms of this Settlement Agreement are not severable, but are interdependent and have been agreed to only as a whole by Class Plaintiffs (for themselves individually and on behalf of each Settlement Class Member in the Action), Visa Defendants, and Mastercard Defendants.

(j) This Settlement Agreement may be modified or amended only by a writing executed by Class Plaintiffs, through Class Lead Counsel, Visa Defendants, through Visa Defendants' Counsel, and Mastercard Defendants, through Mastercard Defendants' Counsel, subject (if after preliminary or final approval by the Court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Classes unless notice is required by law or by the Court.

(k) Nothing in this Settlement Agreement constitutes an admission by any Released Party as to the veracity or merits of any allegations or claims made in the Action, the validity of any defenses that could be asserted by Visa Defendants or Mastercard Defendants, or the appropriateness of certification of any class other than the Settlement Classes under Fed. R. Civ. P. 23 solely for settlement purposes. This Settlement Agreement is without prejudice to the rights of Visa Defendants and Mastercard Defendants to either (i) challenge the Court's certification of any class, including the Settlement Classes, in the Action should the Settlement Agreement not be approved or implemented for any reason; or (ii) oppose any certification or request for certification in any other proposed or certified class action; or both.

(l) All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(m) Visa Defendants, Mastercard Defendants, Class Plaintiffs, their respective counsel, and the Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the

United States District Court for the District of Columbia, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

(n) The Parties acknowledge that this Settlement Agreement makes no determination as to which Settlement Class Members are entitled to distribution from the Settlement Fund, or as to the formula for determining the amounts to be distributed.

(o) Any proposed plan of distribution is not a necessary term of this Settlement Agreement and it is not a condition of this Settlement Agreement that any particular plan of distribution be approved. The Plan of Distribution is a matter separate and apart from the settlement between the Parties and any decision by the Court concerning a particular plan of distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

(p) This Settlement Agreement may be executed in counterparts by Class Plaintiffs, Visa Defendants, and Mastercard Defendants, and a facsimile or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

(q) Class Plaintiffs, Visa Defendants, and Mastercard Defendants acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, Class Plaintiffs, Visa Defendants, Mastercard Defendants, and their respective counsel agree that they will not seek to set aside any part of this Settlement Agreement on the grounds of mistake. Moreover, Class Plaintiffs, Visa Defendants, Mastercard Defendants, and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to

be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(r) Each of the undersigned attorneys represents that he/she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Class Lead Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Class Plaintiffs. Each of the undersigned attorneys shall use his/her best efforts to effectuate this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the date first herein written above.

***On behalf of Class Plaintiffs and the Settlement Class:***

CHRISTOPHER LOVELL
**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 5TH Avenue
Suite 2440
New York, NY 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
clovell@lshllp.com

DOUGLAS G. THOMPSON
**FINKELSTEIN THOMPSON LLP**
3201 New Mexico Avenue NW
Suite 395
Washington, DC 20016
Telephone: (202) 337-8000

***On behalf of Visa Defendants:***

MATTHEW A. EISENSTEIN
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
matthew.eisenstein@arnoldporter.com

***On behalf of Mastercard Defendants:***

KENNETH A. GALLO
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the date first herein written above.

***On behalf of Class Plaintiffs and the Settlement Class:***

_______________________________

CHRISTOPHER LOVELL
**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 5TH Avenue
Suite 2440
New York, NY 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
clovell@lshllp.com

/s Douglas G Thompson Jr

DOUGLAS G. THOMPSON
**FINKELSTEIN THOMPSON LLP** 2201 Wisconsin Avenue NW
Suite 200
Washington, DC 20001
Telephone: (202) 337-8000
dthompson@finkelsteinthompson.com

***On behalf of Visa Defendants:***

_______________________________

MATTHEW A. EISENSTEIN
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
matthew.eisenstein@arnoldporter.com

***On behalf of Mastercard Defendants:***

_______________________________

KENNETH A. GALLO
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com